# U.S. District Court
## Northern District of Iowa (Central Division)
## CRIMINAL DOCKET FOR CASE #: 3:01–cr–03046–MWB All Defendants
### *Internal Use Only*

---

Case title: United States of America v. Johnson–––PER #1000 ORD SUBSEQUENT RULINGS ON SUBSTANTIVE MATTERS SHALL BE SEALED UNTIL 10 DAYS AFTER COMPLETION OF PENALTY RETRIAL

Date Filed: 08/30/2001
Date Terminated: 12/20/2005

---

**Interested Party**

**Dustin Lee Honken**
*TERMINATED: 12/20/2005*

represented by **Alfredo G Parrish**
Parrish Kruidenier Dunn Boles Gribble Parrish Gentry &Fishe
2910 Grand Avenue
**ECF
Des Moines, IA 50312–4297
800 532 1405
Fax: 515 284 1704
Email: aparrish@parrishlaw.com
*TERMINATED: 01/27/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Charles Myers Rogers**
Wyrsch, Hobbs &Mirakian, PC
1000 Walnut Street
Suite 1600
**ECF
Kansas City, MO 64106
816 221 0080
Fax: 221 3280
Email: acquit@whmlaw.net
*TERMINATED: 01/27/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Leon F Spies**
Mellon &Spies
312 East College Street
Suite 216
**ECF
Iowa City, IA 52240
319 337 4193
Fax: 337 2396

Appellate Case: 13-1739    Page: 1    Date Filed: 04/03/2013 Entry ID: 4021355

Email: spieslegal@aol.com
*TERMINATED: 01/27/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Interested Party**

**US Probation**                    represented by   **uspNotify**
                                                      Email: pocrecm@ianp.uscourts.gov
                                                      *ATTORNEY TO BE NOTICED*

Assigned to: Judge Mark W
Bennett
Referred to: Magistrate Judge
Leonard T Strand

Appeals court case number:
'06–1001' 'USCA 8th Circuit'

**Defendant (1)**

**Angela Jane Johnson**              represented by   **Marcia A Morrissey**
*TERMINATED: 12/20/2005*                              2115 Main Street
                                                      ECF
                                                      Santa Monica, CA 90405–2215
                                                      310 399 3259
                                                      Fax: 399 1173
                                                      Email: morrisseyma@aol.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: CJA Appointment*

                                                      **Michael Burt**
                                                      Law Office of Michael Burt
                                                      1000 Brannan Street
                                                      Suite 400
                                                      **ECF
                                                      San Francisco, CA 94103
                                                      415 522 1508
                                                      Fax: 522 1506
                                                      Email: mb@michaelburtlaw.com
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: CJA Appointment*

                                                      **Nancy S Pemberton**
                                                      Pemberton &Associates
                                                      PO Box 40370
                                                      **ECF

San Francisco, CA 94140−0370
510−381−6800
Fax: 415−826−9072
Email: nspemberton@earthlink.net
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Alfred E Willett**
Elderkin &Pirnie, PLC
316 – 2nd Street, SE
Suite 124
ECF
Cedar Rapids, IA 52401
319 362 2137
Fax: 362 1640
Email: awillett@elderkinpirnie.com
*TERMINATED: 10/05/2009*
*Designation: CJA Appointment*

**Dean A Stowers**
Stowers Law Firm
650 South Prairie View Drive
Suite 130 Hub Bld, West Glen Town Center
ECF
West Des Moines, IA 50266
515 224 7446
Fax: 225 6215
Email: dean@stowerslaw.com
*TERMINATED: 03/24/2009*
*Designation: CJA Appointment*

**Ilann M Maazel**
Emery Celli Brinckerhoff &Abady LLP
75 Rockefeller Plaza
20th Fllor
ECF
New York, NY 10019
212 763 5000
Fax: 212 763 5001
Email: imaazel@ecbalaw.com
*TERMINATED: 06/19/2012*
*Designation: CJA Appointment*

**Kennisha A Austin**
Emery, Celli, Brinckerhoff &Abady, LLP
75 Rockefeller Plaza
20th Floor
ECF
New York, NY 10019
212 763 5000

Appellate Case: 13-1739     Page: 3     Date Filed: 04/03/2013 Entry ID: 4021355

Fax: 763 5001
Email: kaustin@ecbalaw.com
*TERMINATED: 06/19/2012*
*PRO HAC VICE*
*Designation: CJA Appointment*

**Michael Edward Lawlor**
Lawlor &Englert, LLC
6305 Ivy Lane
Suite 608
ECF
Greenbelt, MD 20770
301 474 3404
Fax: 474 3406
Email: mlawlor@verizon.net
*TERMINATED: 06/19/2012*
*Designation: CJA Appointment*

**Mohammad Ali Hamoudi**
600 Townsend St
Ste 329e
ECF
San Francisco, CA 94103
415 522 1509
Fax: 522 1506
Email: mrhamoudi@gmail.com
*TERMINATED: 06/19/2012*
*PRO HAC VICE*
*Designation: CJA Appointment*

**Patrick J Berrigan**
Watson &Dameron, LLP
2500 Holmes
ECF
Kansas City, MO 64108
816 474 3350
Fax: 221 1636
Email: pberrigan@kctriallawyers.com
*TERMINATED: 10/05/2009*
*Designation: CJA Appointment*

**Robert R Rigg**
Drake University Legal Clinic
2400 University Ave
ECF
Des Moines, IA 50311
515 271 3928
Fax: 271 4100
Email: robert.rigg@drake.edu
*TERMINATED: 10/05/2009*
*Designation: Retained*

| Pending Counts | Disposition |
|---|---|
| 21:848(e)(1)(A) and 18:2 CONTINUING CRIMINAL ENTERPRISE (6ss) | Committed to BOP Death on Counts 2, 3, 4, 5, 7, 8, 9, and 10 and life on Counts 1 and 6, to be served concurrently; Supervised Release 3 years on each count, concurrent; Special Assessment $1,000; Restitution $73,856.49. AMENDED JUDGMENT (06/12/09) –Defendant committed to life on Count 6 and Death on Counts 7, 8, 9, and 10 to be served concurrently. Supervised Release for 3 years on each count, concurrent. Special Assessment $500.00. Restitution $73,856.49. |
| 21:848(e)(1)(A) and 18:2 CONTINUING CRIMINAL ENTERPRISE (7ss–8ss) | Committed to BOP Death on Counts 2, 3, 4, 5, 7, 8, 9, and 10 and life on Counts 1 and 6, to be served concurrently; Supervised Release 3 years on each count, concurrent; Special Assessment $1,000; Restitution $73,856.49. AMENDED JUDGMENT (06/12/09) –Defendant committed to life on Count 6 and Death on Counts 7, 8, 9, and 10 to be served concurrently. Supervised Release for 3 years on each count, concurrent. Special Assessment $500.00. Restitution $73,856.49. |
| 21:848(e)(1)(A) and 18:2 CONTINUING CRIMINAL ENTERPRISE (9sss) | Committed to BOP Death on Counts 2, 3, 4, 5, 7, 8, 9, and 10 and life on Counts 1 and 6, to be served concurrently; Supervised Release 3 years on each count, concurrent; Special Assessment $1,000; Restitution $73,856.49. AMENDED JUDGMENT (06/12/09) –Defendant committed to life on Count 6 and Death on Counts 7, 8, 9, and 10 to be served concurrently. Supervised Release for 3 years on each count, concurrent. Special Assessment $500.00. Restitution $73,856.49. |
| 21:848(e)(1)(A) and 18:2 CONTINUING CRIMINAL ENTERPRISE (10ss) | Committed to BOP Death on Counts 2, 3, 4, 5, 7, 8, 9, and 10 and life on Counts 1 and 6, to be served concurrently; Supervised Release 3 years on each count, concurrent; Special Assessment $1,000; Restitution $73,856.49. AMENDED JUDGMENT (06/12/09) –Defendant committed to life on Count 6 and Death on Counts 7, 8, 9, and 10 to be served concurrently. Supervised Release for 3 years on each count, concurrent. Special Assessment $500.00. Restitution $73,856.49. |

**Highest Offense Level (Opening)**

Felony

| Terminated Counts | Disposition |
|---|---|
| 21:848(e)(1)(A) and 18:2 | Committed to BOP Death on Counts 2, 3, 4, 5, 7, 8, |

| | |
|---|---|
| CONTINUING CRIMINAL ENTERPRISE (1ss) | 9, and 10 and life on Counts 1 and 6, to be served concurrently; Supervised Release 3 years on each count, concurrent; Special Assessment $1,000; Restitution $73,856.49 AMENDED JUDGMENT (06/12/09) – Vacated |
| 21:848(e)(1)(A) and 18:2 CONTINUING CRIMINAL ENTERPRISE (2ss–5ss) | Committed to BOP Death on Counts 2, 3, 4, 5, 7, 8, 9, and 10 and life on Counts 1 and 6, to be served concurrently; Supervised Release 3 years on each count, concurrent; Special Assessment $1,000; Restitution $73,856.49. AMENDED JUDGMENT (06/12/09) – Vacated |
| 18:373(a)(1) and 2 SOLICIT/COMMIT CRIME OF VIOLENCE – MURDER (11ss) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

| | | |
|---|---|---|
| **United States of America** | represented by | **Charles J Williams** |
| | | US Attorney's Office |
| | | Northern District of Iowa |
| | | 111 7th Avenue SE |
| | | Box 1 |
| | | **ECF |
| | | Cedar Rapids, IA 52401 |
| | | 319 363 6333 |
| | | Fax: 363 1990 |
| | | Email: cj.williams@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Patrick J Reinert** |
| | | US Attorney's Office |
| | | Northern District of Iowa |
| | | 111 7th Avenue SE |
| | | Box 1 |
| | | **ECF |
| | | Cedar Rapids, IA 52401 |
| | | 319 363 6333 |
| | | Fax: 363 1990 |
| | | Email: pat.reinert@usdoj.gov |

Appellate Case: 13-1739   Page: 6   Date Filed: 04/03/2013 Entry ID: 4021355

*TERMINATED: 09/05/2003*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Henry Miller**
AAG
Hoover State Office Building
2nd Floor
ECF
Des Moines, IA 50319
515 281 3648
Fax: 281 8894
Email: tmiller@ag.state.ia.us
*TERMINATED: 07/03/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jamie D Bowers**
US Attorney's Office
600 4th Street
Suite 670
**ECF
Sioux City, IA 51101
712 255 6011
Fax: 712 252 2034
Email: jamie.bowers@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/30/2001 | 1 | | INDICTMENT by USA Counts filed against Angela Jane Johnson (1) count(s) 1−10 (voting in CR) JKH Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 09/04/2001) |
| 08/30/2001 | 2 | | ORDER by Chief Mag Judge John A. Jarvey as to defendant Angela Jane Johnson, plaintiff USA sealing case (cc: all counsel,USM,USP) JKH Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 09/04/2001) |
| 08/30/2001 | | | Attorney update in case as to Defendant Angela Jane Johnson. Attorney Patrick J Berrigan for Angela Jane Johnson, Robert R Rigg for Angela Jane Johnson added. (des, ) (Entered: 12/15/2004) |
| 09/06/2001 | 3 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson case consolidated w/CR00−3034; JURY TRIAL set for 9:00 5/6/02 for Angela Jane Johnson PRETRIAL MOTIONS set for 2/14/02 for Angela Jane Johnson (cc: all counsel,USM,USP) Seal Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 09/06/2001) |
| 09/13/2001 | 4 | | MOTION to set Arraignment by USA as to Angela Jane Johnson assigned to Chief Magistrate Judge John A Jarvey Seal Modified on 09/14/2001 Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 09/13/2001) |

| | | | |
|---|---|---|---|
| 10/11/2001 | 5 | | ORDER by Chief Mag Judge John A. Jarvey as to defendant Angela Jane Johnson granting motion to set Arraignment [4−1] ARRAIGNMENT set for 9:00; 10/15/01 for Angela Jane Johnson w/Judge Jarvey CR (cc: all counsel,USM,USP) Seal Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 10/11/2001) |
| 10/15/2001 | 6 | | CLERK'S COURT MINUTES: as to defendant Angela Jane Johnson before Chief Mag Judge John A. Jarvey initial appearance of Angela Jane Johnson Attorney Alfred E Willett present; , dft Angela Jane Johnson arraigned in CR; NG plea entered; JURY TRIAL set for 5/6/02 for Angela Jane Johnson COURT REPORTER #63 Seal Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 10/17/2001) |
| 10/17/2001 | | | Unsealing case Seal (Entered: 10/17/2001) |
| 10/18/2001 | 7 | | MOTION for a bill of particulars on Counts 1−10 by Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 10/18/2001) |
| 10/18/2001 | 8 | | BRIEF IN SUPPORT of motion for a bill of particulars on Counts 1−10 [7−1] by defendant Angela Jane Johnson AIK Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 10/18/2001) |
| 10/22/2001 | 9 | | Request for NOTICE of Alibi by plaintiff USA as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 10/23/2001) |
| 10/22/2001 | 10 | | MOTION to continue Hearing on Motion for Bill of Particulars by USA as to Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 11/23/2004 (des, ). (Entered: 10/23/2001) |
| 10/24/2001 | 11 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson granting motion to continue Hearing on Motion for Bill of Particulars [10−1], setting on motion for a bill of particulars on Counts 1−10 [7−1] MOTION HEARING set for 10:00; 11/7/01 for Angela Jane Johnson (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 11/29/2004 (des, ). (Entered: 10/24/2001) |
| 10/26/2001 | 12 | | RESPONSE by plaintiff USA RE: motion for a bill of particulars on Counts 1−10 [7−1] by Angela Jane Johnson as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 11/29/2004 (des, ). (Entered: 10/29/2001) |
| 10/29/2001 | 13 | | AMENDMENT by plaintiff USA to notice [9−1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 11/29/2004 (des, ). (Entered: 10/29/2001) |
| 10/31/2001 | 14 | | RESPONSE by defendant Angela Jane Johnson RE: notice [9−1] by USA AIK Additional attachment(s) added on 11/29/2004 (des, ). (Entered: 11/01/2001) |
| 11/08/2001 | 15 | | CLERK'S COURT MINUTES: as to defendant Angela Jane Johnson before Magistrate Judge Paul A. Zoss satisfied on motion for a bill of particulars on Counts 1−10 [7−1] ruling reserved on [7−1] motion for a bill of particulars on Counts 1−10 COURT REPORTER Jami Johnson PKM |

April 2 2013 p 8

Appellate Case: 13-1739   Page: 8   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Additional attachment(s) added on 11/29/2004 (des, ). (Entered: 11/08/2001) |
| 11/08/2001 | 16 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson granting in part/denying in part motion for a bill of particulars on Counts 1–10 [7–1] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 11/29/2004 (des, ). (Entered: 11/08/2001) |
| 11/15/2001 | 17 | | APPEAL FROM MAGISTRATE'S ORDER by plaintiff USA RE: order [16–1] AIK Additional attachment(s) added on 11/29/2004 (des, ). (Entered: 11/16/2001) |
| 11/16/2001 | 18 | | APPEAL FROM MAGISTRATE'S ORDER by defendant Angela Jane Johnson RE: order [16–1] AIK Additional attachment(s) added on 11/29/2004 (des, ). (Entered: 11/16/2001) |
| 11/21/2001 | 19 | | TRANSCRIPT of hearing of Motion for Bill of Particulars held on 11/07/01 as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 11/29/2004 (des, ). Modified on 11/29/04 to note attachment is page one only. For complete copy you may contact the Court Reporter Jami L. Johnson at P.O. Box 1325, Sioux City, IA 51102 712–239–1300. (des, ). (Entered: 11/21/2001) |
| 12/10/2001 | 20 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson Evidentiary Hrg set for 3:00; 1/16/02 for Angela Jane Johnson SC ICN (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 11/29/2004 (des, ). (Entered: 12/10/2001) |
| 12/19/2001 | 21 | | MEMORANDUM IN SUPPORT of appeal motion APPEAL FROM MAGISTRATE'S ORDER [17–1] by plaintiff USA as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 12/20/2001) |
| 12/26/2001 | 22 | | MOTION for Change of Venue by Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 12/27/2001) |
| 12/26/2001 | 23 | | BRIEF IN SUPPORT of motion for Change of Venue [22–1] by defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 12/27/2001) |
| 12/26/2001 | 24 | | Appendix to Motion to Change Venue by defendant Angela Jane Johnson (#22) (located in clerk's file CR00–3034) AIK Modified on 12/28/2001 Additional attachment(s) added on 12/2/2004 (des, ). Modified on 12/2/2004 to note attachment is page one only (des, ). (Entered: 12/27/2001) |
| 12/26/2001 | 25 | | MOTION to dismiss Indictment assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 12/27/2001) |
| 12/26/2001 | 26 | | BRIEF IN SUPPORT of motion to dismiss Indictment [25–1] by defendant Angela Jane Johnson as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 12/27/2001) |
| 12/27/2001 | 27 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson Telephonic HEARING set for 4:30; 1/11/02 for Angela Jane |

Appellate Case: 13-1739    Page: 9    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Johnson (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 12/27/2001) |
| 12/27/2001 | 28 | | MOTION to extend Time to Respond to Deft's Motions for Change of Venue and Dismissal of Indictment by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 12/28/2001) |
| 01/07/2002 | 29 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson Telephonic Ex Parte' HEARING RE–set for 2:00; 1/10/02 for Angela Jane Johnson (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/07/2002) |
| 01/09/2002 | 30 | | RESISTANCE To Motion to Continue Trial (CR00–3034) by plaintiff USA to as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/10/2002) |
| 01/09/2002 | 31 | | RESISTANCE by plaintiff USA to motion for Change of Venue [22–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/10/2002) |
| 01/09/2002 | 32 | | MEMORANDUM In Support of Resistance by plaintiff USA in opposition to motion for Change of Venue [22–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/10/2002) |
| 01/09/2002 | 33 | | RESISTANCE by plaintiff USA to motion to dismiss Indictment [25–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/10/2002) |
| 01/09/2002 | 34 | | MEMORANDUM In Support of It's Resistance by plaintiff USA in opposition to motion to dismiss Indictment [25–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/10/2002) |
| 01/14/2002 | 35 | | *SEALED* CLERK'S COURT MINUTES: regarding Ex Parte' Motion (CR00–3034) as to defendant Angela Jane Johnson before Chief Judge Mark W. Bennett COURT REPORTER Shelly Semmler AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/14/2002) |
| 01/14/2002 | 36 | | *SEALED* ORDER of Chief Judge Mark W. Bennett; referring Ex Parte' Application (CR00–3034) to Judge Jarvey as to defendant Angela Jane Johnson (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/14/2002) |
| 01/16/2002 | 37 | | CLERK'S COURT MINUTES: as to Govt's Notice of Intent to Use Evidence/Deft's Motion to Suppress Evidence (CR00–3034) as to defendant Angela Jane Johnson before Chief Judge Mark W. Bennett COURT REPORTER Shelly Semmler AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/17/2002) |
| 01/18/2002 | 38 | | ORDER setting hearing on (CR00–3034 224,228; 01/23/02; 9:00) by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/18/2002) |

Appellate Case: 13-1739   Page: 10   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| 01/23/2002 | 39 | | CLERK'S COURT MINUTES: as to defendant Angela Jane Johnson before Chief Judge Mark W. Bennett re motion to continue, Order to follow COURT REPORTER Shelly Semmler AIK. Modified on 1/6/2005 to note as #39 Order of Continuance has same docket number, the document for this minute entry cannot be attached – please see file to view this document (des, ). (Entered: 01/23/2002) |
| 01/24/2002 | 39 | | ORDER OF CONTINUANCE per 18:3161 (224,228) (CR00−3034)by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson: Time is excluded in the interest of justice from 01/02/02, 01/09/02 to date of trial JURY TRIAL RE−set for 9:00; 11/4/02 for Angela Jane Johnson SC (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 01/24/2002) |
| 02/05/2002 | 40 | | SUPPLEMENTAL BRIEF IN SUPPORT of Motion to Dismiss Indictment [25−1] by Defendant Angela Jane Johnson KFS Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 02/05/2002) |
| 02/08/2002 | 41 | | *SEALED* SEALED AMENDMENT to Stipulated Discovery Order by defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/2/2004 (des, ). Modified on 12/2/2004 to seal entry (des, ). (Entered: 02/08/2002) |
| 04/19/2002 | 42 | | 12(d) MOTION to Introduce Evidence by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 04/19/2002) |
| 04/23/2002 | 43 | | Memorandum Opinion and ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson based on Informant's Evidence; Briefing Schedule is as follows: Defendant's Brief; 05/14/02, Plaintiff's Responsive Brief; 06/04/02, Defendant's Reply Brief; 06/14/02 on o (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 04/23/2002) |
| 04/24/2002 | 44 | | *SEALED* MOTION to compel Discovery by Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 12/2/2004 (des, ). Modified on 1/7/2005 to seal entry per tjf as it relates to Sealed Documents #41 and #63 (des, ). (Entered: 04/24/2002) |
| 04/24/2002 | 45 | | MOTION For Transfer To a Different Facility , for hearing by Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 12/2/2004 (des, ). (Entered: 04/24/2002) |
| 04/24/2002 | 46 | | BRIEF IN SUPPORT of motion For Transfer To a Different Facility [45−1] by defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 04/24/2002) |
| 04/24/2002 | 47 | | RESISTANCE by plaintiff USA to motion For Transfer To a Different Facility [45−1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 04/24/2002) |
| 04/24/2002 | 48 | | *SEALED* RESISTANCE by plaintiff USA to motion to compel Discovery [44−1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/9/2004 (des, ). Modified on 1/7/2005 to seal entry per tjf as it relates to Sealed Documents #41 and #63 (des, ). (Entered: |

Appellate Case: 13-1739     Page: 11     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | 04/24/2002) |
| 04/25/2002 | 49 | | NOTICE of Intent to Seek Death Penalty Under USC 21:848 by plaintiff USA as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 04/25/2002) |
| 04/29/2002 | 50 | | MEMORANDUM re: RESISTANCE by plaintiff USA to motion For Transfer To a Different Facility [45–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 04/30/2002) |
| 04/30/2002 | 51 | | REPLY by plaintiff USA to Deft's Response RE: motion to Introduce Evidence [42–1] by USA AIK Additional attachment(s) added on 12/9/2004 (des, ). Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 04/30/2002) |
| 05/01/2002 | 52 | | MOTION to Revise Briefing Schedule by Angela Jane Johnson assigned to Mark W Bennett, Chief Judge AIK Modified on 05/01/2002 Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 05/01/2002) |
| 05/02/2002 | 53 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson setting on motion to compel Discovery [44–1] MOTION HEARING set for 10:00; 5/13/02 for Angela Jane Johnson ICN SC,CR,DM (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 05/02/2002) |
| 05/02/2002 | 54 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson granting in part/denying in part motion to Revise Briefing Schedule [52–1] Deft's Brief 05/21/02, Plt's Responsive Brief 06/11/02, Deft's Reply Brief 06/21/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 05/02/2002) |
| 05/02/2002 | 55 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson setting on motion to compel Discovery [44–1] Telephonic MOTION HEARING RE–set for 10:30; 5/21/02 for Angela Jane Johnson (conflict with ICN) (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 05/02/2002) |
| 05/07/2002 | 56 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson denying motion For Transfer To a Different Facility [45–1], denying motion for hearing [45–2] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 05/07/2002) |
| 05/07/2002 | 57 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson setting on motion to compel Discovery [44–1] MOTION HEARING RE–set for 10:30 (am) 5/21/02 for Angela Jane Johnson (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 05/07/2002) |
| 05/13/2002 | 58 | | APPEAL FROM MAGISTRATE'S ORDER by defendant Angela Jane Johnson RE: order [56–1] AIK Additional attachment(s) added on 12/9/2004 (des, ). (Entered: 05/14/2002) |
| 05/21/2002 | 59 | | CLERK'S COURT MINUTES: as to defendant Angela Jane Johnson before Magistrate Judge Paul A. Zoss satisfied on motion to compel Discovery [44–1], order to follow COURT REPORTER Jami Johnson DES Additional |

April 2 2013 p 12

Appellate Case: 13-1739   Page: 12   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | attachment(s) added on 12/9/2004 (des, ). (Entered: 05/21/2002) |
| 05/22/2002 | 60 | | SUPPLEMENTAL SUPPRESSION BRIEF by Defendant Angela Jane Johnson KFS Additional attachment(s) added on 12/14/2004 (des, ). (Entered: 05/22/2002) |
| 05/22/2002 | 61 | | RESISTANCE by plaintiff USA to appeal motion APPEAL FROM MAGISTRATE'S ORDER [58–1] as to defendant Angela Jane Johnson (filed in CR 5/21/02) DES Additional attachment(s) added on 12/14/2004 (des, ). (Entered: 05/22/2002) |
| 05/22/2002 | 60 | | MOTION to suppress McNeese Evidence as to the 2nd Indictment by defendant Angela Jane Johnson assigned to Chief Judge Mark W. Bennett JKH Modified on 1/14/2005 to note the document for this entry is the same as #60 Supplemental Suppression Brief, please see that entry to view this document (des, ). (Entered: 07/24/2002) |
| 05/23/2002 | 62 | | RESPONSE by plaintiff USA to stipulated discovery order as to defendant Angela Jane Johnson DES Additional attachment(s) added on 12/14/2004 (des, ). (Entered: 05/23/2002) |
| 05/30/2002 | 63 | | SEALED ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson (cc: all counsel,USM,USP) DES Modified on 12/14/2004 to seal entry (des, ). Additional attachment(s) added on 12/14/2004 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 05/30/2002) |
| 05/31/2002 | 64 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson TELEPHONIC STATUS CONFERENCE set for 10:00 6/17/02 for Angela Jane Johnson (cc: all counsel,USM,USP) DES Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 05/31/2002) |
| 06/07/2002 | 65 | | MOTION for reconsideration, and if Denied, Appeal of Magistrate's Order on Motion to Compel by Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/07/2002) |
| 06/07/2002 | 66 | | MOTION For Extention of Time to Prepare Response to Defendant's Supplemental Suppression Brief and Argument by USA as to Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/10/2002) |
| 06/10/2002 | 67 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson granting motion For Extention of Time to Prepare Response to Defendant's Supplemental Suppression Brief and Argument [66–1] Plt's Responsive Brief; 06/14/02, Deft's Reply Brief; 06/24/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/10/2002) |
| 06/10/2002 | 68 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson denying motion for reconsideration, and if Denied, Appeal of Magistrate's Order on Motion to Compel [65–1] the appeal of that order is recognized, and will be considered by Chief Judge Mark W Bennett (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/10/2002) |

| | | | |
|---|---|---|---|
| 06/10/2002 | 65 | | APPEAL FROM MAGISTRATE'S ORDER as Motion for Reconsideration denied (68) by defendant Angela Jane Johnson (entered today's date because of Order of 06/10/02) AIK Modified on 06/10/2002. Modified on 1/4/2005 to note the document for this entry is the same as #65 Motion, please see that entry to view this document (des, ). (Entered: 06/10/2002) |
| 06/17/2002 | 69 | | CLERK'S COURT MINUTES: as to defendant Angela Jane Johnson before Chief Judge Mark W. Bennett STATUS HEARING held on 6/17/02 COURT REPORTER Shelly Semmler AIK Modified on 06/17/2002 Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/17/2002) |
| 06/17/2002 | 70 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson JURY TRIAL RE–set for 3/10/03 for Angela Jane Johnson (cc: all counsel,USM,USP) AIK Modified on 06/17/2002 Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/17/2002) |
| 06/18/2002 | 71 | | SUPPLEMENTAL Memorandum Regarding Admissibility of Evidence by plaintiff USA RE: order [43–1] as to defendant Angela Jane Johnson (filed in CR 06/14/02) AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/18/2002) |
| 06/19/2002 | 72 | | RESPONSE by plaintiff USA RE: appeal motion APPEAL FROM MAGISTRATE'S ORDER as Motion for Reconsideration denied (68) [65–1] by Angela Jane Johnson as to defendant Angela Jane Johnson DES Modified on 06/20/2002 Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/19/2002) |
| 06/21/2002 | 73 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson affirming 05/07/02 Order the decision of the District Court on appeal [58–1], granting appeal to the extent that the court has reconsidered the locations, substance, time, place and date of each overt act upon which the Government intends to rely to prove the second indictment motion APPEAL FROM MAGISTRATE'S ORDER [18–1], denying appeal motion APPEAL FROM MAGISTRATE'S ORDER [17–1] and affirming the Magistrate's Order of 11/08/01 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/21/2002) |
| 06/24/2002 | 74 | | MOTION for Extended Page Lengths of Briefs – Reply to Government's Supplemental Memorandum RE: Admissibility of Evidence and Brief in Support of Motion to Strike Death Penalty Due to Ex Post Facto attached by Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/24/2002) |
| 06/24/2002 | 75 | | MOTION to strike Death Penalty Due to Right of Substantive Due Process by Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/24/2002) |
| 06/24/2002 | 76 | | BRIEF IN SUPPORT of motion to strike Death Penalty Due to Right of Substantive Due Process [75–1] and REPLY TO GOVERNMENT'S #71 SUPPLEMENTAL MEMORANDUM REGARDING ADMISSIBILITY OF EVIDENCE by defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/24/2002) |
| 06/24/2002 | 77 | | *SEALED* Ex Parte Notice for order by Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK . Additional attachment(s) added on |

| | | | |
|---|---|---|---|
| | | | 1/4/2005 (des, ). (Entered: 06/24/2002) |
| 06/24/2002 | 78 | | MEMORANDUM, OPINION, AND ORDER: by Chief Judge Mark W. Bennett granting in part/denying in part motion to dismiss Indictment [25–1] of CR01–3046 Counts 1–5 of second indictment denied, Counts 6–10 of second indictment granted, those counts dismissed, however, dismissal of Counts 6–10 is without prejudce to a superseding indictment satisfying the requirements stated herein for pleading the charges (cc: all counsel) AIK Modified on 06/25/2002 Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 06/25/2002) |
| 06/27/2002 | 79 | | TRANSCRIPT of Telephonic Motion to Compel held on 05/21/02 as to defendant Angela Jane Johnson (includes CR00–3034) AIK Additional attachment(s) added on 1/4/2005 (des, ). Modified on 1/4/2005 to note attachment is page one only. For complete copy you may contact the Court Reporter Jami L. Johnson at P.O. Box 1325, Sioux City, IA 51102 712–239–1300. (des, ). (Entered: 06/27/2002) |
| 07/03/2002 | 80 | | RESISTANCE by plaintiff USA to motion to strike Death Penalty Due to Right of Substantive Due Process [75–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/4/2005 (des, ). (Entered: 07/03/2002) |
| 07/03/2002 | 80 | | MOTION For Extension of Time to File Memorandums by Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK. Modified on 1/4/2005 to note the document for this entry is the same as #80 Resistance, please see that entry to view this document (des, ). (Entered: 07/03/2002) |
| 07/03/2002 | 81 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson granting motion For Extension of Time to File Memorandums [80–1]; Plt's Briefs; 08/03/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/03/2002) |
| 07/19/2002 | 82 | | MOTION for order Setting Time for Filing Bill of Particulars by Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/19/2002) |
| 07/19/2002 | 83 | | SUPPLEMENTAL Authority RE: Discovery Appeal; filed in CR00–3034 by defendant Angela Jane Johnson as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/19/2002) |
| 07/19/2002 | 84 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson granting in part/denying in part motion for order Setting Time for Filing Bill of Particulars [82–1] Plt to 08/16/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/19/2002) |
| 07/22/2002 | 85 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson TELEPHONIC ORAL ARGUMENTS set for 8:00 8/2/02 for Angela Jane Johnson All counsel wishing to participate must call Court not later than 7/31/02 w/telephone number at which can be reached for said hearing (cc: all counsel,USM,USP) PKM Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/22/2002) |

Appellate Case: 13-1739   Page: 15   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| 07/24/2002 | 86 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson SETTING DEADLINES; 10/4/02 DDL TO FILE ALL MTNS NOTE RELATED TO TRIAL; 11/12/02 DFT DESIGNATION OF EXPERTS &CHALLENGE EXPERTS DESIGNATED BY GOV; 11/26/02 DDL TO CHALLENGE EXPERTS PROPOSED BY DFT; 12/13/02 DDL TO FILE ALL MTNS RELATED TO TRIAL; 2/6/03 JUROR QUESTIONNAIRES TO PARTIES; 2/18/03 GOV WITNESS LIST INCLUDING PLACE OF ABODE FOR UNINCARCERATED WITNESSES &JENCKS TO BE DISCLOSED; 2/25/03 DFT WITNESS LIST INCLUDING PLACE OF ABODE FOR UNINCARCERATED WITNESSES &JENCKS TO BE PROVIDED TO GOV JURY TRIAL set for 3/10/03 for Angela Jane Johnson MOTIONS HEARING set for 1/10/03 for Angela Jane Johnson FINAL PRETRIAL CONFERENCE set for 2/25/03 for Angela Jane Johnson (cc: all counsel,USM,USP) PKM Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/24/2002) |
| 07/24/2002 | 87 | | RESPONSE by plaintiff USA to Supplemental Authority RE: Discovery Appeal {83} as to defendant Angela Jane Johnson DES Modified on 07/25/2002 Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/25/2002) |
| 07/26/2002 | 88 | | ORDER by Chief Judge Mark W. Bennett regarding Motion for Extension of Time as to Defendant Angela Jane Johnson – See Order Text (cc: all counsel,USM,USP) KFS Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/26/2002) |
| 07/29/2002 | 89 | | *SEALED* Exparte and Under Seal by plaintiff USA as to defendant Angela Jane Johnson AIK. Modified on 1/5/2005 to seal entry (des, ). Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/29/2002) |
| 07/29/2002 | 90 | | MOTION to extend Time to File Motion to Strike Death Penalty Due to Substantive Due Process by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/29/2002) |
| 07/30/2002 | 91 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson granting motion to extend Time to File Motion to Strike Death Penalty Due to Substantive Due Process [90–1] Plt's response 09/03/02, Deft's reply 09/13/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 07/30/2002) |
| 08/02/2002 | 92 | | CLERK'S COURT MINUTES: as to defendant Angela Jane Johnson before Chief Judge Mark W. Bennett satisfied on amend [13–1], satisfied on brief [60–1], satisfied on motion to suppress McNeese Evidence as to the 2nd Indictment [60–1] ruling reserved on [13–1] amend, ruling reserved on [60–1] brief, ruling reserved on [60–1] motion to suppress McNeese Evidence as to the 2nd Indictment COURT REPORTER Shelly Semmler AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/02/2002) |
| 08/06/2002 | 93 | | MOTION for Extention of Time to File Bill of Particulars by USA as to Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/07/2002) |
| 08/07/2002 | 94 | | |

Appellate Case: 13-1739    Page: 16    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson granting motion for Extention of Time to File Bill of Particulars [93–1] Plt to 09/16/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/07/2002) |
| 08/13/2002 | 95 | | MEMORANDUM OPINION and ORDER by Chief Judge Mark W. Bennett as to Defendant Angela Jane Johnson – GRANTING Motion to Suppress McNeese Evidence as to the 2nd Indictment [60–1] – DENYING Motion to Evidence [42–1] (cc: all counsel,USM,USP) KFS Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/14/2002) |
| 08/19/2002 | 96 | | *SEALED* EX PARTE ORDER CONCERNING LITIGATION/BUDGET PLAN by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson setting on motion for order [77–1] EX PARTE TELEPHONIC MOTION HEARING set for 2:00 8/22/02 for Angela Jane Johnson (cc: ex parte counsel) DES Modified on 08/19/2002. Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/19/2002) |
| 08/21/2002 | 97 | | NOTICE OF APPEAL TO 8TH CIRCUIT by plaintiff USA RE: order [95–1] fees Waived (cc: all counsel (w/docket sheets),USM,USP,C/R) AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/22/2002) |
| 08/21/2002 | 98 | | Certification To District Court pursuant to 18 USC 3731 by USA as to defendant Angela Jane Johnson AIK Modified on 08/22/2002 Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/22/2002) |
| 08/22/2002 | 99 | | *SEALED* EX PARTE ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson setting on motion for order [77–1] Telephonic MOTION HEARING RE–set for 8:30; 8/27/02 for Angela Jane Johnson (cc: all counsel,USM,USP) AIK. Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/22/2002) |
| 08/23/2002 | 100 | | SUPERSEDING INDICTMENT by USA; counts filed against Angela Jane Johnson (1) count(s) 1s–10s AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/26/2002) |
| 08/26/2002 | 101 | | LOCAL CRIMINAL RULE 7.1 STATEMENT by plaintiff USA as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/26/2002) |
| 08/27/2002 | 102 | | *SEALED* CLERK'S COURT MINUTES as to Defendant Angela Jane Johnson before Chief Judge Mark W. Bennett – HEARING HELD on Ex Parte Motion for Order [77–1] – COURT REPORTER: S Semmler KFS Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/27/2002) |
| 08/28/2002 | 103 | | ORDER by Chief Judge Mark W. Bennett 08/27/02 filing in case CR00–3034 for Motion for Extention to file Reponse to deft's Motion to Strike Death Penalty Due to the Ex Post Facto Clause and Due Process Clause of Fifth Amendment filed by Gov; granted – Plt's Reponse Brief; 09/20/02, Deft's Reply Brief, if any; 09/30/02 as to defendant Angela Jane Johnson (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 08/28/2002) |
| 09/04/2002 | 104 | | Motion for arraignment on superseding indictment by USA as to defendant Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss DES |

April 2 2013 p 17
Appellate Case: 13-1739     Page: 17     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 09/05/2002) |
| 09/05/2002 | 105 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson ARRAIGNMENT set for 9:00 9/11/02 for Angela Jane Johnson w/Judge John A. Jarvey in Cedar Rapids (cc: all counsel,USM,USP,JAJ,CR) DES Additional attachment(s) added on 1/5/2005 (des, ). (Entered: 09/05/2002) |
| 09/09/2002 | 106 | | MOTION for leave to File Overlength Brief attached by USA as to Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK. Modified on 1/6/2005 to note the document for this entry is the same as #106 Motion, please see that entry to view this document (des, ). (Entered: 09/09/2002) |
| 09/09/2002 | 106 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson granting motion for leave to File Overlength Brief [106–1] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 09/09/2002) |
| 09/09/2002 | 107 | | MEMORANDUM by plaintiff USA in opposition to motion to strike Death Penalty Due to Right of Substantive Due Process [75–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 09/09/2002) |
| 09/09/2002 | 108 | | SUPPLEMENTAL Authority Resistance by plaintiff USA RE: motion to strike Death Penalty Due to Right of Substantive Due Process [75–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 09/10/2002) |
| 09/10/2002 | | | REMARK sent Transcripts of Motion to Compel; filed 06/27/02 and Motion for Bill of Particulars; filed 11/21/01 to 8th Circuit AIK (Entered: 09/10/2002) |
| 09/11/2002 | 109 | | CLERK'S COURT MINUTES: as to defendant Angela Jane Johnson before Chief Mag Judge John A. Jarvey dft Angela Jane Johnson arraigned on Superseding Indictment; NG plea entered; Attorney Willett present; CR COURT REPORTER Kay Carr AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 09/11/2002) |
| 09/12/2002 | 110 | | RESPONSE by plaintiff USA RE: motion for a bill of particulars on Counts 1–10 [7–1] by Angela Jane Johnson as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 09/13/2002) |
| 09/13/2002 | 111 | | SHORTHAND NOTES of OCR Kay C Carr constituting official record of Arraignment on Superseding Indictment on 09/11/02 as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 09/13/2002) |
| 09/30/2002 | | | NEW FILE: Beginning With Document # 112, See File # 4 AIK (Entered: 09/30/2002) |
| 09/30/2002 | 112 | | MOTION to Extended Page Lengths of Brief by Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 09/30/2002) |
| 09/30/2002 | 113 | | |

April 2 2013 p 18
Appellate Case: 13-1739     Page: 18     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | MOTION to Declare the Death Penalty Provisions of 21 USC 848 Unconstitutional , to strike RE: Gov's Notice of Intent to Seek Death Penalty [49−1] by Angela Jane Johnson Brief Attached assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 09/30/2002) |
| 10/02/2002 | 114 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson granting motion to Extended Page Lengths of Brief [112−1] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/02/2002) |
| 10/02/2002 | 115 | | BRIEF IN SUPPORT of motion to Declare the Death Penalty Provisions of 21 USC 848 Unconstitutional [113−1] by defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/02/2002) |
| 10/04/2002 | 116 | | MOTION to extend Pretrial Deadlines by Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/04/2002) |
| 10/07/2002 | 117 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson granting motion to extend Pretrial Deadlines [116−1] PRETRIAL MOTIONS RE−set for 10/18/02 for Angela Jane Johnson (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/07/2002) |
| 10/07/2002 | 118 | | NOTICE of Intent to Use Evidence Pursuant To Federal Rule of Crminal Procedure 12(d)(1) and Request for Pretrial Ruling by plaintiff USA as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/07/2002) |
| 10/07/2002 | 119 | | MOTION To Release Remains by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/07/2002) |
| 10/09/2002 | 120 | | MOTION For Extension of Time to File Response to Deft's Motion to Declare Death Penalty Provision (113) by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/09/2002) |
| 10/09/2002 | 121 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson granting motion For Extension of Time to File Response to Deft's Motion to Declare Death Penalty Provision (113) [120−1] Plt's Responsive Brief 11/12/02, Deft's Reply Brief 11/22/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/09/2002) |
| 10/15/2002 | 122 | | REPLY by defendant Angela Jane Johnson RE: motion To Release Remains [119−1] by USA AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/15/2002) |
| 10/21/2002 | 123 | | RESPONSE by defendant Angela Jane Johnson RE: Government's Notice of Intent to Use Evidence Pursuant to Federal Rule of Criminal Procedure 12(d)(1) and Request For Pretrial Ruling. AIK Additional attachment(s) added on 1/6/2005 (des, ). Modified on 1/6/2005 to correct text as to name of document (des, ). (Entered: 10/21/2002) |

Appellate Case: 13-1739   Page: 19   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| 10/21/2002 | 124 | | MOTION to Require Government to Elect Counts by Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/21/2002) |
| 10/21/2002 | 125 | | BRIEF IN SUPPORT of motion to Require Government to Elect Counts [124–1] by defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/21/2002) |
| 10/21/2002 | 126 | | MOTION for a bill of particulars by Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/21/2002) |
| 10/21/2002 | 127 | | BRIEF IN SUPPORT of motion for a bill of particulars [126–1] by defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/21/2002) |
| 10/21/2002 | 128 | | MOTION to Strike Surplusage by Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/21/2002) |
| 10/21/2002 | 129 | | BRIEF IN SUPPORT of motion to Strike Surplusage [128–1] by defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/21/2002) |
| 10/23/2002 | 130 | | MOTION to extend Time to File Responses to Motion to Strike Surplusage (128), Motion for Bill of Particulars (126) and Motion to Require Government to Elect Counts (124) by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/24/2002) |
| 10/25/2002 | 131 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson granting motion to extend Time to File Responses to Motion to Strike Surplusage (128), Motion for Bill of Particulars (126) and Motion to Require Government to Elect Counts (124) [130–1]; Plt's responsive brief; 11/29/02, Deft's reply brief; 12/09/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/25/2002) |
| 10/30/2002 | 132 | | MOTION to extend all deadlines by Angela Jane Johnson assigned to Magistrate Chief Judge Mark W Bennett AIK Modified on 11/04/2002 Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 10/30/2002) |
| 11/01/2002 | 133 | | MOTION for Request to Hold in Abeyance Deft's Motion to Require Govementment to Elect Counts (124) by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Modified on 11/04/2002 Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/01/2002) |
| 11/07/2002 | 134 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson denying motion to extend all deadlines [132–1] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/07/2002) |
| 11/07/2002 | 135 | | RESISTANCE by plaintiff USA as to Def'ts Motion to Extend Times (132) to as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/07/2002) |
| 11/08/2002 | 136 | | |

April 2 2013 p 20

Appellate Case: 13-1739     Page: 20     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | RESPONSE by plaintiff USA to motion to Strike Surplusage [128–1] as to defendant Angela Jane Johnson DES Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/08/2002) |
| 11/12/2002 | 137 | | MOTION to File Overlength Brief attached by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/12/2002) |
| 11/13/2002 | 138 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson granting motion to File Overlength Brief [137–1] (cc: all counsel,USM,USP) DES Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/13/2002) |
| 11/13/2002 | 139 | | MEMORANDUM by plaintiff USA in opposition to motion to Declare the Death Penalty Provisions of 21 USC 848 Unconstitutional [113–1], motion to strike RE: Gov's Notice of Intent to Seek Death Penalty [49–1] [113–2] as to defendant Angela Jane Johnson DES Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/13/2002) |
| 11/14/2002 | 140 | | RESISTANCE by defendant Angela Jane Johnson to motion for Request to Hold in Abeyance Deft's Motion to Require Govementment to Elect Counts (124) [133–1] AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/14/2002) |
| 11/14/2002 | 141 | | Second Notice Of Intent to Seek The Death Penalty Under Title 21 USC 848 by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/14/2002) |
| 11/14/2002 | 142 | | Request For Court Ruling by USA as to Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/14/2002) |
| 11/15/2002 | 143 | | *SEALED* EXPARTE &SEALED ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson (cc: deft counsel) DES. Modified on 1/6/2005 to seal entry (des, ). Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/15/2002) |
| 11/18/2002 | 144 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson granting motion For Court Ruling [142–1] Johnson shall provide notice of alibi witnesses to the Government; 12/09/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/18/2002) |
| 11/20/2002 | | | NEW FILE: Beginning With Document # 145, See File # 5 AIK (Entered: 11/20/2002) |
| 11/20/2002 | 145 | | RESPONSE by plaintiff USA RE: motion for a bill of particulars [126–1] by Angela Jane Johnson as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/20/2002) |
| 11/26/2002 | 146 | | APPEAL FROM MAGISTRATE'S ORDER by defendant Angela Jane Johnson RE: order [144–1] AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/26/2002) |
| 11/26/2002 | 147 | | |

April 2 2013 p 21

Appellate Case: 13-1739    Page: 21    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson granting in part/denying in part motion for a bill of particulars [126–1] Gov to file supplemental Bil of Particulars; 12/09/02 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 11/26/2002) |
| 12/03/2002 | 148 | | RESISTANCE by plaintiff USA to appeal motion APPEAL FROM MAGISTRATE'S ORDER [146–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 12/03/2002) |
| 12/04/2002 | 149 | | SUPPLEMENT by plaintiff USA RE: motion for a bill of particulars [126–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 12/05/2002) |
| 12/09/2002 | 150 | | TRANSCRIPT of Phone Hearing held on 01/23/02 as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). Modified on 1/6/2005 to note attachment is page one only. For complete copy of the transcript, you may contact the Court Reporter Shelly Semmler at 320 Sixth Street, Sioux City, IA 51101 712–233–3846. (des, ). (Entered: 12/09/2002) |
| 12/12/2002 | 151 | | RESISTANCE to Deft's Application For Continuance of Trial (filed in CR00–3034 only; 12/11/02) by plaintiff USA to as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 12/13/2002) |
| 12/12/2002 | 152 | | Supplemental MEMORANDUM In Support of Resistance by plaintiff USA in opposition to motion to strike Death Penalty Due to Right of Substantive Due Process [75–1] as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 12/13/2002) |
| 12/16/2002 | 153 | | Memorandum OPINION AND ORDER: by Chief Judge Mark W. Bennett denied without prejudice motion for Change of Venue [22–1] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 12/16/2002) |
| 12/19/2002 | 154 | | Memorandum Opinion and ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson reversed in part and affirmed in part appeal motion APPEAL FROM MAGISTRATE'S ORDER as Motion for Reconsideration denied (68) [65–1] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 12/19/2002) |
| 01/02/2003 | 155 | | ORDER by Chief Judge Mark W. Bennett regarding deft's Application to Continue Trial (413 filed in CR00–3034); setting telephonic hearing 10:00, 01/06/03 as to defendant Angela Jane Johnson (cc: all counsel,USM,USP) AIK Modified on 01/02/2003 Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/02/2003) |
| 01/06/2003 | 156 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson denied on the merits; motion to strike Death Penalty Due to Right of Substantive Due Process [75–1] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/06/2003) |
| 01/06/2003 | 157 | | CLERK'S COURT MINUTES: as to defendant Angela Jane Johnson; |

April 2 2013 p 22

Appellate Case: 13-1739     Page: 22     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | regarding deft's motion to continue trial filed in (CR00–3034 {413}) before Chief Judge Mark W. Bennett COURT REPORTER none AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/06/2003) |
| 01/06/2003 | 158 | | ORDER by Chief Judge Mark W. Bennett; Application for Continuance of Trial filed in CR00–3034 (413) granted. Remaining trial–related deadlines set forth in scheduling order of 07/24/02, suspended. On or before 01/20/03; parties submit proposed order proposing specific deadlines for trial–related motions that are not dependent upon outcome of interlocutory appeal as to defendant Angela Jane Johnson (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/06/2003) |
| 01/07/2003 | 159 | | Memorandum Opinion and ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson denied in its entirety motion to Declare the Death Penalty Provisions of 21 USC 848 Unconstitutional [113–1], denied in its entirety motion to strike RE: Gov's Notice of Intent to Seek Death Penalty [49–1] [113–2] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/07/2003) |
| 01/09/2003 | 160 | | *SEALED* EX PARTE APPLICATION to set rates for services other than counsel and associate attorney by defendant Angela Jane Johnson assigned to Chief Judge Mark W. Bennett DES. Modified on 1/6/2005 to seal document (des, ). Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/09/2003) |
| 01/21/2003 | 161 | | JOINT PROPOSED SCHEDULING DEADLINES by plaintiff USA as to defendant Angela Jane Johnson assigned to Chief Judge Mark W. Bennett DES Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/22/2003) |
| 01/22/2003 | 162 | | MOTION for issuance of subpoena to obtain deposition by USA as to Angela Jane Johnson assigned to Magistrate Judge Paul A. Zoss DES Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/23/2003) |
| 01/23/2003 | 163 | | ORDER by Magistrate Judge Paul A. Zoss as to Defendant Angela Jane Johnson – SETTING HEARING on Motion for Issuance of Subpoena to Obtain Deposition [162–1] – TELEPHONIC MOTION HEARING set for 01/30/03 @ 9:00 am (cc: all counsel,USM,USP) KFS Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/23/2003) |
| 01/30/2003 | 164 | | CLERK'S COURT MINUTES: as to defendant Angela Jane Johnson before Magistrate Judge Paul A. Zoss satisfied on motion for issuance of subpoena to obtain deposition [162–1] Order to follow COURT REPORTER Carolyn Plueger AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/30/2003) |
| 01/30/2003 | 165 | | ORDER by Magistrate Judge Paul A. Zoss as to defendant Angela Jane Johnson denying motion for issuance of subpoena to obtain deposition [162–1] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 01/30/2003) |
| 01/31/2003 | 166 | | SCHEDULING ORDER by Chief Judge Mark W. Bennett: upon scheduling of a new trial date, the deadlines indicated as a certain number of weeks before trial weill be reset to dates certain (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: |

April 2 2013 p 23

Appellate Case: 13-1739   Page: 23   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | 01/31/2003) |
| 02/13/2003 | 167 | | MEMORANDUM OPINION AND ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson denying motion to Strike Surplusage [128–1] (cc: all counsel,USM,USP) DES Modified on 02/13/2003 Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 02/13/2003) |
| 02/13/2003 | 168 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson denying without prejudice motion To Release Remains [119–1] (cc: all counsel,USM,USP) DES Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 02/13/2003) |
| 02/13/2003 | 169 | | MEMORANDUM OPINION AND ORDER: by Chief Judge Mark W. Bennett granting motion for Request to Hold in Abeyance Deft's Motion to Require Government to Elect Counts (124) [133–1] (cc: all counsel,USM,USP) DES Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 02/13/2003) |
| 02/13/2003 | 170 | | ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson affirming the decision of the District Court on appeal [146–1] (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 02/13/2003) |
| 02/13/2003 | 171 | | *SEALED* ORDER by Chief Judge Mark W. Bennett as to defendant Angela Jane Johnson granting Ex–Parte motion to set rates for services other than counsel and associate attorney [160–1] (cc: deft's counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 02/13/2003) |
| 03/13/2003 | 172 | | RESPONSE by plaintiff USA to Deft's Third Request for Review of Detention Conditions (filed soley in CR00–3034MWB) as to defendant Angela Jane Johnson AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 03/13/2003) |
| 04/14/2003 | 173 | | MOTION For Extention of Time to File Jury Instructions by USA as to Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 04/14/2003) |
| 04/15/2003 | 174 | | ORDER by Chief Judge Mark W. Bennett as to plaintiff USA granting motion For Extention of Time to File Jury Instructions [173–1]; 05/15/03 (cc: all counsel,USM,USP) AIK Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 04/15/2003) |
| 04/24/2003 | 175 | | *SEALED* Ex Parte MOTION for Advance Approval of Purchase of Computer Software by Angela Jane Johnson assigned to Chief Judge Mark W. Bennett AIK. Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 04/24/2003) |
| 05/15/2003 | 176 | | PROPOSED PRELIMINARY AND FINAL JURY INSTRUCTIONS (PENALTY) by plaintiff USA as to defendant Angela Jane Johnson DES Additional attachment(s) added on 1/6/2005 (des, ). (Entered: 05/15/2003) |
| 06/16/2003 | 177 | | *SEALED* ORDER granting 175 Ex Parte Motion PURCHASE OF COMPUTER SOFTWARE as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 06/16/03. (ak, ). (Entered: 06/16/2003) |

| | | | |
|---|---|---|---|
| 07/10/2003 | 178 | | ORDER Granting Request to Appoint Attorney Ray Scheetz to represent Angela Euans. Signed by Judge John A Jarvey on 7/8/03. (mem) (Entered: 07/12/2003) |
| 08/07/2003 | 179 | | MOTION for Notice of Intent to Introduce Expert Testimony of Capital Defendant's Mental Condition and for Court Ordered Mental Examination on Receipt of such Notice by United States of America as to Defendant Angela Jane Johnson. (mp ) (Entered: 08/07/2003) |
| 08/12/2003 | 180 | | ORDER granting 179 Moton of Intent to Introduce Expert Testimony of Capital Defendant's Mental Condition and for Court Ordered Mental Examination on Receipt of Such Notice as to Angela Jane Johnson (1) Signed by Judge Mark W Bennett on 08/12/03. (ak, ) Modified on 8/13/2003 (ak, ). (Entered: 08/12/2003) |
| 09/04/2003 | 181 | | MOTION by Patrick Reinert to Withdraw as Attorney for USA. (mem) (Entered: 09/04/2003) |
| 09/05/2003 | 182 | | ORDER Granting 181 Motion to Withdraw as Attorney – Patrick J Reinert withdrawn from case. Signed by Magistrate Judge Paul A Zoss on 09/05/03. (kfs, ) (Entered: 09/05/2003) |
| 09/05/2003 | 183 | | AMENDED ORDER RE: 182 Order on Motion to Withdraw as Attorney. Signed by Magistrate Judge Paul A Zoss on 09/05/03. (kfs, ) (Entered: 09/05/2003) |
| 12/23/2003 | 184 | | Minute Entry for proceedings held before Judge Mark W Bennett :Status Conference as to Defendant Angela Jane Johnson held on 12/22/2003 (Court Reporter Dawn from Edwards Reporting, Inc.) (pkm) (Entered: 12/23/2003) |
| 01/09/2004 | 185 | | *SEALED* EX–PARTE/SEALED MOTION by Defendant Angela Jane Johnson. (mp) Additional attachment(s) added on 1/12/2004 (mp, ). (Entered: 01/12/2004) |
| 01/12/2004 | 186 | | *SEALED* ORDER granting 185 Sealed Motion as to Angela Jane Johnson (1) Signed by Judge Mark W Bennett on 01/12/04. (ak, ) Additional attachment(s) added on 1/12/2004 (ak, ). (Entered: 01/12/2004) |
| 02/23/2004 | 187 | | MOTION in Limine *Regarding Alibi Defense* by United States of America as to Defendant Angela Jane Johnson. (Attachments: # 1 Memorandum in Support)(Williams, Charles) Modified on 2/24/2004 to name attachment (des, ). (Entered: 02/23/2004) |
| 02/23/2004 | 188 | | MOTION for Anonymous Jury by United States of America as to Defendant Angela Jane Johnson. (Attachments: # 1 Memorandum in Support)(Williams, Charles) Modified on 2/24/2004 to name attachment and note wrong case number on attachment(des, ). (Entered: 02/23/2004) |
| 02/25/2004 | 189 | | ORDER/OPINION of USCA Filed 7/31/03 (certified copy) as to Defendant Angela Jane Johnson re 97 Notice of Appeal (des, ) Modified on 2/26/2004 to remove incorrect text(des, ). (Entered: 02/25/2004) |
| 02/25/2004 | 190 | | ORDER/OPINION of USCA Filed 12/08/03 (certified copy) as to Defendant Angela Jane Johnson re 97 Notice of Appeal (des, ) Modified on 2/26/2004 to remove incorrect text(des, ). (Entered: 02/25/2004) |

Appellate Case: 13-1739     Page: 25     Date Filed: 04/03/2013 Entry ID: 4021355

| 02/25/2004 | 191 | | JUDGMENT of USCA (certified copy) as to Angela Jane Johnson re 97 Notice of Appeal, judgment of the district court is reversed and the cause is remanded for proceedings consistent with the 8CC opinions filed 7/31/03 and 12/08/03 (des, ) Modified on 2/26/2004 to remove incorrect text(des, ). (Entered: 02/25/2004) |
|---|---|---|---|
| 03/15/2004 | 192 | | RESPONSE to Motion by Defendant Angela Jane Johnson re 187 MOTION in Limine *Regarding Alibi Defense* (Attorney Signature Line indicates "Colton Lininger" as Defendant – Attorney has been notified and will file amended response to correct defendant's name) (gcla, ) (Entered: 03/15/2004) |
| 03/18/2004 | 193 | | Amended Reply to Motion by Defendant Angela Jane Johnson re 187 MOTION in Limine *Regarding Alibi Defense* (deve) (Entered: 03/18/2004) |
| 03/19/2004 | 194 | | NOTICE OF ATTORNEY APPEARANCE Thomas Henry Miller appearing for USA. *as Special Assistant United States Attorney* (Miller, Thomas) (Entered: 03/19/2004) |
| 04/09/2004 | 195 | | MOTION to Schedule Trial by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) (Entered: 04/09/2004) |
| 04/09/2004 | 196 | | RESPONSE to Motion by Defendant Angela Jane Johnson re 195 MOTION to Schedule Trial *Response to Government's Motion to Schedule Trial and Request for Telephonic Hearing* (Willett, Alfred) (Entered: 04/09/2004) |
| 05/25/2004 | 197 | | Renewed MOTION Anonymous Jury and Request for Court Order re 188 MOTION for Anonymous Jury by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) (Entered: 05/25/2004) |
| 06/01/2004 | 198 | | ORDER re 197 Renewed MOTION Anonymous Jury and Request for Court Order, re 188 MOTION for Anonymous Jury filed by United States of America as to Defendant Angela Jane Johnson, Responses due by 6/4/2004. Signed by Judge Mark W Bennett on 6/01/04. (des, ) (Entered: 06/01/2004) |
| 06/09/2004 | 199 | | UNRESISTED MOTION for Release of Remains by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) (Entered: 06/09/2004) |
| 06/17/2004 | 200 | | ORDER granting 199 UNRESISTED Motion To Release Remains as to Angela Jane Johnson (1).Signed by Judge Mark W Bennett on 6/17/04. (src) (Entered: 06/17/2004) |
| 07/30/2004 | 201 | | PRE TRIAL SCHEUDLING ORDER AND ORDER SETTING TRIAL DATE as to Defendant Angela Jane Johnson. Jury Selection set for 3/7/2005 09:00 AM in SC 3rd Fl Ct before Chief Judge Mark W Bennett. All other deadlines and dates listed in attached order. Signed by Judge Mark W Bennett on 7/30/04. (src). (Entered: 07/30/2004) |
| 07/30/2004 | | | ***Motions terminated as to Defendant Angela Jane Johnson : 195 MOTION to Schedule Trial filed by United States of America – per #201 PRE–TRIAL SCHEDULING ORDER AND ORDER SETTING TRIAL DATE. (des, ) (Entered: 12/15/2004) |
| 09/13/2004 | 202 | | *SEALED* SEALED AND EXPARTE Document filed by Defendant Angela Jane Johnson. (src) Modified on 9/13/2004 to seal docket entry and |

Appellate Case: 13-1739     Page: 26     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | edit that copy of document and NEF faxed to Defendant's attorneys (src). Additional attachment(s) added on 9/13/2004 (src, ). (Entered: 09/13/2004) |
| 11/03/2004 | 203 | | Renewed MOTION To Introduce Evidence of Defendant's Attempted Suicide re 42 Motion for to Introduce Evidence by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) Modified on 11/5/2004 to substitute text regarding linked motion (des, ). (Entered: 11/03/2004) |
| 11/04/2004 | 204 | | MOTION to Change Venue by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Motion to Change Venue)(Stowers, Dean) (Entered: 11/04/2004) |
| 11/09/2004 | 205 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 204 MOTION to Change Venue (Attachments: # 1 Exhibit Press Articles 1–15# 2 Exhibit Press Articles 16–32)(Williams, Charles) (Entered: 11/09/2004) |
| 11/15/2004 | 206 | | ORDER – as to Defendant Angela Jane Johnson. Telephonic hearing on scheduling matters set for 11/17/2004 11:00 AM before Chief Judge Mark W Bennett. The court will initiate the call. Signed by Judge Mark W Bennett on 11/15/04. (src) (Entered: 11/15/2004) |
| 11/15/2004 | 207 | | MOTION for Hearing/Oral Argument *and Pretrial Ruling Regarding Admissibility of out of Court Statements made by Decedents Gregory Nicholson and Terry DeGeus* by United States of America as to Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Government's Request for Hearing and Pretrial Ruling Regarding Admissibility of out of Court Statements made by Decedents Gregory Nicholson and Terry DeGeus)(Williams, Charles) (Entered: 11/15/2004) |
| 11/16/2004 | 208 | | MOTION Factual Findings RE: Instructions to Elicit by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Defendant's Motion for Factual Findings RE: Instructions to Elicit)(Stowers, Dean) (Entered: 11/16/2004) |
| 11/16/2004 | 209 | | *ORAL ARGUMENT REQUESTED – MOTION in Limine *RE: Evidence Suppressed as to the First Indictment* by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Defendant's Motion in Limine RE: Evidence Suppressed as to the First Indictment)(Stowers, Dean) (Entered: 11/16/2004) |
| 11/16/2004 | 210 | | MOTION to Suppress *Evidence on Fifth Amendment Grounds* by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Defendant's Motion to Suppress on Fifth Amendment Grounds)(Stowers, Dean) (Entered: 11/16/2004) |
| 11/17/2004 | 211 | | Amended MOTION to Suppress *on Fifth Amendment Grounds* by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Defendant's Motion to Suppress on Fifth Amendment Grounds# 2 Exhibit A and B to Defendant's Motion to Suppress on Fifth Amendment Grounds)(Stowers, Dean) (Entered: 11/17/2004) |
| 11/17/2004 | 212 | | Minute Entry for proceedings held before Judge Mark W Bennett :Telephonic Scheduling Conference as to Defendant Angela Jane Johnson |

April 2 2013 p 27

Appellate Case: 13-1739     Page: 27     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | held on 11/17/2004 (Court Reporter Shelly Semmler.) (des, ) (Entered: 11/17/2004) |
| 11/17/2004 | 213 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 204 MOTION to Change Venue *REPLY TO GOVERNMENT RESISTANCE (205)* (Stowers, Dean) (Entered: 11/17/2004) |
| 11/17/2004 | 214 | | ORDER Setting Hearing on all of the issues in any pre–trial motions filed on or before 12/07/04: Motion Hearing set for 12/20/2004 at 09:00 AM SC 3rd Fl Ct for 204 and for 77 and for 195 and for 197 and for 141 and for 207 and for 208 and for 187 and for 209 and for 188 and for 210 and for 211 and for 203 . Any resistance to a pre–trial motion filed on or before 12/07/04 must be filed by 12/17/04. USM directed to transport defendant to Sioux City for the hearing on this date . Signed by Judge Mark W Bennett on 11/17/04. (des, ) (Entered: 11/17/2004) |
| 11/19/2004 | 215 | | NOTICE *of Filing and Notice of Service of Appendix to Defendant's Motion for Change of Venue* by Defendant Angela Jane Johnson re 204 MOTION to Change Venue (Stowers, Dean) Modified on 11/22/2004 to note paper copy of appendix received and housed with clerk's file (des,) Modified on 12/17/04 to note paper copy of Volume 4 of Appendix received and housed with Clerk's file. Modified on 12/17/2004 (kfs, ). Modified on 1/3/2005 to note paper copy of Volume 5 of Appendix received and housed with Clerk's file (des, ). Modified on 2/7/2005 to note paper copy of Volume 6 of Appendix received in mail this date and housed with Clerk's file – QC clerk contacted atty and instructed to file electronically any further appendix to be filed (des, ). (Entered: 11/19/2004) |
| 11/20/2004 | 216 | | MOTION FOR TRANSCRIPT *Application of Preparation of Trial Transcript in U.S. v. Honken* before Judge Bennett by Defendant Angela Jane Johnson. (Willett, Alfred) (Entered: 11/20/2004) |
| 11/22/2004 | 217 | | MOTION for Extension of Time to File Response as to 208 MOTION Factual Findings RE: Instructions to Elicit, 209 *ORAL ARGUMENT REQUESTED – MOTION in Limine *RE: Evidence Suppressed as to the First Indictment*, 210 MOTION to Suppress *Evidence on Fifth Amendment Grounds* by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) (Entered: 11/22/2004) |
| 11/22/2004 | 218 | | ORDER granting 217 Motion for Extension of Time to File Response/Reply as to Angela Jane Johnson (1). The government shall have to and including 12/03/04 to file its resistances to the defendant's 11/16/04 motions. Signed by Judge Mark W Bennett on 11/22/04. (des, ) (Entered: 11/23/2004) |
| 11/22/2004 | | | Set Deadlines re Motion or Report and Recommendation in case as to Defendant Angela Jane Johnson 208 MOTION Factual Findings RE: Instructions to Elicit, 209 MOTION in Limine *RE: Evidence Suppressed as to the First Indictment*, 210 MOTION to Suppress *Evidence on Fifth Amendment Grounds*. Responses due by 12/3/2004 (des, ) (Entered: 11/23/2004) |
| 11/29/2004 | 219 | | RESPONSE to Motion by United States of America as to Defendant Angela Jane Johnson re 208 MOTION Factual Findings RE: Instructions to Elicit (Williams, Charles) (Entered: 11/29/2004) |

April 2 2013 p 28

Appellate Case: 13-1739   Page: 28   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| 12/01/2004 | 220 | | RESPONSE to Motion by United States of America as to Defendant Angela Jane Johnson re 211 Amended MOTION to Suppress *on Fifth Amendment Grounds* (Williams, Charles) (Entered: 12/01/2004) |
| 12/01/2004 | 221 | | RESPONSE to Motion by United States of America as to Defendant Angela Jane Johnson re 209 *ORAL ARGUMENT REQUESTED – MOTION in Limine *RE: Evidence Suppressed as to the First Indictment* (Williams, Charles) (Entered: 12/01/2004) |
| 12/01/2004 | 222 | | SUPPLEMENT/ADDENDUM 205 Resistance to Motion filed by United States of America by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) Modified on 12/2/2004 to add link to #204 Motion (des, ). (Entered: 12/01/2004) |
| 12/02/2004 | 223 | | RESPONSE to Motion by Defendant Angela Jane Johnson re 207 MOTION for Hearing/Oral Argument *and Pretrial Ruling Regarding Admissibility of out of Court Statements made by Decedents Gregory Nicholson and Terry DeGeus* (Attachments: # 1 Brief In Support of Defendant's Response to Government's Request for Hearing and Pretrial Ruling Regarding Admissibility of Out of Court Statements Made by Decedent's Gregory Nicholson and Terry DeGeus)(Stowers, Dean) (Entered: 12/02/2004) |
| 12/03/2004 | 224 | | MOTION in Limine *to Bar Discussion or Evidence of Certain Aspects of the Death Penalty* by United States of America as to Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Government's Motion in Limine to Bar Discussion or Evidence of Certain Aspects of the Death Penalty# 2 Supplement US v. Ryan part 1# 3 Supplement US v. Ryan part 2)(Williams, Charles) (Entered: 12/03/2004) |
| 12/03/2004 | 225 | | MOTION in Limine *Regarding Timothy Cutkomp's Instances of Public Exposure* by United States of America as to Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Government's Motion in Limine to Exclude Reference to or Evidence Concerning Timothy Cutkomp's Instances of Public Exposure)(Williams, Charles) (Entered: 12/03/2004) |
| 12/03/2004 | 226 | | MOTION Rule 104(c) Motion for Admission of a Replica Firearm by United States of America as to Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Government's Rule 104(c) Motion for Admission of a Replica Firearm)(Williams, Charles) (Entered: 12/03/2004) |
| 12/04/2004 | 227 | | SUPPLEMENTAL BRIEF by Defendant Angela Jane Johnson re 204 Motion to Change Venue filed by Angela Jane Johnson *in response to request from the Court* (Stowers, Dean) Modified on 12/7/2004 to add text as to supplemental brief (des, ). (Entered: 12/04/2004) |
| 12/07/2004 | 228 | | *SEALED* Sealed and Ex Parte Order as to defendant Angela Johnson. Signed by Judge Mark W Bennett on 12/07/04. (des, ). Modified on 12/7/2004 to seal entry and to note copies faxed to defendant's attorneys (des, ). Additional attachment(s) added on 12/7/2004 (des, ). (Entered: 12/07/2004) |
| 12/08/2004 | 229 | | *SEALED* Amended Ex Parte and Sealed Order as to defendant Angela Johnson. Signed by Judge Mark W Bennett on 12/08/04. (src) Modified on 12/8/2004 to seal entry and to note copies faxed to defendant's attorneys |

April 2 2013 p 29

Appellate Case: 13-1739     Page: 29     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | (src). Additional attachment(s) added on 12/8/2004 (src). (Entered: 12/08/2004) |
| 12/08/2004 | 230 | | MOTION to Strike *Death Penalty* by Defendant Angela Jane Johnson. (Stowers, Dean) Additional attachment(s) added on 12/14/2004 (des, ). (Entered: 12/08/2004) |
| 12/08/2004 | 232 | | LOCAL CRIMINAL RULE 7.1 STATEMENT by United States of America as to Defendant Angela Jane Johnson. (ksy, ) (Entered: 12/09/2004) |
| 12/08/2004 | 233 | | SECOND SUPERSEDING INDICTMENT as to Defendant(s) Angela Jane Johnson (1) count(s) 1ss–5ss, 6ss–8ss, 10ss, 11ss, 12ss. (ksy, ) Modified document name on 12/9/2004 (ksy, ). (Copies to CR USM and USP) Modified on 12/10/2004 to correct text name of entry to be Second Superseding Indictment (des, ). (Entered: 12/09/2004) |
| 12/08/2004 | | | Counts added: Defendant Angela Jane Johnson (1) count(s) 9ss (added only to correct count not included in the docketing of #233 Second Superseding Indictment. Also note, docket sheet shows 9sss with the adding of this count, but truly is only 9ss) (des, ). (Entered: 12/10/2004) |
| 12/09/2004 | 231 | | ORDER denying #639 Motion for Extension of Time to File Pretrial Motions (filed in CR00–3034–MWB) as to Defendant Angela Jane Johnson; motions filed after 12/07/04 will not be heard on 12/20/04. However, the deadline of 1/07/05 for all other pretrial motions, stated in the 7/30/04, Pre–Trial Scheduling Order And Order Setting Trial Date (584 and 201 respectively) remains in full force and effect . Signed by Judge Mark W Bennett on 12/09/04. (des, ) (Entered: 12/09/2004) |
| 12/09/2004 | | | DOCKET ANNOTATION: The Second Superseding Indictment filed at #233 has been corrected to read indictment instead of information as to Defendant Angela Jane Johnson. This was a docketing text error. (ksy, ) (Entered: 12/09/2004) |
| 12/10/2004 | 234 | | MOTION in Limine *RE: Prior Determinations of Guilt and Punishment RE: Dustin Honken* by Defendant Angela Jane Johnson. (Stowers, Dean) Additional attachment(s) added on 12/17/2004 (des, ). (Entered: 12/10/2004) |
| 12/10/2004 | 235 | | ORDER SETTING HEARING as to Defendant Angela Jane Johnson. Arraignment on Second Superseding Indictment set for 12/20/2004 8:45 AM in SC 1st Fl Ct before Magistrate Paul A Zoss. Signed by Clerk on 12/10/04. (ksy, ) (Entered: 12/10/2004) |
| 12/10/2004 | 236 | | ORDER SETTING HEARING as to Defendant Angela Jane Johnson. Arraignment on the second superseding indictment set for 12/20/2004 8:45 AM in SC 1st Fl Ct before Magistrate Paul A Zoss.Signed by Judge Paul A Zoss on 12/10/04. (src) (Entered: 12/10/2004) |
| 12/13/2004 | 237 | | BRIEF by Defendant Angela Jane Johnson re 230 Motion to Strike filed by Angela Jane Johnson *In Support of Defendant's Motion to Strike Death Penalty* (Stowers, Dean) Modified on 12/14/2004 to note this document has properly been attached to #230 Motion (des, ). (Entered: 12/13/2004) |
| 12/13/2004 | 238 | | |

April 2 2013 p 30
Appellate Case: 13-1739    Page: 30    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | RESPONSE to Motion by Defendant Angela Jane Johnson re 225 MOTION in Limine *Regarding Timothy Cutkomp's Instances of Public Exposure* (Stowers, Dean) (Entered: 12/13/2004) |
|---|---|---|---|
| 12/14/2004 | 239 | | *SEALED* Ex Parte and Sealed Order as to defendant Angela Johnson . Signed by Judge Mark W Bennett on 12/14/04. (des, ) Modified on 12/14/2004 to seal entry and to note copies faxed to defendants' attorneys (des, ). Additional attachment(s) added on 12/14/2004 (des, ). (Entered: 12/14/2004) |
| 12/15/2004 | 240 | | ORDER as to Defendant Angela Jane Johnson. By order dated 12/15/04, this court dismissed the superseding indictment in the companion case CR00–3034–MWB, because the remaining charges in that case are now duplicative of Counts 11 and 12 in the second superseding indictment in this case. Under the circumstances, the court finds that the CJA appointments of Alfred Willett, Dean Stowers, and Patrick Berrigan, plus the pro hac vice appearance of Robert Rigg should continue in this case. All subsequent CJA vouchers for work performed or expenses and services incurred by defense counsel after 12/15/04 shall be filed in case CR01–3046–MWB . Signed by Judge Mark W Bennett on 12/15/04. (des, ) (Entered: 12/15/2004) |
| 12/15/2004 | 246 | | CJA 30–Interim #43: Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290430984. Signed by Clerk on 12/15/04. (mem) (Entered: 12/16/2004) |
| 12/15/2004 | 247 | | CJA 30–Interim #46: Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290430985. Signed by Clerk on 12/15/04. (mem) (Entered: 12/16/2004) |
| 12/15/2004 | 248 | | CJA 30–Interim #8: Appointment of Attorney Patrick J Berrigan for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290430986. Signed by Clerk on 12/15/04. (mem) (Entered: 12/16/2004) |
| 12/16/2004 | 241 | | BRIEF by Defendant Angela Jane Johnson re 234 Motion in Limine filed by Angela Jane Johnson *In Support of Motion in Limine RE: Prior Determinations of Guilt and Punishment RE: Dustin Honken* (Stowers, Dean) Modified on 12/17/2004 to note this document has been properly attached to #234 Motion (des, ). (Entered: 12/16/2004) |
| 12/16/2004 | 242 | | RESPONSE to Motion by Defendant Angela Jane Johnson re 224 MOTION in Limine *to Bar Discussion or Evidence of Certain Aspects of the Death Penalty* (Stowers, Dean) (Entered: 12/16/2004) |
| 12/16/2004 | 243 | | RESISTANCE by Defendant Angela Jane Johnson re 188 MOTION for Anonymous Jury (Stowers, Dean) (Entered: 12/16/2004) |
| 12/16/2004 | 244 | | RESISTANCE by Defendant Angela Jane Johnson re 226 MOTION Rule 104(c) Motion for Admission of a Replica Firearm (Stowers, Dean) (Entered: 12/16/2004) |
| 12/16/2004 | 245 | | RESISTANCE by Defendant Angela Jane Johnson re 203 Renewed MOTION To Introduce Evidence of Defendant's Attempted Suicide re 42 |

| | | | |
|---|---|---|---|
| | | | Motion for Miscellaneous Relief (Stowers, Dean) (Entered: 12/16/2004) |
| 12/20/2004 | 249 | | Minute Entry for proceedings held before Magistrate Judge Paul A Zoss −Arraignment on Second Superseding Indictment as to Defendant Angela Jane Johnson (1) on Counts 1ss−5ss,6ss−8ss,9ss,10ss,11ss,12ss held on 12/20/2004 − Attorney Alfred Willett for Defendant and Defendant pled not guilty (Court Reporter: Digital) (kfs, ) (Entered: 12/20/2004) |
| 12/21/2004 | 250 | | Minute Entry for proceedings held before Judge Mark W Bennett :Motion Hearing as to Defendant Angela Jane Johnson held on 12/20/2004 re 226 MOTION Rule 104(c) Motion for Admission of a Replica Firearm filed by United States of America − Ruling reserved with order to follow. 211 Amended MOTION to Suppress *on Fifth Amendment Grounds* filed by Angela Jane Johnson − Ruling reserved with order to follow. Initial Motion: 42 Motion for Miscellaneous Relief filed by United States of America and 203 Renewed MOTION To Introduce Evidence of Defendant's Attempted Suicide − Ruling reserved with order to follow. 204 MOTION to Change Venue filed by Angela Jane Johnson − Ruling reserved with order to follow. 207 MOTION for Hearing/Oral Argument *and Pretrial Ruling Regarding Admissibility of out of Court Statements made by Decedents Gregory Nicholson and Terry DeGeus* filed by United States of America − Ruling reserved with order to follow. 216 MOTION FOR TRANSCRIPT *Application of Preparation of Trial Transcript in U.S. v. Honken* before Judge Bennett filed by Angela Jane Johnson − Motion will be granted − order to follow. 197 Renewed MOTION Anonymous Jury and Request for Court Order re 188 MOTION for Anonymous Jury filed by United States of America − Government withdraws motion, Ruling is denied as moot − order to follow. 208 MOTION Factual Findings RE: Instructions to Elicit filed by Angela Jane Johnson − Ruling reserved − order to follow. 224 MOTION in Limine *to Bar Discussion or Evidence of Certain Aspects of the Death Penalty* filed by United States of America − Ruling reserved with order to follow. 187 MOTION in Limine *Regarding Alibi Defense* filed by United States of America Ruling reserved with order to follow. 209 *ORAL ARGUMENT REQUESTED − MOTION in Limine *RE: Evidence Suppressed as to the First Indictment* filed by Angela Jane Johnson − Ruling reserved with order to follow. 225 MOTION in Limine *Regarding Timothy Cutkomp's Instances of Public Exposure* filed by United States of America − Ruling reserved with order to follow. 188 MOTION for Anonymous Jury filed by United States of America − renewed motion filed at 197 denied as moot with order to follow. Attachments to #210 admitted by stipulation as exhibits in this case. (Court Reporter Shelly Semmler) (src) (Entered: 12/21/2004) |
| 12/22/2004 | 251 | | ORDER as to Defendant Angela Jane Johnson. Hardin County Jail is hereby authorized and directed to provide Dr. William Logan with access to defendant Angela Johnson for the purpose of a contact visit. Such access shall not be permitted after 1/06/05 without further order of the court . Signed by Judge Mark W Bennett on 12/22/04. (Certified copy to USM) (des, ). (Entered: 12/22/2004) |
| 12/23/2004 | 252 | | MOTION To Order Government to Elect Between Counts 11 and 12 by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Motion to Require Government to Elect Between Counts 11 and |

April 2 2013 p 32

Appellate Case: 13-1739    Page: 32    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | 12)(Stowers, Dean) (Entered: 12/23/2004) |
| 12/23/2004 | 253 | | MOTION for Bill of Particulars *On Counts 1–12* by Defendant Angela Jane Johnson. (Attachments: #1 Brief In Support of Motion for Bill of Particulars on Counts 1–12)(Stowers, Dean) (Entered: 12/23/2004) |
| 12/23/2004 | 254 | | MOTION to Strike *Allegations Contained in Counts 6–10 of the Second Superseding Indictment* by Defendant Angela Jane Johnson. (Attachments: #1 Brief In Support of Motion to Strike Allegations Contained in Counts 6–10)(Stowers, Dean) (Entered: 12/23/2004) |
| 12/23/2004 | 255 | | MOTION to Dismiss *Counts 11 &12 of Second Superseding Indictment Due to Statute of Limitations* by Defendant Angela Jane Johnson. (Attachments: #1 Brief In Support of Motion to Dismiss Counts 11 of Second Superseding Indictment)(Stowers, Dean) (Entered: 12/23/2004) |
| 12/27/2004 | 256 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 230 MOTION to Strike *Death Penalty* (Williams, Charles) (Entered: 12/27/2004) |
| 12/27/2004 | 257 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 234 MOTION in Limine *RE: Prior Determinations of Guilt and Punishment RE: Dustin Honken* (Williams, Charles) (Entered: 12/27/2004) |
| 12/29/2004 | 258 | | MOTION To Permit Victim Witnesses to Observe the Guilt Phase of Trial by United States of America as to DefendantAngela Jane Johnson. (Attachments: #1 Brief In Support of Government's Motion to Permit Victim Witnesses to Observe the Guilt Phase of Trial)(Williams, Charles) (Entered: 12/29/2004) |
| 12/29/2004 | 259 | | MOTION for use of Witness Photographs During Arguments by United States of America as to DefendantAngela Jane Johnson. (Attachments: #1 Brief In Support of Government's Request for use of Witness Photographs During Arguments)(Williams, Charles) (Entered: 12/29/2004) |
| 12/29/2004 | 260 | | MOTION For Pretrial Ruling Regarding Admissibility of Audio Recordings by United States of America as to DefendantAngela Jane Johnson. (Attachments: #1 Brief In Support of Government's Request for Pretrial Ruling Regarding Admissibility of Audio Recordings)(Williams, Charles) (Entered: 12/29/2004) |
| 12/30/2004 | 261 | | MOTION For Equal Number of Peremptory Challenges and Request for Pretrial Ruling by United States of America as to DefendantAngela Jane Johnson. (Attachments: #1 Brief In Support of Government's Motion for Equal Number of Peremptory Challenges and Request for Pretrial Ruling)(Williams, Charles) (Entered: 12/30/2004) |
| 12/30/2004 | 262 | | RESPONSE to Motion by United States of America as to Defendant Angela Jane Johnson re 254 MOTION to Strike *Allegations Contained in Counts 6–10 of the Second Superseding Indictment* (Williams, Charles) (Entered: 12/30/2004) |
| 01/03/2005 | 263 | | NOTICE *Government's Designation of Expert Testimony* by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) (Entered: 01/03/2005) |

Appellate Case: 13-1739    Page: 33    Date Filed: 04/03/2013 Entry ID: 4021355

| 01/03/2005 | 264 | | MEMORANDUM OPINION AND ORDER as to Defendant Angela Jane Johnson(1): granted (to extent listed in order) 187 Motion in Limine; has been withdrawn and is denied as moot 188 Motion for Anonymous Jury; has been withdrawn and is denied as moot 197 Renewed Motion for Anonymous Jury; granted (to extent listed in order) 203 Renewed Motion to Introduce Evidence of Defendant's Attempted Suicide; denied in party but ruling reserved in part 204 Motion for Change of Venue; granted (to extent listed in order) 207 Motion for Hearing; denied as moot in its entirety 208 Motion for Factual Findings; denied as moot in its entirety 209 Motion in Limine; denied as moot in its entirety 210 Motion to Suppress; denied as moot in its entirety 211 Amended Motion to Suppress; granted 216 Motion for Transcript– Defense counsel shall submit CJA voucher for payment for the transcript; granted in part, reserved in part, and denied in part 224 Motion in Limine; granted (to extent listed in order) 225 Motion in Limine; reserved for trial 226 Motion For Admission Of A Replica Firearm. Signed by Judge Mark W Bennett on 1/03/05. (des, ) (Entered: 01/03/2005) |
| 01/04/2005 | 267 | | ORDER as to Defendant Angela Jane Johnson. Hardin County Jail is hereby authorized and directed to provide Dr. William Logan with access to defendant Angela Johnson for the purpose of a contact visit. Such access shall not be permitted after 1/29/05 without further order of the court . Signed by Judge Mark W Bennett on 1/04/05. (Certified copies to USM) (des, ) (Entered: 01/04/2005) |
| 01/04/2005 | 268 | | Minute Entry for proceedings held before Chief Judge Mark W Bennett – Status Hearing as to Defendant Angela Jane Johnson held on 01/04/2005 – No order to follow (Court Reporter: N/A) (kfs, ) (Entered: 01/04/2005) |
| 01/05/2005 | 269 | | MOTION To Sever Counts 11 and 12 by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Motion to Sever Counts 11 and 12)(Stowers, Dean) (Entered: 01/05/2005) |
| 01/06/2005 | 270 | | MOTION For a Court Ordered Mental Examination of Defendant, and Related Matters by United States of America as to DefendantAngela Jane Johnson. (Attachments: # 1 Brief In Support of Government's Motion for a Court Ordered Mental Examination of Defendant, and Related Matters# 2 Exhibit 1)(Williams, Charles) (Entered: 01/06/2005) |
| 01/07/2005 | 271 | | RESISTANCE by Defendant Angela Jane Johnson re 260 MOTION For Pretrial Ruling Regarding Admissibility of Audio Recordings (Stowers, Dean) (Entered: 01/07/2005) |
| 01/07/2005 | 272 | | RESISTANCE by Defendant Angela Jane Johnson re 259 MOTION for use of Witness Photographs During Arguments (Stowers, Dean) (Entered: 01/07/2005) |
| 01/07/2005 | 273 | | RESISTANCE by Defendant Angela Jane Johnson re 258 MOTION To Permit Victim Witnesses to Observe the Guilt Phase of Trial (Stowers, Dean) (Entered: 01/07/2005) |
| 01/07/2005 | 274 | | MOTION *to Trifurcate Proceedings* by Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Motion to Trifurcate Proceedings)(Stowers, Dean) (Entered: 01/07/2005) |
| 01/07/2005 | 275 | | |

April 2 2013 p 34

Appellate Case: 13-1739    Page: 34    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 254 MOTION to Strike *Allegations Contained in Counts 6–10 of the Second Superseding Indictment* (Stowers, Dean) (Entered: 01/07/2005) |
| 01/07/2005 | 276 | | RESPONSE to Motion by Defendant Angela Jane Johnson re 261 MOTION For Equal Number of Peremptory Challenges and Request for Pretrial Ruling (Attachments: # 1 Brief in Support of Reply to Government's Motion for Equal Number of Peremptory Challenges and Request for Pretrial Ruling)(Stowers, Dean) (Entered: 01/07/2005) |
| 01/10/2005 | 277 | | Minute Entry for proceedings held before Judge Mark W Bennett. Status Conference as to Defendant Angela Jane Johnson held on 1/07/2005. No order to follow. (Court Reporter – Shelly Semmler) (src) (Entered: 01/10/2005) |
| 01/11/2005 | 278 | | ORDER Setting Hearing on Motion as to Defendant Angela Jane Johnson 230 MOTION to Strike *Death Penalty*, 258 MOTION To Permit Victim Witnesses to Observe the Guilt Phase of Trial, 259 MOTION for use of Witness Photographs During Arguments, 269 MOTION To Sever Counts 11 and 12, 260 MOTION For Pretrial Ruling Regarding Admissibility of Audio Recordings, 261 MOTION For Equal Number of Peremptory Challenges and Request for Pretrial Ruling, 270 MOTION For a Court Ordered Mental Examination of Defendant, and Related Matters, 252 MOTION To Order Government to Elect Between Counts 11 and 12, 234 MOTION in Limine *RE: Prior Determinations of Guilt and Punishment RE: Dustin Honken*, 253 MOTION for Bill of Particulars *On Counts 1–12*, 254 MOTION to Strike *Allegations Contained in Counts 6–10 of the Second Superseding Indictment*, 274 MOTION *to Trifurcate Proceedings*, 255 MOTION to Dismiss *Counts 11 &12 of Second Superseding Indictment Due to Statute of Limitations*: Motion Hearing set for 1/27/2005 at 01:00 PM SC 3rd Fl Ct for 230 and for 258 and for 259 and for 269 and for 260 and for 261 and for 270 and for 252 and for 234 and for 253 and for 254 and for 274 and for 255 . Any responses to the motions identified above that have not already been filed shall be filed by 1/18/05. Any replies in further support of the motions identified above that have not already been filed shall be filed by 1/24/05. Signed by Judge Mark W Bennett on 1/11/05. (certified copy to USM) (des, ) (Entered: 01/11/2005) |
| 01/11/2005 | 279 | | CJA 30 (Interim #47): Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 4629052016. Signed by Clerk on 1/11/05. (de) (Entered: 01/11/2005) |
| 01/11/2005 | 280 | | MOTION to Dismiss *Counts 11 and 12 of the Second Superseding Indictment* by United States of America as to DefendantAngela Jane Johnson. (Williams, Charles) (Entered: 01/11/2005) |
| 01/11/2005 | 281 | | RESPONSE to Motion by United States of America as to Defendant Angela Jane Johnson re 252 MOTION To Order Government to Elect Between Counts 11 and 12 (Williams, Charles) (Entered: 01/11/2005) |
| 01/11/2005 | 282 | | RESPONSE to Motion by United States of America as to Defendant Angela Jane Johnson re 255 MOTION to Dismiss *Counts 11 &12 of Second Superseding Indictment Due to Statute of Limitations* (Williams, Charles) |

Appellate Case: 13-1739    Page: 35    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | (Entered: 01/11/2005) |
| 01/11/2005 | 283 | | RESPONSE to Motion by United States of America as to Defendant Angela Jane Johnson re 253 MOTION for Bill of Particulars *On Counts 1–12* (Williams, Charles) (Entered: 01/11/2005) |
| 01/12/2005 | 284 | | RESPONSE to Motion by Defendant Angela Jane Johnson re 280 MOTION to Dismiss *Counts 11 and 12 of the Second Superseding Indictment* (Stowers, Dean) (Entered: 01/12/2005) |
| 01/16/2005 | 285 | | SUPPLEMENT/ADDENDUM 258 MOTION To Permit Victim Witnesses to Observe the Guilt Phase of Trial filed by United States of America, by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) (Entered: 01/16/2005) |
| 01/17/2005 | 286 | | *SEALED* SEALED MOTION by Defendant Angela Jane Johnson. (Attachments: # 1 Exhibit A– (Stowers, Dean) Modified on 1/18/2005 to seal entry per #289 order of 1/18/05 (jkh). (Entered: 01/17/2005) |
| 01/18/2005 | 287 | | ORDER granting 280 Motion to Dismiss Counts 11 and 12; denying as moot 252 Motion to Order Government To Elect Between Counts 11 and 12, denying in part and reserving in part 253 Motion for Bill of Particulars, 255 Motion to Dismiss Counts 11 &12 Of Second Superseding Indictment, and denying as moot 269 Motion to Sever Counts 11 and 12 as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 1/15/05. (des, ). (Entered: 01/18/2005) |
| 01/18/2005 | 288 | | ORDER FOR BRIEFING ON "RESIDUAL DOUBT" INSTRUCTIONS as to Defendant Angela Jane Johnson . Government file brief by 2/19/05, Defendant file her response no less than 10 days after filing of the government's brief. Signed by Judge Mark W Bennett on 1/15/05. (des, ) (Entered: 01/18/2005) |
| 01/18/2005 | 289 | | Order to Seal #286 Motion as to Defendant Angela Jane Johnson. Signed by Judge Mark W Bennett on 1/18/05. (des, ) (Entered: 01/18/2005) |
| 01/18/2005 | 290 | | *SEALED* Sealed Order . Signed by Judge Mark W Bennett on 1/18/05. (copies faxed to attys) (des, ) Modified on 1/18/2005 to seal entry (des, ). Additional attachment(s) added on 1/18/2005 (des, ). (Entered: 01/18/2005) |
| 01/18/2005 | 291 | | SUPPLEMENT/ADDENDUM 283 Response to Motion filed by United States of America, by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) Modified on 1/19/2005 to add link to #253 Motion (des, ). (Entered: 01/18/2005) |
| 01/18/2005 | 292 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 274 MOTION *to Trifurcate Proceedings* (Williams, Charles) (Entered: 01/18/2005) |
| 01/18/2005 | 293 | | *SEALED* SEALED DOCUMENT as to Angela Jane Johnson. (copies faxed to attys) (des, ) Modified on 1/18/2005 to seal entry (des, ). Additional attachment(s) added on 1/18/2005 (des, ). (Entered: 01/18/2005) |
| 01/18/2005 | 294 | | RESISTANCE by Defendant Angela Jane Johnson re 270 MOTION For a Court Ordered Mental Examination of Defendant, and Related Matters (Berrigan, Patrick) Additional attachment(s) added on 1/19/2005 (des, ). |

Appellate Case: 13-1739    Page: 36    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Modified on 1/19/2005 to attach Memorandum in Support atty filed separately in error (des, ). (Entered: 01/18/2005) |
| 01/18/2005 | 295 | | FILED IN ERROR‒‒PRETRIAL MEMORANDUM *IN SUPPORT OF DEFENDANT'S POSITION REGARDING RULE 12.2(c)(1)(B) MENTAL EXAMINATION OF ANGELA JOHNSON* by Defendant Angela Jane Johnson (Berrigan, Patrick) Modified on 1/19/2005 to note atty filed separately in error – QC clerk has properly attached this document to #294 Resistance (des, ). (Entered: 01/18/2005) |
| 01/19/2005 | | | Docket Annotation as to Defendant Angela Jane Johnson: Atty filed #295 Memorandum in Support separately in error – QC clerk has properly attached #295 Memorandum in Support to #294 Resistance (des, ) (Entered: 01/19/2005) |
| 01/19/2005 | 296 | | CJA 30 (interim #44): Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 4629052042. Signed by Clerk on 1/19/05. (de) (Entered: 01/19/2005) |
| 01/20/2005 | 297 | | ORDER as to Defendant Angela Jane Johnson . Hardin County Jail is hereby authorized and directed to provide Dr. Michael Gelbort with access to defendant Angela Johnson for the purpose of a contact visit. Such access shall not be permitted after 1/29/05. Signed by Judge Mark W Bennett on 1/20/05. (Certified copies to USM) (des, ) Modified on 1/20/2005 to correct text as to name of doctor (des, ). (Entered: 01/20/2005) |
| 01/24/2005 | 298 | | NOTICE *Government's Amended Designation of Expert Testimony* by United States of America as to Defendant Angela Jane Johnson re 263 Notice (Other) (Williams, Charles) (Entered: 01/24/2005) |
| 01/25/2005 | 299 | | *SEALED* RESPONSE by United States of America as to Defendant Angela Jane Johnson to MOTION 286 Sealed Motion. (Additional sealed document delivered directly to JAJ's chambers without scanning.) (mem) Additional attachment(s) added on 1/25/2005 (mem, ). (Entered: 01/25/2005) |
| 01/26/2005 | 300 | | RESPONSE by United States of America as to Defendant Angela Jane Johnson re 288 Order, *For Briefing on Residual Doubt Instructions* (Williams, Charles) (Entered: 01/26/2005) |
| 01/27/2005 | 301 | | *SEALED* Sealed Document by Dustin Lee Honken re 286 Sealed Motion as to Defendant Angela Jane Johnson (des, ) Modified on 1/27/2005 to seal entry (des, ). Additional attachment(s) added on 1/27/2005 (des, ). (Entered: 01/27/2005) |
| 01/27/2005 | 302 | | CJA 31: Authorization to Pay Mary C. Goody in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 5424.20 for Mitigation Specialist Services, Voucher Number: 4629053151 . Signed by Judge Mark W Bennett on 1/27/05. (copy to payee) (des, ). (Entered: 01/27/2005) |
| 01/27/2005 | 303 | | CJA 30 INTERIM #43: Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 11,973.33, Voucher # 46290430984. Signed by Judge Mark W Bennett on 1/27/05. (des, ) (Entered: 01/27/2005) |

| 01/27/2005 | 304 | | CJA 30 INTERIM #46: Authorization to Pay Alfred Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 4345.83, Voucher # 46290430985 . Signed by Judge Mark W Bennett on 1/27/05. (des, ) (Entered: 01/27/2005) |
| --- | --- | --- | --- |
| 01/27/2005 | 305 | | CJA 30 INTERIM #7: Authorization to Pay Patrick Berrigan in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 38,683.45, Voucher # 46290430926 . Signed by Judge Mark W Bennett on 1/27/05. (des, ) (Entered: 01/27/2005) |
| 01/27/2005 | 306 | | Minute Entry for proceedings held before Judge Mark W Bennett :Motion Hearing as to Defendant Angela Jane Johnson held on 1/27/2005 re 258 MOTION To Permit Victim Witnesses to Observe the Guilt Phase of Trial filed by United States of America, 259 MOTION for use of Witness Photographs During Arguments filed by United States of America, 254 MOTION to Strike *Allegations Contained in Counts 6–10 of the Second Superseding Indictment* filed by Angela Jane Johnson, 274 MOTION *to Trifurcate Proceedings* filed by Angela Jane Johnson, 260 MOTION For Pretrial Ruling Regarding Admissibility of Audio Recordings filed by United States of America, 261 MOTION For Equal Number of Peremptory Challenges and Request for Pretrial Ruling filed by United States of America, 270 MOTION For a Court Ordered Mental Examination of Defendant, and Related Matters filed by United States of America, 230 MOTION to Strike *Death Penalty* filed by Angela Jane Johnson, 234 MOTION in Limine *RE: Prior Determinations of Guilt and Punishment RE: Dustin Honken* filed by Angela Jane Johnson, 253 MOTION for Bill of Particulars *On Counts 1–12* filed by Angela Jane Johnson – Ruling Reserved, Order to follow. (Court Reporter–Shelly Semmler.) (des, ) (Entered: 01/28/2005) |
| 01/27/2005 | 307 | | ORDER Setting Hearing on Motion as to Defendant Angela Jane Johnson 204 MOTION to Change Venue: Supplemental Motion Hearing set for 2/11/2005 at 07:00 AM SC 3rd Fl Ct for 204 . USM directed to make arrangements for defendant's personal presence. Signed by Judge Mark W Bennett on 1/27/05. (certified copies to USM) (des, ) (Entered: 01/28/2005) |
| 01/28/2005 | 308 | | SUPPLEMENT/ADDENDUM 259 MOTION for use of Witness Photographs During Arguments filed by United States of America, by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) (Entered: 01/28/2005) |
| 01/28/2005 | 309 | | ORDER TO CONTINUE – Ends of Justice as to Defendant Angela Jane Johnson. Upon defendant's oral request, trial in this matter is continued. Time excluded from 1/28/05 until 4/11/05. Jury Selection reset for 4/11/2005 09:00 AM before Chief Judge Mark W Bennett. The place of trial will be determined after the supplemental hearing on 2/11/05 on the defendant's motion for change of venue. Pretrial Conference reset for 4/8/2005 08:00 AM in SC 3rd Fl Ct before Chief Judge Mark W Bennett. Defense witness and exhibit list due by 3/07/05. Parties to exchange witness lists for the penalty phase of trial, if any, by 4/04/05 . Signed by Judge Mark W Bennett on 1/28/05. (des, ) (Entered: 01/28/2005) |
| 01/31/2005 | 310 | | MOTION *for Return of Privileged Materials* ORAL ARGUMENT REQUESTED by Defendant Angela Jane Johnson. (Stowers, Dean) |

April 2 2013 p 38
Appellate Case: 13-1739    Page: 38    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Modified on 2/1/2005 to add text regarding oral argument requested (des, ). Additional attachment(s) added on 2/3/2005 (des, ). (Entered: 01/31/2005) |
| 02/02/2005 | 311 | | *SEALED* SEALED DOCUMENT by Defendant Angela Jane Johnson re 286 SEALED MOTION (des, ) Modified on 2/2/2005 to seal entry and to note copies faxed to all attys for USA, Johnson, and Honken (des, ). Additional attachment(s) added on 2/2/2005 (des, ). (Entered: 02/02/2005) |
| 02/02/2005 | 312 | | BRIEF in Support by Defendant Angela Jane Johnson re 310 MOTION *for Return of Privileged Materials* (Stowers, Dean) Modified on 2/3/2005 to note this document has been properly attached to #310 Motion (des, ). (Entered: 02/02/2005) |
| 02/04/2005 | 313 | | *SEALED* Ex Parte and Sealed Order as to defendant Angela Johnson . Signed by Judge Mark W Bennett on 2/04/05. (copies faxed to Defendant's attys only) (des, ) Modified on 2/4/2005 to seal entry (des, ). Additional attachment(s) added on 2/4/2005 (des, ). (Entered: 02/04/2005) |
| 02/04/2005 | 314 | | *SEALED* SEALED EXPARTE ORDER. Signed by Judge James B. Loken on 1/31/05. (Copy to defendant attorneys) (mj) Modified on 2/4/2005 sealing entry (mj). Additional attachment(s) added on 2/4/2005 (mj). (Entered: 02/04/2005) |
| 02/04/2005 | 315 | | *SEALED* Ex Parte and Sealed Order as to Angela Johnson . Signed by Judge Mark W Bennett on 2/04/05. (copies faxed to defendant's attys only) (des, ) Modified on 2/4/2005 to seal entry (des, ). Additional attachment(s) added on 2/4/2005 (des, ). (Entered: 02/04/2005) |
| 02/08/2005 | 316 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 310 MOTION *for Return of Privileged Materials* (Williams, Charles) (Entered: 02/08/2005) |
| 02/10/2005 | 317 | | SUPPLEMENT/ADDENDUM 205 Resistance to Motion filed by United States of America, by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) Modified on 2/10/2005 to add link to #204 Motion (des, ). (Entered: 02/10/2005) |
| 02/10/2005 | 318 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 310 MOTION *for Return of Privileged Materials* (Stowers, Dean) (Entered: 02/10/2005) |
| 02/11/2005 | 319 | | MINUTE ENTRY motion hearing re 204 Motion as to Defendant Angela Jane Johnson held 2/11/05 (copies faxed to attys, USM, USP) (des, ) Modified on 2/11/2005 to seal entry (des, ). Additional attachment(s) added on 2/11/2005 (des, ). Modified on 2/11/2005 to unseal document per #321 Order (des, ). (Entered: 02/11/2005) |
| 02/11/2005 | 320 | | ORDER Setting Hearing on Motion as to Defendant Angela Jane Johnson 310 MOTION *for Return of Privileged Materials*: Motion Hearing set for 2/25/2005 at 08:00 AM SC 3rd Fl Ct for 310 . The parties shall notify court by 2/18/05 if they have stipulated to a record for purposes of this hearing and shall file such stipulated record, if any. If there is no such stipulation, the hearing will be in person where the USM Service is directed to make arrangements for defendant's personal presence. If there is such a stipulation, the hearing will be by telephone and no arrangements will be |

April 2 2013 p 39

Appellate Case: 13-1739    Page: 39    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | made for the defendant to participate. Signed by Judge Mark W Bennett on 2/11/05. (certified copies to USM) (des, ) (Entered: 02/11/2005) |
| 02/11/2005 | 321 | | Order to Unseal Document 319 Minute Entry Motion Hearing re 204 Motion . Signed by Judge Mark W Bennett on 2/11/05. (des, ). (Entered: 02/11/2005) |
| 02/14/2005 | 322 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Shelly Semmler $ 9,510.60 for Transcript, Voucher # 46290524117 . Signed by Judge Mark W Bennett on 2/07/05. (copy to payee) (des, ) (Entered: 02/14/2005) |
| 02/14/2005 | 323 | | ORDER denying without prejudice 204 Motion for Change of Venue as to Angela Jane Johnson (1). This matter will proceed to trial in Sioux City, Iowa, with jury selection beginning on 4/11/05. Signed by Judge Mark W Bennett on 2/14/05. (des, ) (Entered: 02/14/2005) |
| 02/14/2005 | 324 | | CJA 30 (Interim #48): Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530126. Signed by Clerk on 2/14/05. (de) (Entered: 02/15/2005) |
| 02/18/2005 | 325 | | MEMORANDUM OPINION AND ORDER denying 230 Motion to Strike death penalty as to Angela Jane Johnson (1); granting in part and denying in part 234 Motion in Limine as to Angela Jane Johnson (1); denying as moot 253 Motion for Bill of Particulars as to Angela Jane Johnson (1); denying 254 Motion to Strike allegations contained in counts 6–10 as to Angela Jane Johnson (1); granting 258 Motion to permit victim witnesses to observe the guilt phase of trial as to Angela Jane Johnson (1); granting 259 Motion for use of witness photographs during agruments (see text) as to Angela Jane Johnson (1); ruling is reserved 260 Motion for pretrial ruling regarding admissibility of audio recordings as to Angela Jane Johnson (1); granting 261 Motion for equal number of peremptory challenges and request for pretrial ruling as to Angela Jane Johnson (1); granting 270 Motion for a court ordered mental examination as to Angela Jane Johnson (1); defendants supplement 02/25/05; governments response 3/11/05 (see text); granting 274 Motion as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 2/18/05. (jkh) Additional attachment(s) added on 3/10/2005 (des, ). Modified on 3/10/2005 to note pursuant to #357 Order Nunc Pro Tunc, the 2/18/05 version of this document has been removed and replaced with the current version. (des, ). (Entered: 02/18/2005) |
| 02/18/2005 | 326 | | ORDER Setting Telephonic Hearing on Motion as to Defendant Angela Jane Johnson 310 MOTION *for Return of Privileged Materials*. Telephonic Motion Hearing set for 2/25/2005 at 8:00 AM for 310 . The court will initiate the conference call. Signed by Judge Mark W Bennett on 2/18/05. (src) (Entered: 02/18/2005) |
| 02/18/2005 | 327 | | *SEALED* SEALED/EX–PARTE MOTION by Defendant Angela Jane Johnson. (copy handed to Al Willett at counter) (de) Modified on 2/22/2005 to seal docket entry (de). Additional attachment(s) added on 2/22/2005 (de, ). (Entered: 02/22/2005) |
| 02/22/2005 | 328 | | ORDER APPOINTING "TAINT ATTORNEYS" FOR RULE 12.2 PROCEDURES re 270 MOTION For a Court Ordered Mental Examination |

April 2 2013 p 40

Appellate Case: 13-1739    Page: 40    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | of Defendant, and Related Matters filed by United States of America, as to Defendant Angela Jane Johnson . The court hereby appoints Matt Whitworth and Roseann Ketchmark, both Assistant U.S. Attorneys for the Western District of Missouri, as the "outside taint attorneys" for this case (See order text as to conditions). Clerk shall provide copies of indictments, court's 2/18/05 ruling, and the designations of mental health experts provided to the prosecution by the defendant. Should the "outside taint attorneys" require additional information from the record of this case, they may request from the clerk access to the docket and filings in this case through CM/ECF electronic filing and docketing system to the same extent such access is provided to the prosecutors in this case. Signed by Judge Mark W Bennett on 2/18/05. (copies of order and documents specified in order faxed to "outside taint attorneys) (des, ) (Entered: 02/22/2005) |
| 02/22/2005 | 329 | | ORDER as to Defendant Angela Jane Johnson. Hardin County Jail is hereby authorized and directed to provide Dr. Marilyn Hutchinson with access to defendant Angela Johnson for the purpose of a contact visit. Such access shall not be permitted after 2/25/05. Signed by Judge Mark W Bennett on 2/22/05. (Certified copies to USM) (des, ) (Entered: 02/22/2005) |
| 02/22/2005 | 330 | | *SEALED* SEALED ORDER as to Defendant Angela Jane Johnson. Signed by Judge Mark W Bennett on 2/22/05. (des, ) Modified on 2/22/2005 to seal entry (des, ). Additional attachment(s) added on 2/22/2005 (des, ). (Entered: 02/22/2005) |
| 02/22/2005 | 331 | | SEALED AND EX PARTE ORDER denying without prejudice 327 Sealed and Ex Parte Motion as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 2/22/05. (copies faxed to defense attys only) (des, ) Additional attachment(s) added on 2/22/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 02/22/2005) |
| 02/23/2005 | 332 | | CJA 30 (Interim #45): Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530149 . Signed by Clerk on 2/23/05. (de) (Entered: 02/23/2005) |
| 02/23/2005 | 333 | | CJA 30 INTERIM #47: Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 10,348.72, Voucher # 4629052016 . Signed by Judge Mark W Bennett on 2/21/05. (des, ) (Entered: 02/23/2005) |
| 02/23/2005 | 334 | | CJA 31: Authorization to Pay William S. Logan, MD in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 2,847.55 for Psychiatrist Services, Voucher Number: 46290531105 . Signed by Judge Mark W Bennett on 2/21/05. (copy mailed to payee) (des, ) (Entered: 02/23/2005) |
| 02/23/2005 | 335 | | CJA 31: Authorization to Pay Gordon W. Gratias in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 5,918.87 for Investigator Services, Voucher Number: 46290531106 . Signed by Judge Mark W Bennett on 2/21/05. (copy mailed to payee) (des, ) (Entered: 02/23/2005) |
| 02/24/2005 | 336 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Shelly Lynn Semmler, $ 4,243.80 for Transcript, Voucher # 46290524147. Signed |

April 2 2013 p 41

Appellate Case: 13-1739    Page: 41    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | by Judge Mark W Bennett on 2/21/05. (copy to payee) (des, ) (Entered: 02/24/2005) |
| 02/24/2005 | 337 | | STIPULATION by Defendant Angela Jane Johnson 310 MOTION *for Return of Privileged Materials* filed by Angela Jane Johnson, (Attachments: # 1 Exhibit A– Hardin County Jail Policy)(Stowers, Dean) (Entered: 02/24/2005) |
| 02/25/2005 | 338 | | SEALED DOCUMENT as to Defendant Angela Jane Johnson re 310 MOTION *for Return of Privileged Materials* filed by Angela Jane Johnson. (des, ) Modified on 2/25/2005 to seal entry (des, ). Additional attachment(s) added on 2/25/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 02/25/2005) |
| 02/25/2005 | 339 | | *SEALED* SEALED DOCUMENT as to Defendant Angela Jane Johnson re 286 SEALED MOTION filed by Angela Jane Johnson. (des, ) Modified on 2/25/2005 to seal entry (des, ). Additional attachment(s) added on 2/25/2005 (des, ). (Entered: 02/25/2005) |
| 02/28/2005 | 340 | | ORDER as to Defendant Angela Jane Johnson. Defense counsel's oral request to the Clerk of Court for a complete list of the names of potential jurors along with their juror numbers is granted. The Clerk of Court shall provide both defense counsel and the prosecutors in this case with a complete list of the potential jurors' names, places of abode, and juror numbers. The parties and all court and Clerk's Office staff must maintain the lists of potential jurors in the strictest confidence . Signed by Judge Mark W Bennett on 2/28/05. (des, ) (Entered: 02/28/2005) |
| 02/28/2005 | 341 | | SEALED ORDER granting 286 Sealed Motion as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 2/28/05. (des, ) Additional attachment(s) added on 2/28/2005 (des, ). (Entered: 02/28/2005) |
| 03/01/2005 | 342 | | CJA 30 INTERIM #44: Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 17,141.13, Voucher # 4629053042 . Signed by Judge Mark W Bennett on 2/25/05. (des, ) (Entered: 03/01/2005) |
| 03/02/2005 | 343 | | SEALED ORDER as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 3/02/05. (copies faxed to Johnson attys, USA, USM, USP) (des, ) Modified on 3/2/2005 to seal entry (des, ). Additional attachment(s) added on 3/2/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 03/02/2005) |
| 03/04/2005 | 344 | | SEALED AND EX PARTE ORDER . Signed by Judge Mark W Bennett on 3/04/05. (des, ) Modified on 3/4/2005 to seal entry and to note copies faxed to attys Whitworth, Ketchmark, and Williams (des, ). Additional attachment(s) added on 3/4/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 03/04/2005) |
| 03/07/2005 | 346 | | CJA 30 (Interim #49): Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530178. Signed by Clerk on 3/7/05. (de) (Entered: 03/07/2005) |
| 03/07/2005 | 347 | | SEALED AND EX PARTE DOCUMENT as to Defendant Angela Jane |

Appellate Case: 13-1739    Page: 42    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Johnson. (des, ) Modified on 3/7/2005 to seal entry and to note copies faxed to attys Williams, Whitworth, and Ketchmark (des, ). Additional attachment(s) added on 3/7/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 03/07/2005) |
| 03/07/2005 | 348 | | MOTION in Limine *Re: Evidence of Identification of Remains* by Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Motion in Limine Re: Evidence of Remains)(Stowers, Dean) (Entered: 03/07/2005) |
| 03/07/2005 | 349 | | EXHIBIT LIST by Defendant Angela Jane Johnson (Willett, Alfred) (Entered: 03/07/2005) |
| 03/07/2005 | 350 | | SEALED AND EX PARTE DOCUMENT as to Defendant Angela Jane Johnson. (des, ) Modified on 3/7/2005 to seal entry and to note copies faxed to attys Whitworth, Kethmark, Berrigan (des, ). Additional attachment(s) added on 3/7/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 03/07/2005) |
| 03/08/2005 | 351 | | MOTION for Extension of Time to File Motion to Compel Disclosure of Psychotherapist Privilege Documents by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) (Entered: 03/08/2005) |
| 03/08/2005 | 352 | | MOTION to Compel *Disclosure of Psychotherapist Privilege Documents* by United States of America as to Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Government's Motion to Compel Disclosure of Psychotherapist Privilege Documents)(Williams, Charles) (Entered: 03/08/2005) |
| 03/08/2005 | 353 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 348 MOTION in Limine *Re: Evidence of Identification of Remains* (Williams, Charles) (Entered: 03/08/2005) |
| 03/09/2005 | 354 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 348 MOTION in Limine *Re: Evidence of Identification of Remains* (Attachments: # 1 Government's January 21, 2005, letter# 2 Defense's January 28, 2005, letter)(Stowers, Dean) (Entered: 03/09/2005) |
| 03/10/2005 | 355 | | ORDER denying on the merits 348 Motion in Limine RE: Evidence of Identification of Remains as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 3/10/05. (des, ) (Entered: 03/10/2005) |
| 03/10/2005 | 356 | | Minute Entry for proceedings held before Judge Mark W Bennett :Status Conference as to Defendant Angela Jane Johnson held on 3/10/2005. No order to follow. (Court Reporter−N/A) (des, ) (Entered: 03/10/2005) |
| 03/10/2005 | 357 | | ORDER re 325 Memorandum Opinion and Order on Motions #230, #234, #253, #254, #258, #259, #260, #261, #270, #274. The attached version of the court's Memorandum Opinion and Order Regarding the Parties' Second Round of Pretrial Motions shall be substituted nunc pro tunc for the version filed on 2/18/05. The Clerk of Court is directed to remove the former version of the ruling and replace it with the attached version as Docket No. 325, with appropriate annotation of the docket entry to reflect the removal and substitution nunc pro tunc pursuant to this order . Signed by Judge Mark W Bennett on 3/10/05. (Attachments: # 1 Memorandum Opinion and |

April 2 2013 p 43

Appellate Case: 13-1739   Page: 43   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Order) (des, ). (Entered: 03/10/2005) |
| 03/11/2005 | 358 | | CJA 30: Interim #48 – Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 9,664.15, Voucher # 46290530126. Signed by Judge Mark W Bennett on 3/10/05. (src) (Entered: 03/11/2005) |
| 03/11/2005 | 359 | | CJA 31: Authorization to Pay Marilyn Hutchinson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 1,660.40 for Expert Services. Voucher Number: 46290531180. Copy mailed to payee. Signed by Judge Mark W Bennett on 3/10/05. (src) (Entered: 03/11/2005) |
| 03/16/2005 | 361 | | MOTION Subpoenas Directed to US Probation Office by Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Motion For Subpoenas)(Willett, Alfred) (Entered: 03/16/2005) |
| 03/16/2005 | 362 | | Minute Entry for proceedings held before Judge Mark W Bennett :Status Conference as to Defendant Angela Jane Johnson held on 3/16/2005; no order to folow. (Court Reporter–N/A) (des, ) (Entered: 03/16/2005) |
| 03/16/2005 | 363 | | ORDER CLARIFYING TRIAL SCHEDULE as to Defendant Angela Jane Johnson. Final Pretrial Conference reset for 4/11/2005 02:30 PM in SC 3rd Fl Ct before Chief Judge Mark W Bennett. Jury Selection reset for 4/12/2005 09:00 AM in SC 3rd Fl Ct before Chief Judge Mark W Bennett. Signed by Judge Mark W Bennett on 3/16/05. (des, ) (Entered: 03/16/2005) |
| 03/16/2005 | 364 | | NOTICE *Government's Second Amended Designation of Expert Testimony* by United States of America as to Defendant Angela Jane Johnson re 298 Notice (Other) (Williams, Charles) (Entered: 03/16/2005) |
| 03/16/2005 | 365 | | RESISTANCE by Defendant Angela Jane Johnson re 352 MOTION to Compel *Disclosure of Psychotherapist Privilege Documents* (Stowers, Dean) (Entered: 03/16/2005) |
| 03/17/2005 | 366 | | CJA 31: Authorization to Pay Mary C. Goody Mitigation Specialists in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 1121.36 for Mitigation Services, Voucher Number: 46290531202 . Signed by Judge Mark W Bennett on 3/17/05. (copy mailed to payee) (des, ). (Entered: 03/17/2005) |
| 03/17/2005 | 367 | | CJA 31: Authorization to Pay Mary C. Goody Mitigation Specialists in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 10,531.07 for Mitigation Services, Voucher Number: 46290531203 . Signed by Judge Mark W Bennett on 3/17/05. (copy mailed to payee) (des, ) (Entered: 03/17/2005) |
| 03/17/2005 | 368 | | Sealed and Ex Parte Order as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 3/17/05. (copies faxed to Defendant's attys, and government's outside taint attys only) (des, ) Modified on 3/17/2005 to seal entry (des, ). Additional attachment(s) added on 3/17/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 03/17/2005) |
| 03/18/2005 | 369 | | CJA 30 (INTERIM #46) as to Defendant Angela Jane Johnson: Appointment of Attorney Dean A Stowers for Angela Jane Johnson. Voucher Number: 46290530227 (Interim #46) . Signed by Clerk on |

April 2 2013 p 44

Appellate Case: 13-1739    Page: 44    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | 3/18/05. (mj) Modified on 3/21/2005 to correct name of document to CJA 30 (des, ). (Entered: 03/18/2005) |
| 03/18/2005 | 370 | | *SEALED* SEALED RESPONSE by United States of America as to Defendant Angela Jane Johnson. (Filed Copy to USA at counter) (mj) Modified on 3/18/2005 sealing entry (mj). Additional attachment(s) added on 3/18/2005 (mj, ). Modified on 3/21/2005 to add link to #375 Motion (des, ). (Entered: 03/18/2005) |
| 03/18/2005 | 371 | | *SEALED* Sealed Order as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 3/18/05. (des, ) Modified on 3/18/2005 to seal entry (des, ). Additional attachment(s) added on 3/18/2005 (des, ). Modified on 3/21/2005 to add link to #375 Motion (des, ). (Entered: 03/18/2005) |
| 03/21/2005 | 372 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 361 MOTION Subpoenas Directed to US Probation Office (Williams, Charles) (Entered: 03/21/2005) |
| 03/21/2005 | 373 | | MOTION for Writ of Habeas Corpus Ad Testificandum as to Holly Veronica Christensen by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) (Entered: 03/21/2005) |
| 03/21/2005 | 374 | | MOTION for Writ of Habeas Corpus Ad Testificandum as to Aaron Ryerson by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) (Entered: 03/21/2005) |
| 03/21/2005 | 375 | | *SEALED* SEALED MOTION by Defendant Angela Jane Johnson. (des, ) Modified on 3/21/2005 to seal entry and to add links to #370 Response and #371 Order (des, ). Additional attachment(s) added on 3/21/2005 (des, ). (Entered: 03/21/2005) |
| 03/21/2005 | 376 | | ORDER regarding jurors excused for cause from service in this case as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 3/21/05. (des, ) (Entered: 03/21/2005) |
| 03/21/2005 | 377 | | ORDER granting 373 Motion for Writ of Habeas Corpus Ad Testificandum to Holly Veronica Christensen as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 3/21/05. (Attachments: # 1 Writ Issued to USM) (des, ) (Entered: 03/21/2005) |
| 03/21/2005 | 378 | | ORDER granting 374 Motion for Writ of Habeas Corpus Ad Testificandum to Aaron Ryerson as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 3/21/05. (Attachments: # 1 Writ Issued to USM) (des, ) (Entered: 03/21/2005) |
| 03/23/2005 | 379 | | *SEALED* Sealed Document by Defendant Angela Jane Johnson. (src) Modified on 3/23/2005 to seal entry and add document (src). Additional attachment(s) added on 3/23/2005 (src, ). (Entered: 03/23/2005) |
| 03/28/2005 | 380 | | Subpoenas Issued to Hancock County Sheriff's Office, Mason City Police Dept., Cerro Gordo County Sheriff, Winnebago County Sheriff, Forest City Police Department, and Chanute, Kansas Police Dept., as to Defendant Angela Jane Johnson. (src) (Entered: 03/28/2005) |
| 03/29/2005 | 381 | | Subpoenas Issued to Hardin County Jail, Linn County Jail, Blackhawk County Jail, and Benton County Jail as to Defendant Angela Jane Johnson. |

April 2 2013 p 45

Appellate Case: 13-1739     Page: 45     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | (src) (Entered: 03/29/2005) |
| 03/30/2005 | 382 | | ORDER – regarding jurors excused from service in this case, or reassigned to another panel as to Defendant Angela Jane Johnson. Signed by Judge Mark W Bennett on 3/30/05. (src) (Entered: 03/30/2005) |
| 03/31/2005 | 383 | | MEMORANDUM OPINION AND ORDER REGARDING SCOPE OF LIFE– AND DEATH–QUALIFYING QUESTIONS IN JURY SELECTION as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 3/31/05. (des, ) (Entered: 03/31/2005) |
| 03/31/2005 | 384 | | Minute Entry for proceedings held before Judge Mark W Bennett :Motion Hearing as to Defendant Angela Jane Johnson held on 3/31/2005. Granted as Stated on the Record 361 MOTION Subpoenas Directed to US Probation Office filed by Angela Jane Johnson, 351 MOTION for Extension of Time to File Motion to Compel Disclosure of Psychotherapist Privilege Documents filed by United States of America, 352 MOTION to Compel *Disclosure of Psychotherapist Privilege Documents* filed by United States of America – No Order to follow. (Court Reporter–Shelly Semmler.) (des, ) (Entered: 03/31/2005) |
| 03/31/2005 | 385 | | *SEALED* SEALED DOCUMENT as to Defendant Angela Jane Johnson (des, ) Modified on 3/31/2005 to seal entry and to note copies faxed to Johnson attys and US Atty Whetstine only (des, ). Additional attachment(s) added on 3/31/2005 (des, ). (Entered: 03/31/2005) |
| 04/01/2005 | 386 | | ORDER regarding clerk maintaining copies of juror excuse requests as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 4/01/05. (des, ) (Entered: 04/01/2005) |
| 04/01/2005 | 387 | | ORDER regarding excused and deferred jurors as to Defendant Angela Jane Johnson. Signed by Judge Mark W Bennett on 4/1/05. (src) (Entered: 04/01/2005) |
| 04/01/2005 | 388 | | MOTION for Writ of Habeas Corpus Ad Testificandum as to Dean Donaldson by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/01/2005) |
| 04/01/2005 | 389 | | MOTION for Writ of Habeas Corpus Ad Testificandum as to Susan Marsolek by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/01/2005) |
| 04/01/2005 | 390 | | MOTION for Writ of Habeas Corpus Ad Testificandum as to Terry Bregar by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/01/2005) |
| 04/04/2005 | 391 | | *SEALED* EX PARTE SEALED MOTION by Defendant Angela Jane Johnson. (des, ) Modified on 4/4/2005 to seal entry, to note copies of NEF faxed to Johnson attys only, and to note proposed order to PAZ this date (des, ). Additional attachment(s) added on 4/4/2005 (des, ). (Entered: 04/04/2005) |
| 04/04/2005 | 392 | | EX PARTE AND SEALED ORDER denying without prejudice 391 Sealed Motion as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 4/04/05. (des, ) Modified on 4/4/2005 to note copies faxed to Johnson attys only (des, ). Additional attachment(s) added on 4/4/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: |

April 2 2013 p 46

Appellate Case: 13-1739    Page: 46    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | 04/04/2005) |
| 04/04/2005 | 393 | | CJA 30: Interim 45 – Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 10,542.58, Voucher # 46290530149. Signed by Judge Mark W Bennett on 4/4/05. (src) (Entered: 04/04/2005) |
| 04/04/2005 | 394 | | MOTION for Issuance of Subpoenas and Payment of Service and Witness Fees at No Cost to Defendant by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/04/2005) |
| 04/05/2005 | 395 | | ORDER granting 394 Motion for issuance of five subpoenas as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 4/05/05. (des, ) (Entered: 04/05/2005) |
| 04/05/2005 | 396 | | Subpoenas Issued as to Defendant Angela Jane Johnson to USM w/copies of #394 Motion and #395 Order (des, ) (Entered: 04/05/2005) |
| 04/05/2005 | 397 | | CJA 31: Authorization to Pay Litigation Consultants, Inc. in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 3,166.89 for Jury Consultant Services, Voucher Number: 46290531252 . Signed by Judge Mark W Bennett on 4/04/05. (copy mailed to payee) (des, ) (Entered: 04/05/2005) |
| 04/06/2005 | 398 | | ORDER regarding excused and reassigned jurors as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 4/06/05. (des, ) (Entered: 04/06/2005) |
| 04/06/2005 | 399 | | CJA 30 (Interim #50): Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530280. Signed by Clerk on 4/6/05. (de) (Entered: 04/07/2005) |
| 04/07/2005 | 400 | | MOTION for Writ of Habeas Corpus Ad Testificandum as to Eva "Dawn" Hanawalt by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/07/2005) |
| 04/07/2005 | 401 | | MOTION for Writ of Habeas Corpus Ad Testificandum as to Dustin Honken by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/07/2005) |
| 04/07/2005 | 402 | | MOTION for Writ of Habeas Corpus Ad Testificandum as to Brandy Byrd by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/07/2005) |
| 04/07/2005 | 403 | | MOTION *for Issuance of Subpoenas and Payment of Service and Witness Fees at No Cost to Defendant for Defendant's Penalty Phase Witnesses* by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/07/2005) |
| 04/07/2005 | 404 | | MOTION *for Issuance of Subpoena and Payment of Service and Witness Fees at No Cost to Defendant for Defendant's Witness Susan Marsolek* by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/07/2005) |
| 04/08/2005 | 405 | | ORDER granting 388 and 390 Motions for Writ to Dean Donaldson and Terry Bregar as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 4/08/05. (Attachments: # 1 Writ Issued to USM# 2 Writ Issued to USM) (des, ) (Entered: 04/08/2005) |

April 2 2013 p 47

Appellate Case: 13-1739    Page: 47    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| 04/08/2005 | 406 | | ORDER granting 400 , 401 and 402 Motions for Writ to Brandy Byrd, Eva "Dawn" Hanawalt, and Dustin Honken as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 4/08/05. (Attachments: # 1 Writs Issued to USM) (des, ) (Entered: 04/08/2005) |
| 04/08/2005 | 407 | | MOTION to Dismiss *Indictment Due to Failure to Charge Offenses* by Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Motion to Dismiss Indictment Due to Failure to Charge Offenses)(Stowers, Dean) Additional attachment(s) added on 4/11/2005 (des, ). (Entered: 04/08/2005) |
| 04/08/2005 | 408 | | Proposed Jury Instructions by Defendant Angela Jane Johnson (Stowers, Dean) (Entered: 04/08/2005) |
| 04/08/2005 | 409 | | ORDER regarding excused and deferred jurors as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 4/08/05. (des, ) (Entered: 04/11/2005) |
| 04/11/2005 | 410 | | SUPPLEMENT/ADDENDUM 407 MOTION to Dismiss *Indictment Due to Failure to Charge Offenses* filed by Angela Jane Johnson, by Defendant Angela Jane Johnson (Stowers, Dean) Modified on 4/11/2005 to note this document has properly been attached to #407 Motion (des, ). (Entered: 04/11/2005) |
| 04/11/2005 | 411 | | MOTION to Withdraw Document *Application for Writ of Habeas Corpus Ad Testificandum for Defendant's Witness Susan Marsolek* by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 04/11/2005) |
| 04/11/2005 | 412 | | ORDER denying 407 Motion to Dismiss Indictment Due to Failure to Charge Offenses as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 4/11/05. (des, ) (Entered: 04/11/2005) |
| 04/11/2005 | 413 | | ORDER granting 411 Motion to Withdraw Document as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 04/11/2005. (lrw) (Entered: 04/11/2005) |
| 04/11/2005 | 415 | | Minute Entry for proceedings held before Judge Mark W Bennett :Final Pretrial Conference as to Defendant Angela Jane Johnson held on 4/11/2005 (Court Reporter−Shelly Semmler.) (des, ) (Entered: 04/11/2005) |
| 04/12/2005 | 416 | | SUPPLEMENT/ADDENDUM 204 MOTION to Change Venue filed by Angela Jane Johnson, by Defendant Angela Jane Johnson (Stowers, Dean) (Entered: 04/12/2005) |
| 04/12/2005 | 417 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 1 Jury Selection as to Defendant Angela Jane Johnson held on 4/12/2005, Voir Dire begun on 4/12/2005 Defendant Angela Jane Johnson (1) on Count 1s−10s,1ss−5ss,6ss−8ss,9sss,10ss (Court Reporter−Shelly Semmler.) (des, ) (Entered: 04/12/2005) |
| 04/12/2005 | 418 | | NOTICE *Certificate of Service* by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) Modified on 4/13/2005 to add link to #414 Witness List (des, ). (Entered: 04/12/2005) |
| 04/13/2005 | 419 | | ORDER granting 403 Motion for issuance of subpoenas as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 4/12/05. (certified copy to |

April 2 2013 p 48

Appellate Case: 13-1739    Page: 48    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | USM) (des, ) (Entered: 04/13/2005) |
| 04/13/2005 | 420 | | Subpoenas Issued as to Defendant Angela Jane Johnson to SC USM per #419 Order (des, ) (Entered: 04/13/2005) |
| 04/13/2005 | 421 | | ORDER granting 404 Motion for issuance of a subpoena as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 4/12/05. (certified copy ot SC USM) (des, ). (Entered: 04/13/2005) |
| 04/13/2005 | 422 | | Subpoena Issued as to Defendant Angela Jane Johnson per #421 Order (des, ) (Entered: 04/13/2005) |
| 04/13/2005 | 423 | | ORDER regarding jurors deferred, excused, and reassigned as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 4/13/05. (des, ) (Entered: 04/13/2005) |
| 04/13/2005 | 424 | | CJA 30 INTERIM #47: Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530292 . Signed by Clerk on 4/13/05. (ksy, ) Modified on 4/14/2005 to add text as to Interim #47 (des, ). (Entered: 04/13/2005) |
| 04/14/2005 | 425 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 2 Jury Selection as to Defendant Angela Jane Johnson held on 4/13/2005 (Court Reporter–Shelly Semmler.) (des, ) (Entered: 04/14/2005) |
| 04/14/2005 | 426 | | Amended Minute Entry for proceedings held before Judge Mark W Bennett: DAY 2 Jury Selection as to Defendant Angela Jane Johnson held on 4/13/2005. Minutes are amended to indicate that Juror 598 was of Panel B not Panel E. (Court Reporter – Shelly Semmler) (src) (Entered: 04/14/2005) |
| 04/14/2005 | 427 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 3 Jury Selection as to Defendant Angela Jane Johnson held on 4/14/2005 (Court Reporter–Shelly Semmler.) (des, ) (Entered: 04/14/2005) |
| 04/15/2005 | 428 | | Minute Entry for proceedings held before Judge Mark W Bennett :Jury Selection DAY 4 as to Defendant Angela Jane Johnson held on 4/15/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 04/15/2005) |
| 04/15/2005 | 429 | | CJA 31: Authorization to Pay Marilyn Hutchinson in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 6,579.75 for Psychologist Services, Voucher Number: 46290531286 . Signed by Judge Mark W Bennett on 4/14/05. (copy mailed to payee) (des, ) (Entered: 04/15/2005) |
| 04/17/2005 | 430 | | TRIAL BRIEF/MEMORANDUM by Defendant Angela Jane Johnson (Berrigan, Patrick) (Entered: 04/17/2005) |
| 04/18/2005 | 431 | | Minute Entry for proceedings held before Judge Mark W Bennett :Jury Selection DAY 5 – as to Defendant Angela Jane Johnson held on 4/18/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 04/18/2005) |
| 04/19/2005 | 432 | | Minute Entry for proceedings held before Judge Mark W Bennett :Jury Selection DAY 6 as to Defendant Angela Jane Johnson held on 4/19/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 04/19/2005) |
| 04/21/2005 | 433 | | |

Appellate Case: 13-1739    Page: 49    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before Judge Mark W Bennett :Jury Selection DAY 7 as to Defendant Angela Jane Johnson held on 4/20/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 04/21/2005) |
| 04/21/2005 | 434 | | Subpoena Returned Unexecuted, for Anthony Altimus as to Defendant Angela Jane Johnson. (src) (Entered: 04/21/2005) |
| 04/21/2005 | 435 | | Subpoena Returned Executed on 4/15/05 for Anthony C. Johnson, as to Defendant Angela Jane Johnson. (src) (Entered: 04/21/2005) |
| 04/21/2005 | 436 | | Minute Entry for proceedings held before Judge Mark W Bennett :Jury Selection DAY 8 as to Defendant Angela Jane Johnson held on 4/21/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 04/21/2005) |
| 04/22/2005 | 437 | | Minute Entry for proceedings held before Judge Mark W Bennett :Jury Selection DAY 9 as to Defendant Angela Jane Johnson held on 4/22/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 04/22/2005) |
| 04/22/2005 | 438 | | ORDER regarding excused jurors as to Defendant Angela Jane Johnson. Signed by Judge Mark W Bennett on 4/22/05. (src) (Entered: 04/22/2005) |
| 04/22/2005 | 439 | | Subpoena Returned Executed on 4/22/05 (J. Whetstine) as to Defendant Angela Jane Johnson. (mem) (Entered: 04/25/2005) |
| 04/22/2005 | 440 | | Subpoena Returned Executed on 4/22/05 (Sgt. DeSotel) as to Defendant Angela Jane Johnson. (mem) (Entered: 04/25/2005) |
| 04/22/2005 | 441 | | Subpoena Returned Executed on 4/22/05 (L. Burgess) as to Defendant Angela Jane Johnson. (mem) (Entered: 04/25/2005) |
| 04/26/2005 | 442 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 10 Jury Selection as to Defendant Angela Jane Johnson held on 4/26/2005 (Court Reporter–Shelly Semmler) (des, ) (Entered: 04/26/2005) |
| 04/27/2005 | 443 | | Subpoena Returned Executed on Leon Spies 4/19/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 04/27/2005) |
| 04/27/2005 | 444 | | Subpoena Returned Executed on Al Haubrich 4/20/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 04/27/2005) |
| 04/27/2005 | 445 | | Subpoena Returned Executed on David Tyler 4/20/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 04/27/2005) |
| 04/27/2005 | 446 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 11 Jury Selection as to Defendant Angela Jane Johnson held on 4/27/2005 (Court Reporter–Shelly Semmler) (des, ) (Entered: 04/27/2005) |
| 04/27/2005 | 447 | | Jury Question with Answer of the Court to Jury Question as to Defendant(s) Defendant Angela Jane Johnson signed by Judge Mark W Bennett. (Attachments: # 1 Jury Question)(des, ) (Entered: 04/27/2005) |
| 04/28/2005 | 448 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 12 Jury Selection as to Defendant Angela Jane Johnson held on 4/28/2005 (Court Reporter–Shelly Semmler) (des, ) (Entered: 04/28/2005) |
| 04/29/2005 | 449 | | MOTION To Strike Language from the Indictment re 233 Superseding Information – Felony, by United States of America as to Defendant Angela |

Appellate Case: 13-1739    Page: 50    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Jane Johnson. (Williams, Charles) (Entered: 04/29/2005) |
| 04/29/2005 | 450 | | ORDER granting 449 Motion to Strike Language From Indictment as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 4/29/05. (des, ) (Entered: 04/29/2005) |
| 04/29/2005 | 451 | | Minute Entry for proceedings held before Judge Mark W Bennett :Jury Selection DAY 13 as to Defendant Angela Jane Johnson held on 4/29/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 04/29/2005) |
| 04/29/2005 | 452 | | MOTION for Contact Visit (Hearing Requested) by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Application for Contact Visit)(Stowers, Dean) Modified on 5/3/2005 to add text as to Hearing Requested (des, ). (Entered: 04/29/2005) |
| 04/29/2005 | 455 | | *SEALED* Sealed Document as to Defendant Angela Jane Johnson (copies faxed to attys) (des, ) Modified on 5/2/2005 to seal entry (des, ). Additional attachment(s) added on 5/2/2005 (des, ). (Entered: 05/02/2005) |
| 05/01/2005 | 453 | | Renewed MOTION to Strike re: 230 MOTION to Strike *Death Penalty* by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 05/01/2005) |
| 05/01/2005 | 454 | | MOTION in Limine *Re: Evidence Defendant was a Principal* by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Motion In Limine Re: Evidence Defendant Was a Principal)(Stowers, Dean) (Entered: 05/01/2005) |
| 05/02/2005 | 456 | | *SEALED* EX PARTE AND SEALED ORDER as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 5/02/05. (copies faxed to defense attys only) (des, ) Modified on 5/2/2005 to seal entry (des, ). Additional attachment(s) added on 5/2/2005 (des, ). (Entered: 05/02/2005) |
| 05/02/2005 | 457 | | DUPLICATE SUBPOENA – Subpoena Issued for Debra Davis as to Defendant Angela Jane Johnson. (src) Modified on 5/2/2005 to add text (src). (Entered: 05/02/2005) |
| 05/02/2005 | 458 | | Minute Entry for proceedings held before Judge Mark W Bennett :Jury Selection DAY 14 as to Defendant Angela Jane Johnson held on 5/2/2005. Defendant's Renewed Motion to Strike Death Penalty (Doc. No. 453) – Ruling reserved and order to follow. Defendant's Motion in Limine Re: Evidence that Defendant was a Principal (Doc. No. 454–1) – Ruling reserved and order to follow. Defendant's Application for Contact Visits (Doc. No. 452–1) – Ruling reserved and order to follow. (Court Reporter – Shelly Semmler) (src) (Entered: 05/02/2005) |
| 05/02/2005 | 459 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 452 MOTION for Contact Visit (Williams, Charles) (Entered: 05/02/2005) |
| 05/02/2005 | 460 | | MOTION in Limine *RE: Subsequent Bad Acts* by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Motion in Limine Re: Subsequent Bad Acts)(Stowers, Dean) (Entered: 05/02/2005) |
| 05/03/2005 | 461 | | Minute Entry for proceedings held before Judge Mark W Bennett :Jury Selection DAY 15 as to Defendant Angela Jane Johnson held on 5/3/2005. Motion in Limine Re: Subsequent Bad Acts (Doc. No. 460) – denied – no |

Appellate Case: 13-1739    Page: 51    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | order to follow. (Court Reporter – Shelly Semmler) (src) (Entered: 05/03/2005) |
| 05/03/2005 | 462 | | ORDER denying 453 Renewed Motion To Strike Death Penalty as to Angela Jane Johnson.Signed by Judge Mark W Bennett on 5/3/05. (src) (Entered: 05/03/2005) |
| 05/03/2005 | 463 | | ORDER granting in part and denying in part 454 Motion in Limine as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 5/03/05. (des, ) (Entered: 05/03/2005) |
| 05/03/2005 | 464 | | Proposed Jury Instructions by Defendant Angela Jane Johnson (Stowers, Dean) (Entered: 05/03/2005) |
| 05/04/2005 | 465 | | Preliminary Jury Instructions as to Defendant Angela Jane Johnson. Signed on May 4, 2005, by Chief Judge Mark W. Bennett. (src) (Entered: 05/04/2005) |
| 05/04/2005 | 466 | | AMENDED Minute Entry for proceedings held before Judge Mark W Bennett (changed to reflect correct recess times) : Jury Selection DAY 15 as to Defendant Angela Jane Johnson held on 5/3/2005. Motion in Limine Re: Subsequent Bad Acts (Doc. No. 460) – denied – no order to follow. (Court Reporter – Shelly Semmler) (src) (Entered: 05/03/2005) (src) (Entered: 05/04/2005) |
| 05/05/2005 | 467 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 1 Jury Trial as to Defendant Angela Jane Johnson held on 5/4/2005 (Court Reporter–Shelly Semmler.) (des, ) (Entered: 05/05/2005) |
| 05/05/2005 | 468 | | Subpoena Returned Executed on Marilyn Hutchinson 4/22/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/05/2005) |
| 05/05/2005 | 469 | | Subpoena Returned Executed on Charlie Rogers 4/22/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/05/2005) |
| 05/05/2005 | 470 | | Subpoena Returned Executed on William Logan 4/28/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/05/2005) |
| 05/05/2005 | 471 | | Subpoena Returned Executed on Melissa Friesenborg 4/28/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/05/2005) |
| 05/05/2005 | 472 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 2 Jury Trial as to Defendant Angela Jane Johnson held on 5/5/2005 (Court Reporter–Shelly Semmler.) (des, ) (Entered: 05/05/2005) |
| 05/05/2005 | 473 | | *SEALED* CJA 31: Authorization to Pay Logan + Peterson, P.C. in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 4,928.80 for Psychiatrist Services, Voucher Number: 46290531341 . Signed by Judge Mark W Bennett on 5/05/05. (copy mailed to payee) (des, ) (Entered: 05/05/2005) |
| 05/06/2005 | 474 | | CJA 30 (interim #9): Appointment of Attorney Patrick J Berrigan for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530376. Signed by Clerk on 5/6/05. (de) (Entered: 05/06/2005) |
| 05/06/2005 | 475 | | |

Appellate Case: 13-1739    Page: 52    Date Filed: 04/03/2013 Entry ID: 4021355

| | | |
|---|---|---|
| | | Sealed Order as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 5/06/05. (copies faxed to Defense Counsel and the Government's "Outside Taint Attys for Mental Health Issue only; certified copies to SC USM) (des, ) Modified on 5/6/2005 to seal entry (des, ). Additional attachment(s) added on 5/6/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 05/06/2005) |
| 05/09/2005 | 476 | Subpoenas Returned Executed on Richard Clapper, Alex Sanchez, Steve Hugo, Michael Axiotis, Kimberly Swalve, Arlyn Johnson, Todd Graham, Alyssa Johnson, Holly Dirksen, Scott Dodd, Christine Axiotis, Dave Nieman, Pearl Jean Johnson, Lou Ann Hare, Susan M. Marsolek, and Carol Mann 5/03/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/09/2005) |
| 05/09/2005 | 477 | Subpoenas Returned Executed on Dr. Jerry L. Browne, M.D., and Maria Langreek, R.N. 5/05/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/09/2005) |
| 05/09/2005 | 478 | MOTION for Writ of Habeas Corpus Ad Testificandum as to Duane White by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) (Entered: 05/09/2005) |
| 05/09/2005 | 479 | Subpoenas Returned Unexecuted on Lori Merl, R.N., Dr. Ketan Patel, M.D., and Janet Neiman in case as to Defendant Angela Jane Johnson (des, ) (Entered: 05/09/2005) |
| 05/09/2005 | 480 | Subpoenas Returned Executed on Doug Book and Norm Olson 5/03/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/09/2005) |
| 05/09/2005 | 481 | Jury Question with Answer of the Court to Jury Question as to Defendant(s) Defendant Angela Jane Johnson signed by Judge Mark W Bennett. (Attachments: # 1 Juror Note)(des, ) (Entered: 05/09/2005) |
| 05/09/2005 | 482 | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 3 Jury Trial as to Defendant Angela Jane Johnson held on 5/9/2005 (Court Reporter–Shelly Semmler) (des, ) (Entered: 05/09/2005) |
| 05/10/2005 | 483 | MOTION for Issuance of Subpoena and Fees Without Payment by Defendant for Defendant's Witness Terry Bregar by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 05/10/2005) |
| 05/10/2005 | 484 | ORDER granting 478 Motion for Writ of Habeas Corpus Ad Testificandum to Duane White as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 5/10/05. (Attachments: # 1 Writ Issued to USM) (des, ) (Entered: 05/10/2005) |
| 05/10/2005 | 485 | Jury Questions with Answer of the Court to Jury Question as to Defendant(s) Defendant Angela Jane Johnson signed by Judge Mark W Bennett. (Attachments: # 1 Juror #78 Note # 2 Juror #797 Note)(des, ) (Entered: 05/10/2005) |
| 05/10/2005 | 486 | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 4 Jury Trial as to Defendant Angela Jane Johnson held on 5/10/2005 (Court Reporter–Shelly Semmler) (des, ) (Entered: 05/10/2005) |
| 05/10/2005 | 487 | |

April 2 2013 p 53

Appellate Case: 13-1739    Page: 53    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | ORDER granting 483 Motion For Issuance and Service of a Subpoena Without Payment as to Angela Jane Johnson (1). Signed by Judge Paul A Zoss on 5/10/05. (Attachments: # 1 Subpoena Issued to SC USM) (des, ) (Entered: 05/11/2005) |
| 05/11/2005 | 488 | | Subpoena Issued as to Defendant Angela Jane Johnson to SC USM per #419 Order (des, ) (Entered: 05/11/2005) |
| 05/11/2005 | 489 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 5 Jury Trial as to Defendant Angela Jane Johnson held on 5/11/2005 (Court Reporter–Shelly Semmler) (des, ) (Entered: 05/11/2005) |
| 05/12/2005 | 490 | | MOTION *Memorandum Regarding The Potential Penalties Upon Conviction* by United States of America as to Defendant Angela Jane Johnson. (Williams, Charles) (Entered: 05/12/2005) |
| 05/12/2005 | 491 | | CJA 30 Interim #8: Authorization to Pay Patrick Berrigan in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 79,574.48, Voucher # 46290430986 . Signed by Judge Mark W Bennett on 5/11/05. (copy faxed to payee) (des, ) (Entered: 05/12/2005) |
| 05/12/2005 | 492 | | Proposed Jury Instructions by Defendant Angela Jane Johnson (Stowers, Dean) (Entered: 05/12/2005) |
| 05/12/2005 | 493 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 6 Jury Trial as to Defendant Angela Jane Johnson held on 5/12/2005 (Court Reporter–Shelly Semmler.) (des, ) (Entered: 05/12/2005) |
| 05/12/2005 | 495 | | CJA 30 (Interim #51) Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings. Voucher Number: 46290530395. Signed by Clerk on 5/12/05. (mem) (Entered: 05/13/2005) |
| 05/13/2005 | 494 | | CJA 30 Interim #49: Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 13,650.50, Voucher # 46290530178 . Signed by Judge Mark W Bennett on 5/13/05. (copy faxed to payee) (des, ) (Entered: 05/13/2005) |
| 05/13/2005 | 496 | | RESPONSE to Motion by Defendant Angela Jane Johnson re 490 MOTION *Memorandum Regarding The Potential Penalties Upon Conviction* (Stowers, Dean) (Entered: 05/13/2005) |
| 05/15/2005 | 497 | | Second Supplemental Proposed Jury Instructions by Defendant Angela Jane Johnson (Stowers, Dean) Modified on 5/16/2005 to add text as to second supplemental (des, ). (Entered: 05/15/2005) |
| 05/16/2005 | 498 | | Jury Question with Answer of the Court to Jury Question as to Defendant(s) Defendant Angela Jane Johnson signed by Judge Mark W Bennett. (Attachments: # 1 Juror Note)(des, ) (Entered: 05/16/2005) |
| 05/16/2005 | 499 | | Subpoena Returned Executed on Kathy Rick 4/28/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/16/2005) |
| 05/16/2005 | 500 | | Subpoena Returned Executed on Alfredo Parrish 5/02/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/16/2005) |
| 05/16/2005 | 501 | | Subpoenas Returned Executed on Mark Cunningham, Pamela Johnson, James J. Johnson, Wayne Hopp, Jamie Jo Hayes, Marvea Honken–Johnson, |

| | | | |
|---|---|---|---|
| | | | and Shelly Jenney 5/03/05 as to Defendant Angela Jane Johnson (des, ). (Entered: 05/16/2005) |
| 05/16/2005 | 502 | | Subpoena Returned Executed on Valli Jo Williams 5/09/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/16/2005) |
| 05/16/2005 | 503 | | CJA 30 Interim #46: Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 30,772.41, Voucher # 46290530227 . Signed by Judge Mark W Bennett on 5/16/05. (copy faxed to payee) (des, ) (Entered: 05/16/2005) |
| 05/16/2005 | 504 | | Third Supplemental Proposed Jury Instructions by Defendant Angela Jane Johnson (Stowers, Dean) Modified on 5/17/2005 to add text as to third supplemental (des, ). (Entered: 05/16/2005) |
| 05/17/2005 | 505 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 7 Jury Trial as to Defendant Angela Jane Johnson held on 5/16/2005 (Court Reporter–Shelly Semmler) (des, ) (Entered: 05/17/2005) |
| 05/18/2005 | 506 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 8 Jury Trial as to Defendant Angela Jane Johnson held on 5/17/2005 (Court Reporter–Shelly Semmler) (des, ) (Entered: 05/18/2005) |
| 05/18/2005 | 507 | | Subpoena Returned Executed on Wendy Jacobson 5/03/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/18/2005) |
| 05/18/2005 | 508 | | Subpoena Returned Executed on Mikell Olson 5/04/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 05/18/2005) |
| 05/18/2005 | 509 | | Subpoenas on Brooke Jacobson, Duane White, and Valli Jo Williams Returned Unexecuted in case as to Defendant Angela Jane Johnson (des, ) (Entered: 05/18/2005) |
| 05/18/2005 | 510 | | Subpoena Issued to Office of the Clerk as to Defendant Angela Jane Johnson (des, ) (Entered: 05/18/2005) |
| 05/18/2005 | 511 | | Minute Entry for proceedings held before Judge Mark W Bennett :DAY 9 Jury Trial as to Defendant Angela Jane Johnson held on 5/18/2005. Oral Rule 29 Motion by Defendant denied, no order to follow. (Court Reporter–Shelly Semmler) (des, ) (Entered: 05/18/2005) |
| 05/19/2005 | 512 | | Minute Entry for proceedings held before Judge Mark W Bennett: Jury Trial Day 10 as to Defendant Angela Jane Johnson held on 5/19/2005. (Court Reporter – Shelly Semmler) (src) Modified on 5/19/2005 to correct spacing (src). (Entered: 05/19/2005) |
| 05/20/2005 | 513 | | *SEALED* Sealed Order as to Defendant Angela Jane Johnson . Signed by Judge Mark W Bennett on 5/20/05. (des, ) Modified on 5/20/2005 to seal entry and to add links to #341, #370, #371, and #375. (des, ). Additional attachment(s) added on 5/20/2005 (des, ). (Entered: 05/20/2005) |
| 05/23/2005 | 514 | | Writ of Habeas Corpus ad Testificandum for Dean Donaldson Returned Unexecuted, per writ canceled by Dean Stowers, as to Defendant Angela Jane Johnson. (src) (Entered: 05/23/2005) |
| 05/23/2005 | 515 | | Subpoena Returned Unexecuted for Jaime "Jimmy" Rodriguez, as to Defendant Angela Jane Johnson. Witness no longer needed – per Dean |

Appellate Case: 13-1739    Page: 55    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Stowers. (src) (Entered: 05/23/2005) |
| 05/23/2005 | 516 | | Subpoena Returned Unexecuted for Ron Finch, as to Defendant Angela Jane Johnson. Witness no longer needed – per Dean Stowers. (src) (Entered: 05/23/2005) |
| 05/23/2005 | 517 | | APPLICATION for Writ of Habeas Corpus Ad Testificandum *for Defendant's Witness Theresa Milton* as to Defendant Angela Jane Johnson (Stowers, Dean) (Entered: 05/23/2005) |
| 05/23/2005 | 518 | | MOTION for Subpoenas and Fees Without Payment by Defendant for Defendant's Penalty Phase Witness by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 05/23/2005) |
| 05/23/2005 | 519 | | Subpoena Issued to R. T. corson as to Defendant Angela Jane Johnson (des, ) (Entered: 05/23/2005) |
| 05/23/2005 | 520 | | Preliminary and Final Jury Instructions as to Defendant Angela Jane Johnson signed by Judge Mark W. Bennett on 5/23/05. (des, ) (Entered: 05/23/2005) |
| 05/23/2005 | 521 | | Minute Entry for proceedings held before Judge Mark W Bennett. Day 11 Jury Trial as to Defendant Angela Jane Johnson held on 5/23/2005 (Court Reporter–Shelly Semmler) (des, ) (Entered: 05/23/2005) |
| 05/24/2005 | 522 | | ORDER granting 518 Motion as to Angela Jane Johnson (1) for issuance of subpoena without payment of fees. Signed by Judge Paul A. Zoss on 5/24/2005. (tjf) (Entered: 05/24/2005) |
| 05/24/2005 | 523 | | Jury Question with Answer of the Court to Jury Question as to Defendant Angela Jane Johnson signed by Judge Mark W Bennett. (Attachments: # 1 Juror Note)(src) (Entered: 05/24/2005) |
| 05/24/2005 | 524 | | ORDER granting 517 Application for Writ of Habeas Corpus Ad Testificandum for Witness Theresa A. Milton filed by Angela Jane Johnson. Signed by Judge Paul A Zoss on 5/24/05. (Attachments: # 1 Writ Issued to USM) (des, ) (Entered: 05/24/2005) |
| 05/24/2005 | 525 | | Minute Entry for proceedings held before Judge Mark W Bennett – Jury Trial DAY 12 as to Defendant Angela Jane Johnson held on 5/24/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 05/24/2005) |
| 05/24/2005 | 526 | | Subpoena Issued to SC USM on R. T. Corson as to Defendant Angela Jane Johnson per #522 Order (des, ) (Entered: 05/24/2005) |
| 05/24/2005 | 527 | | JURY VERDICT as to Defendant Angela Jane Johnson Guilty on Counts 1ss–5ss, 6ss–8ss, 9ss, 10ss. (src) (Entered: 05/24/2005) |
| 05/24/2005 | 528 | | *SEALED* Sealed Document – as to Defendant Angela Jane Johnson re 527 Jury Verdict. (src) Modified on 5/24/2005 to seal entry and add document (src). Additional attachment(s) added on 5/24/2005 (src, ). (Entered: 05/24/2005) |
| 05/24/2005 | 529 | | MOTION in Limine *Re: Steven Vest* by Defendant Angela Jane Johnson. (Attachments: # 1 Brief In Support of Motion in Limine)(Willett, Alfred) (Entered: 05/24/2005) |

April 2 2013 p 56

Appellate Case: 13-1739    Page: 56    Date Filed: 04/03/2013 Entry ID: 4021355

| 05/25/2005 | 530 | | *SEALED* SEALED MOTION by United States of America as to Defendant Angela Jane Johnson. (src) Modified on 5/25/2005 to seal entry and add document (src). Additional attachment(s) added on 5/25/2005 (src, ). (Entered: 05/25/2005) |
|---|---|---|---|
| 05/25/2005 | 531 | | Minute Entry for proceedings held before Judge Mark W Bennett. Jury Trial DAY 13 as to Defendant Angela Jane Johnson held on 5/25/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 05/25/2005) |
| 05/25/2005 | 532 | | CJA 30 (INTERIM #48): Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530431 (Interim #48). Signed by Clerk on 5/25/05. (mj) (Entered: 05/26/2005) |
| 05/26/2005 | 533 | | *SEALED* SEALED MOTION as to Defendant Angela Jane Johnson. (src) Modified on 5/26/2005 to seal entry and add document (src). Additional attachment(s) added on 5/26/2005 (src, ). (Entered: 05/26/2005) |
| 05/26/2005 | 534 | | *SEALED* Sealed Document by Defendant Angela Jane Johnson re 530 Sealed Motion filed by United States of America. (src) Modified on 5/26/2005 to seal entry and add document (src ). Additional attachment(s) added on 5/26/2005 (src, ). Modified on 5/27/2005 to reflect that all attorneys – defendant's attnys – Honken's attnys – and USA attnys were faxed this document (src). (Entered: 05/26/2005) |
| 05/26/2005 | 535 | | CJA 30 (Interim #10): Appointment of Attorney Patrick J Berrigan for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530442. Signed by Clerk on 5/26/05. (de) (Entered: 05/26/2005) |
| 05/26/2005 | 536 | | RESPONSE to Motion by United States of America as to Defendant Angela Jane Johnson re 529 MOTION in Limine *Re: Steven Vest* (Williams, Charles) (Entered: 05/26/2005) |
| 05/26/2005 | 537 | | SEALED ORDER granting 533 Sealed Motion as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 5/26/05. (des, ) Additional attachment(s) added on 5/26/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 05/26/2005) |
| 05/26/2005 | 538 | | SEALED MINUTES – as to Defendant Angela Jane Johnson re 533 SEALED MOTION.(Court Reporter – Shelly Semmler) (src) Modified on 5/26/2005 to seal entry and add document (src). Additional attachment(s) added on 5/26/2005 (src, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 05/26/2005) |
| 05/26/2005 | 539 | | SEALED ORDER as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 5/26/05. (des, ) Modified on 5/27/2005 to seal document and to note copies faxed to attys, USM, USP (des, ). Additional attachment(s) added on 5/27/2005 (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 05/27/2005) |
| 05/27/2005 | 540 | | Subpoenas Issued for Ray Fiedler and Steve Badger as to Defendant Angela Jane Johnson. Subpoena's to USM for service. No charge to defense per order at No. 419. (src) (Entered: 05/27/2005) |
| 05/27/2005 | 541 | | |

April 2 2013 p 57

Appellate Case: 13-1739    Page: 57    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | *SEALED* Sealed Document as to Defendant Angela Jane Johnson. (src) Modified on 5/27/2005 to seal entry – and add document – this document faxed to taint attnys and defendant's attnys ONLY (src). Additional attachment(s) added on 5/27/2005 (src, ). (Entered: 05/27/2005) |
| 05/31/2005 | 542 | | SUPPLEMENTAL INSTRUCTION A as to Defendant Angela Jane Johnson signed by Judge Mark W. Bennett 5/31/05. (des, ) (Entered: 05/31/2005) |
| 05/31/2005 | 543 | | "ELIGIBILITY PHASE" INSTRUCTIONS TO THE JURY as to Defendant Angela Jane Johnson signed by Judge Mark W. Bennett on 5/31/05. (des, ) (Entered: 05/31/2005) |
| 05/31/2005 | 544 | | PRELIMINARY "PENALTY PHASE" INSTRUCTIONS TO THE JURY as to Defendant Angela Jane Johnson signed by Judge Mark W. Bennett on 5/31/05. (des, ) (Entered: 05/31/2005) |
| 05/31/2005 | 547 | | Minute Entry for proceedings held before Judge Mark W Bennett. Day 15 Jury Trial (Eligibility Phase) as to Defendant Angela Jane Johnson held on 5/31/2005. Deft's Oral Motion in Limine to exclude Govt Penalty Phase Exhibit 1146 – RESERVED, no order to follow. (Court Reporter–Shelly Semmler) (des, ) Additional attachment(s) added on 5/31/2005 (des, ). Modified on 5/31/2005 to note copies faxed to attys, USM, USP (des, ). Additional attachment(s) added on 6/22/2005 (des, ). Modified on 6/22/2005 to attachment redacted document per R.M. and #598 and #599 Orders – unredacted version docketed at #600 (des, ). (Entered: 05/31/2005) |
| 05/31/2005 | 545 | | "ELIGIBILITY PHASE" VERDICT FORM (des, ) (Entered: 05/31/2005) |
| 05/31/2005 | 546 | | *SEALED* Sealed Document as to Defendant Angela Jane Johnson re 545 Jury Verdict (copies faxed to attys only) (des, ) Modified on 5/31/2005 to seal entry (des, ). Additional attachment(s) added on 5/31/2005 (des, ). (Entered: 05/31/2005) |
| 05/31/2005 | 548 | | FILED IN ERROR−−APPLICATION for Writ of habeas corpus ad testificandum *for defendant's witness Brandy Byrd* as to Defendant Angela Jane Johnson (Stowers, Dean) Modified on 6/1/2005 to note QC clerk telephoned atty and instructed to properly refile this as a motion (des, ). (Entered: 05/31/2005) |
| 06/01/2005 | 549 | | MOTION for Writ as to Brandy Byrd by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 06/01/2005) |
| 06/01/2005 | 550 | | *SEALED* SEALED AND EX PARTE MOTION by Defendant Angela Jane Johnson. (src) Modified on 6/1/2005 to seal entry, add document and reflect that ONLY defendant's attnys were faxed this motion (src). Additional attachment(s) added on 6/1/2005 (src, ). (Entered: 06/01/2005) |
| 06/01/2005 | 551 | | CJA 30: INTERIM #9 – Authorization to Pay Patrick Berrigan in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 79,104.58. Voucher # 46290530376. Copy faxed to payee.Signed by Judge Mark W Bennett on 5/31/05. (src) (Entered: 06/01/2005) |
| 06/01/2005 | 552 | | CJA 30: INTERIM #50 – Authorization to Pay Alfred Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 41,143.40. Voucher # 46290530280. Faxed to payee. Signed by Judge Mark |

| | | | |
|---|---|---|---|
| | | | W Bennett on 5/31/05. (src) (Entered: 06/01/2005) |
| 06/01/2005 | 553 | | *SEALED* SEALED AND EX PARTE ORDER granting 550 Sealed and Ex Parte Motion as to Defendant Angela Jane Johnson. Signed by Judge Mark W Bennett on 6/1/05. (src) Modified on 6/1/2005 to add document – and to reflect that this Order was faxed to ONLY defendant's attnys – and a cert copy mailed to financial in CR (src). Additional attachment(s) added on 6/1/2005 (src, ). (Entered: 06/01/2005) |
| 06/01/2005 | 554 | | ORDER – granting 549 Motion for Writ Of Habeas Corpus Ad Testificandum for Brandy Byrd as to Angela Jane Johnson.Signed by Judge Paul A Zoss on 6/1/05. (Attachments: # 1 Writ Issued to USM on 6/1/05) (src) (Entered: 06/01/2005) |
| 06/01/2005 | 555 | | Subpoena Returned Executed on 5/26/05 for R.T. Corson – as to Defendant Angela Jane Johnson. (src) (Entered: 06/01/2005) |
| 06/01/2005 | 556 | | Subpoena Returned Executed for James J. Johnson on 5/20/05 – as to Defendant Angela Jane Johnson. (src) (Entered: 06/01/2005) |
| 06/01/2005 | 557 | | Subpoena Returned Executed on 5/24/05 for Verleen Vanderpool – as to Defendant Angela Jane Johnson. (src) (Entered: 06/01/2005) |
| 06/01/2005 | 558 | | Subpoena Returned Executed on 4/26/05 for Shelley Johnson – as to Defendant Angela Jane Johnson. (src) (Entered: 06/01/2005) |
| 06/01/2005 | 559 | | Subpoena Returned Executed on 4/26/05 for Michael Gelbort – as to Defendant Angela Jane Johnson. (src) (Entered: 06/01/2005) |
| 06/01/2005 | 560 | | Minute Entry for proceedings held before Judge Mark W Bennett. Jury Trial DAY 16 – as to Defendant Angela Jane Johnson. (Court Reporter – Shelly Semmler) (src) Additional attachment(s) added on 6/1/2005 (src, ). Modified on 6/1/2005 to reflect that this event does not allow docketer to add minutes – minutes faxed to all attnys of record (src). (Entered: 06/01/2005) |
| 06/02/2005 | 561 | | SEALED TRANSCRIPT of Proceedings as to Defendant Angela Jane Johnson held on May 26, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain copy of transcripts please contact Shelly Semmler at 320 Sixth Street, Sioux City, IA 51101 (712) 233–3846. (src) Modified on 6/3/2005 to seal entry (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 06/02/2005) |
| 06/02/2005 | 562 | | SEALED TRANSCRIPT of Proceedings as to Defendant Angela Jane Johnson held on March 7, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of this transcript please contact Shelly Semmler at 320 Sixth St. Sioux City, IA 51101 (712) 233–3846. (src) Modified on 6/3/2005 to seal entry (des, ). Modified on 6/22/2005 to unseal entry per R.M. and #598 Order (des, ). (Entered: 06/02/2005) |
| 06/02/2005 | 563 | | MOTION for Writ as to Susan Marsolek by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 06/02/2005) |
| 06/03/2005 | 564 | | ORDER granting 563 Motion for Writ Habeas Corpus Ad Testificandum for Susan Marsolek as to Angela Jane Johnson. Per order at No. 421 – the defendant shall not be charged for service. Signed by Judge Paul A Zoss on |

April 2 2013 p 59

Appellate Case: 13-1739   Page: 59   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | 6/3/05. (Attachments: # 1 Writ Issued to USM on 6/3/05) (src) (Entered: 06/03/2005) |
| 06/03/2005 | 565 | | CJA 30:(Interim #47) Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 80,014.01, Voucher # 46290530292. Signed by Judge Mark W Bennett on 5/31/05. Copy to payee. (ksy, ) (Entered: 06/03/2005) |
| 06/03/2005 | 566 | | Minute Entry for proceedings held before Judge Mark W Bennett. Jury Trial (Day 17) as to Defendant Angela Jane Johnson held on 6/2/2005. Defendant's Oral motion to strike nonstatutory aggravating factor of future dangerousness – Ruling denied – no order to follow. (Court Reporter – Shelly Semmler) (src) (Entered: 06/03/2005) |
| 06/03/2005 | 567 | | MOTION *Memorandum regarding Allocution of Defendant* by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 06/03/2005) |
| 06/06/2005 | 568 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 567 MOTION *Memorandum regarding Allocution of Defendant Memorandum in Opposition to Defendant's Request for Permission to Allocute Before the Jury Without Being Subject to Cross Examination* (Williams, Charles) (Entered: 06/06/2005) |
| 06/06/2005 | 569 | | *SEALED* SEALED MOTION as to Defendant Angela Jane Johnson. (src) Modified on 6/6/2005 to seal entry and to add documents (src). Additional attachment(s) added on 6/6/2005 (src, ). (Entered: 06/06/2005) |
| 06/06/2005 | 570 | | Writ of Habeas Corpus Ad Testificandum For Aaron Ryerson Returned Executed as to Defendant Angela Jane Johnson on 5/26/05. (des, ) (Entered: 06/06/2005) |
| 06/06/2005 | 571 | | Subpoena Returned Executed on Steve Badger 5/31/05 as to Defendant Angela Jane Johnson (des, ) (Entered: 06/06/2005) |
| 06/06/2005 | 572 | | MEMORANDUM OPINION AND ORDER denying 529 MOTION in Limine *Re: Steven Vest* filed by Angela Jane Johnson. Signed by Judge Mark W Bennett on 6/6/05. (src) Modified on 6/7/2005 to add text as to motion denied (des, ). (Entered: 06/06/2005) |
| 06/06/2005 | 573 | | Minute Entry for proceedings held before Judge Mark W Bennett. Jury Trial DAY 18 as to Defendant Angela Jane Johnson held on 6/6/2005. Sealed Motion (Doc. No. 569) Denied as moot – (motion withdrawn by Mr. Spies) No order to follow. (Court Reporter – Shelly Semmler) (src) (Entered: 06/06/2005) |
| 06/07/2005 | 574 | | ORDER as to Defendant Angela Jane Johnson. Parties have to 6/15/05 to notify the court of any objections to unsealing sealed rulings and to 6/20/05 to file responses to the objections. Signed by Judge Mark W Bennett on 6/07/05. (des, ) (Entered: 06/07/2005) |
| 06/07/2005 | 575 | | Minute Entry for proceedings held before Judge Mark W Bennett. Jury Trial DAY 19 as to Defendant Angela Jane Johnson held on 6/7/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 06/07/2005) |
| 06/08/2005 | 576 | | *SEALED* CJA 31: Authorization to Pay William S. Logan in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ |

April 2 2013 p 60

Appellate Case: 13-1739   Page: 60   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | 5,186.80 for Expert Services. Voucher Number: 46290531438. Copy mailed to payee. Signed by Judge Mark W Bennett on 6/8/05. (src) (Entered: 06/08/2005) |
| 06/08/2005 | 577 | | *SEALED* CJA 31: Authorization to Pay Mary C. Goody Mitigation Specialists in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $4,181.87 for Litigation Services, Voucher Number: 46290531343. Signed by Judge Mark W Bennett on 5/06/05. (copy mailed to payee) (des, ) (Entered: 06/08/2005) |
| 06/08/2005 | 578 | | Minute Entry for proceedings held before Judge Mark W Bennett: DAY 20 Jury Trial as to Defendant Angela Jane Johnson held on 6/8/2005. (Court Reporter–Shelly Semmler) (des, ) (Entered: 06/09/2005) |
| 06/09/2005 | 579 | | *SEALED* CJA 31: Authorization to Pay Gratias Investigations, Inc., in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 11,407.58 for Investigator Services, Voucher Number: 46290531302. Signed by Judge Mark W Bennett on 6/08/05. (copy mailed to payee) (des, ) (Entered: 06/09/2005) |
| 06/09/2005 | 580 | | *SEALED* CJA 31: Authorization to Pay Gratias Investigations, Inc. in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 4,277.23 for Investigator Services, Voucher Number: 46290531445. Signed by Judge Mark W Bennett on 6/08/05. (copy mailed to payee) (des, ) (Entered: 06/09/2005) |
| 06/09/2005 | 581 | | *SEALED* CJA 31: Authorization to Pay Mary C. Goody in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 1,154.09 for Mitigation Services, Voucher Number: 46290531394 . Signed by Judge Mark W Bennett on 6/08/05. (copy mailed to payee) (des, ) (Entered: 06/09/2005) |
| 06/09/2005 | 582 | | Minute Entry for proceedings held before Judge Mark W Bennett. Jury Trial DAY 21 as to Defendant Angela Jane Johnson held on 6/9/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 06/09/2005) |
| 06/10/2005 | 583 | | CJA 30 (Interim #52) as to Defendant Angela Jane Johnson: Appointment of Attorney Alfred E Willett for Angela Jane Johnson. Voucher Number: 46290530482 (Interim #52). Signed by Clerk on 6/10/05. (mj) Modified on 6/13/2005 to correct name of document to CJA 30 (des, ). (Entered: 06/10/2005) |
| 06/15/2005 | 584 | | *SEALED* SEALED OBJECTIONS by Dustin Lee Honken as to Defendant Angela Jane Johnson re 574 Order. (src) Modified on 6/15/2005 to seal entry and to add document (src). Additional attachment(s) added on 6/15/2005 (src, ). (Entered: 06/15/2005) |
| 06/20/2005 | 585 | | Minute Entry for proceedings held before Judge Mark W Bennett. Jury Trial – DAY 22 as to Defendant Angela Jane Johnson held on 6/19/2005. Defendant's motion for allocution (docket No. 567) denied – no order to follow. (Court Reporter Shelly Semmler.) (src) (Entered: 06/20/2005) |
| 06/20/2005 | 586 | | CJA 30 (interim #49): Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530496. Signed by Clerk on 6/17/05. |

April 2 2013 p 61

Appellate Case: 13-1739   Page: 61   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | (de) (Entered: 06/20/2005) |
| 06/20/2005 | 587 | | Subpoena Returned Unexecuted for Ray Fiedler as to Defendant Angela Jane Johnson, witness not needed per Dean Stowers. (src) (Entered: 06/20/2005) |
| 06/20/2005 | 588 | | Subpoena Returned Executed on 5/2/05 for Elsa Dirks, as to Defendant Angela Jane Johnson. (src) (Entered: 06/20/2005) |
| 06/20/2005 | 589 | | Final "Penalty Phase" Jury Instructions as to Defendant Angela Jane Johnson. Signed by Chief Judge Mark W. Bennett on 6/20/05. (src) (Entered: 06/20/2005) |
| 06/21/2005 | 590 | | Minute Entry for proceedings held before Judge Mark W Bennett. Jury Trial – DAY 23 as to Defendant Angela Jane Johnson held on 6/20/2005. (Court Reporter – Shelly Semmler) (src) (Entered: 06/21/2005) |
| 06/21/2005 | 591 | | ORDER as to Defendant Angela Jane Johnson. Protective order, entered on 11/07/00 in the predecessor case CR00–3034–MWB document no. 54, hereby lifted upon receipt of a final "penalty phase" verdict. Signed by Judge Mark W Bennett on 6/21/05. (des, ) (Entered: 06/21/2005) |
| 06/21/2005 | 592 | | Jury Question with Answer of the Court to Jury Question as to Defendant Angela Jane Johnson signed by Judge Mark W Bennett. (Attachments: # 1 Juror Question)(des, ) (Entered: 06/21/2005) |
| 06/21/2005 | 593 | | "PENALTY PHASE" VERDICT FORM as to defendant Angela Johnson (des, ) (Entered: 06/21/2005) |
| 06/21/2005 | 594 | | *SEALED* Sealed Document as Defendant Angela Jane Johnson re 593 "Penalty Phase" Verdict Form (copies faxed to attys) (des, ) Modified on 6/21/2005 to seal entry (des, ). Additional attachment(s) added on 6/21/2005 (des, ). (Entered: 06/21/2005) |
| 06/21/2005 | 595 | | Minute Entry for proceedings held before Judge Mark W Bennett. DAY 24 Jury Trial as to Defendant Angela Jane Johnson held on 6/21/2005. Court extends time for filing post–trial motion to and including 7/29/05. (Court Reporter–Shelly Semmler) (des, ) (Entered: 06/21/2005) |
| 06/21/2005 | 596 | | EXHIBIT AND WITNESS LIST as to Defendant Angela Jane Johnson (Entered: 06/21/2005) |
| 06/21/2005 | 597 | | RECEIPT FOR EXHIBIT as to Defendant Angela Jane Johnson: Exhibit marked Plaintiff Exhibit 10 released to United States of America. Exhibits must be kept in their original form until termination of any appeal in this matter as stated in LR 83.7(e), (f), and (g). (des, ) (Entered: 06/21/2005) |
| 06/22/2005 | 598 | | ORDER as to Defendant Angela Jane Johnson regarding certain rulings, orders, and minutes filed under seal are hereby unsealed. Signed by Judge Mark W Bennett on 6/22/05. (des, ) (Entered: 06/22/2005) |
| 06/22/2005 | 599 | | *SEALED* Sealed Order as to Defendant Angela Jane Johnson. Signed by Judge Mark W Bennett on 6/22/05. (copies faxed to attys, USM, USP) (des, ) Modified on 6/22/2005 to seal entry (des, ). Additional attachment(s) added on 6/22/2005 (des, ). (Entered: 06/22/2005) |
| 06/22/2005 | 600 | | |

Appellate Case: 13-1739   Page: 62   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | *SEALED* Sealed Document as to Defendant Angela Jane Johnson re 547 Minute Entry Day 15 Jury Trial – Death Penalty Phase (unredacted version docketed as sealed document per instructions from R.M.; copies previously distributed when originally docketed) (des, ) Modified on 6/22/2005 to seal entry (des, ). Additional attachment(s) added on 6/22/2005 (des, ). (Entered: 06/22/2005) |
| 06/22/2005 | 601 | | ORDER as to Defendant Angela Jane Johnson: Clerk directed not to unseal any ex parte orders regarding defense budgets or expenses unless expressly directed to do so by subsequent order. Signed by Judge Mark W Bennett on 6/22/05. (des, ) (Entered: 06/22/2005) |
| 06/23/2005 | 602 | | MOTION to Contact Jurors by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 06/23/2005) |
| 06/23/2005 | 603 | | ORDER granting 602 Motion to Contact Jurors as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 6/23/05. (des, ) (Entered: 06/23/2005) |
| 06/23/2005 | 604 | | RESPONSE to Motion by United States of America as to Defendant Angela Jane Johnson re 602 MOTION to Contact Jurors (Williams, Charles) (Entered: 06/23/2005) |
| 06/23/2005 | 605 | | ORDER as to Angela Jane Johnson (1) matters still showing as "pending" on the docket were resolved in the course of trial and no further ruling is required:terming 77 Motion; terming 141 Motion; terming 224 Motion in Limine; terming 226 Motion; terming 260 Motion; terming 452 Motion; terming 490 Motion. Signed by Judge Mark W Bennett on 6/23/05. (des, ) (Entered: 06/23/2005) |
| 06/23/2005 | 606 | | Writ of Habeas Corpus Ad Testificandum for Holly Veronica Christensen Returned Executed as to Defendant Angela Jane Johnson on 6/16/05. (des, ) (Entered: 06/23/2005) |
| 06/23/2005 | 607 | | Minute Entry for proceedings held before Judge Mark W Bennett. Motion Hearing as to Defendant Angela Jane Johnson held on 6/23/2005 re 602 MOTION to Contact Jurors filed by Angela Jane Johnson. (Court Reporter–Shelly Semmler) (des, ) (Entered: 06/23/2005) |
| 06/23/2005 | 608 | | ORDER as to Defendant Angela Jane Johnson: granting defendant's oral request for extension of time to file post–trial motions; file by 8/19/05. Signed by Judge Mark W Bennett on 6/23/05. (des, ) (Entered: 06/23/2005) |
| 06/24/2005 | 609 | | ORDER as to Defendant Angela Jane Johnson directing government to coordinate with the Sioux City DEA to seal certain exhibits in replacement packaging. Signed by Judge Mark W Bennett on 6/24/05. (des, ) (Entered: 06/24/2005) |
| 06/28/2005 | 610 | | ORDER pursuant to 609 Order as to Defendant Angela Jane Johnson, exhibits were resealed in additional packaging . Signed by Judge Mark W Bennett on 6/28/05. (des, ) (Entered: 06/28/2005) |
| 06/29/2005 | 611 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Shelly Semmler, $ 22.41 for Transcript, Voucher # 46290524522. Signed by Judge Mark W Bennett on 6/23/05. (copy to payee) (des, ) (Entered: 06/29/2005) |

Appellate Case: 13-1739     Page: 63     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| 06/30/2005 | 612 | | Writ of Habeas Corpus Ad Testificandum for Brandy Byrd Returned Executed as to Defendant Angela Jane Johnson on 6/13/05. (des, ) (Entered: 06/30/2005) |
| 06/30/2005 | 613 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Shelly Semmler, $ 24.90 for Transcript, Voucher # 46290524532. Signed by Judge Mark W Bennett on 6/23/05. (copy to payee) (des, ) (Entered: 06/30/2005) |
| 07/11/2005 | 614 | | CJA 30 (Interim #53): Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530553 (Interim #53). Signed by Clerk on 7/11/05. (mj) (Entered: 07/12/2005) |
| 07/13/2005 | 615 | | CJA 30: INTERIM #48 – Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 33,020.44. Voucher # 46290530431. Copy faxed to payee.Signed by Judge Mark W Bennett on 7/13/05. (src) (Entered: 07/13/2005) |
| 07/13/2005 | 616 | | CJA 30: INTERIM #51 – Authorization to Pay Alfred Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 51,602.00. Voucher # 46290530395. Copy faxed to payee. Signed by Judge Mark W Bennett on 7/13/05. (src) (Entered: 07/13/2005) |
| 07/18/2005 | 617 | | CJA 30 (Interim #11): Appointment of Attorney Patrick J Berrigan for Angela Jane Johnson in Death Penalty Proceedings. Voucher Number: 46290530581. Signed by Clerk on 7/18/05. (de) (Entered: 07/18/2005) |
| 07/21/2005 | 618 | | CJA 30 Interim #52: Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $22,415.19, Voucher #46290530482. Signed by Judge Mark W Bennett on 7/21/05. (copy faxed to payee) (des, ) (Entered: 07/21/2005) |
| 07/25/2005 | 619 | | MOTION FOR TRANSCRIPT *at Public Expense* for proceedings held on April 11, 2005−June 21, 2005 before Judge Mark Bennett by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 07/25/2005) |
| 07/25/2005 | 620 | | DUPLICATE FILED IN ERROR−−CJA 30: Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 22,415.19, Voucher # 46290530482. Signed by Judge Mark W Bennett on 7/21/05. (faxed to payee) (de) Modified on 7/26/2005 to note this is a duplicate to #618 (des, ). (Entered: 07/25/2005) |
| 07/25/2005 | 621 | | CJA 30 (Interim #50): Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530597 (Interim #50). Signed by Clerk on 7/25/05. (mj) (Entered: 07/25/2005) |
| 07/26/2005 | | | Docket Annotation as to Defendant Angela Jane Johnson: Disregard #620 CJA30 as it is a duplicate to #618 CJA30 previously filed (des, ) (Entered: 07/26/2005) |
| 07/27/2005 | 622 | | ORDER re 609 Order as to Defendant Angela Jane Johnson, additional exhibits to be resealed in additional packaging. Signed by Judge Mark W Bennett on 7/27/05. (des, ) (Entered: 07/27/2005) |
| 07/28/2005 | 623 | | |

Appellate Case: 13-1739    Page: 64    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | CJA 30 INTERIM #10: Authorization to Pay Patrick Berrigan in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $40,118.48, Voucher #46290530442. Signed by Judge Mark W Bennett on 7/28/05. (copy faxed to payee) (des, ) (Entered: 07/28/2005) |
| 07/29/2005 | 624 | | ORDER granting 619 Motion for Transcripts at public expense, as to Angela Jane Johnson (1). Signed by Judge Paul A. Zoss on 7/29/05. (tjf) Modified on 8/1/2005 to note QC clerk gave copy to Court Reporter Shelly Semmler and certified copy to CR Financial (des, ). (Entered: 07/29/2005) |
| 08/03/2005 | 625 | | CJA 30 (Interim #54): Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530621 (Interim #54). Signed by Clerk on 8/2/05. (mj) (Entered: 08/03/2005) |
| 08/04/2005 | 626 | | *SEALED* CJA 31: Authorization to Pay Michael M. Gelbort in Death Penalty Proceedings as to Defendant Angela Jane Johnson, Amount: $ 5,000.00 for Expert Services. Voucher Number: 46290531342. Copy and NEF mailed to payee. Signed by Judge Mark W Bennett on 8/3/05. (src) (Entered: 08/04/2005) |
| 08/05/2005 | 627 | | CJA 30 INTERIM #53: Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $1,143.43, Voucher #46290530553. Signed by Judge Mark W Bennett on 8/05/05. (copy faxed to payee) (des, ). (Entered: 08/05/2005) |
| 08/05/2005 | 628 | | CJA 30 INTERIM #49: Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $8,539.76, Voucher #46290530496. Signed by Judge Mark W Bennett on 8/05/05. (copy faxed to payee) (des, ) (Entered: 08/05/2005) |
| 08/09/2005 | 629 | | *SEALED* CJA 31: Authorization to Pay Mark D. Cunningham, Ph.D. in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $906.67 for Psychologist Services, Voucher Number: #46290531393. Signed by Judge Mark W Bennett on 8/09/05. (copy mailed to payee) (des, ) (Entered: 08/09/2005) |
| 08/09/2005 | 630 | | *SEALED* CJA 31: Authorization to Pay Mark D. Cunningham, Ph.D. in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $15,070.91 for Psychologist Services, Voucher Number: 46290531529. Signed by Judge Mark W Bennett on 8/09/05. (copy mailed to payee) (des, ). (Entered: 08/09/2005) |
| 08/11/2005 | 631 | | *SEALED* CJA 31: Authorization to Pay Mark D. Cunningham, Ph.D. in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 13,715.59 for Expert Services, Voucher Number: 46290531494. Copy mailed to payee. Signed by Judge Mark W Bennett on 8/10/05. (src) (Entered: 08/11/2005) |
| 08/11/2005 | 632 | | *SEALED* CJA 31: Authorization to Pay Logan and Peterson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 11,127.35 for Expert Services, Voucher Number: 46290531493. Copy mailed to payee. Signed by Judge Mark W Bennett on 8/3/05. (src) (Entered: 08/11/2005) |

| 08/11/2005 | 633 | | *SEALED* CJA 31: Authorization to pay Litigation Consultants, Inc. in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 26,833.11 for Expert Services. Voucher Number: 46290531466. Copy mailed to payee. Signed by Judge Mark W Bennett on 8/3/05. (src) (Entered: 08/11/2005) |
|---|---|---|---|
| 08/19/2005 | 634 | | MOTION for Acquittal, MOTION for New Trial by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 08/19/2005) |
| 08/19/2005 | 635 | | MOTION for Leave to File *Brief in Support of Motion for Acquittal/New Trial Separately* by Defendant Angela Jane Johnson. (Stowers, Dean) (Entered: 08/19/2005) |
| 08/19/2005 | 636 | | MOTION to Set Aside Verdict by Defendant Angela Jane Johnson. (Attachments: # 1 Brief in Support of Motion in Arrest of Judgment)(Stowers, Dean) Modified on 8/22/2005 to remove repetitive text (des, ). (Entered: 08/19/2005) |
| 08/22/2005 | 637 | | ORDER granting 635 Motion for Leave to File Brief in Support of Motion For Acquittal/New Trial Separately as to Angela Jane Johnson (1); file by 8/29/05. Signed by Judge Mark W Bennett on 8/19/05. (des, ) (Entered: 08/22/2005) |
| 08/22/2005 | 638 | | Writ of Habeas Corpus ad Testificandum Returned Executed for Theresa A. Milton on 6/13/05 in case as to Defendant Angela Jane Johnson (des, ) (Entered: 08/22/2005) |
| 08/25/2005 | 639 | | *SEALED* CJA 31: Authorization to Pay Hutchinson + Associates in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $3,458.64 for Psychologist Services, Voucher Number: 46290531528. Signed by Judge Mark W Bennett on 8/24/05. (copy mailed to payee) (des, ) (Entered: 08/26/2005) |
| 08/25/2005 | 640 | | *SEALED* CJA 31: Authorization to Pay Hutchinson + Associates in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $4,340.26 for Psychologist Services, Voucher Number: 46290531640. Signed by Judge Mark W Bennett on 8/24/05. (copy mailed to payee) (des, ) (Entered: 08/26/2005) |
| 08/29/2005 | 641 | | UNRESISTED MOTION for One–Day Extension of Time to File Defendant's Brief in Support of Her Motion for New Trial by Defendant Angela Jane Johnson. (Berrigan, Patrick) (Entered: 08/29/2005) |
| 08/30/2005 | 642 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 636 MOTION to Set Aside Verdict *In Arrest of Judgment* (Williams, Charles) (Entered: 08/30/2005) |
| 08/30/2005 | 643 | | MOTION to File Overlength Brief by Defendant Angela Jane Johnson. (Berrigan, Patrick) (Entered: 08/30/2005) |
| 08/30/2005 | 644 | | BRIEF by Defendant Angela Jane Johnson re 634 Motion for Acquittal, Motion for New Trial filed by Angela Jane Johnson, (Berrigan, Patrick) Modified on 8/31/2005 to note QC clerk contacted atty that this document should have been an attachment to #643 Motion (des, ). (Entered: 08/30/2005) |

Appellate Case: 13-1739     Page: 66     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| 08/31/2005 | 645 | | ORDER granting 641 UNRESISTED Motion For One−Day Extension of Time to File Defendant's Brief in Support of her Motion for New Trial as to Angela Jane Johnson (1); granting 643 Motion to File Overlength Brief as to Angela Jane Johnson (1). The defendant's overlength brief, filed 8/30/05, shall be deemed timely and properly filed. Signed by Judge Mark W Bennett on 8/31/05. (des, ). (Entered: 08/31/2005) |
| 09/01/2005 | 646 | | ORDER re 644 Brief, filed by Angela Jane Johnson, 634 MOTION for Acquittal or For New Trial filed by Angela Jane Johnson, as to Defendant Angela Jane Johnson – plaintiff file response by 9/30/05; defendant file reply by 10/21/05. Signed by Judge Mark W Bennett on 9/01/05. (des, ) (Entered: 09/01/2005) |
| 09/01/2005 | | | PER #646 Order−−Set Deadlines re Motion or Report and Recommendation in case as to Defendant Angela Jane Johnson 634 MOTION for Acquittal. Responses due by 9/30/2005 Replies due by 10/21/2005. (des, ). (Entered: 09/01/2005) |
| 09/01/2005 | 647 | | ORDER as to Defendant Angela Jane Johnson. Defendant shall supplement her request for investigation and an evidentiary hearing on her purported juror misconduct issue by 9/12/05. Plaintiff shall file response by 9/22/05. Signed by Judge Mark W Bennett on 9/01/05. (des, ) (Entered: 09/01/2005) |
| 09/02/2005 | 648 | | CJA 30 (Interim #55): Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530706 . Signed by Clerk on 9/2/05. (ksy, ) (Entered: 09/02/2005) |
| 09/06/2005 | 649 | | *SEALED* Sealed Ex Parte Order as to Defendant Angela Jane Johnson. Signed by Judge Mark W Bennett on 8/29/05 and Judge Loken on 9/1/05. (Copy faxed to deft attys and DP) (mj) Modified on 9/6/2005 sealing entry (mj). Additional attachment(s) added on 9/6/2005 (mj, ). (Entered: 09/06/2005) |
| 09/08/2005 | 650 | | CJA 30: INTERIM 54 – Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 796.28. Voucher # 46290530621. Copy faxed to payee. Signed by Judge Mark W Bennett on 9/8/05. (src) (Entered: 09/08/2005) |
| 09/08/2005 | 651 | | *SEALED* CJA 31: Authorization to Pay Mary Goody in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $7,269.44 for Mitigation Services, Voucher Number: 46290531467. Signed by Judge Mark W Bennett on 9/08/05. (copy mailed to payee) (des, ) (Entered: 09/08/2005) |
| 09/08/2005 | 652 | | *SEALED* CJA 31: Authorization to Pay Mary C. Goody in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $3,488.49 for Mitigation Services, Voucher Number: 46290531685. Signed by Judge Mark W Bennett on 9/08/05. (copy mailed to payee) (des, ) (Entered: 09/08/2005) |
| 09/08/2005 | 653 | | *SEALED* CJA 31: Authorization to Pay Mary C. Goody in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $10,639.50 for Mitigation Services, Voucher Number: 46290531530. Signed by Judge Mark W Bennett on 9/08/05. (copy mailed to payee) (des, ) (Entered: |

| | | | |
|---|---|---|---|
| | | | 09/08/2005) |
| 09/08/2005 | 654 | | *SEALED* CJA 31: Authorization to Pay R. Lee Evans, Pharm D., Tashp, BCPP in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $4,103.85 for Psychologist Services, Voucher Number: 46290531631. Signed by Judge Mark W Bennett on 9/08/05. (copy mailed to payee) (des, ) Additional attachment(s) added on 9/8/2005 (des, ). (Entered: 09/08/2005) |
| 09/12/2005 | 655 | | BRIEF in Support by Defendant Angela Jane Johnson re 634 MOTION for Acquittal *Regarding Request for Investigation and Evidentiary Hearing Based Upon Juror Misconduct* (Stowers, Dean) (Entered: 09/12/2005) |
| 09/20/2005 | 656 | | TRANSCRIPTS of Individual Questioning of Prospective Jurors as to Defendant Angela Jane Johnson held on 4/14/05, 4/21/05, 4/26/05 before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. (Attachment is page one only. For complete copy you may contact the Court Reporter at 320 Sixth Street, Sioux City, IA 51101 712–233–3846.) (des, ) (Entered: 09/20/2005) |
| 09/22/2005 | 657 | | RESPONSE by United States of America as to Defendant Angela Jane Johnson re 655 Brief in Support of Motion filed by Angela Jane Johnson, *Government's Resistance to Defendant's Request for Investigation and Evidentiary Hearing Based on Alleged Juror Misconduct* (Williams, Charles) Modified on 9/27/2005 to add link to #634 Motion (des, ). (Entered: 09/22/2005) |
| 09/26/2005 | 658 | | RESPONSE by Defendant Angela Jane Johnson re 655 Brief in Support of Motion filed by Angela Jane Johnson,, 657 Response, filed by United States of America, *Reply to Government's Resistance to Request for Investigation and Evidentiary Hearing Based on Alleged Juror Misconduct* (Stowers, Dean) Modified on 9/27/2005 to add link to #634 Motion (des, ). (Entered: 09/26/2005) |
| 09/29/2005 | 659 | | CJA 30 INTERIM #51: Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings. Voucher Number: 46290530775. Signed by Clerk on 09/29/05. (ksy, ) Modified on 9/30/2005 to add text Interim #51 (des, ). (Entered: 09/29/2005) |
| 09/30/2005 | 660 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 634 MOTION for Acquittal *or for New Trial* (Williams, Charles) (Entered: 09/30/2005) |
| 10/03/2005 | 661 | | TRANSCRIPT of Phone Hearing as to Defendant Angela Jane Johnson held on 6/23/05 before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. (Attachment is page one only. For complete copy you may contact the Court Reporter at 320 Sixth Street, Sioux City, IA 51101 712–233–3846.) (des, ) (Entered: 10/03/2005) |
| 10/05/2005 | 662 | | CJA 30 (interim #56): Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530789. Signed by Clerk on 10/5/05. (de) Modified on 10/5/2005 to edit text (de). (Entered: 10/05/2005) |
| 10/05/2005 | 663 | | CJA 30 INTERIM #50: Authorization to Pay Dean Stowers in Death |

April 2 2013 p 68

Appellate Case: 13-1739   Page: 68   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $11,111.77, Voucher # 46290530597. Signed by Judge Mark W Bennett on 10/05/05. (copy faxed to payee) (des, ) (Entered: 10/05/2005) |
| 10/17/2005 | 664 | | CJA 30 INTERIM #55: Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $744.40, Voucher #46290530706. Signed by Judge Mark W Bennett on 10/17/05. (copy faxed to payee) (des, ) (Entered: 10/17/2005) |
| 10/19/2005 | 665 | | ORDER Setting Hearing on Motion as to Defendant Angela Jane Johnson 634 MOTION for Acquittal, 636 MOTION to Set Aside Verdict: Oral arguments set for 11/16/2005 at 03:00 PM SC 3rd Fl Ct for 634 and for 636 . Each side shall have one hour for its argument. Should defendant waive her right to be personally present, counsel notify court in writing by 12:00 Noon on 11/10/05. Defendant file her supplemental brief by 10/31/05; plaintiff file responsive brief by 11/10/05; defendant file reply, if any, by 11/15/05. Defendant's request for an evidentiary hearing on her purported juror misconduct issue is denied for the present. Signed by Judge Mark W Bennett on 10/19/05. (des, ) (Entered: 10/19/2005) |
| 10/21/2005 | 666 | | UNRESISTED MOTION for Three–Day Extension of Time to File Defendant's Reply Brief in Support of Her Motion for New Trial by Defendant Angela Jane Johnson. (Berrigan, Patrick) (Entered: 10/21/2005) |
| 10/24/2005 | 667 | | ORDER granting 666 UNRESISTED Motion For a Three–Day Extension of Time to File Reply Brief in Support of Her Motion For New Trial as to Angela Jane Johnson (1); file by 10/24/05. Signed by Judge Mark W Bennett on 10/24/05. (des, ) (Entered: 10/24/2005) |
| 10/24/2005 | 668 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 634 MOTION for Acquittal *or for a New Trial* (Berrigan, Patrick) (Entered: 10/24/2005) |
| 11/02/2005 | 669 | | ORDER Setting Location for Oral Arguments on Defendant's Post–Trial Motions as to Defendant Angela Jane Johnson 634 MOTION for Acquittal, 636 MOTION to Set Aside Verdict. Motion Hearing set for 11/16/2005 at 3:00 PM CR 1st Fl Ct for 634 and for 636 . The US Marshals shall provide for the defendant to be personally present for these oral arguments. Signed by Judge Mark W Bennett on 11/2/05. (src) (Entered: 11/02/2005) |
| 11/10/2005 | 670 | | SUPPLEMENT/ADDENDUM 657 Response, filed by United States of America,, 634 MOTION for Acquittal filed by Angela Jane Johnson, by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) (Entered: 11/10/2005) |
| 11/10/2005 | 671 | | CJA 30: (Interim #57) Appointment of Attorney Alfred E Willett for Defendant Angela Jane Johnson in Death Penalty Proceedings. Voucher Number: 46290530884. Signed by Clerk on 11/10/05. (ksy, ) (Entered: 11/14/2005) |
| 11/16/2005 | 672 | | Minute Entry for proceedings held before Judge Mark W Bennett. Motion Hearing as to Defendant Angela Jane Johnson held on 11/16/2005 re 636 MOTION to Set Aside Verdict filed by Angela Jane Johnson, 634 MOTION for Acquittal filed by Angela Jane Johnson. Rulings reserved. Sentencing set for 12/20/05 at 11:00AM (Court Reporter Tracy Lamp.)(ksy, |

April 2 2013 p 69

Appellate Case: 13-1739    Page: 69    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | ) (Entered: 11/17/2005) |
| 11/17/2005 | 673 | | ORDER SETTING HEARINGS as to Defendant Angela Jane Johnson. Sentencing set for 12/20/2005 11:00 AM in SC 3rd Fl Ct before Chief Judge Mark W Bennett. Signed by Judge Mark W Bennett on 11/17/05. (des, ) (Entered: 11/17/2005) |
| 11/21/2005 | 674 | | CJA 30 (Interim #52): Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530903. Signed by Clerk on 11/21/05. (de) (Entered: 11/21/2005) |
| 11/28/2005 | 675 | | CJA 30 INTERIM #56: Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $369.25, Voucher #46290530789. Signed by Judge Mark W Bennett on 11/24/05. (copy faxed to payee) (des, ) (Entered: 11/28/2005) |
| 11/28/2005 | 676 | | *SEALED* CJA 31: Authorization to Pay Mark D. Cunningham, Ph.D. in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $380.92 for Psychologist Services, Voucher Number: 46290531881. Signed by Judge Mark W Bennett on 11/24/05. (copy mailed to payee) (des, ) (Entered: 11/28/2005) |
| 11/28/2005 | 677 | | CJA 30 INTERIM #51: Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $809.98, Voucher #46290530775. Signed by Judge Mark W Bennett on 11/28/05. (copy faxed to payee) (des, ) (Entered: 11/28/2005) |
| 11/30/2005 | 678 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Shelly Semmler, $6,448.20 for Transcript, Voucher #46290524925. Signed by Judge Mark W Bennett on 11/29/05. (copy delivered to payee) (des, ) (Entered: 11/30/2005) |
| 12/01/2005 | 679 | | TRANSCRIPT of Post Trial Motions Proceedings as to Defendant Angela Jane Johnson held on 11/16/05 before Judge Mark W. Bennett. Court Reporter: Tracy Lamp. (for a complete copy of transcript please contact Tracy Lamp at (319) 626–7616) (de) (Additional attachment(s) added on 3/26/2013: #1 Transcript) (src). (Entered: 12/01/2005) |
| 12/05/2005 | 680 | | CJA 30 (Interim #58): Appointment of Attorney Alfred E Willett for Angela Jane Johnson in Death Penalty Proceedings. Voucher Number: 46290530938. Signed by Clerk on 12/2/05. (de) (Entered: 12/05/2005) |
| 12/12/2005 | 681 | | CJA 30: Interim 57 – Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 1,193.97. Voucher # 46290530884. Copy faxed to payee. Signed by Judge Mark W Bennett on 12/11/05. (src) (Entered: 12/12/2005) |
| 12/12/2005 | 682 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Tracy Lamp, $376.20 for Transcript, Voucher # 46290524945. Signed by Judge John A Jarvey on 12/9/05. (copy to payee) (de) (Entered: 12/12/2005) |
| 12/16/2005 | 683 | | MEMORANDUM OPINION AND ORDER denying 634 Motion for Acquittal as to Angela Jane Johnson (1); denying 634 Motion for New Trial as to Angela Jane Johnson (1); denying 636 Motion to Set Aside Verdict as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 12/16/05. |

April 2 2013 p 70

Appellate Case: 13-1739    Page: 70    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | (des, ). (Entered: 12/16/2005) |
| 12/19/2005 | 684 | | CJA 30: (Interim #53) Appointment of Attorney Dean A Stowers for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290530982. Signed by Clerk on 12/19/05. (ksy, ) (Entered: 12/19/2005) |
| 12/20/2005 | 685 | | Minute Entry for proceedings held before Judge Mark W Bennett. Sentencing held on 12/20/2005 as to defendant Angela Jane Johnson. Defendant detained. (Court Reporter–Shelly Semmler) (des, ) (Entered: 12/20/2005) |
| 12/20/2005 | 686 | | VACATED IN PART – SEE AMENDED JUDGMENT AT 777 – JUDGMENT as to Defendant Angela Jane Johnson (1): Count(s) 1–10, 11ss, 12ss, 1s–10s, Dismissed; Count(s) 10ss, 1ss–5ss, 6ss–8ss, 9ss, Committed to BOP Death on Counts 2, 3, 4, 5, 7, 8, 9, and 10 of the Second Superseding Indictment and life on Counts 1 and 6 of the Second Superseding Indictment, to be served concurrently; Supervised Release 3 years on each count, concurrent; Special Assessment $1,000; Restitution $73,856.49. Judgment Book # 68 Document # 71. (certified copies to USA, USP, USM and CR Financial) Check Status Deadline due by 1/23/2006. Signed by Judge Mark W Bennett on 12/20/05. (Attachments: # 1 Notice of Unsealing Documents) (des, ). Modified on 6/12/2009 to edit text. (src) (Entered: 12/20/2005) |
| 12/21/2005 | 687 | | SEALED PRESENTENCE INVESTIGATION REPORT as to Defendant Angela Jane Johnson (HOUSED SEPARATELY w/Statement of Reasons) (des, ) (Entered: 12/21/2005) |
| 12/21/2005 | 688 | | SEALED SENTENCING RECOMMENDATION as to Defendant Angela Jane Johnson. (HOUSED SEPARATELY) (des, ) (Entered: 12/21/2005) |
| 12/29/2005 | 689 | | NOTICE OF APPEAL by Defendant Angela Jane Johnson re 686 Judgment (Stowers, Dean) Modified on 12/30/2005 to remove text (jkh). (Entered: 12/29/2005) |
| 12/30/2005 | 690 | | NOA Supplement and Transmission of Notice of Appeal and Docket Sheet as to Defendant Angela Jane Johnson to US Court of Appeals re 689 Notice of Appeal – Final Judgment. (ak, ) Copy of NOA, Appeal and Docket Sheet to Court Reporter S. Semmler. (Entered: 12/30/2005) |
| 12/30/2005 | | | COURT OF APPEALS RECEIPT of Notice of Appeal and supporting documents received by USCA on: Fri Dec 30 13:08:29 CST 2005 (ak, ) (Entered: 12/30/2005) |
| 12/30/2005 | 691 | | NOTICE *of Objection to Unsealing Certain Documents* by Defendant Angela Jane Johnson re 686 Judgment,,, Set Deadlines,, (Attachments: # 1 Letter to Clerk regarding sealed documents)(Stowers, Dean) (Entered: 12/30/2005) |
| 01/03/2006 | 692 | | ORDER re 691 Notice of Objection To Unsealing Certain Documents filed by Angela Jane Johnson, as to Defendant Angela Jane Johnson. See Order Text. Signed by Judge Mark W Bennett on 12/30/05. (des, ). (Entered: 01/03/2006) |
| 01/04/2006 | 693 | | |

April 2 2013 p 71

Appellate Case: 13-1739   Page: 71   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | USCA Case Number as to Defendant Angela Jane Johnson 06–1001 for 689 Notice of Appeal – Final Judgment filed by Angela Jane Johnson. Appeal Record due by 2/9/2006. Transcript due by 2/7/2006. (ak, ) (Entered: 01/04/2006) |
| 01/12/2006 | 694 | | TRANSCRIPT of JURY TRIAL Proceedings as to Defendant Angela Jane Johnson held on May 4, 5, 9, 10, 11, 12, 16, 17, 18, 19, 23, 24, 25, 31, 2005; June 1, 2, 6, 7, 8, 9, 19, 20, 21, 2005 before Judge Chief Judge Mark W Bennett. Volumes 1 to 13, and Volumes 15 to 24. Court Reporter: Shelly Semmler. To obtain copy of transcripts contact Court Reporter at 712–233–3846. (src) (Entered: 01/12/2006) |
| 01/12/2006 | 695 | | *SEALED* Sealed Documents as to Defendant Angela Jane Johnson. (src) Modified on 1/12/2006 to seal entry and add documents (src). Additional attachment(s) added on 1/12/2006 (src, ). (Entered: 01/12/2006) |
| 01/13/2006 | 696 | | CJA 30: Interim 52 – Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 2,231.05, Voucher # 46290530903. Copy faxed to payee. Signed by Judge Mark W Bennett on 1/12/06. (src) (Entered: 01/13/2006) |
| 01/13/2006 | 697 | | CJA 30: Interim 58 and Final – Authorization to Pay Alfred E. Willett in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 3,986.08, Voucher # 46290530938. Faxed to payee. Signed by Judge Mark W Bennett on 1/12/06. (src) (Entered: 01/13/2006) |
| 01/19/2006 | 698 | | Certified and Transmitted Record on Appeal as to Defendant Angela Jane Johnson to US Court of Appeals re 689 Notice of Appeal – Final Judgment. (Attachments: #(1) Transmittal Sheet)(ak, ) (Entered: 01/19/2006) |
| 01/24/2006 | 699 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Shelly Lynn Semmler, $7,081.80 for Transcript, Voucher #4629062444. Signed by Judge Paul A Zoss on 1/19/06. (copy delivered to payee) (des, ) (Entered: 01/24/2006) |
| 01/25/2006 | 701 | | CJA 30 INTERIM #53: Authorization to Pay Dean Stowers in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $2,427.50, Voucher #46290530982. Signed by Judge Mark W Bennett on 1/25/06. (copy faxed to payee) (des, ) (Entered: 01/25/2006) |
| 02/03/2006 | 702 | | TRANSCRIPT of Sentencing as to Defendant Angela Jane Johnson held on 12/20/05 before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. (For complete copy you may contact the Court Reporter at 320 Sixth Street, Sioux City, IA 51101 712–233–3846.) (des, ). (Entered: 02/03/2006) |
| 02/06/2006 | 703 | | Appeal Remark as to Defendant Angela Jane Johnson re 689 Notice of Appeal – Final Judgment: Clerk mailed transcript of Sentencing to USCA. (ak, ) (Entered: 02/06/2006) |
| 02/08/2006 | 704 | | *SEALED* CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Shelly Semmler, $115.50 for Transcript, Voucher #4629062485. Signed by Judge Paul A Zoss on 02/07/06. (ak, ) Sealed entry as not redacted. (Entered: 02/08/2006) |
| 02/17/2006 | 705 | | CJA 30 Interim #11: FINAL – Authorization to Pay Patrick Berrigan in Death Penalty Proceedings as to Defendant Angela Jane Johnson, Amount: |

April 2 2013 p 72

Appellate Case: 13-1739    Page: 72    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | $ 21,266.13, Voucher # 46290530581. Copy faxed to payee. Signed by Judge Mark W Bennett on 2/17/06. (src) Modified on 2/21/2006 to add text as to Interim #11 (des, ). (Entered: 02/17/2006) |
| 02/22/2006 | 706 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Tracy Lamp,$95.40 for Transcript, Voucher # 46290624118. Signed by Judge Mark W Bennett on 2/22/06. Copy mailed to payee. (src) (Entered: 02/22/2006) |
| 02/27/2006 | 707 | | TRANSCRIPT of Proceedings as to Defendant Angela Jane Johnson held on 12/22/03 before Judge Mark W. Bennett. Court Reporter: Dawn from Edwards Reporting. (for a complete copy of transcript contact Dawn from Edwards Reporting at 319/338–3776)(de) (Entered: 02/27/2006) |
| 03/01/2006 | 708 | | DUPLICATE ENTRY AS 707 TRANSCRIPT of Proceedings as to Defendant Angela Jane Johnson held on 12/22/03 before Judge Mark W. Bennett, Chief Judge. Court Reporter: Edwards Reporting. (For a copy of transcript, contact Court Reporter at (319) 338–3776.) (ak, ) (Entered: 03/01/2006) |
| 03/01/2006 | 709 | | Transmittal Sheet as to Defendant Angela Jane Johnson re 689 Notice of Appeal – Final Judgment: Clerk mailed Transcript to USCA. (ak, ) (Entered: 03/01/2006) |
| 03/16/2006 | 710 | | TRANSCRIPT of Voir Dire of Panel A Proceedings as to Defendant Angela Jane Johnson held on April 12, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) (Entered: 03/16/2006) |
| 03/16/2006 | 711 | | TRANSCRIPT of Voir Dire of Panel B Proceedings as to Defendant Angela Jane Johnson held on April 13, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) (Entered: 03/16/2006) |
| 03/16/2006 | 712 | | TRANSCRIPT of Voir Dire of Panel C Proceedings as to Defendant Angela Jane Johnson held on April 14, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) Modified on 3/16/2006 to fix text (src). (Entered: 03/16/2006) |
| 03/16/2006 | 713 | | TRANSCRIPT of Voir Dire of Panel D Proceedings as to Defendant Angela Jane Johnson held on April 15, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) Modified on 3/16/2006 to fix text (src). (Entered: 03/16/2006) |
| 03/16/2006 | 714 | | TRANSCRIPT of Voir Dire of Panel E Proceedings as to Defendant Angela Jane Johnson held on April 18, 2005 before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) Modified on 3/16/2006 to fix text (src). (Entered: 03/16/2006) |
| 03/16/2006 | 715 | | TRANSCRIPT of Voir Dire of Panel F Proceedings as to Defendant Angela Jane Johnson held on April 19, 2005, before Judge Mark W. Bennett. Court |

| | | | |
|---|---|---|---|
| | | | Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) Modified on 3/16/2006 to fix text (src). (Entered: 03/16/2006) |
| 03/16/2006 | 716 | | TRANSCRIPT of Voir Dire of Panel G Proceedings as to Defendant Angela Jane Johnson held on April 20, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) Modified on 3/16/2006 to fix text (src). (Entered: 03/16/2006) |
| 03/16/2006 | 717 | | TRANSCRIPT of Voir Dire of Panel H Proceedings as to Defendant Angela Jane Johnson held on April 21, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) (Entered: 03/16/2006) |
| 03/16/2006 | 718 | | TRANSCRIPT of Voir Dire of Panel I Proceedings as to Defendant Angela Jane Johnson held on April 22, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) (Entered: 03/16/2006) |
| 03/16/2006 | 719 | | TRANSCRIPT of Voir Dire of Panel J Proceedings as to Defendant Angela Jane Johnson held on April 26, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) (Entered: 03/16/2006) |
| 03/16/2006 | 720 | | TRANSCRIPT of Voir Dire of Panel K Proceedings as to Defendant Angela Jane Johnson held on April 27, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) (Entered: 03/16/2006) |
| 03/16/2006 | 721 | | TRANSCRIPT of Voir Dire of Panel L Proceedings as to Defendant Angela Jane Johnson held on April 28, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) Modified on 3/16/2006 to fix text (src). (Entered: 03/16/2006) |
| 03/16/2006 | 722 | | TRANSCRIPT of Voir Dire of Panel M Proceedings as to Defendant Angela Jane Johnson held on April 29, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) (Entered: 03/16/2006) |
| 03/16/2006 | 723 | | TRANSCRIPT of Voir Dire of Panel N Proceedings as to Defendant Angela Jane Johnson held on May 2, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) (Entered: 03/16/2006) |
| 03/16/2006 | 724 | | TRANSCRIPT of Voir Dire of Panel O Proceedings as to Defendant Angela Jane Johnson held on May 3, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of these proceedings please contact Court Reporter at 712–233–3846. (src) (Entered: 03/16/2006) |

| | | | |
|---|---|---|---|
| 03/24/2006 | 725 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Shelly Semmler, $12,285.90 for Transcript, Voucher # 46290624223. Copy to payee. Signed by Judge Paul A Zoss on 3/22/06. (src) (Entered: 03/24/2006) |
| 03/31/2006 | 726 | | TRANSCRIPT of Phone Hearing as to Defendant Angela Jane Johnson held on August 2, 2002, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain copy of this hearing please contact Court Reporter at 712–233–3846. This transcript is being mailed to the 8CC pursuant to request from attorney. (src) (Entered: 03/31/2006) |
| 03/31/2006 | 727 | | TRANSCRIPT of Phone Hearing as to Defendant Angela Jane Johnson held on November 17, 2004, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of this hearing please contact Court Reporter at 712–233–3846. This transcript is being mailed to 8CC per request from attorney. (src) (Entered: 03/31/2006) |
| 03/31/2006 | 728 | | TRANSCRIPT of Hearing as to Defendant Angela Jane Johnson held on December 20, 2004, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of this hearing please contact Court Reporter at 712–233–3846. This transcript is being mailed to 8CC per request from attorney. (src) (Entered: 03/31/2006) |
| 03/31/2006 | 729 | | TRANSCRIPT of Hearing as to Defendant Angela Jane Johnson held on January 27, 2005 before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of this hearing please contact Court Reporter at 712–233–3846. This transcript is being mailed to 8CC per request from attorney. (src) (Entered: 03/31/2006) |
| 03/31/2006 | 730 | | TRANSCRIPT of Hearing as to Defendant Angela Jane Johnson held on February 11, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of this hearing please contact Court Reporter at 712–233–3846. This transcript is being mailed to 8CC per request from attorney. (src) (Entered: 03/31/2006) |
| 03/31/2006 | 731 | | TRANSCRIPT of Phone Hearing as to Defendant Angela Jane Johnson held on March 31, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of this hearing please contact Court Reporter at 712–233–3846. This transcript is being mailed to 8CC per request from attorney. (src) (Entered: 03/31/2006) |
| 03/31/2006 | 732 | | TRANSCRIPT of Final Pretrial Conference as to Defendant Angela Jane Johnson held on April 11, 2005, before Judge Mark W. Bennett. Court Reporter: Shelly Semmler. To obtain a copy of this hearing please contact Court Reporter at 712–233–3846. This transcript is being mailed to 8CC per request from attorney. (src) (Entered: 03/31/2006) |
| 03/31/2006 | 733 | | *SEALED* Sealed Document by Defendant Angela Jane Johnson. Faxed to attorneys of record. (src) Modified on 3/31/2006 to seal entry and to add document (src). Additional attachment(s) added on 3/31/2006 (src, ). (Entered: 03/31/2006) |
| 03/31/2006 | 734 | | *SEALED* Sealed Document by Defendant Angela Jane Johnson. Copies faxed to attorneys of record. (src) Modified on 3/31/2006 to seal entry and to add document (src). Additional attachment(s) added on 3/31/2006 (src, ). (Entered: 03/31/2006) |

Appellate Case: 13-1739    Page: 75    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| 03/31/2006 | 735 | | Appeal Remark as to Defendant Angela Jane Johnson re 689 Notice of Appeal – Final Judgment. Transcripts mailed to 8CC pursuant to request from attorney on this date. (src) (Entered: 03/31/2006) |
| 04/05/2006 | 736 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Dawn Carstensen–Eggert, $156.94 for Transcript, Voucher #46290624140. Signed by Judge Mark W Bennett on 4/05/06. (copy mailed to payee) (des, ) (Entered: 04/05/2006) |
| 04/12/2006 | 737 | | CJA 24 as to Defendant Angela Jane Johnson: Authorization to Pay Shelly Semmler, $2541.00 for Transcript, Voucher #46290624258. Signed by Judge Mark W Bennett on 04/10/06. (ak, ) (Entered: 04/12/2006) |
| 09/26/2006 | 738 | | Order to Unseal Transcript of Massiah hearing in CR00–3034 MWB. The Clerk of Court is directed to unseal the transcript from the so–called Massiah hearing in this matter, held on April 11 through April 13, 2001 (Case No. CR 00–3034–MWB, docket nos. 155, 156, 157). Signed by Judge Mark W Bennett on 9/26/06. (src) (Entered: 09/26/2006) |
| 01/30/2007 | 739 | | Appeal Remark as to Defendant Angela Jane Johnson re 689 Notice of Appeal – Final Judgment: Pursuant to telephonic request from USCA 8th Circuit this date, the 6 volume set of the Appendix as to Motion To Change Venue has been mailed to the USCA 8th Circuit. (ak, ) (Entered: 01/30/2007) |
| 02/26/2007 | 740 | | Appeal Transmittal Receipt as to Defendant Angela Jane Johnson RE: 689 Notice of Appeal – Final Judgment – Documents received at 8th Circuit Court of Appeals (kfs) (Entered: 02/26/2007) |
| 07/30/2007 | 741 | | OPINION of USCA (certified copy) as to Defendant Angela Jane Johnson re 689 Notice of Appeal – Final Judgment. After careful consideration of the record, the parties' arguments, and the district court's most thorough memorandum opinion, we conclude that Johnson's remaining arguments are unavailing. The case is remanded to the district court so that the court may vacate Johnson's multiplicitous convictions and sentences. In all other respects, we affirm. (Attachments: # 1 Letter to Counsel, # 2 Letter to Counsel)(ak, ) (Entered: 07/30/2007) |
| 07/31/2007 | 742 | | JUDGMENT of USCA (certified copy) cause is affirmed in part, reversed in part and remanded to the district court for proceedings consistent with the opinion of this court as to Angela Jane Johnson re 689 Notice of Appeal – Final Judgment. (ak, ) (Entered: 07/31/2007) |
| 10/02/2007 | 743 | | Mandate of USCA (certified copy) as to Angela Jane Johnson re 689 Notice of Appeal – Final Judgment. In accordance with the opinion and judgment of 07/30/07, and pursuant to the provisions of Federal Rules of Appellate Procedure 41(a), the formal mandate is hereby issued in above styled matter. September 28, 2007. (ak, ) Modified on 10/3/2007 to add links to 741 Opinion and 742 Judgment (des, ). (Entered: 10/02/2007) |
| 11/13/2007 | | | 56 Transcripts Returned from 8CC as to Defendant Angela Jane Johnson re 742 USCA Judgment, 743 USCA Judgment, 741 USCA Order/Opinion (housed with clerk's file) (des, ). (Entered: 11/13/2007) |
| 08/05/2008 | 745 | | MOTION to Appoint Counsel *to Pursue Post–Conviction Remedies* by |

Appellate Case: 13-1739    Page: 76    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Angela Jane Johnson. (Attachments: # 1 Exhibit Resume of Michael Lawlor, # 2 Exhibit Resume of Ilann M. Maazel) (Stowers, Dean) Modified on 8/11/2008 to remove unnecessary text (des). (Entered: 08/05/2008) |
| 08/07/2008 | 746 | | ORDER as to Defendant Angela Jane Johnson. The prosecution has until 5:00 p.m. on Monday, August 11, 2008, in which to file any response to 745 Defendant's Motion for Appointment of Counsel to Pursue Post−Conviction Remedies. Signed by Judge Mark W Bennett on 8/7/08. (Gill, Jennifer) Modified on 8/11/2008 to add link to 745 Motion (des, ). (Entered: 08/07/2008) |
| 08/08/2008 | 747 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 745 MOTION to Appoint Counsel *to Pursue Post−Conviction Remedies (Attachments: # 1 Brief in Opposition) (Williams, Charles) Modified on 8/11/2008 to remove unnecessary text (des). (Entered: 08/08/2008)* |
| 08/11/2008 | 748 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 745 MOTION to Appoint Counsel *to Pursue Post−Conviction Remedies, and Memorandum of Law in Support* (Attachments: # 1 Exhibit Strategic Plan) (Stowers, Dean) (Entered: 08/11/2008) |
| 08/11/2008 | 749 | | ORDER granting 745 Motion to Appoint Counsel as to Angela Jane Johnson (1). Michael Lawlor and Ilann M Maazel are hereby appointed to represent defendant Johnson. Newly−appointed counsel shall have 45 days from this date to file, ex parte and under seal, a proposed litigation budget. Defense counsel Stowers shall provide notice to newly−appointed post−conviction counsel of their appointment. Signed by Judge Mark W Bennett on 8/11/08. (Abby notified; copy of ECF Registration Forms to Attys Lawlor and Maazel) (des). (Entered: 08/11/2008) |
| 08/11/2008 | | | PER 749 Order − Attorney update in case as to Defendant Angela Jane Johnson. Attorney Michael Lawlor for Angela Jane Johnson, Ilann M Maazel for Angela Jane Johnson added. Clerk checked for conflicts − none found. (des) (Entered: 08/11/2008) |
| 08/13/2008 | 750 | | CJA 30: Appointment of Attorney Ilann M Maazel for Defendant Angela Jane Johnson in death penalty proceedings. Voucher Number: 46290830992. Signed by Clerk on 8/13/2008. (nunc pro tunc date 8/11/2008) (conflicts checked, none found) (e−mailed to non−ecf counsel w/ecf reg. form) (de) Modified on 8/13/2008 (de). Modified on 8/14/2008 to correct text as to name of document (des). (Entered: 08/13/2008) |
| 08/13/2008 | | | Set Deadlines as to Defendant Angela Jane Johnson: Check Status Deadline due by 8/20/2008. (check for ecf registrations for Michael Lawlor and Llann M. Maazel) (nef to non−ecf counsel) (de) (Entered: 08/13/2008) |
| 08/14/2008 | 751 | | CJA 30: Appointment of Attorney Michael Lawlor for Angela Jane Johnson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Voucher Number: 46290830991. Signed by CJA Clerk on 8/13/2008. Nunc Pro Tunc Date 8/11/08. (mld to non−ecf counsel − ecf reg. forms mailed on 8/13/2008) (de) Modified on 8/15/2008 to add text re nunc pro tunc date (des). (Entered: 08/14/2008) |
| 09/24/2008 | 752 | | |

April 2 2013 p 77

Appellate Case: 13-1739    Page: 77    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | MOTION for Extension *of Time for Filing* of Proposed Litigation Budget by Angela Jane Johnson. (Lawlor, Michael) (Entered: 09/24/2008) |
| 11/19/2008 | 757 | | WRIT OF CERTIORARI Denied by US Supreme Court as to Defendant Angela Jane Johnson. (Attachments: # 1 Supreme Court Order) (ak) (Entered: 11/19/2008) |
| 11/20/2008 | 758 | | MOTION for Leave to Appear Pro Hac Vice Attorney: Kennisha A. Austin, by Angela Jane Johnson. (Austin, Kennisha) (Entered: 11/20/2008) |
| 11/21/2008 | 759 | | ORDER granting 758 Motion for Leave to Appear as to Angela Jane Johnson. Attorney Kennisha A. Austin is admitted to practice in the Northern District of Iowa on behalf of defendant Johnson for this case. Signed by Clerk on 11/21/08. (src) (Entered: 11/21/2008) |
| 03/24/2009 | 764 | | MOTION to Withdraw as Attorney by Dean Stowers by Angela Jane Johnson. (Stowers, Dean) (Entered: 03/24/2009) |
| 03/24/2009 | 765 | | ORDER granting 764 Motion to Withdraw as Attorney. Dean A Stowers withdrawn from case as to Angela Jane Johnson (1). Signed by Chief Magistrate Paul A Zoss on 3/24/09. (des) (Entered: 03/24/2009) |
| 03/26/2009 | 766 | | MOTION *for Reissuance of Judgment and Commitment Record Concerning Rate of Payment of Restitution* by Angela Jane Johnson. (Lawlor, Michael) (Entered: 03/26/2009) |
| 03/30/2009 | 767 | | ORDER denying 766 Motion For Reissuance Of Judgment And Commitment Record Concerning Rate Of Payment Of Restitution as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 03/30/09. (ak) (Entered: 03/30/2009) |
| 03/30/2009 | 769 | | *SEALED* DOCKETED IN ERROR. WILL BE REFILED IN FUTURE AFTER REVIEW OF EIGHTH CIRCUIT JUDGE. CJA 31: Interim 1 Authorization to Pay Center For Capital Assistance in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $6500 for Expert Services. Voucher Number: 46290931135. Signed by Judge Mark W Bennett on 03/27/09. (Copy to payee.) (ak) Modified on 3/31/2009 clarified Interim payment (ak). Modified on 4/7/2009 (ak). (Entered: 03/30/2009) |
| 04/27/2009 | 770 | | MOTION for Permission to Interview Jurors by Angela Jane Johnson. (Maazel, Ilann) (Entered: 04/27/2009) |
| 05/04/2009 | 771 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 770 MOTION for Permission to Interview Jurors (Williams, Charles) (Entered: 05/04/2009) |
| 05/08/2009 | 772 | | Reply to 771 Resistance by Defendant Angela Jane Johnson RE: 770 MOTION for Permission to Interview Jurors (Maazel, Ilann) Modified text on 05/11/2009 (kfs) (Entered: 05/08/2009) |
| 05/13/2009 | 773 | | ORDER denying 770 Motion For Permission To Interview Jurors as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 5/13/09. (des) (Entered: 05/13/2009) |
| 06/11/2009 | 776 | | ORDER Vacating, In Part, Convictions and Sentences And Directing Entry of Amended Judgment as to Defendant Angela Jane Johnson. Pursuant to |

April 2 2013 p 78

Appellate Case: 13-1739    Page: 78    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | the September 28, 2007, Mandate from the Eighth Circuit Court of Appeals in accordance with that court's opinion and judgment of July 30, 2007, defendant Angela Johnson's multiplicitous convictions and sentences on the charges of conspiracy murder in violation of 21 U.S.C. section 848(e)(1)(A) and 18 U.S.C. section 2 in Counts 1 through 5 of the Superseding Indictment (docket no. 233 ) are vacated. An **Amended Judgment** shall enter accordingly. Signed by Judge Mark W Bennett on 06/11/09. (src) (Entered: 06/11/2009) |
| 06/12/2009 | 777 | | VACATED PER MEMORANDUM OPINION AND ORDER FILED AT DOCKET #377 IN C09–3064–MWB – AMENDED JUDGMENT as to Defendant Angela Jane Johnson. Counts 1ss, 2ss–5ss – vacated. Defendant committed to life on Count 6 and Death on Counts 7, 8, 9, and 10 to be served concurrently. Supervised Release for 3 years on each count, concurrent. Special Assessment $500.00. Restitution $73,856.49. Signed by Judge Mark W Bennett on 06/12/09. (src) Modified text on 3/22/2012 (djs). (Entered: 06/12/2009) |
| 06/15/2009 | 778 | | CJA 30 Interim 1: Authorization to Pay Ilann M Maazel in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $28,917.00, Voucher #46290830992. Signed by Judge Mark W Bennett on 6/15/09. (copy to payee) (des) (Entered: 06/15/2009) |
| 06/15/2009 | 779 | | CJA 30 Interim 1: Authorization to Pay Michael Edward Lawlor in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $34,551.84, Voucher #46290830991. Signed by Judge Mark W Bennett on 6/15/09. (copy to payee) (des) (Entered: 06/15/2009) |
| 06/19/2009 | 783 | | SEALED STATEMENT OF REASONS *Amended* by Angela Jane Johnson, US Probation, United States of America as to Defendant Angela Jane Johnson (Guthrie, Loretta) (Entered: 06/19/2009) |
| 07/06/2009 | 790 | | *SEALED* CJA 31 Interim #3: Authorization to Pay Lesa F Watson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $1772.00 for Investigator Services, Voucher Number: 46290931307. Signed by Judge Mark W Bennett on 6/29/09 and Chief Judge James B Loken on 6/30/09. (copy to payee) (des) (Entered: 07/06/2009) |
| 07/07/2009 | 791 | | CJA 30: (Interim #2) Authorization to Pay Ilann M Maazel in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $2,488.10, Voucher # 46290930390. Signed by Judge Mark W Bennett on 07/07/09. (emailed to payee) (src) (Entered: 07/07/2009) |
| 07/07/2009 | 792 | | CJA 30: (Interim #3) Authorization to Pay Ilann M Maazel in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $20,195.49, Voucher # 46290930391. Signed by Judge Mark W Bennett on 07/07/09. (emailed to payee) (src) (Entered: 07/07/2009) |
| 07/07/2009 | 793 | | CJA 30: (Interim #4) Authorization to Pay Ilann M Maazel in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $13,801.98, Voucher # 46290930392. Signed by Judge Mark W Bennett on 07/07/09. (emailed to payee) (src) (Entered: 07/07/2009) |
| 07/08/2009 | 794 | | ORDER Setting Briefing Schedule on Juror Investigation Question as to Defendant Angela Jane Johnson (See Order Text). Parties file opening |

| | | | |
|---|---|---|---|
| | | | briefs by 7/29/2009. Parties file any reply briefs by 8/5/2009. Signed by Judge Mark W Bennett on 7/08/09. (des) (Entered: 07/08/2009) |
| 07/28/2009 | 796 | | RESPONSE by United States of America as to Defendant Angela Jane Johnson re 794 Order (Williams, Charles) Modified on 7/29/2009 to remove unnecessary text (des). (Entered: 07/28/2009) |
| 07/29/2009 | 797 | | RESPONSE by United States of America as to Defendant Angela Jane Johnson re 794 Order, Set Deadlines,, *Request for a two−day extension* (Maazel, Ilann) (Entered: 07/29/2009) |
| 07/29/2009 | 798 | | ORDER re problematic filing at 797 filed by attorney Ilann M Maazel as to Defendant Angela Jane Johnson (See Order Text). Problems aside, 797 request for extension of time is granted. Defendants Brief due by 7/31/2009. Defendant Reply Brief due by 8/7/2009. Plaintiffs Reply Brief due by 8/7/2009. Signed by Judge Mark W Bennett on 7/29/09. (des) (Entered: 07/29/2009) |
| 07/30/2009 | 799 | | Interim #5 CJA 30: Authorization to Pay Ilann M Maazel in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $11,145.00, Voucher #46290930441. Signed by Judge Mark W Bennett on 7/30/09. (copy to payee) (des) (Entered: 07/30/2009) |
| 07/31/2009 | 800 | | RESPONSE by Defendant Angela Jane Johnson re 794 Order, Set Deadlines,, *Brief concerning investigation of public records of jurors* (Maazel, Ilann) (Entered: 07/31/2009) |
| 08/01/2009 | 801 | | MOTION for approval *of Joint Proposed Scheduling Order* by Angela Jane Johnson, United States of America as to Defendant Angela Jane Johnson (Lawlor, Michael) Modified on 8/3/2009 to correct event to be a motion per R M (des). (Entered: 08/01/2009) |
| 08/07/2009 | 802 | | REPLY BRIEF by Defendant Angela Jane Johnson *Concerning Investigation of Public Records of Jurors* (Maazel, Ilann) Modified on 8/10/2009 to add link to 794 Order (des, ). (Entered: 08/07/2009) |
| 08/10/2009 | 803 | | ORDER Setting Telephonic Hearing on 801 MOTION for approval of Joint Proposed Scheduling Order,as to Defendant Angela Jane Johnson Telephonic Motion Hearing set for 8/13/2009 10:00 AM before Judge Mark W Bennett. The court will initiate the conference call. The court will call counsel at the telephone numbers shown on the electronic docket, unless provided with other contact information prior to the conference. Signed by Judge Mark W Bennett on 08/10/09. (src) (Entered: 08/10/2009) |
| 08/10/2009 | 804 | | ORDER Resetting Hearing on Motion as to Defendant Angela Jane Johnson 801 MOTION for approval of Joint Proposed Scheduling Order: Telephonic Motion Hearing reset for 8/13/2009 01:30 PM before Judge Mark W Bennett. The court will initiate the conference call. Signed by Judge Mark W Bennett on 8/10/09. (des). (Entered: 08/10/2009) |
| 08/11/2009 | 805 | | ORDER On Juror Investigation Question re 794 Order, 796 Response filed by United States of America, 800 Response filed by Angela Jane Johnson, 802 Reply Brief filed by Angela Jane Johnson (See Order Text). Signed by Judge Mark W Bennett on 8/11/09. (copy to src) (des) (Entered: 08/11/2009) |

Appellate Case: 13-1739    Page: 80    Date Filed: 04/03/2013 Entry ID: 4021355

| 08/13/2009 | 806 | | Minute Entry for proceedings held before Judge Mark W Bennett: Motion Hearing as to Defendant Angela Jane Johnson held on 8/13/2009 re 801 MOTION for approval of Joint Proposed Scheduling Order. Ruling Reserved; order to follow. (Court Reporter–Shelly Semmler) (des). (Entered: 08/13/2009) |
|---|---|---|---|
| 08/14/2009 | 807 | | SCHEDULING ORDER as to Defendant Angela Jane Johnson. **Please see order text for details**. Requests to modify or extend the deadlines stated in this order shall be in writing and filed with the Clerk of Court. Signed by Judge Mark W Bennett on 08/14/09. (src) (Entered: 08/14/2009) |
| 08/26/2009 | 808 | | CJA 30 Interim #6: Authorization to Pay Ilann M Maazel in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $13,927.50, Voucher #46290930495. Signed by Judge Mark W Bennett on 8/26/09. (copy to payee) (des) (Entered: 08/26/2009) |
| 09/09/2009 | 809 | | *SEALED* CJA 31 Interim #5: Authorization to Pay Center for Capital Assistance in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $6,543.25 for Expert Services, Voucher Number: 46290931475. Signed by Judge Mark W Bennett on 7/30/09 and Chief Judge James B Loken on 8/10/09. (copy to payee) (des) (Entered: 09/09/2009) |
| 09/09/2009 | 810 | | *SEALED* CJA 31 Interim #4: Authorization to Pay Lesa F Watson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $8,483.02 for Expert Services, Voucher Number: 46290931476. Signed by Judge Mark W Bennett on 7/30/09 and Chief Judge James B Loken on 8/10/09. (copy to payee) (des) (Entered: 09/09/2009) |
| 09/09/2009 | 811 | | *SEALED* CJA 31 Interim #5: Authorization to Pay Lesa F Watson in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $2,157.50 for Expert Services, Voucher Number: 46290931477. Signed by Judge Mark W Bennett on 7/30/09 and Chief Judge James B Loken on 8/28/09. (copy to payee) (des) (Entered: 09/09/2009) |
| 09/14/2009 | 812 | | *SEALED* CJA 31 (Interim #1): Authorization to Pay George Woods in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $1590.00 for Expert Services, Voucher Number: 46290931545. Signed by Judge Mark W Bennett on 9/10/09. (copy to payee) (des) (Entered: 09/14/2009) |
| 09/14/2009 | 813 | | *SEALED* CJA 31 (Interim #2): Authorization to Pay George Woods in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $7290.00 for Expert Services, Voucher Number: 46290931546. Signed by Judge Mark W Bennett on 9/10/09. (copy to payee) (des) (Entered: 09/14/2009) |
| 09/14/2009 | 815 | | SEE CORRECTED VOUCHER AT DOCKET NO. 818 CJA 30: (Interim #7) Authorization to Pay Ilann M Maazel in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 11462.50, Voucher # 46290930551. Signed by Judge Mark W Bennett on 09/14/09. Emailed to payee. (src) Modified on 9/21/2009 to add text re correction. (src) (Entered: 09/14/2009) |
| 09/21/2009 | 818 | | |

April 2 2013 p 81

Appellate Case: 13-1739    Page: 81    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | CJA 30: (Interim #7) Authorization to Pay Ilann M Maazel in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 19,997.50, Voucher # 46290930551. Signed by Judge Mark W Bennett on 09/14/09. Please note that this is a corrected voucher originally docketed at no. 815 . Emailed to payee. (src) (Entered: 09/21/2009) |
| 09/28/2009 | 821 | | ORDER Modifying Scheduling Order as to Defendant Angela Jane Johnson. Defendant's September 28, 2009, request to modify the scheduling order 807 , a copy of which is attached, is granted to the extent that the deadline for defendant Johnson's initial discovery requests pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings For The United States District Courts is extended from October 5, 2009 to October 12, 2009. Signed by Judge Mark W Bennett on 09/28/09. (src) (Entered: 09/28/2009) |
| 10/05/2009 | 824 | | MOTION to Set Aside Judgment by Angela Jane Johnson. (Attachments: # 1 Exhibit Expert Report of George Woods, M.D., # 2 Exhibit Declaration of Melissa Freisenborg, # 3 Exhibit Declaration of Alan Johnson, # 4 Exhibit Declaration of Scott Gahn, # 5 Exhibit Governmnent Proffer, United States v. Dustin Honken, October 19, 2004, # 6 Exhibit Letter dated October 10, 2001 from Patrick Reinert to Alfred Willett, # 7 Exhibit Letter dated March 10, 2003 from Angela Johnson to Patrick Berrigan, # 8 Exhibit Letter Dated August 12, 2004 from Richard Murphy to Alfred Willett, # 9 Exhibit Letter of November 22, 2000 from Patrick Berrigan to Dr. William Logan, # 10 Exhibit Police Interview of Phyllis Prosovic, # 11 Exhibit Declaration of Pearl Jean Johnson, # 12 Exhibit Declaration of Wendy Jacobson, # 13 Exhibit Declaration of Holly Dirksen, # 14 Exhibit Declaration of Alyssa Johnson) (Lawlor, Michael) (Entered: 10/05/2009) |
| 10/05/2009 | 825 | | MOTION to Seal Document by Angela Jane Johnson. (Attachments: # 1 Text of Proposed Order) (Lawlor, Michael) (Entered: 10/05/2009) |
| 10/06/2009 | | | Docket Annotation re 825 MOTION to Seal Document, 824 MOTION to Set Aside Judgment, as to Defendant Angela Jane Johnson: Attorney filed in criminal case in error. QC clerk has properly filed in civil case C09–3064–MWB. All filings relating to this 2255 motion are to be filed in the civil case. (des). (Entered: 10/06/2009) |
| 10/13/2009 | 826 | | CJA 30: (Interim #2) Authorization to Pay Michael Edward Lawlor in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $130,937.50, Voucher # 46290930287. Signed by Judge Mark W Bennett on 10/13/09. Copy to payee. (src) (Entered: 10/13/2009) |
| 10/26/2009 | 827 | | *SEALED* CJA 31: (Interim #1) Authorization to Pay George Woods in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $1,590.00 for Expert Services, Voucher Number: 46290931545. Signed by Judge Mark W Bennett on 09/10/09 and approved by Chief Judge James B Loken on 10/02/09. Copy mailed to payee. (src) (Entered: 10/26/2009) |
| 10/27/2009 | 828 | | *SEALED* CJA 31 (Interim #6): Authorization to Pay Lesa Watson in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $1870.00 for Expert Services, Voucher Number: 46290931548. Signed by Judge Mark W Bennett on 9/04/09 and Chief Judge James B Loken on 10/02/09. (copy to payee) (des). (Entered: 10/27/2009) |
| 10/27/2009 | 829 | | |

Appellate Case: 13-1739    Page: 82    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | *SEALED* CJA 31 (Interim #7): Authorization to Pay Lesa Watson in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $9876.75 for Expert Services, Voucher Number: 46290931549. Signed by Judge Mark W Bennett on 9/24/09 and Chief Judge James B Loken on 10/02/09. (copy to payee) (des). (Entered: 10/27/2009) |
| 10/27/2009 | 830 | | *SEALED* CJA 31 (Interim #2): Authorization to Pay George Woods in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $7290.00 for Expert Services, Voucher Number: 46290931546. Signed by Judge Mark W Bennett on 9/10/09 and Chief Judge James B Loken on 10/02/09. (copy to payee) (des) (Entered: 10/27/2009) |
| 10/30/2009 | 831 | | *SEALED* CJA 31 (Interim #7): Authorization to Pay Center for Capital Assistance in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $27,460.29 for Expert Services, Voucher Number: 462909310577. Signed by Judge Mark W Bennett on 9/24/09 and Chief Judge James B Loken on 10/02/09. (copy to payee) (des). (Entered: 10/30/2009) |
| 10/30/2009 | 832 | | *SEALED* CJA 31 (Interim #6): Authorization to Pay Center for Capital Assistance in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $4,894.77 for Expert Services, Voucher Number: 46290931547. Signed by Judge Mark W Bennett on 9/24/09 and Chief Judge James B Loken on 10/02/09. (copy to payee) (des) (Entered: 10/30/2009) |
| 12/03/2009 | 833 | | *SEALED* CJA 31 (Interim #8): Authorization to Pay Center for Capital Assistance in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 43,140.48 for Expert Services, Voucher Number: 462909310651. Signed by Judge Mark W Bennett on 11/21/2009 and Chief Judge James B. Loken on 11/30/2009. (copy to payee) (de) Modified on 12/4/2009 to add text re interim number (des). (Entered: 12/03/2009) |
| 12/03/2009 | 834 | | *SEALED* CJA 31 (Interim #9): Authorization to Pay Center for Capital Assistance in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 10,480.54 for Expert Services, Voucher Number: 462909310652. Signed by Judge Mark W Bennett on 11/21/2009 and Chief Judge James B. Loken on 11/30/2009. (copy to payee) (de) Modified on 12/4/2009 to add text re interim number (des). (Entered: 12/03/2009) |
| 12/03/2009 | 835 | | *SEALED* CJA 31 (interim #8): Authorization to Pay Lesa Watson in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 16,351.80 for Expert Services, Voucher Number: 462909310627. Signed by Judge Mark W Bennett on 11/21/2009 and Chief Judge James B. Loken on 11/30/2009. (copy to payee) (de) (Entered: 12/03/2009) |
| 12/03/2009 | 836 | | *SEALED* CJA 31 (interim #9): Authorization to Pay Lesa Watson in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 12,874.60 for Expert Services, Voucher Number: 462909310628. Signed by Judge Mark W Bennett on 11/21/2009 and Chief Judge James B. Loken on 11/30/2009. (copy to payee) (de) (Entered: 12/03/2009) |
| 12/07/2009 | 837 | | *SEALED* CJA 31: (Interim #3) Authorization to Pay George W Woods MD in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $10,350.00 for Expert Services, Voucher Number: 462909310642. |

April 2 2013 p 83

Appellate Case: 13-1739     Page: 83     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Signed by Judge Mark W Bennett on 11/21/09, and approved by Chief Judge James B Loken on 12/03/09. Copy to payee. (src) Modified on 12/7/2009 to edit text. (src) (Entered: 12/07/2009) |
| 12/16/2009 | 838 | | CJA 30 Interim #8: Authorization to Pay Ilann M Maazel in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $28,392.50, Voucher #462909300689. Signed by Judge Mark W Bennett on 12/14/09. (copy to payee) (des) (Entered: 12/16/2009) |
| 01/08/2010 | 839 | | *SEALED* CJA 31 (Interim #10): Authorization to Pay Lesa Watson in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $700.00 for Expert Services, Voucher Number: 462909310669. Signed by Judge Mark W Bennett on 12/17/2009. Signed by James B. Loken on 12/23/2009. (copy to payee) (de) (Entered: 01/08/2010) |
| 08/24/2010 | 840 | | MOTION to Appoint Counsel *Michael E. Burt*, MOTION to Continue evidentiary hearing *currently scheduled for October 4, 2010* by Angela Jane Johnson. (Maazel, Ilann) (Entered: 08/24/2010) |
| 12/16/2010 | 841 | | CJA 30 Interim #3: Authorization to Pay Michael Edward Lawlor in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $41,751.28. Signed by Judge Mark W Bennett on 12/14/2010. (copy to payee) (des) (Entered: 12/16/2010) |
| 05/25/2011 | 843 | | SEALED NOTICE of Filing of Official Transcript of Ex Parte Proceedings as to Defendant Angela Jane Johnson held on 5/9/05 before Judge Judge Mark W Bennett. Court Reporter Shelly Semmler, Telephone number 712–233–3846. (djs) Modified text on 5/25/11 because transcript is to be sealed per court reporter. Regenerated NEF on 5/25/11 to ad hoc court reporter (djs). (Entered: 05/25/2011) |
| 05/25/2011 | 844 | | NOTICE of Filing of Electronic Transcript: Administrative Order attached: Please read for instructions for actions parties/counsel may be required to take re 843 Sealed Transcript. (djs) (Entered: 05/25/2011) |
| 10/17/2011 | 845 | | CJA 30 Final Payment: Authorization to Pay Patrick J Berrigan in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $11,731.95. Signed by Judge Mark W Bennett on 10/14/2011. (copy to payee) (des) (Entered: 10/17/2011) |
| 03/22/2012 | | | DOCKET Annotation as to Defendant Angela Jane Johnson: Order granting in part, denying in part and dismissing without prejudice in part filed in C09–3064–MWB this date. (djs) (Entered: 03/22/2012) |
| 03/22/2012 | | | Set Deadline as to Defendant Angela Jane Johnson: Status Report due by 5/21/2012 pursuant to Memorandum Opinion and Order filed in C09–3064–MWB at docket no. 377. (djs) (Entered: 03/22/2012) |
| 06/19/2012 | 846 | | ORDER as to Defendant Angela Jane Johnson, appointing counsel for further criminal proceedings and scheduling "retrial" before a jury on penalty phase as to Defendant Angela Jane Johnson ( Jury Trial set for 6/3/2013 08:00 AM in SC 3rd Fl Ct before Judge Mark W Bennett.. Signed by Judge Mark W Bennett on 06/19/2012. (Mastalir, Roger) (Entered: 06/19/2012) |
| 06/20/2012 | | | |

Appellate Case: 13-1739     Page: 84     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Judge update in case as to Angela Jane Johnson. Magistrate Judge Leonard T Strand added. Magistrate Judge Paul A Zoss no longer assigned to case. (des) (Entered: 06/20/2012) |
| 06/20/2012 | 847 | | MINUTE Entry for proceedings held before Judge Mark W Bennett: Status and Scheduling Conference as to Defendant Angela Jane Johnson held on 6/18/2012. Order filed at 846 . (Court Reporter Shelly Semmler) (des) (Entered: 06/20/2012) |
| 06/22/2012 | 848 | | MOTION Requesting Transfer of Original Trial Exhibits from the Northern District of Iowa Clerk's Office to the United States Attorney's Office, Northern District of Iowa by United States of America as to Angela Jane Johnson. (Attachments: # 1 Text of Proposed Order) (Williams, Charles) (Entered: 06/22/2012) |
| 06/22/2012 | 849 | | ORDER granting 848 Motion Requesting Transfer of Original Trial Exhibits from the NDIA Clerk's Office to the US Attorney's Office, NDIA, as to Angela Jane Johnson (1) (See Order Text). Signed by Judge Mark W Bennett on 6/22/2012. (des) (Entered: 06/22/2012) |
| 07/03/2012 | 850 | | NOTICE *of Withdrawal of Assistant Attorney General Thomas Henry Miller* by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) Modified text on 7/3/2012 (des). (Entered: 07/03/2012) |
| 07/18/2012 | 851 | | NOTICE of Receipt for Exhibits as to Defendant Angela Jane Johnson: Jury Trial Exhibits (See Document) were released to Lori A Lewis of Iowa DNE for United States of America on 7/18/2012 pursuant to 849 Order. (des) (Entered: 07/18/2012) |
| 07/19/2012 | 852 | | TEXT ORDER ONLY re 846 Order, Trial Scheduling Order as to Defendant Angela Jane Johnson. The parties shall have to and including Wednesday, August 1, 2012, in which to submit their proposed scheduling order in this matter. Signed by Judge Mark W Bennett on 7/19/12. (Gill, Jennifer) (Entered: 07/19/2012) |
| 07/27/2012 | 855 | | NOTICE of Attorney Appearance Jamie D Bowers appearing for USA. (Bowers, Jamie) (Entered: 07/27/2012) |
| 07/27/2012 | 856 | | NOTICE of Change of Address by Nancy S Pemberton (Pemberton, Nancy) (Entered: 07/27/2012) |
| 07/31/2012 | 857 | | UNRESISTED Motion for Joint Proposed Schedule *with Agreed Upon Dates, and Each Party's Proposal for Non–Agreed Upon Dates* by Angela Jane Johnson. (Pemberton, Nancy) (Entered: 07/31/2012) |
| 08/02/2012 | 858 | | SCHEDULING ORDER as to Defendant Angela Jane Johnson re 857 Unresisted Motion for Joint Proposed Schedule. Jury Trial set for 6/3/2013 08:00 AM in SC 3rd Fl Ct before Judge Mark W Bennett. Pretrial Conference set for 5/16/2013 08:00 AM in SC 3rd Fl Ct before Judge Mark W Bennett. (See Text of Order for deadlines, requirements for submissions to or exchanges between parties, and requirements for filings.) Signed by Judge Mark W Bennett on 8/1/2012. (des) (Entered: 08/02/2012) |
| 08/03/2012 | 859 | | EX PARTE SEALED MOTION to Authorize Advance Approval of Expert Fees by Angela Jane Johnson as to Angela Jane Johnson. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Burt, Michael) Modified text on |

Appellate Case: 13-1739    Page: 85    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | 8/3/2012 (des). (Entered: 08/03/2012) |
| 08/31/2012 | 861 | | MOTION for Discovery *of Grand Jury and Petit Jury Data and Notice of Intent to Challenge the Jury Selection Process* by Angela Jane Johnson. (Attachments: # 1 Exhibit A) (Morrissey, Marcia) (Entered: 08/31/2012) |
| 09/07/2012 | 862 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 861 MOTION for Discovery *of Grand Jury and Petit Jury Data and Notice of Intent to Challenge the Jury Selection Process* (Williams, Charles) (Entered: 09/07/2012) |
| 09/11/2012 | 863 | | ORDER Setting Telephonic Oral Arguments on 861 MOTION for Discovery *of Grand Jury and Petit Jury Data and Notice of Intent to Challenge the Jury Selection Process* as to Defendant Angela Jane Johnson. Telephonic Oral Arguments set for 9/19/2012 01:30 PM (CDT) before Judge Mark W Bennett. Defendant's counsel shall initiate the conference call. **See text of order** Signed by Judge Mark W Bennett on 9/11/12. (djs) (Entered: 09/11/2012) |
| 09/14/2012 | 864 | | MOTION to Dismiss *the Special Findings from the Second Superseding Indictment and to Strike Notice of Intent to Seek the Death Penalty* by Angela Jane Johnson. (Attachments: # 1 Exhibit 1) (Morrissey, Marcia) (Entered: 09/14/2012) |
| 09/14/2012 | 865 | | MOTION to Dismiss *Particular Aggravating Factors from the Second Superseding Indictment, and to Strike Particular Aggravating Factors from the Second Notice of Intent to Seek the Death Penalty, and for Other Relief* by Angela Jane Johnson. (Attachments: # 1 Exhibit 1) (Morrissey, Marcia) (Entered: 09/14/2012) |
| 09/14/2012 | 866 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 861 MOTION for Discovery *of Grand Jury and Petit Jury Data and Notice of Intent to Challenge the Jury Selection Process* (Morrissey, Marcia) (Entered: 09/14/2012) |
| 09/14/2012 | 867 | | MOTION to Compel *Discovery of Evidence in Support of United States Attorney's Reasons Not to Seek the Death Penalty, Or, in the Alternative, for In−Camera Review of the Death Penalty Evaluation Form* by Angela Jane Johnson. (Morrissey, Marcia) (Entered: 09/14/2012) |
| 09/14/2012 | 868 | | MOTION to Preclude Capital Sentencing Hearing by Angela Jane Johnson. (Morrissey, Marcia) (Entered: 09/14/2012) |
| 09/14/2012 | 869 | | MOTION for Discovery *to Support Motion to Strike Death Penalty Based Upon Influence of Arbitrary Factor of Race and Gender of Victim* by Angela Jane Johnson. (Morrissey, Marcia) (Entered: 09/14/2012) |
| 09/19/2012 | 870 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 868 MOTION to Preclude Capital Sentencing Hearing (Williams, Charles) (Entered: 09/19/2012) |
| 09/19/2012 | 871 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 867 MOTION to Compel *Discovery of Evidence in Support of United States Attorney's Reasons Not to Seek the Death Penalty, Or, in the Alternative, for In−Camera Review of the Death Penalty Evaluation Form* (Attachments: # 1 Declaration of AUSA C.J. Williams) (Williams, Charles) |

April 2 2013 p 86

Appellate Case: 13-1739    Page: 86    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | (Entered: 09/19/2012) |
| 09/19/2012 | 872 | | UNRESISTED Motion for Extension of Time *to file responses and/or resistance* by United States of America as to Angela Jane Johnson. (Williams, Charles) Modified on 9/19/2012 to add links to 864 , 865 , and 869 Motions (des). (Entered: 09/19/2012) |
| 09/19/2012 | 873 | | MINUTE Entry for proceedings held before Judge Mark W Bennett: Motion Hearing as to Defendant Angela Jane Johnson held on 9/19/2012 re 861 MOTION for Discovery *of Grand Jury and Petit Jury Data and Notice of Intent to Challenge the Jury Selection Process* filed by Angela Jane Johnson. Order to follow. (Court Reporter Shelly Semmler.) (djs) (Additional attachment(s) added on 9/19/2012: # 1 Amended Minutes) (djs). (Entered: 09/19/2012) |
| 09/19/2012 | 874 | | ORDER as to Defendant Angela Jane Johnson: Granting 872 Motion for Extension of Time to File Response to 864 Motion to Dismiss, 865 Motion to Dismiss and 869 Motion for Discovery: Prosecutions's Response ddl 10/05/2012. Signed by Judge Mark W Bennett on 09/19/12. (kfs) (Entered: 09/19/2012) |
| 09/26/2012 | 875 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 867 MOTION to Compel *Discovery of Evidence in Support of United States Attorney's Reasons Not to Seek the Death Penalty, Or, in the Alternative, for In−Camera Review of the Death Penalty Evaluation Form* (Attachments: # 1 Exhibit A) (Morrissey, Marcia) (Entered: 09/26/2012) |
| 09/26/2012 | 876 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 868 MOTION to Preclude Capital Sentencing Hearing (Morrissey, Marcia) (Entered: 09/26/2012) |
| 09/27/2012 | 877 | | Amended/Supplemented Motion re Request for Discovery of Petit Jury Data by Defendant Angela Jane Johnson. (Morrissey, Marcia) Modified on 9/27/2012 to change brief to a motion. (src) (Entered: 09/27/2012) |
| 10/01/2012 | 878 | | MOTION for Issuance of Subpoena Duces Tecum by Angela Jane Johnson. (Morrissey, Marcia) (Entered: 10/01/2012) |
| 10/01/2012 | 879 | | NOTICE of Intent to Seek the Death Penalty as to Angela Jane Johnson *(Government's Third Amended)* (Williams, Charles) Modified text on 10/2/2012 (des). (Entered: 10/01/2012) |
| 10/03/2012 | 880 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 869 MOTION for Discovery *to Support Motion to Strike Death Penalty Based Upon Influence of Arbitrary Factor of Race and Gender of Victim* (Williams, Charles) (Entered: 10/03/2012) |
| 10/03/2012 | 881 | | MOTION to File Overlength Brief by United States of America as to Angela Jane Johnson. (Attachments: # 1 Resistance to Defendant's Omnibus Motion to Dismiss the "Special Findings" from the Second Superseding Indictment and to Strike Notice of Intent to Seek the Death Penalty) (Williams, Charles) (Entered: 10/03/2012) |
| 10/03/2012 | 882 | | MOTION to File Overlength Brief by United States of America as to Angela Jane Johnson. (Attachments: # 1 Resistance to Defendant's Motion to Dismiss Particular Aggravating Factors from the Second Superseding |

Appellate Case: 13-1739   Page: 87   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Indictment, and to Strike Particular Aggravating Factors from the Second Notice of Intent to Seek the Death Penalty, and for Other Relief) (Williams, Charles) (Entered: 10/03/2012) |
| 10/03/2012 | 883 | | ORDER granting only as modified 861 Motion for Discovery of Grand Jury and Petit Jury Data and Notice of Intent to Challenge the Jury Selection Process by the defendant's 877 Supplemental Request for Discovery of Petit Jury Data as to Angela Jane Johnson (1), and only to the extent that the materials identified in the Supplemental Request exist and are in the possession of the Clerk of Court. **See text of Order.** Signed by Judge Mark W Bennett on 10/3/12. (djs) (Entered: 10/03/2012) |
| 10/03/2012 | 884 | | ORDER granting 878 Motion for Issuance of Subpoena Duces Tecum to the Iowa Secretary of State as to Angela Jane Johnson (1), without prejudice to any motion by the recipient to quash the subpoena pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure. The Clerk of Court shall provide notice of this Order and a copy of the defendant's October 1, 2012, Motion for Issuance of Subpoena Duces Tecum To The Iowa Secretary of State 878 to the Iowa Secretary of State. **See text of Order.** Signed by Judge Mark W Bennett on 10/3/12. (copy w/nef and motion emailed and mailed to Iowa Secretary of State) (djs) (Additional attachment(s) added on 10/9/2012: # 1 Confirmation Receipt) (djs). (Entered: 10/03/2012) |
| 10/03/2012 | 885 | | ORDER granting 881 Motion to File Overlength Brief; and granting 882 Motion to File Overlength Brief as to Angela Jane Johnson (1). The Clerk of Court shall detach the overlength resistance brief filed with each motion and refile it as the plaintiff's resistance to the pertinent motion. Signed by Judge Mark W Bennett on 10/3/12. (djs) (Entered: 10/03/2012) |
| 10/03/2012 | 886 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 864 MOTION to Dismiss *the Special Findings from the Second Superseding Indictment and to Strike Notice of Intent to Seek the Death Penalty*. Filed by Clerk per 885 Order. (djs) (Entered: 10/03/2012) |
| 10/03/2012 | 887 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 865 MOTION to Dismiss *Particular Aggravating Factors from the Second Superseding Indictment, and to Strike Particular Aggravating Factors from the Second Notice of Intent to Seek the Death Penalty, and for Other Relief*. Filed by Clerk per 885 Order. (djs) (Entered: 10/03/2012) |
| 10/10/2012 | 888 | | MOTION to File Overlength Brief by Angela Jane Johnson. (Attachments: # 1 Reply to Government's Resistance to Defendant's Motion for Discovery to Support Motion to Strike Death Penalty Based Upon Influence of Arbitrary Factor of Race and Gender of Victim) (Morrissey, Marcia) Modified text on 10/11/2012 (des). (Entered: 10/10/2012) |
| 10/10/2012 | 889 | | MOTION to File Overlength Brief by Angela Jane Johnson. (Attachments: # 1 Reply to Government's Resistance to Angela Johnson's Omnibus Motion to Dismiss the Special Findings from the Second Superseding Indictment and to Strike Notice of Intent to Seek the Death Penalty) (Morrissey, Marcia) Modified text on 10/11/2012 (des). (Entered: 10/10/2012) |
| 10/10/2012 | 890 | | MOTION to File Overlength Brief by Angela Jane Johnson. (Attachments: # 1 Angela Johnson's Reply to Government's Resistance to Motion to |

April 2 2013 p 88

Appellate Case: 13-1739    Page: 88    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Dismiss Particular Aggravating Factors From the Second Superseding Indictment, and to Strike Particular Aggravating Factors From the Second Notice of Intent to Seek the Death Penalty, And for Other Relief) (Morrissey, Marcia) Modified on 10/11/2012 (des). (Entered: 10/10/2012) |
| 10/10/2012 | 891 | | ORDER granting 888 Motion to File Overlength Brief; granting 889 Motion to File Overlength Brief; and granting 890 Motion to File Overlength Brief as to Angela Jane Johnson (1). The Clerk of Court shall detach the overlength reply brief filed with each motion and refile it as the defendant's reply in further support of the pertinent motion. Signed by Judge Mark W Bennett on 10/10/12. (djs) (Entered: 10/10/2012) |
| 10/10/2012 | 892 | | REPLY TO 880 Resistance to 869 MOTION for Discovery *to Support Motion to Strike Death Penalty Based Upon Influence of Arbitrary Factor of Race and Gender of Victim* by Defendant Angela Jane Johnson. Filed by Clerk per Order at 891 . (djs) (Entered: 10/10/2012) |
| 10/10/2012 | 893 | | REPLY TO 886 Resistance 864 MOTION to Dismiss *the Special Findings from the Second Superseding Indictment and to Strike Notice of Intent to Seek the Death Penalty* by Defendant Angela Jane Johnson. Filed by Clerk pursuant to Order at 891 . (djs) (Entered: 10/10/2012) |
| 10/10/2012 | 894 | | REPLY TO 887 Resistance 865 MOTION to Dismiss *Particular Aggravating Factors from the Second Superseding Indictment, and to Strike Particular Aggravating Factors from the Second Notice of Intent to Seek the Death Penalty, and for Other Relief* by Defendant Angela Jane Johnson. Filed by Clerk pursuant to Order at 891 . (djs) (Entered: 10/10/2012) |
| 10/12/2012 | 896 | | Subpoena Issued for Matt Schultz, Iowa Secretary of State as to Defendant Angela Jane Johnson re 884 Order (copy hand delivered to USM for service with 884 Order) (djs) (Entered: 10/12/2012) |
| 10/19/2012 | 901 | | NOTICE *of Disclosure of Expert Information* by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) (Entered: 10/19/2012) |
| 10/25/2012 | 903 | | MEMORANDUM Opinion and Order Regarding Defendant Challenge to Capital Resentencing Hearing and the Second Superseding Indictment and Requests for Discovery. Denying 864 Omnibus Motion to Dismiss as to Angela Jane Johnson (1); denying in part and denying as moot in part 865 Motion to Dismiss Particular Aggravating Factors as to Angela Jane Johnson (1) (see text of order for details); denying 867 Motion to Compel as to Angela Jane Johnson (1); denying 868 Motion To Preclude Capital Sentencing Hearing as to Angela Jane Johnson (1); denying 869 Motion for Discovery as to Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 10/25/2012. (Mastalir, Roger) (Main Document 903 replaced on 10/26/2012 with added new footnote 4 and NEF Regenerated) (des). (Entered: 10/25/2012) |
| 10/26/2012 | 904 | | NOTICE of Receipt for Jury Documents by Federal Public Defender as to Defendant Angela Jane Johnson: 2011 Jury Wheel Refill Qualification Questionnaires (4 boxes) and Cedar Rapids Supplemental Questionnaires (2 boxes). Documents must be kept in their original form until completion of the reproduction. (ksy)(copy to FPD at counter) (Entered: 10/26/2012) |

Appellate Case: 13-1739     Page: 89     Date Filed: 04/03/2013 Entry ID: 4021355

| 11/01/2012 | 905 | | ORDER re 878 MOTION for Issuance of Subpoena Duces Tecum filed by Angela Jane Johnson and 884 Order on Motion for Issuance of Subpoena as to Defendant Angela Jane Johnson. I now direct that the United States Marshal shall serve the Subpoena Duces Tecum to the Iowa Secretary of State. **See text of Order.** Signed by Judge Mark W Bennett on 11/1/12. (certified copy hand delivered to USM) (djs) (Entered: 11/01/2012) |
| --- | --- | --- | --- |
| 11/01/2012 | 906 | | MOTION to Dismiss *Certain Statutory and Non−Statutory Aggravating Factors from Government's Third Amended Notice of Intent to Seek the Death Penalty 879* by Angela Jane Johnson. (Attachments: # 1 Exhibit A through G) (Morrissey, Marcia) Modified link on 11/2/2012 (des). Modified on 11/5/2012 to document clerk sent email notification to all defense attorneys regarding personal identifiers contained in the attached exhibits (des). (Entered: 11/01/2012) |
| 11/05/2012 | 907 | | MOTION for Extension of Deadline for Filing Jury Composition and Change of Venue Motions by Angela Jane Johnson. (Morrissey, Marcia) (Entered: 11/05/2012) |
| 11/05/2012 | 908 | | UNRESISTED Motion for Extension of Time *to File Response to 906 Motion to Dismiss Certain Statutory and Non−Statutory Aggravating Factors from Government's Third Amended Notice of Intent to Seek the Death Penalty* by United States of America as to Angela Jane Johnson. (Williams, Charles) Modified on 11/6/2012 to add link to 906 Motion (des). (Entered: 11/05/2012) |
| 11/05/2012 | 909 | | ORDER as to Defendant Angela Jane Johnson granting 907 MOTION for Extension of Deadline for Filing Jury Composition and Change of Venue Motions filed by Angela Jane Johnson. The deadline for these anticipated motions is extended to and including 01/07/2013, and the deadline for the prosecution's responses is extended to and including 02/11/13. And, granting 908 UNRESISTED Motion for Extension of Time *to File Response to Motion to Dismiss Certain Statutory and Non−Statutory Aggravating Factors from Government's Third Amended Notice of Intent to Seek the Death Penalty* filed by United States of America. The prosecution shall have to and including November 21, 2012, to file its response to 906 . Signed by Judge Mark W Bennett on 11/05/2012. (src) Modified on 11/6/2012 to note that order was replaced with corrected version. (src) (Main Document 909 replaced on 11/6/2012) (src). (Entered: 11/05/2012) |
| 11/07/2012 | 910 | | Subpoena Returned Executed re Iowa Secretary of State on 11/5/2012 as to Defendant Angela Jane Johnson. (pac) (Entered: 11/07/2012) |
| 11/08/2012 | 912 | | CJA 30 (Interim No. 1): Authorization to Pay Marcia A Morrissey in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 12394.35. Signed by Judge Mark W Bennett on 11/7/12. (copy to payee) (djs) (Entered: 11/08/2012) |
| 11/08/2012 | 913 | | CJA 30: Interim #2 − Authorization to Pay Nancy Pemberton in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $6,636.18. Signed by Judge Mark W Bennett on 11/07/2012. Copy to payee. (src) (Entered: 11/08/2012) |
| 11/08/2012 | 914 | | CJA 30 − Interim #1: Authorization to Pay Nancy S Pemberton in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ |

Appellate Case: 13-1739     Page: 90     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | 7,224.88. Signed by Judge Mark W Bennett on 11/7/12. (copy to payee) (djs) (Entered: 11/08/2012) |
| 11/08/2012 | 915 | | CJA 30: Interim 2 – Authorization to Pay Marcia A Morrissey in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $14,168.80. Signed by Judge Mark W Bennett on 11/07/2012. Copy to payee. (src) (Entered: 11/08/2012) |
| 11/19/2012 | 917 | | MOTION to File Overlength Brief by United States of America as to Angela Jane Johnson. (Attachments: # 1 Resistance to Defendant's 906 Motion to Dismiss Certain Statutory and Non–Statutory Aggravating Factors from Government's Third Amended Notice of Intent to Seek the Death Penalty) (Williams, Charles) (Entered: 11/19/2012) |
| 11/19/2012 | 918 | | ORDER granting 917 Motion to File Overlength Brief as to Angela Jane Johnson (1). Clerk shall detach and file the overlength brief as the plaintiff's resistance to 906 MOTION to Dismiss Certain Statutory and Non–Statutory Aggravating Factors from Government's Third Amended Notice of Intent to Seek the Death Penalty 879 . Signed by Judge Mark W Bennett on 11/19/2012. (des) (Entered: 11/19/2012) |
| 11/19/2012 | 919 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 906 MOTION to Dismiss *Certain Statutory and Non–Statutory Aggravating Factors from Government's Third Amended Notice of Intent to Seek the Death Penalty* (filed by clerk pursuant to 918 Order) (des) (Entered: 11/19/2012) |
| 11/20/2012 | 921 | | MOTION for Extension of Time to File Reply to Government's Resistance to Motion to Dismiss Certain Statutory and Non–Statutory Aggravating Factors from the Third Amended Notice of Intent to Seek the Death Penalty by Angela Jane Johnson. (Morrissey, Marcia) (Entered: 11/20/2012) |
| 11/21/2012 | 922 | | ORDER granting 921 MOTION for Extension of Time to File Reply to Governments Resistance re 906 Motion to Dismiss Certain Statutory and Non–Statutory Aggravating Factors from the Third Amended Notice of Intent to Seek the Death Penalty filed by Angela Jane Johnson. Reply due by 12/3/2012. Signed by Judge Mark W Bennett on 11/21/2012. (des) (Entered: 11/21/2012) |
| 11/27/2012 | 924 | | NOTICE *of Disclosure of Expert Information* by Defendant Angela Jane Johnson (Pemberton, Nancy) (Entered: 11/27/2012) |
| 12/03/2012 | 926 | | MOTION to File Overlength Brief by Angela Jane Johnson. (Attachments: # 1 Reply to Government's Resistance to Motion to Dismiss Certain Statutory and Non–Statutory Aggravating Factors from the Third Amended Notice of Intent to Seek the Death Penalty) (Morrissey, Marcia) (Entered: 12/03/2012) |
| 12/05/2012 | 927 | | *SEALED* CJA 31: Authorization to Pay Rapids Reproduction in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $6,069.80 for Services. Signed by Judge Mark W Bennett on 12/5/2012 and Chief Judge William J Riley on 12/5/2012. (Copy to payee) (pac) (Entered: 12/05/2012) |
| 12/06/2012 | 928 | | ORDER granting 926 Motion to File Overlength Reply Brief as to Angela |

Appellate Case: 13-1739    Page: 91    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | Jane Johnson (1) re 906 MOTION to Dismiss Certain Statutory and Non−Statutory Aggravating Factors from Government's Third Amended Notice of Intent to Seek the Death Penalty. The Clerk of Court shall detach the overlength reply brief attached to the defendants present Motion and refile it. The Reply is deemed timely filed. Signed by Judge Mark W Bennett on 12/6/2012. (des) (Entered: 12/06/2012) |
| 12/06/2012 | 929 | | REPLY BRIEF by Defendant Angela Jane Johnson re 906 MOTION to Dismiss *Certain Statutory and Non−Statutory Aggravating Factors from Government's Third Amended Notice of Intent to Seek the Death Penalty* (docketed by clerk pursuant to 928 Order) (des) (Entered: 12/06/2012) |
| 12/14/2012 | 935 | | NOTICE *of Supplemental Disclosure of Expert Information* by Defendant Angela Jane Johnson (Morrissey, Marcia) Modified text on 12/14/2012 (des). (Entered: 12/14/2012) |
| 12/17/2012 | 936 | | *SEALED* CJA 31: Authorization to Pay Gordon W Gratias c/o Gratias Investigation Inc in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $6,010.00 for Expert Services. Signed by Judge Mark W Bennett on 12/14/2012. Copy mailed to payee. (src) (Entered: 12/17/2012) |
| 12/17/2012 | 937 | | SURREPLY by United States of America as to Defendant Angela Jane Johnson re 906 Motion to Dismiss Certain Statutory and Non−Statutory Aggravating Factors from Government's Third Amended Notice of Intent to Seek the Death Penalty (Williams, Charles) Modified text on 12/18/2012 (des). (Entered: 12/17/2012) |
| 01/02/2013 | 938 | | UNRESISTED Motion for Extension of Time to File Disclosure of Rebuttal Expert Witnesses and Rule 16 Expert Witness Summaries by United States of America as to Angela Jane Johnson. (Williams, Charles) (Entered: 01/02/2013) |
| 01/02/2013 | 939 | | UNRESISTED Motion for extension of deadline for filing change of venue motion by Angela Jane Johnson. (Pemberton, Nancy) (Entered: 01/02/2013) |
| 01/03/2013 | 940 | | ORDER: Denying 939 Motion to Extend Deadline for Filing Change of Venue Motion as to Defendant Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 01/03/13. (kfs) (Entered: 01/03/2013) |
| 01/03/2013 | 941 | | ORDER – Granting 938 UNRESISTED Motion for Extension of Time to File Disclosure of Rebuttal Expert Witnesses and Rule 16 Expert Witness Summaries filed by United States of America as to defendant Angela Johnson. The prosecution shall have to and including March 5, 2013, within which to file its rebuttal expert witness disclosures. All Daubert motions must be filed on or before March 19, 2013. All responses to Daubert motions must be filed on or before April 2, 2013. All replies in support of Daubert motions must be filed on or before April 9, 2013. Signed by Judge Mark W Bennett on 01/03/2013. (src) (Entered: 01/03/2013) |
| 01/03/2013 | 942 | | CJA 30 Interim #3: Authorization to Pay Marcia A Morissey in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $19,283.63. Signed by Judge Mark W Bennett on 1/3/2013. (copy to payee) (des) (Entered: 01/03/2013) |
| 01/03/2013 | 943 | | CJA 30 Interim #4: Authorization to Pay Marcia A Morissey in Death |

| | | | |
|---|---|---|---|
| | | | Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $11,774.25. Signed by Judge Mark W Bennett on 1/3/2013. (copy to payee) (des) (Entered: 01/03/2013) |
| 01/07/2013 | 944 | | MOTION to Prohibit Trial Due to Unconstitutional Jury Selection Procedures by Angela Jane Johnson. (Morrissey, Marcia) (Entered: 01/07/2013) |
| 01/07/2013 | 945 | | MOTION to Change Venue by Angela Jane Johnson. (Attachments: # 1 Exhibit A – O, # 2 Exhibit P – BB) (Morrissey, Marcia) (Entered: 01/07/2013) |
| 01/08/2013 | 946 | | *SEALED* CJA 31: Authorization to Pay Rapids Reproduction in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $6,069.80 for Duplication Services, Voucher Number: 121205000003. Signed by Judge Mark W Bennett on 12/5/2012 and Chief Judge William J Riley on 12/5/2012. (Copy to payee) (pac) (Entered: 01/08/2013) |
| 01/08/2013 | 947 | | *SEALED* CJA 31: Authorization to Pay Gratias Investigation, Inc in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $6,010.00 for Investigative Services, Voucher Number: 121219000146. Signed by Judge Mark W Bennett on 12/14/2012 and by Chief Judge William J Riley on 12/19/2012. (Copy to payee) (pac) (Entered: 01/08/2013) |
| 01/10/2013 | 949 | | UNRESISTED Motion for Extension of Time *to file resistances* by United States of America as to Angela Jane Johnson. (Williams, Charles) Modified text on 1/11/2013 (des). (Entered: 01/10/2013) |
| 01/10/2013 | 950 | | ORDER denying as moot 949 Unresisted Motion Extension of Time to file resistances as to Angela Jane Johnson (1) (See Order Text). Signed by Judge Mark W Bennett on 1/10/2013. (des) (Entered: 01/10/2013) |
| 01/16/2013 | 951 | 100 | MEMORANDUM OPINION AND ORDER granting in part and denying in part 906 Motion to Dismiss Certain Statutory and Non–Statutory Aggravating Factors From The Government's Third Amended Notice of Intent To Seek The Death Penalty as to Angela Jane Johnson. **See order text for details**. Signed by Judge Mark W Bennett on 01/16/2013. (src) (Entered: 01/16/2013) |
| 01/30/2013 | 953 | | ORDER SETTING IN–PERSON HEARING as to Defendant Angela Jane Johnson. In–Person Status Conference with counsel set for 3/4/2013 08:00 AM (CST) in SC 3rd Fl Ct before Judge Mark W Bennett. Signed by Judge Mark W Bennett on 1/30/13. (djs) (Entered: 01/30/2013) |
| 02/01/2013 | 954 | | *SEALED* CJA 31 Interim Payment Number 1: Authorization to Pay Lindsay J Runnels in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $1,462.00 for Investigator Services. Signed by Judge Mark W Bennett on 1/3/2013 and Chief Judge William Jay Riley on 1/9/2013. (copy to payee) (des) (Entered: 02/01/2013) |
| 02/01/2013 | 955 | | *SEALED* CJA 31 (Interim 3): Authorization to Pay Gratias Investigations Inc in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $ 4898.41 for Expert Services. Signed by Judge Mark W Bennett on 1/3/13 and Chief Judge William J Riley on 1/9/13. (copy to payee) (djs) |

April 2 2013 p 93

Appellate Case: 13-1739   Page: 93   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | (Entered: 02/01/2013) |
| 02/01/2013 | 956 | | *SEALED* CJA 31 Interim Number 2: Authorization to Pay Gratias Investigations Inc in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $4429.68 for Investigator Services. Signed by Judge Mark W Bennett on 1/3/2013 and Chief Judge William Jay Riley on 1/9/2013. (copy to payee) (des) (Entered: 02/01/2013) |
| 02/01/2013 | 957 | | *SEALED* CJA 31 (Interim 2): Authorization to Pay Lindsay Runnels/Morgan Pilate, LLC in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $ 2925.01 for Expert Services. Signed by Judge Mark W Bennett on 1/3/13 and Chief Judge William J Riley on 1/9/13. (copy to payee) (djs) (Entered: 02/01/2013) |
| 02/01/2013 | 958 | | Joint UNRESISTED Motion for Extension of Time to Submit Proposed Jury Questionnaire by Angela Jane Johnson. (Pemberton, Nancy) (Entered: 02/01/2013) |
| 02/04/2013 | 959 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 944 MOTION to Prohibit Trial Due to Unconstitutional Jury Selection Procedures (Williams, Charles) (Entered: 02/04/2013) |
| 02/04/2013 | 960 | | ORDER granting 958 Motion to Extend Time to Submit Jury Questionnarie as to Angela Jane Johnson (1). The parties have to and including 2/19/2013 within which to submit to the court a joint proposed jury questionnaire. Signed by Judge Mark W Bennett on 2/4/2013. (des) (Entered: 02/04/2013) |
| 02/08/2013 | 961 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 945 MOTION to Change Venue (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10) (Williams, Charles) (Entered: 02/08/2013) |
| 02/11/2013 | 962 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 944 MOTION to Prohibit Trial Due to Unconstitutional Jury Selection Procedures (Morrissey, Marcia) (Entered: 02/11/2013) |
| 02/13/2013 | 963 | | CJA 30: Interim 3 – Authorization to Pay Nancy S Pemberton in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $5,369.04. Signed by Judge Mark W Bennett on 02/13/2013. Copy to payee. (src) (Entered: 02/13/2013) |
| 02/13/2013 | 964 | | CJA 30: Interim 5 – Authorization to Pay Marcia A Morrissey in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $4,745.20. Signed by Judge Mark W Bennett on 02/13/2013. Copy to payee. (src) (Entered: 02/13/2013) |
| 02/15/2013 | 965 | | REPLY TO RESPONSE to Motion by Defendant Angela Jane Johnson re 945 MOTION to Change Venue (Morrissey, Marcia) (Entered: 02/15/2013) |
| 02/15/2013 | 966 | | MOTION for Reconsideration re 951 Order on Motion to Dismiss by United States of America as to Angela Jane Johnson. (Williams, Charles) Modified text on 2/19/2013 (des). (Entered: 02/15/2013) |
| 02/19/2013 | 967 | | BRIEF by Defendant Angela Jane Johnson *in Support of Defendant's Proposed Juror Questionnaire* (Attachments: # 1 Exhibit A) (Pemberton, |

April 2 2013 p 94

Appellate Case: 13-1739    Page: 94    Date Filed: 04/03/2013 Entry ID: 4021355

| Date | No. | | Description |
|---|---|---|---|
| | | | Nancy) Modified text on 2/20/2013 (des). (Entered: 02/19/2013) |
| 02/26/2013 | 968 | | RESPONSE to 967 Brief filed by Angela Jane Johnson re Proposed Jury Questionnaire by United States of America (Williams, Charles) Modified text on 2/27/2013 (des). (Entered: 02/26/2013) |
| 02/28/2013 | 969 | | RESISTANCE by Defendant Angela Jane Johnson re 966 MOTION for Reconsideration re 951 Order on Motion to Dismiss (Attachments: # 1 Exhibit A−1, # 2 Exhibit A−2, # 3 Exhibit B) (Morrissey, Marcia) (Entered: 02/28/2013) |
| 03/01/2013 | 970 | | RESPONSE by Defendant Angela Jane Johnson re 968 Response filed by United States of America (Morrissey, Marcia) (Entered: 03/01/2013) |
| 03/04/2013 | 971 | | MINUTE Entry for proceedings held before Judge Mark W Bennett: Status Conference as to Defendant Angela Jane Johnson held on 03/04/2013 (Court Reporter: Shelly Semmler) (kfs) (Entered: 03/04/2013) |
| 03/04/2013 | 972 | | NOTICE *of Service of Preliminary Mitigating Factors on Government* by Defendant Angela Jane Johnson (Pemberton, Nancy) Modified on 3/5/2013 to note filed pursuant to 858 Order (des). (Entered: 03/04/2013) |
| 03/05/2013 | 973 | 223 | Memorandum Opinion and Order denying in its entirety 966 Motion to Reconsider Portions Of The Court's Order Dated January 16, 2013, as to Angela Jane Johnson. Signed by Judge Mark W Bennett on 03/05/2013. (src) (Entered: 03/05/2013) |
| 03/05/2013 | 974 | | NOTICE *of Disclosure of Rebuttal Expert Information* by United States of America as to Defendant Angela Jane Johnson (Williams, Charles) Modified on 3/5/2013 to note filed pursuant to 858 Order (des). (Entered: 03/05/2013) |
| 03/13/2013 | 975 | | MOTION to File Overlength Brief by Angela Jane Johnson. (Attachments: # 1 Brief, # 2 Exhibit 1−4 to Brief) (Morrissey, Marcia) (Entered: 03/13/2013) |
| 03/14/2013 | 976 | | TEXT ORDER ONLY re 975 MOTION to File Overlength Brief filed by Angela Jane Johnson. Ruling is RESERVED until the defendant files the pretrial motion in limine, permitted by the Order 973 at page 3, on planning and premeditation evidence, to which the proposed overlength brief would relate. Signed by Judge Mark W Bennett on 03/14/13. (Mastalir, Roger) Modified text on 3/15/2013 (des). (Entered: 03/14/2013) |
| 03/14/2013 | 978 | | STRICKEN−−−MOTION to File Overlength Brief by Angela Jane Johnson. (Attachments: # 1 Brief Motion in Limine, # 2 Exhibit 1−4 to Motion in Limine) (Morrissey, Marcia) Modified on 3/15/2013 to note stricken pursuant to #979 Text Order (des). (Entered: 03/14/2013) |
| 03/15/2013 | 979 | | TEXT ORDER ONLY striking 978 Motion to File Overlength Brief as to Angela Jane Johnson. The Motion does not comply with the prior TEXT ORDER 976 . Defendant is directed to file a motion in limine. Defendant is not to refile or attach the proposed overlength brief or exhibits to the motion in limine. Signed by Judge Mark W Bennett on 03/15/13. (Mastalir, Roger) (Entered: 03/15/2013) |
| 03/15/2013 | 980 | | |

Appellate Case: 13-1739     Page: 95     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | MOTION in Limine *Pursuant to Order of March 5, 2013* by Angela Jane Johnson. (Morrissey, Marcia) (Additional attachment(s) added on 3/15/2013 pursuant to 984 Order: # 1 Exhibits 1–4) (des). (Entered: 03/15/2013) |
| 03/15/2013 | 982 | | *SEALED* CJA 31: Authorization to Pay Mohammad Ali Hamoudi in Death Penalty Proceedings as to Defendant Angela Jane Johnson Amount: $7,500.00 for Expert Services. Signed by Judge Mark W Bennett on 03/14/2013. Copy to payee. (src) (Entered: 03/15/2013) |
| 03/15/2013 | 983 | | CJA 30 Interim Payment Number 6: Authorization to Pay Marcia A Morrissey in Death Penalty Proceedings as to Defendant Angela Jane Johnson. Amount: $3,102.06. Signed by Judge Mark W Bennett on 03/14/2013. Copy to payee. (src) Modified text on 3/18/2013 (des). (Entered: 03/15/2013) |
| 03/15/2013 | 984 | | ORDER Johnson has repeatedly failed to file a separate motion in limine, then file a separate motion to file a supporting overlength brief, with the proposed supporting overlength brief attached, as plainly required by Local Rules 5(c), 5.2(g), and 7(b), (d), and (h). Nevertheless, it is now time to remove the impediments to consideration of Johnsons overlength brief/motion in limine on the merits that she was unable to remove herself, because I have wasted quite enough time attempting to convey to Johnsons counsel the filing requirements for motions and requests to file overlength briefs. Therefore 975 Motion to File Overlength Brief as to Angela Jane Johnson (1) is granted. The Clerk of Court is directed to detach the exhibits that are attached to the present motion and refile them as attachments to 980 Motion in Limine. Signed by Judge Mark W Bennett on 3/14/2013. (clerk has attached exhibits to 980 Motion in Limine) (des) (Entered: 03/15/2013) |
| 03/15/2013 | 985 | | MOTION to Compel *Government To Identify Hearsay Witnesses* by Angela Jane Johnson. (Attachments: # 1 Exhibit A) (Burt, Michael) (Entered: 03/15/2013) |
| 03/15/2013 | 986 | | MOTION to Compel *Government To Disclose Jury Data* by Angela Jane Johnson. (Burt, Michael) (Entered: 03/15/2013) |
| 03/15/2013 | 987 | | MOTION to Compel *Government To Disclose Exculpatory Evidence Regarding Future Dangerousness Aggravating Factor* by Angela Jane Johnson. (Attachments: # 1 Exhibit A) (Burt, Michael) (Entered: 03/15/2013) |
| 03/15/2013 | 988 | | MOTION to Exclude *Cross Examination and Rebuttal Evidence Regarding Future Dangerousness, Or For Discovery* by Angela Jane Johnson. (Attachments: # 1 Exhibit A) (Burt, Michael) (Entered: 03/15/2013) |
| 03/16/2013 | 989 | | MOTION to Compel *Government To Consolidate Multiple Allegations Of Prior Violent And UnCharged Criminal Conduct Into One Aggravating Factor, And To Strike Newly Charged Aggravating Factors* by Angela Jane Johnson. (Attachments: # 1 Exhibit A) (Burt, Michael) (Entered: 03/16/2013) |
| 03/18/2013 | 990 | | UNRESISTED Motion for Extension of Time to File Responses to Defendant's Motions Filed at Docket Numbers 985, 986, 987, 988, 989 by United States of America as to Angela Jane Johnson. (Williams, Charles) (Entered: 03/18/2013) |

April 2 2013 p 96

Appellate Case: 13-1739   Page: 96   Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| 03/18/2013 | 991 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 980 MOTION in Limine *Pursuant to Order of March 5, 2013* (Williams, Charles) (Entered: 03/18/2013) |
| 03/18/2013 | 992 | | ORDER as to Defendant Angela Jane Johnson: Granting 990 Motion for Extension of Time to File Responses to Defendant's Motions filed at Docket Numbers 985 , 986 , 987 , 988 and 989 : Response ddl 04/01/2013. Signed by Judge Mark W Bennett on 03/18/13. (kfs) (Entered: 03/18/2013) |
| 03/19/2013 | 995 | | *SEALED* MEMORANDUM OPINION AND ORDER denying 944 Motion to Prohibit Trial Due to Unconstitutional Jury Selection Procedures as to Angela Jane Johnson (1). **See text of Order for details.** Signed by Judge Mark W Bennett on 3/19/13. (djs) Modified on 3/20/2013 to seal pursuant to 1000 Order (des). (Entered: 03/19/2013) |
| 03/20/2013 | 996 | | STRICKEN−−MOTION to File Overlength Brief *Re Daubert Motion* by Angela Jane Johnson. (Attachments: # 1 Brief) (Burt, Michael) Modified on 3/20/2013 to note stricken pursuant to 999 Order (des). (Entered: 03/20/2013) |
| 03/20/2013 | 997 | | *SEALED* MEMORANDUM OPINION AND ORDER: Denying 945 Motion for Change of Venue as to Defendant Angela Jane Johnson (1). Signed by Judge Mark W Bennett on 03/20/13. (kfs) Modified on 3/20/2013 to seal pursuant to 1000 Order (des). (Entered: 03/20/2013) |
| 03/20/2013 | 999 | | ORDER striking 996 Motion to File Overlength Brief by Angela Jane Johnson (1) for failure to comply with applicable Local Rules (See Order Text). Signed by Judge Mark W Bennett on 3/20/2013. (des) (Entered: 03/20/2013) |
| 03/20/2013 | 1000 | | ORDER Regarding Sealing of Substantive Rulings in Anticipation of Trial as to Defendant Angela Jane Johnson (See Order Text). Signed by Judge Mark W Bennett on 3/20/2013. (des) (Entered: 03/20/2013) |
| 03/20/2013 | 1001 | | MOTION to Exclude *Certain Government Expert Witness Testimony And Request For Daubert Hearing* by Angela Jane Johnson. (Burt, Michael) (Additional attachment(s) added on 3/21/2013 pursuant to 1003 Order: # 1 Brief) (des). (Entered: 03/20/2013) |
| 03/20/2013 | 1002 | | MOTION to File Overlength Brief *Re Motion To Exclude Certain Government Expert Testimony* by Angela Jane Johnson. (Attachments: # 1 Brief) (Burt, Michael) (Entered: 03/20/2013) |
| 03/21/2013 | 1003 | | ORDER granting 1002 Motion to File Overlength Brief by Angela Jane Johnson (1). The Clerk of Court shall detach the overlength brief and attach it to 1001 Motion to Exclude Certain Government Expert Testimony and Request For Daubert Hearing. Signed by Judge Mark W Bennett on 3/21/2013. (clerk has attached brief at 1001 Motion) (des) (Entered: 03/21/2013) |
| 03/25/2013 | 1006 | | MOTION to File Overlength Brief by Angela Jane Johnson. (Attachments: # 1 Reply to Government Resistance to Motion in Limine) (Morrissey, Marcia) (Entered: 03/25/2013) |
| 03/25/2013 | 1007 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 985 MOTION to Compel *Government To Identify Hearsay* |

April 2 2013 p 97

Appellate Case: 13-1739     Page: 97     Date Filed: 04/03/2013 Entry ID: 4021355

| | | | |
|---|---|---|---|
| | | | *Witnesses* (Williams, Charles) (Entered: 03/25/2013) |
| 03/25/2013 | 1008 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 986 MOTION to Compel *Government To Disclose Jury Data* (Williams, Charles) (Entered: 03/25/2013) |
| 03/27/2013 | 1009 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 989 MOTION to Compel *Government To Consolidate Multiple Allegations Of Prior Violent And UnCharged Criminal Conduct Into One Aggravating Factor, And To Strike Newly Charged Aggravating Factors* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (Williams, Charles) (Entered: 03/27/2013) |
| 04/01/2013 | 1010 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 987 MOTION to Compel *Government To Disclose Exculpatory Evidence Regarding Future Dangerousness Aggravating Factor* (Williams, Charles) (Entered: 04/01/2013) |
| 04/01/2013 | 1011 | | UNRESISTED Motion for Extension of Time to File Responses to Defendant's List of Mitigating Factors by United States of America as to Angela Jane Johnson. (Williams, Charles) (Entered: 04/01/2013) |
| 04/01/2013 | 1012 | | ORDER granting 1006 Motion to File Overlength Reply to 991 Resistance re 980 Motion in Limine as to Angela Jane Johnson (1). The Clerk of Court shall detach the overlength Reply from the present motion and refile it as Johnsons Reply in support of her Motion In Limine. Signed by Judge Mark W Bennett on 4/1/2013. (des) (Entered: 04/01/2013) |
| 04/01/2013 | 1013 | | REPLY to 991 Resistance to 980 Motion in Limine by Defendant Angela Jane Johnson (filed by clerk pursuant to 1012 Order (des) (Entered: 04/01/2013) |
| 04/01/2013 | 1014 | | ORDER – Granting 1011 UNRESISTED Motion for Extension of Time to File Responses to Defendant's List of Mitigating Factors as to Defendant Angela Jane Johnson filed by United States of America. The prosecution shall have to and including April 5, 2013, to respond to the defendant's list of mitigating factors. Signed by Judge Mark W Bennett on 04/01/2013. (src) (Entered: 04/01/2013) |
| 04/01/2013 | 1015 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 1001 MOTION to Exclude *Certain Government Expert Witness Testimony And Request For Daubert Hearing* (Williams, Charles) (Entered: 04/01/2013) |
| 04/01/2013 | 1016 | | RESISTANCE by United States of America as to Defendant Angela Jane Johnson re 988 MOTION to Exclude *Cross Examination and Rebuttal Evidence Regarding Future Dangerousness, Or For Discovery* (Williams, Charles) (Entered: 04/01/2013) |
| 04/02/2013 | 1017 | 227 | NOTICE of Appeal Interlocutory by United States of America as to Defendant Angela Jane Johnson re 973 Order on Motion for Reconsideration, 951 Order on Motion to Dismiss,. (Attachments: # 1 Certification of United States Attorney Under 18 U.S.C. Section 3731) (Williams, Charles) Modified text on 4/2/2013 (djs). (Entered: 04/02/2013) |
| 04/02/2013 | 1018 | 231 | |

April 2 2013 p 98

Appellate Case: 13-1739    Page: 98    Date Filed: 04/03/2013 Entry ID: 4021355

| | | | NOA Supplement and Transmission of Notice of Appeal as to Defendant Angela Jane Johnson to US Court of Appeals re 1017 Notice of Appeal – Interlocutory. Case Number due by 4/5/2013. (djs) (Entered: 04/02/2013) |

Appellate Case: 13-1739    Page: 99    Date Filed: 04/03/2013 Entry ID: 4021355

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANGELA JOHNSON,

Defendant.

No. CR 01-3046-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS CERTAIN STATUTORY AND NON-STATUTORY AGGRAVATING FACTORS FROM THE GOVERNMENT'S THIRD AMENDED NOTICE OF INTENT TO SEEK THE DEATH PENALTY**

_____

## TABLE OF CONTENTS

I.   INTRODUCTION ...................................................................... 5

II.  "CONTEXTUAL" MATTERS ................................................. 8
     A.  Scope Of The "Penalty Retrial" ................................... 9
     B.  Aggravating Factors ..................................................... 14
         1.  The role of aggravating factors .......................... 14
         2.  "Statutory aggravating factors" ......................... 16
             a.  Factors that can be considered .............. 16
                 i.   Factors alleged and noticed ........... 17
                 ii.  Factors that can properly be considered ........... 18
             b.  Factors that can be challenged ............. 22
     C.  Penalties ..................................................................... 23
         1.  Penalties vacated .............................................. 23
         2.  Possibility of a death sentence on Count 6 ....... 23
             a.  Arguments of the parties ...................... 24
             b.  Controlling authority ............................ 24
             c.  Analysis .............................................. 26

| | | | | |
|---|---|---|---|---|
| | | d. | Summary……………………………………………… | 29 |
| | 3. | | Possibility of a sentence less than life without parole on all Counts ………………………………………………… | 29 |
| | | a. | Arguments of the parties …………………………… | 30 |
| | | b. | The statutory sentencing scheme………………………… | 31 |
| | | c. | Analysis …………………………………………… | 32 |
| | | | i. Johnson's authority …………………………… | 32 |
| | | | ii. The jury's ability to consider lesser penalties …… | 33 |
| | | | iii. The jury's ability to recommend a lesser penalty …………………………………… | 36 |
| | | | iv. The jury's ability to impose a lesser penalty…… | 37 |
| | | d. | Summary……………………………………………… | 40 |
| | D. | | Necessity Of A Preliminary Evidentiary Showing …………………… | 40 |
| | | 1. | Arguments of the parties…………………………………… | 41 |
| | | 2. | Analysis …………………………………………………… | 41 |
| III. | | | CHALLENGES TO STATUTORY AGGRAVATING FACTORS…………… | 48 |
| IV. | | | CHALLENGES TO THE NON-STATUTORY AGGRAVATING FACTORS ……………………………………………… | 50 |
| | A. | | "Multiple Killings" And "Passage Of Time" …………………… | 50 |
| | | 1. | Allegations of the factors ………………………………… | 50 |
| | | 2. | Arguments of the parties…………………………………… | 50 |
| | | 3. | Standards for "duplicativeness"…………………………… | 51 |
| | | 4. | Analysis …………………………………………………… | 55 |
| | B. | | "Lack of remorse" …………………………………………… | 58 |
| | | 1. | Allegation of the factor…………………………………… | 58 |
| | | 2. | Arguments of the parties…………………………………… | 59 |
| | | 3. | Authority regarding "lack of remorse" as a separate factor…… | 60 |
| | | 4. | Analysis …………………………………………………… | 65 |
| | C. | | "Uncharged Criminal Conduct"……………………………… | 67 |
| | | 1. | Allegations of the factors ………………………………… | 67 |
| | | 2. | Duplicativeness …………………………………………… | 69 |
| | | 3. | Inadmissibility in general ………………………………… | 71 |
| | | | a. Statutory and other limitations …………………… | 71 |
| | | | i. Arguments of the parties ………………… | 71 |
| | | | ii. The purported statutory bar……………… | 72 |
| | | | iii. Admissibility of unadjudicated conduct in capital cases ………………………………… | 74 |

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 2 of 232   April 2013 p 101
Appellate Case: 13-1739   Page: 101   Date Filed: 04/03/2013 Entry ID: 4021355

|  |  | iv. | Admissibility of unadjudicated criminal conduct as an independent aggravating factor..... | 75 |
|  |  | v. | Summary ................................................. | 78 |
|  | b. | Biased sentencing ................................................. | | 79 |
|  | c. | More prejudicial than probative ........................... | | 81 |
|  | d. | Relevance and heightened reliability ......................... | | 82 |
| 4. | | Challenges to specific "uncharged criminal conduct" factors ................................................. | | 82 |
|  | a. | Standards for sufficiency of "non-statutory aggravating factors"................................. | | 82 |
|  | b. | The "assault" on Officer Tyler................................. | | 90 |
|  | c. | The "perjury" factor ................................. | | 92 |
|  | d. | The "threats and bravado" incidents........................ | | 93 |
|  |  | i. | Arguments of the parties .............................. | 94 |
|  |  | ii. | Analysis................................................. | 94 |
|  | e. | Assisting in the release of Putzier........................ | | 97 |
|  |  | i. | Arguments of the parties .............................. | 97 |
|  |  | ii. | Analysis................................................. | 97 |
|  | f. | Conspiring to help Honken escape ......................... | | 98 |
|  | g. | Uncharged distribution of methamphetamine after 1997......................................... | | 100 |
|  |  | i. | Arguments of the parties .............................. | 100 |
|  |  | ii. | Analysis................................................. | 100 |
|  | h. | Soliciting a crime of violence ................................. | | 103 |
|  |  | i. | Arguments of the parties .............................. | 103 |
|  |  | ii. | Analysis................................................. | 104 |
| D. | | Future Dangerousness................................................. | | 105 |
| 1. | | Allegation of the factor................................................. | | 105 |
| 2. | | Collateral estoppel/double jeopardy................................. | | 106 |
| 3. | | Limitation to "future dangerousness in prison"................... | | 108 |
| 4. | | Insufficient notice................................................. | | 111 |
| 5. | | Sufficiency of the inmate assaults alleged........................ | | 113 |
| E. | | Victim Impact ................................................. | | 114 |
| 1. | | Allegations of the factors ................................................. | | 114 |
| 2. | | Arguments of the parties................................................. | | 115 |
| 3. | | Analysis ................................................. | | 116 |
| V. | | VINDICTIVENESS ................................................. | | 118 |
| VI. | | CONCLUSION ................................................. | | 122 |

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 3 of 123   April 2 2013 p 102
Appellate Case: 13-1739   Page: 102   Date Filed: 04/03/2013 Entry ID: 4021355

In this capital case, the defendant was convicted of aiding and abetting five murders in furtherance of a continuing criminal enterprise (CCE murder), in violation of 21 U.S.C. § 848(e), and sentenced to death for four of the murders and to life imprisonment without parole for the fifth. However, I ordered a resentencing hearing before a new jury, *i.e.*, a "penalty retrial," as relief on the defendant's § 2255 Motion.[1] This case is now before me on the defendant's challenge to certain aggravating factors in the prosecution's amended notice of intent to seek the death penalty filed in anticipation of the "penalty retrial." The defendant's challenges to the aggravating factors in question are wide-ranging, including contentions that certain aggravating factors are duplicative or are insufficient to justify a sentence of death and that the prosecution's assertion of additional and reformulated aggravating factors at this point in the proceedings is vindictive. The prosecution stands fast on its assertion of all of the challenged aggravating factors, in the manner asserted, as proper and appropriate, because this "penalty retrial" has given the prosecution a "do over," with lessons learned from hindsight, just as it has given the defendant a "do over," owing to her trial counsel's errors. I find that, in their arguments challenging and supporting various aggravating factors, the parties have raised a number of issues relevant to the "context" of the entire "penalty retrial," because those issues have an impact on such things as what evidence will be admissible and what questions the new jury will be required to answer in the "penalty retrial." Thus, this ruling begins with the resolution of those "contextual" issues, before turning to resolution of the defendant's specific challenges to various aggravating factors.

---

[1] *See Johnson v. United States*, 860 F. Supp. 2d 663 (N.D. Iowa 2012).

# I.    INTRODUCTION

On May 24, 2005, a jury convicted defendant Angela Johnson of five counts of aiding and abetting murder in furtherance of a continuing criminal enterprise (CCE murder) in violation of 21 U.S.C. § 848(e), which are capital offenses under the Anti-Drug Abuse Act (ADAA).  *See* Verdict Form (docket no. 527).  These charges arose from the murders, by Johnson and her separately-indicted co-defendant Dustin Honken, who had been charged as the "principal," of two adults, Greg Nicholson and Lori Duncan, and Lori Duncan's two children, Kandi Duncan (age 10) and Amber Duncan (age 6), in one episode in July 1993, and the subsequent murder of another adult, Terry DeGeus, in a separate episode in November 1993.  On May 31, 2005, the same jury found Johnson "eligible" for the death penalty on all five CCE murder convictions.  *See* "Eligibility Phase" Verdict Form (docket no. 545).  On June 21, 2005, the same jury also entered a "penalty phase" verdict, imposing a life sentence without possibility of parole for the CCE murder of Gregory Nicholson, but sentences of death for the CCE murders of Lori Duncan, Kandi Duncan, Amber Duncan, and Terry DeGeus.  "Penalty Phase" Verdict Form (docket no. 593).[2]  On March 22, 2012, however, I

---

[2] Although Dustin Honken was convicted as the principal in the murders, he received the death penalty only for the murders of the children.  *See, e.g., United States v. Honken*, 381 F. Supp. 2d 936 (N.D. Iowa 2005) (denying Honken's post-trial motion for judgment of acquittal or new trial).  The jury in Johnson's case also convicted her of aiding and abetting five counts of murder while engaging in a drug conspiracy (conspiracy murder), also in violation of 21 U.S.C. § 848(e), and recommended the same penalties on those convictions as on the corresponding CCE murder convictions.  The conspiracy murder convictions were vacated on June 11, 2009, as multiplicitous, in light of the CCE murder convictions, *see* Order Vacating, In Part, Convictions And Sentences And Directing Entry Of Amended Judgment (docket no. 776), pursuant to a remand from the Eighth Circuit Court of Appeals, but the

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 5 of 123   April 3 2013 p 104
Appellate Case: 13-1739   Page: 104   Date Filed: 04/03/2013 Entry ID: 4021355

granted, in part, Johnson's § 2255 Motion by vacating her four death sentences and one life sentence for CCE murder. *Johnson v. United States*, 860 F. Supp. 2d 663 (N.D. Iowa 2012).

The prosecution then opted for a resentencing hearing before a new jury, *i.e.*, a "penalty retrial," pursuant to former 21 U.S.C. § 848(i)(1)(B) (2005) and the requirements of former 21 U.S.C. § 848(g)-(o) (2005), to determine the penalty for Johnson's convictions, rather than withdraw its notice of intent to seek the death penalty, filed pursuant to former 21 U.S.C. § 848(h) (2005), which would have allowed the court to set a hearing to impose sentences of life imprisonment without parole, pursuant to former 21 U.S.C. § 848(p) (2005).[3]  Pursuant to a Scheduling Order (docket no. 858), I set the "penalty retrial" for June 3, 2013, and, *inter alia*, a deadline of September 14, 2012, for motions making any facial or as applied challenges to the use of the death penalty in this case; a deadline of October 1, 2012, for the prosecution to file any amendment to its Notice Of Intent To Seek The Death Penalty (Notice Of Intent); and a deadline of November 1, 2012, for the defendant to file any motions challenging the sufficiency of the prosecution's Notice Of Intent.

---

appellate court otherwise affirmed Johnson's convictions and sentences. *United States v. Johnson*, 495 F.3d 951 (8th Cir. 2007).

[3] As I explained in a prior ruling in anticipation of the "penalty retrial," the "penalty retrial" will be pursuant to provisions of former § 848(g)-(r), which codified death penalty procedures of the Anti-Drug Abuse Act (ADAA), notwithstanding that those provisions were repealed by the U.S.A. Patriot Improvement and Reauthorization Act of 2005, Pub. L. No. 109–177, § 221, 120 Stat. 192, 231 (2006), rather than pursuant to the Federal Death Penalty Act (FDPA), 18 U.S.C. § 3591 *et seq.*, which now provides uniform procedures for determining the penalty for nearly all federal capital offenses. *See United States v. Johnson*, ___ F. Supp. 2d ___, ___, 2012 WL 5275491, *1-*3 (N.D. Iowa Oct. 25, 2012).

6

Among her numerous motions filed on the September 14, 2012, deadline, Johnson included a Motion To Dismiss Particular Aggravating Factors From The Second Superseding Indictment, And To Strike Particular Aggravating Factors From The Second Notice Of Intent To Seek The Death Penalty, And For Other Relief (Motion To Dismiss Or Strike Certain Aggravating Factors) (docket no. 865). In my October 25, 2012, Memorandum Opinion And Order Regarding Defendant's Challenges To Capital Resentencing Hearing And The Second Superseding Indictment And Requests For Discovery (docket no. 903), *published at United States v. Johnson*, ___ F. Supp. 2d ___, 2012 WL 5275491 (N.D. Iowa Oct. 25, 2012), among a great many other things, I ruled that the prosecution may and had properly asserted non-statutory aggravating factors in its Second Notice Of Intent To Seek The Death Penalty (Second Notice Of Intent) (docket no. 141), and that the jurors not only may but must consider those non-statutory aggravating factors for which notice has been given in the course of the individualized determination of the appropriate penalties for Johnson's CCE murder convictions. On the other hand, I found that the prosecution's filing of a Third Amended Notice Of Intent To Seek The Death Penalty (Third Notice Of Intent) (docket no. 879) on October 1, 2012, mooted the part of Johnson's Motion To Dismiss Or Strike Certain Aggravating Factors in which she contended that certain statutory and non-statutory aggravating factors set forth in the Second Superseding Indictment and/or the Second Notice Of Intent must be stricken or clarified, albeit without prejudice to timely reassertion as to the Third Notice Of Intent.

On November 1, 2012, Johnson filed her Motion To Dismiss Certain Statutory And Non-Statutory Aggravating Factors From The Government's Third Amended Notice Of Intent To Seek The Death Penalty (Challenge To Third Notice Of Intent) (docket no. 906), which is now before me. In her Challenge To Third Notice Of Intent, Johnson reasserts her original challenges to the prosecution's aggravating factors

7

and adds new challenges specific to the aggravating factors as reformulated or added in the Third Notice Of Intent. The prosecution filed its Resistance (docket no. 919), on November 19, 2012, and Johnson filed her Reply (docket no. 929), on December 7, 2012. In light of some of Johnson's arguments in her Reply about the scope of the "penalty retrial," the prosecution filed a Surreply To Defendant's Motion To Dismiss Certain Statutory And Non-Statutory Aggravating Factors From Government's Third Amended Notice Of Intent To Seek The Death Penalty (Surreply) (docket no. 937), on December 17, 2012.

I conclude that Johnson's Challenge To Third Notice Of Intent is fully submitted on the written submissions.

## II. "CONTEXTUAL" MATTERS

As noted above, Johnson's Challenge To Third Notice Of Intent is wide-ranging, incorporating her original challenges to the Second Notice Of Intent and asserting many new challenges. Somewhat more specifically, Johnson asserts that the prosecution has vindictively reasserted, reformulated, and added to the aggravating factors, after her success on her § 2255 Motion; asserted aggravating factors that are inapplicable, where she did not personally kill the victims; asserted aggravating factors that are duplicative of other aggravating factors or the charged offenses; asserted "lack of remorse" as a separate aggravating factor, when it is properly an aspect of "future dangerousness"; asserted numerous alleged incidents of uncharged criminal conduct as separate, stand-alone aggravating factors, when they are properly aspects of a single "criminal conduct" aggravating factor; asserted aggravating factors without sufficiently reliable evidence to support them; and asserted aggravating factors insufficient to warrant a death verdict, even if they are supported by sufficient evidence.

8

April 2 2013 p 107
Appellate Case: 13-1739   Page: 107   Date Filed: 04/03/2013 Entry ID: 4021355

In the course of their arguments on these challenges, however, the parties have raised a number of issues that I conclude must be resolved to put in context my subsequent analysis of Johnson's specific challenges to various aggravating factors and, just as importantly, to establish the context for the "penalty retrial," because those issues have an impact on such things as what evidence will be admissible and what questions the new jury will be required to answer in the "penalty retrial." Those "contextual" issues include the scope of the "penalty retrial," what aggravating factors are subject to challenge, what penalties are at issue, and whether or not a preliminary evidentiary showing is necessary before the prosecution can assert certain aggravating factors in the "penalty retrial." I will begin my analysis by resolving those "contextual" issues, but I will reserve for later the question of whether the Third Notice Of Intent is "vindictive," until after I have considered whether the challenged aggravating factors are otherwise properly asserted.

### A. Scope Of The "Penalty Retrial"

In her Reply, Johnson acknowledges that she belatedly realized that, not only do the original jury's "merits phase" verdicts stand—that is, her convictions on the five CCE murder charges—but that the original jury's "eligibility phase" verdicts also stand—that is, the original jury's findings that she is "eligible" for the death penalty on all five CCE murder convictions. Johnson states that this realization has fundamentally changed her position as to the statutory aggravating factors alleged in the Third Notice Of Intent. In its Surreply, however, the prosecution argues that, while I "trifurcated" Johnson's trial into separate "merits," "eligibility," and "penalty" phases, subsections (*i*) and (j) of former § 848 only provide for a single sentencing hearing. Thus, the prosecution argues that, by vacating Johnson's sentences and ordering a "penalty retrial," I necessarily vacated both the "eligibility phase" and "penalty phase" verdicts.

9

The prosecution also argues that it would be unreasonable—and prejudicial to it—to expect a new jury to weigh "empty labels" for "statutory aggravating factors," which had been found in the original "eligibility phase," without any evidence to support them, if the "eligibility phase" is not retried. The prosecution argues that Johnson cannot pick and choose the portions of the sentencing hearing that will be retried.

As I recounted in my ruling on Johnson's post-trial motions, I "trifurcated" Johnson's trial on the § 848(e) charges against her:

> The court also ruled that Johnson's trial would be "trifurcated" into three phases: (1) a "merits phase," to determine guilt or innocence of the charged offenses; (2) an "eligibility phase," to determine whether one "gateway aggravating factor" identified in § 848(n)(1) and one or more of the "statutory aggravating factors" in § 848(n)(2) through (12) were present; and (3) a "penalty phase," to determine whether "non-statutory aggravating factors" and "mitigating factors" were present and "'whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death.'" *See United States v. Johnson*, 362 F. Supp. 2d 1043, 1099–1111 (N.D. Iowa 2005) (quoting 21 U.S.C. § 848(k)).

*United States v. Johnson*, 403 F. Supp. 2d 721, 747 (N.D. Iowa 2005).

Johnson is correct that, in my ruling on her § 2255 Motion, I did not grant any relief from the original jury's verdicts convicting her on all counts against her, although she alleged errors in or affecting the "merits phase" of her trial in her § 2255 Motion. *Johnson*, 860 F. Supp. 2d at 915-20. She is also correct that she did not seek, and I did not grant, any relief from the original jury's determination that she is "eligible" for the death penalty on all five CCE murder charges in the "eligibility phase." *Id.* Thus, the relief that I granted her is only a "penalty retrial," *id.*, that is, a retrial of the third phase to determine whether "non-statutory aggravating factors" and "mitigating

10

factors" are present and "whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death." *See* former 21 U.S.C. § 848(k).

The prosecution argues, however, that the "do over" granted in this case requires a retrial of both the "eligibility phase" and the "penalty phase," because former § 848(*i*) and (j) provide for only a *single* sentencing hearing. The prosecution is correct that former § 848(*i*) provides that, if a defendant is found guilty of a capital offense defined in § 848(e), the court "shall conduct a separate sentencing hearing to determine the punishment to be imposed," and that it authorizes that "separate sentencing hearing" to be before a new jury empaneled for that purpose, if, *inter alia*, the original jury that determined guilt has been discharged or the sentence originally imposed must be redetermined. Former 21 U.S.C. § 848(*i*)(B)(1)(iii) & (iv). The prosecution is also correct that former § 848(j) provides for proof of *all* aggravating and mitigating factors in "the sentencing hearing." Former 21 U.S.C. § 848(j). Nevertheless, these and other sentencing provisions of former § 848 do not preclude sequential *presentation* of "information" about "statutory aggravating factors," then "non-statutory aggravating factors" and "mitigating factors," and specifically *require* sequential *determination* of whether or not "statutory aggravating factors" exist, then whether or not "non-statutory aggravating factors" and "mitigating factors" exist.

Specifically, former § 848(j) provides, in part, "Where information is presented relating to any of the aggravating factors set forth in subsection (n) of this section [*i.e.*, 'statutory aggravating factors'], information may be presented relating to any other aggravating factor [*i.e.*, 'non-statutory aggravating factor'] for which notice has been provided under subsection (h)(1)(B) of this section." Former 21 U.S.C. § 848(j) (also providing that "[t]he Government shall open the argument"; then "[t]he defendant shall

11

be permitted to reply"; then "[t]he Government shall then be permitted to reply in rebuttal."). In other words, no information about "non-statutory aggravating factors" (or "mitigating factors") may be presented until information about "statutory aggravating factors" is presented.

Moreover, former § 848(k) expressly *requires* that the jury make sequential findings about the existence of "statutory aggravating factors," then about the existence of "non-statutory aggravating factors" and "mitigating factors" and the balancing of all "aggravating factors" and "mitigating factors," as follows:

> If one of the aggravating factors set forth in subsection (n)(1) of this section and another of the aggravating factors set forth in paragraphs (2) through (12) of subsection (n) of this section is found to exist, a special finding identifying any other aggravating factor for which notice has been provided under subsection (h)(1)(B) of this section, may be returned. . . . If an aggravating factor set forth in subsection (n)(1) of this section and one or more of the other aggravating factors set forth in subsection (n) of this section are found to exist, the jury, or if there is no jury, the court, shall then consider whether the aggravating factors found to exist sufficiently outweigh any mitigating factor or factors found to exist, or in the absence of mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death.

Former 21 U.S.C. § 848(k). Thus, a determination of the existence of "statutory aggravating factors" is required before the jury makes any determination of the existence of "non-statutory aggravating factors" and "mitigating factors."

It follows that it is permissible to require the presentation of any information or argument about "statutory aggravating factors" and the jury's determination of the existence of "statutory aggravating factors" in an "eligibility phase" of the trial that is separate from both a preceding "merits phase," involving evidence and a determination of guilt, and a subsequent "penalty phase," involving information about "non-statutory

12

aggravating factors" and "mitigating factors" and the weighing of those factors with the "statutory aggravating factors." *Cf. United States v. Bolden*, 545 F.3d 609, 618 (8th Cir. 2008) (noting that, in light of the plain language of 18 U.S.C. §§ 3593(b)-(e), "the FDPA contemplates a single penalty phase hearing at which all relevant evidence is admitted and, if the defendant is found eligible for the death penalty, ultimately weighed by the jury"; that a number of district courts, including this one, had nevertheless concluded that the sentencing hearing could be "bifurcated" into "eligibility" and "selection" phases; that "[t]he only circuit to address this issue under the FDPA concluded that the statute *contemplates but does not require* a single penalty phase proceeding and encouraged district courts ruling on motions to trifurcate 'to consider carefully the ramifications of presenting . . . evidence that would otherwise be inadmissible in the guilt phase . . . to a jury that has not yet made findings concerning death eligibility,'" (quoting *United States v. Fell*, 531 F.3d 197, 240 n. 28 (2d Cir. 2008); explaining that "[w]e agree that is a sound reading of the statute"; but holding that the district court did not abuse its discretion in declining to bifurcate the sentencing hearing). Indeed, that is what happened in Johnson's original trial.

Moreover, because sequential presentation and determination is required, and may occur in separate "phases," in a case where the defendant did not seek and the court did not grant relief from the original jury's findings as to the existence of "statutory aggravating factors" in the "eligibility phase," nothing requires that the original jury's findings about the existence of "statutory aggravating factors" in the "eligibility phase" be reopened in a resentencing hearing before a new jury pursuant to § 848(*i*). For the reasons stated below, beginning at page 20, the prosecution's concern that it will be prejudiced by a retrial limited to the "penalty phase" is unavailing. Therefore, the "penalty retrial" here is properly limited to a retrial of the "penalty phase," involving the determination of the existence of "non-statutory aggravating

13

factors" and "mitigating factors" by the new jury and the new jury's weighing of the "statutory aggravating factors" found by the original jury with the "non-statutory aggravating factors" found by the new jury against any "mitigating factors" found by the new jury.

### B. Aggravating Factors

#### 1. The role of aggravating factors

The limitation of the "penalty retrial" to the third phase of the original trial gives rise to other issues. One such issue is the role of "statutory aggravating factors" and "non-statutory aggravating factors" in the phase of the trial to be retried. This is so, because "statutory aggravating factors" play a unique role in the "eligibility phase" of a capital trial after conviction for a capital offense pursuant to § 848(e), but "statutory aggravating factors" and "non-statutory aggravating factors" perform overlapping roles in the determination of the appropriate penalty for a conviction for a capital offense pursuant to § 848 in the "penalty phase" of such a capital trial.

*In the "eligibility phase,"* the jurors determine whether or not certain "statutory aggravating factors" exist. *See* former 21 U.S.C. § 848(k). Such "statutory aggravating factors" are defined in this case in former § 848(n). "Statutory aggravating factors," if found to exist, "elevate the available statutory maximum sentence from life imprisonment to death." *Johnson*, ___ F. Supp. 2d at ___, 2012 WL 5275491 at *5 (internal quotation marks and citations omitted). This is so, because "statutory aggravating factors" are "the circumstances which make a defendant eligible for the death penalty." *Id*. at *13 (quotation marks and citations omitted); *see also* former 21 U.S.C. § 848(k). To put it another way, "statutory aggravating factors" "channel the sentencer's discretion" in deciding whether or not a defendant is "eligible" for the death penalty. *Id*.

14

*In the "penalty phase,"* the jurors first determine whether or not "non-statutory aggravating factors" exist. *See* former 21 U.S.C. § 848(k). "Non-statutory aggravating factors" do not increase the maximum punishment to which the defendant is subject, because they are neither sufficient nor necessary under the ADAA (or the FDPA) for a sentence of death. *Johnson*, ___ F. Supp. 2d at ___, 2012 WL 5275491 at *6; *see also* former 21 U.S.C. § 848(k). Instead, even after *Ring v. Arizona*, 536 U.S. 584 (2002), the purpose of "non-statutory aggravating factors" is to allow for an individualized determination of whether a death sentence is justified for a particular defendant—in other words, they help to inform the selection decision. *Id*. at *6, *13-*14.

*Also in the "penalty phase,"* the jurors must weigh aggravating factors against mitigating factors. Although "non-statutory aggravating factors" have no role *in the "eligibility phase"* in determining a defendant's "eligibility" for a death sentence (only "statutory aggravating factors" have that role), "non-statutory aggravating factors" and "statutory aggravating factors" play the *same* role *in the "penalty phase,"* because *all* aggravating factors found to exist must be weighed against any "mitigating factors" found to exist to determine the appropriate penalty for a particular defendant. *See* former 21 U.S.C. § 848(h)(1)(B) (requiring the prosecution to give notice of "the aggravating factors enumerated in subsection (n) of this section [*i.e.*, the 'statutory aggravating factors'] and any other aggravating factors [*i.e.*, the 'non-statutory aggravating factors'] which the Government will seek to prove as the basis for the death penalty"); former 21 U.S.C. § 848(j) ("In the sentencing hearing, information may be presented as to matters relating to any of the aggravating or mitigating factors set forth in subsections (m) and (n) of this section, or any other mitigating factor or any other aggravating factor for which notice has been provided under subsection (h)(1)(B) of this section."); former 21 U.S.C. § 848(k) (requiring weighing of "the aggravating factors

15

found to exist" with mitigating factors found to exist to determine whether a death sentence is justified).

### 2.  *"Statutory aggravating factors"*

In this case, in the "eligibility phase," Johnson's original jury made the determination that she was "eligible" for the death penalty on all five CCE murder charges, based on its finding that certain "statutory aggravating factors" existed.  As explained above, that determination will not be revisited in the "penalty retrial" before a new jury.  However, the "statutory aggravating factors" found by the original jury in the "eligibility phase" are *still* relevant in the retrial of the final "penalty phase" before a new jury, because, in the "penalty phase," both "statutory aggravating factors" and "non-statutory aggravating factors" are considered for the purpose of an individualized determination of whether a death sentence is justified for a particular defendant, *i.e.,* they help inform the selection decision.  *Johnson*, ___ F. Supp. 2d at ___, 2012 WL 5275491 at *6, *13-*14 (quotation marks and internal citations omitted).

Further questions follow from the conclusion that "statutory aggravating factors" are still relevant in, and perform the same role as "non-statutory aggravating factors" in, the retrial of the "penalty phase," notwithstanding that the "eligibility phase" will not be retried.  The first question is, what "statutory aggravating factors" can be considered *by the new jury?*  The second question is, what "statutory aggravating factors" can now be challenged *by the defendant?*

### a.  *Factors that can be considered*

The question of what "statutory aggravating factors" can be considered in the "penalty retrial" arises, because the Third Notice Of Intent does not conform to the original jury's "eligibility phase" findings of "statutory aggravating factors."  *See* "Eligibility Phase" Verdict Form (docket no. 545).  Instead, it reiterates some

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 16 of 123   April 2013 p 115
Appellate Case: 13-1739     Page: 115     Date Filed: 04/03/2013 Entry ID: 4021355

additional "statutory aggravating factors" alleged in the Second Superseding Indictment (docket no. 233).

### i. Factors alleged and noticed

More specifically, the Second Superseding Indictment (docket no. 233), like the Superseding Indictment (docket no. 99), alleged the following "statutory aggravating factors": all three "intent" factors (former § 848(n)(1)(A), (B), and (C)) as to all five CCE murders; "substantial planning and premeditation" (former § 848(n)(8)) as to all five CCE murders; "heinous, cruel, or depraved manner" (former § 848(n)(12)) as to all five CCE murders; and "vulnerable victims" (former § 848(n)(9)) as to the CCE murders of the two children (**Counts 8** and **9**). In the Second Notice of Intent (docket no. 141), filed between the filings of the two Superseding Indictments, and not amended before Johnson's first trial, the prosecution gave notice of intent to rely on these same "statutory aggravating factors" as to the same Counts. In the "eligibility phase" of Johnson's first trial, however, the prosecution relied on only one "intent" factor (former § 848(n)(1)(C))[4] as to all five CCE murders, and on "heinous, cruel, or depraved manner" (former § 848(n)(12)) *only* as to the CCE murders of the three adults (**Count 6**, charging the CCE murder of Greg Nicholson, **Count 7**, charging the CCE murder of Lori Duncan, and **Count 10**, charging the CCE murder of Terry DeGeus), but not as to the CCE murders of the two children (**Counts 8** and **9**). The prosecution continued to rely on "substantial planning and premeditation" (former § 848(n)(8)) as to all five CCE murders, and on "vulnerable victims" (former § 848(n)(9)) as to the CCE murders of the two children (**Counts 8** and **9**).

---

[4] The § 848(n)(1)(C) "intent" factor alleged that Johnson "intentionally engaged in conduct intending that the victim[s] be killed or that lethal force be employed against the victim[s], which resulted in the death of the victim[s]."

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 17 of 123 April 2013 p 116
Appellate Case: 13-1739   Page: 116   Date Filed: 04/03/2013 Entry ID: 4021355

In the "Eligibility Phase" Verdict Form (docket no. 545), the original jury unanimously found the single "intent" factor identified in former § 848(n)(1)(C) (called a "gateway aggravating factor" in the "Eligibility Phase" Instructions and Verdict Form) as to all five CCE murders. The original jury also unanimously found "vulnerable victims" (former § 848(n)(9)) as to the CCE murders of the two children (**Counts 8** and **9**), and "heinous, cruel, or depraved manner" (former § 848(n)(12)) as to the CCE murders of the three adults (**Counts 6**, **7**, and **10**). However, the original jury found "substantial planning and premeditation" (former § 848(n)(8)) *only* as to the CCE murder of Terry DeGeus (**Count 10**), not as to any of the other murders.

The Third Notice Of Intent (docket no. 879), filed in anticipation of the "penalty retrial," matches the original jury's "eligibility phase" findings to the extent that it asserts only a single "intent" factor (former § 848(n)(1)(C)) as to all five CCE murders; "vulnerable victims" (former § 848(n)(9)) as to the CCE murders of the two children (**Counts 8** and **9**); and "heinous, cruel, or depraved manner" (former § 848(n)(12)) as to the CCE murders of the three adults (**Counts 6**, **7**, and **10**). However, The Third Notice Of Intent departs from the original jury's findings by reanimating the prosecution's intent to rely on "substantial planning and premeditation" *as to all five CCE murders*, just as the Second Superseding Indictment and the Second Notice Of Intent alleged, not just as to the CCE murder of Terry DeGeus (**Count 10**), as the original jury found.

### ii. *Factors that can properly be considered*

Because the original jury's "eligibility phase" verdict still stands for the "penalty retrial," the new jury may consider, in its weighing of aggravating and mitigating factors, *only* those "statutory aggravating factors" found by the original jury. *See* former 21 U.S.C. § 848(h)(1)(B), (j), and (k). More specifically, the new jury may consider the § 848(n)(1)(C) "intent" aggravating factor as to all five CCE murders;

18

"vulnerable victims" as to the CCE murders of the two children (**Counts 8** and **9**); "heinous, cruel, or depraved manner" as to the CCE murders of the three adults (**Counts 6**, **7**, and **10**); and "substantial planning and premeditation" *only* as to the CCE murder of Terry DeGeus (**Count 10**). The prosecution may *not* assert, and the new jury may *not* consider, "substantial planning and premeditation" as to the CCE murders of Nicholson or the three Duncans (**Counts 6** through **9**).

Moreover, notwithstanding that "statutory aggravating factors" and "non-statutory aggravating factors" perform the same *role* in the "penalty phase," the prosecution will not be allowed to reassert "substantial planning and premeditation" as a "*non*-statutory aggravating factor" as to the CCE murders of Nicholson or the three Duncans (**Counts 6** through **9**) before the new jury in the retrial of the "penalty phase." This is so, because the prosecution would not have been allowed to take such a "second bite at the apple" with the original jury, in the original "penalty phase," after its failure to obtain a unanimous finding, beyond a reasonable doubt, on the "substantial planning and premeditation" factor as a "*statutory* aggravating factor" in the original "eligibility phase." *See* former 21 U.S.C. § 848(k) (permitting the jury to consider, in sequence, whether or not "statutory aggravating factors" exist, then, if so, whether or not "non-statutory aggravating factors" and "mitigating factors" exist, and then weigh only those "aggravating factors" found to exist against those "mitigating factors" found to exist).

I base my conclusion that the original jury's "eligibility phase" verdicts still stand for the retrial of the "penalty phase," and limit the "statutory aggravating factors" that can be weighed in the "penalty retrial," only on the process for making the penalty determination under the pertinent provisions of former § 848 and the lack of any allegation or finding of error in the "eligibility phase" in Johnson's § 2255 proceedings. I do not reach this conclusion on the basis of "double jeopardy," that is, on the basis that the original jury "acquitted" Johnson of the "substantial planning and

19

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 19 of 123   April 23 2013 p 118
Appellate Case: 13-1739     Page: 118     Date Filed: 04/03/2013 Entry ID: 4021355

premeditation" aggravating factor as to all of the CCE murders except Terry DeGeus's in the original "eligibility phase." *See, e.g., Sattazahn v. Pennsylvania*, 537 U.S. 101, 109 (2003) ("[T]he touchstone of double-jeopardy protection in capital-sentencing proceedings is whether there has been an 'acquittal.'"). Indeed, such a "double jeopardy" argument would be unavailing here. A *finding* of a "statutory aggravating factor" had to be unanimous, but a *rejection* of such a "statutory aggravating factor" did not have to be unanimous. *See* former 21 U.S.C. § 848(k) ("A finding with respect to any aggravating factor must be unanimous," but "[a] finding with respect to a mitigating factor may be made by one or more of the members of the jury."). The statute does not require unanimity as to the *non-existence* of any "aggravating factor," and the original jury was not instructed that unanimity was required to reject an aggravating factor. Thus, *rejection* of a "statutory aggravating factor" would have only the non-preclusive effect of a "deadlocked" or "hung" jury. *Sattazahn*, 537 U.S. at 109-10.

The prosecution argues that it would be unreasonable—and prejudicial to it—to expect a new jury to weigh "empty labels" for "statutory aggravating factors" found by the original jury without any evidence to support them in the "penalty retrial." The answer to this argument is that former § 848(j) expressly contemplates the possibility of a different jury making a sentencing redetermination, as follows:

> *Information presented may include the trial transcript and exhibits if the hearing is held before a jury or judge not present during the trial,* or at the trial judge's discretion. Any other information relevant to such mitigating or aggravating factors may be presented by either the Government or the defendant, regardless of its admissibility under the rules governing admission of evidence at criminal trials, except that information may be excluded if its probative value is substantially outweighed by the danger of

20

> unfair prejudice, confusion of the issues, or misleading the
> jury.

Former 21 U.S.C. § 848(j) (emphasis added). Here, information about the "statutory aggravating factors," *all of which came from the "merits phase" of the trial in this case*,[5] is found in the trial transcript and exhibits, and that information will be admissible in the "penalty retrial." *Id.* Moreover, I do not read former § 848(j) to *limit* the information concerning "statutory aggravating factors" in a "penalty retrial" to the information in the trial transcript and exhibits. Rather, that provision uses the permissive "may" in reference to use of trial transcripts and exhibits, if the penalty is determined by a different jury, then states that "[a]ny other information relevant to such mitigating or aggravating factors may be presented," subject to a weighing of probative value against potential prejudice. *Id.* Thus, I believe that I have the discretion under this provision to allow the prosecution to present evidence supporting the "statutory aggravating factors" properly before the new jury in the form of live testimony and exhibits, and I will do so in this case. Therefore, the jury will not conduct its weighing with only "empty labels" for "statutory aggravating factors," and the prosecution will not be unfairly prejudiced.

In this case, the obvious exception to use of evidence from the original trial or live testimony is that any evidence of "substantial planning and premeditation" relating to any of the CCE murders other than the murder of Terry DeGeus in **Count 10** will not be admissible for the purpose of reopening the consideration of that "statutory aggravating factor" as to those other murders. Admitting trial evidence, or any other evidence, of "substantial planning and premeditation" for that purpose would be

---

[5] The "eligibility phase" of the original trial consisted only of argument, not new evidence.

21

unfairly prejudicial, where that "statutory aggravating factor" is not properly at issue as to those Counts in light of the standing "eligibility phase" verdicts. *Id.*

### b. *Factors that can be challenged*

Even after her epiphany concerning the scope of the "penalty retrial," Johnson continues to challenge the assertion in the Third Notice Of Intent of "statutory aggravating factors" based on "substantial planning and premeditation" and "heinous, cruel, or depraved manner" as to *any* Counts, even though they were found by the original jury as to some Counts, on the grounds that the victims were killed by a co-conspirator, not by her, and that those factors are duplicative, vague, and supported by insufficient evidence. Whether Johnson can now assert these challenges is an unsettled preliminary question, where the original jury's "eligibility phase" verdicts were not challenged in Johnson's § 2255 Motion; were not a basis for any § 2255 relief; and are not subject to reconsideration on a "penalty retrial" only because I have concluded that the original jury's "eligibility phase" verdicts still stand, but not because there is any preclusive effect to the original jury's rejection of any "statutory aggravating factors" as to any Counts.

I believe that Johnson is now attempting to amend an oversight by asserting arguments of error—particularly legal error—in the "eligibility phase" that she should have asserted in her § 2255 Motion, but did not. *See* Rule 2(b)(1) of the Rules Governing Section 2255 Proceedings for the United States District Courts (stating that a § 2255 motion must "specify all the grounds for relief available to the moving party"). Indeed, her belated challenges to the "statutory aggravating factors" amount to an impermissible "second or successive" § 2255 Motion for which Johnson has not received authorization from the Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h) (declaring that a successive § 2255 motion is not permitted unless the motion is certified by a panel of the appellate court to contain "newly discovered evidence" or "a new rule

22

of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"); *see also United States v. Hamilton*, 604 F.3d 572, 574 (8th Cir. 2010) (at resentencing as § 2255 relief, the defendant forfeited a challenge that he failed to raise, but easily could have, in his first § 2255 Motion). Therefore, I will not consider those untimely and procedurally defaulted challenges now.

### C.   Penalties

#### 1.   Penalties vacated

Johnson also admits in her Reply that she has belatedly recognized that, as the prosecution argued, my ruling granting her relief on her § 2255 Motion vacated not only her death sentences on **Counts 7** through **10**, charging the CCE murders of Lori Duncan, Kandi Duncan, Amber Duncan, and Terry DeGeus, respectively, but also her sentence of life imprisonment without possibility of parole on **Count 6**, charging the CCE murder of Greg Nicholson.   Johnson is correct, as was the prosecution, in so reading my ruling on Johnson's § 2255 Motion.   *See Johnson*, 860 F. Supp. 2d at 920 ("[T]he Amended Judgment (docket no. 777) in Case No. CR 01–3046–MWB, imposing a sentence of life imprisonment on **Count 6** and sentences of death on **Counts 7, 8, 9,** and **10**, on Johnson, is **vacated**.").   Thus, the "penalty retrial" was intended to involve determination of the appropriate penalty on *all five* of Johnson's convictions for CCE murder.

#### 2.   Possibility of a death sentence on Count 6

Because I vacated the penalties for *all five* of Johnson's CCE murder convictions, I must address the parties' dispute about what penalties are now available on each Count in the "penalty retrial."   That analysis begins with the possibility of a

23

death sentence on **Count 6**, the only Count on which the original jury did not recommend a death sentence.

### a. Arguments of the parties

Johnson argues, in her opening brief, that even if I vacated her life sentence for the CCE murder of Greg Nicholson in **Count 6**, a new jury cannot now sentence her to death, because the original jury found that a death sentence was not appropriate on that Count. Somewhat more specifically, she argues that the "prior jury unanimously rejected the death penalty for this count and the Court sentenced Ms. Johnson to life imprisonment on this Count" and that "[t]he government knows, or should know, that double jeopardy principles would preclude the government from again seeking the death penalty for Count 6." Johnson's Brief In Support Of Challenge To Third Notice Of Intent (Opening Brief) at 6-7. The prosecution counters that, because I vacated the sentence on this Count, as well as on the Counts on which the original jury sentenced Johnson to death, the new jury may properly decide whether or not to sentence her to death on this Count, just as it may do so on the other Counts on which death sentences were vacated. Johnson does not reiterate her argument that she cannot be sentenced to death on **Count 6** in her Reply.

### b. Controlling authority

Johnson cites two Supreme Court cases in support of her contention that she cannot now be sentenced to death on **Count 6**, *Sattazahn v. Pennsylvania*, 537 U.S. 101 (2003), and *Bullington v. Missouri*, 451 U.S. 430 (1981). The Supreme Court's decision in *Sattazahn* explains the significance of its decision in *Bullington* and its determination of the double-jeopardy issue in the case before it, as follows:

> The Double Jeopardy Clause of the Fifth Amendment commands that "[n]o person shall … be subject for the same offence to be twice put in jeopardy of life or limb." Under this Clause, once a defendant is placed in jeopardy for an

24

offense, and jeopardy terminates with respect to that offense, the defendant may neither be tried nor punished a second time for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Where, as here, a defendant is convicted of murder and sentenced to life imprisonment, but appeals the conviction and succeeds in having it set aside, we have held that jeopardy has not terminated, so that the life sentence imposed in connection with the initial conviction raises no double-jeopardy bar to a death sentence on retrial. Stroud v. United States*, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 (1919).

In *Stroud*, the only offense at issue was that of murder, and the sentence was imposed by a judge who did not have to make any further findings in order to impose the death penalty. *Id.*, at 18, 40 S.Ct. 50. In *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), however, we held that the Double Jeopardy Clause does apply to capital-sentencing proceedings where such proceedings "have the hallmarks of the trial on guilt or innocence." *Id.*, at 439, 101 S.Ct. 1852. We identified several aspects of Missouri's sentencing proceeding that resembled a trial, including the requirement that the prosecution prove certain statutorily defined facts beyond a reasonable doubt to support a sentence of death. *Id.*, at 438, 101 S.Ct. 1852. Such a procedure, we explained, "explicitly requires the jury to determine whether the prosecution has 'proved its case.'" *Id.*, at 444, 101 S.Ct. 1852. Since, we concluded, a sentence of life imprisonment signifies that "'the jury has already acquitted the defendant of whatever was necessary to impose the death sentence,'" the Double Jeopardy Clause bars a State from seeking the death penalty on retrial. *Id.*, at 445, 101 S.Ct. 1852 (quoting *State ex rel. Westfall v. Mason*, 594 S.W.2d 908, 922 (Mo.1980) (Bardgett, C. J., dissenting)).

We were, however, careful to emphasize that it is not the mere imposition of a life sentence that raises a double-jeopardy bar. We discussed *Stroud*, a case in which a

25

defendant who had been convicted of first-degree murder and sentenced to life imprisonment obtained a reversal of his conviction and a new trial when the Solicitor General confessed error. In *Stroud*, the Court unanimously held that the Double Jeopardy Clause did not bar imposition of the death penalty at the new trial. 251 U.S., at 17-18, 40 S.Ct. 50. *What distinguished* Bullington *from* Stroud*, we said, was the fact that in* Stroud *"there was no separate sentencing proceeding at which the prosecution was required to prove—beyond a reasonable doubt or otherwise— additional facts in order to justify the particular sentence."* Bullington*, 451 U.S., at 439, 101 S.Ct. 1852. We made clear that an "acquittal" at a trial-like sentencing phase, rather than the mere imposition of a life sentence, is required to give rise to double-jeopardy protections. Id*., at 446, 101 S.Ct. 1852.

Later decisions refined *Bullington's* rationale. . . .

*Sattazahn*, 537 U.S. at 106-07 (emphasis added). In *Sattazahn*, the Court ultimately concluded that there was no double-jeopardy bar to renewed consideration of a death sentence, when the defendant's first jury deadlocked at his sentencing proceeding, and the trial court prescribed a sentence of life imprisonment pursuant to Pennsylvania law. *Id*. at 109-10. The Court concluded that the defendant could not establish that either the jury or the court "acquitted" him of the death sentence during his first capital-sentencing proceeding, because the deadlock was not a determination based on findings sufficient to establish legal entitlement to a life sentence. *Id*.

### c. Analysis

Neither *Sattazahn* nor *Bullington* ultimately supports Johnson's argument. This is so, notwithstanding that this case is like *Bullington* in one sense: There was a trial-like sentencing proceeding—indeed, sentencing phases of the trial—at which the prosecution was required to prove beyond a reasonable doubt additional facts—the "statutory aggravating factors" to make Johnson "eligible" for the death penalty and the

26

existence of any other "non-statutory aggravating factors"—in order to justify a death sentence. *Id*. at 106-07. Nevertheless, in the "eligibility phase," the verdict on **Count 6** on which the jury unanimously agreed was a finding, beyond a reasonable doubt, that "statutory aggravating factors" existed and that Johnson was, consequently, "eligible" for the death penalty on that Count, as on the other Counts. *See* "Eligibility Phase" Verdict Form (docket no. 545) (indicating that, as to **Count 6**, charging the CCE murder of Greg Nicholson, the jurors unanimously found, beyond a reasonable doubt, the "gateway aggravating factor" concerning "intent" defined in former § 848(n)(1)(C), the "statutory aggravating factor" defined in former § 848(n)(12) ("heinous, cruel, or depraved"), and that Johnson was "eligible" for the death penalty on that count). As noted above, that "eligibility phase" verdict was neither challenged nor vacated in Johnson's § 2255 proceedings. Thus, the "eligibility phase" verdict did not create any "entitlement" to a life sentence; instead, it opened the door to a death sentence. *See id.* at 110.

Furthermore, contrary to Johnson's contentions, in the "penalty phase," the original jury did *not* "unanimously reject[] the death penalty" for **Count 6**; rather, they *failed to find*, unanimously, that Johnson should be sentenced to death on that Count. *See* Final "Penalty Phase" Instructions To The Jury (docket no. 589), Instruction No. 4 – Step Three: Weighing The Factors (explaining that "*[a] determination to impose a death sentence must be unanimous*," but "if . . . any one of you finds that a sentence of death is not justified on a particular Count, then the death sentence *cannot* be imposed on that Count . . . ." (emphasis in the original); "Penalty Phase" Verdict Form (docket no. 593), Step Three; *see also* 21 U.S.C. § 848(k) ("Based upon this consideration [of aggravating and mitigating factors], the jury *by unanimous vote*, or if there is no jury, the court, shall recommend that a sentence of death shall be imposed *rather than* a sentence of life imprisonment without possibility of release or some other

27

lesser sentence" (emphasis added)); *United States v. Johnson*, 495 F.3d 951, 977–78 (8th Cir. 2007) (concluding, on direct appeal, that the jury instructions in Johnson's original trial correctly stated that unanimity was required for a death sentence, but that the court would impose a life sentence if even one juror found that death was not justified). Thus, the automatic imposition of a life sentence on **Count 6**, as the result of the lack of unanimity for a death sentence, but with no hint of unanimity for a life sentence, is comparable to the effect of the "hung" or "deadlocked" jury at sentencing in *Sattazahn*. 537 U.S. at 109-10; *see id.* at 104 (noting that the jury notified the district court that the jury was "hopelessly deadlocked at 9-3 for life imprisonment"); *see also* former 21 U.S.C. § 848(k) (requiring unanimity only for a death verdict); *Johnson*, 495 F.3d at 977-78 (same).

To put it another way, the original jury did not unanimously "acquit" Johnson of the death penalty on **Count 6** in the "penalty phase" of her first trial, nor did I, when I entered judgment imposing a sentence of life without parole on **Count 6** pursuant to the automatic effect of the first jury's failure to reach a unanimous verdict for a death sentence. *Id*. at 108-09; *see also* former 21 U.S.C. § 848(*l*) ("Upon the recommendation that the sentence of death be imposed, the court shall sentence the defendant to death. Otherwise the court shall impose a sentence, other than death, authorized by law."). Because "the touchstone of double-jeopardy protection in capital-sentencing proceedings is whether there has been an 'acquittal,'" *id*. at 109, there is no double-jeopardy bar to a retrial of the penalty, including the possibility of the death penalty, on **Count 6**, where there was no "acquittal" of the death penalty on that Count.[6]

---

[6] Johnson's argument would have had more merit, had she been prosecuted under the FDPA, rather than under the ADAA. Among other things, the FDPA sentencing scheme differs from the sentencing scheme under § 848 and the ADAA in

28

### d.  Summary

Because there is no double-jeopardy bar to a death sentence on **Count 6**, the full range of punishments, including the death penalty, for a conviction of CCE murder in violation of § 848(e) remains available on Johnson's conviction on **Count 6**.[7]

### 3.  Possibility of a sentence less than life without parole on all Counts

Because I vacated the penalties for *all five* of Johnson's CCE murder convictions, I must also address the parties' dispute about the possibility of sentences *less* than life without parole on *any* of the CCE murder convictions.  The parties raised

---

that the jury must make a unanimous recommendation of the penalty, whether death, life without parole, or a lesser sentence.  *Compare* 18 U.S.C. § 3593(e) (requiring the jury to recommend, "by unanimous vote . . . whether the defendant should be sentenced to death, to life imprisonment without possibility of release or some other lesser sentence"); *with* former 21 U.S.C. § 848(k) (requiring a unanimous vote only for a death penalty by stating, "Based upon this consideration, the jury *by unanimous vote*, or if there is no jury, the court, shall recommend that a sentence of death shall be imposed *rather than* a sentence of life imprisonment without possibility of release or some other lesser sentence" (emphasis added)); *Johnson*, 495 F.3d at 977–78 (concluding that the jury instructions in Johnson's original trial correctly stated that unanimity was required for a death sentence, but that the court would impose a life sentence if even one juror found that death was not justified).  Furthermore, under the FDPA, the unanimous recommendation of a sentence of life without parole, like a unanimous recommendation of a death sentence, is *binding* on the court.  *See* 18 U.S.C. § 3594 ("Upon a recommendation under section 3593(e) that the defendant should be sentenced to death or life imprisonment without possibility of release, the court shall sentence the defendant accordingly."); *see also United States v. Rodriguez*, 581 F.3d 775, 813 (8th Cir. 2009) (noting that, under the FDPA, "[t]he district court must impose the sentence recommended by the jury in the § 3593(e) process," citing § 3594).

[7] A further consequence of this conclusion is that, contrary to Johnson's contentions, she is not currently serving a life sentence without possibility of parole on **Count 6**, which figures in her argument that the only aspect of "future dangerousness" that is relevant in her case is future dangerousness in prison.

29

Appellate Case: 13-1739   Page: 128   Date Filed: 04/03/2013 Entry ID: 4021355

this issue in the context of arguments about the scope of the "non-statutory aggravating factor" of "future dangerousness," but the issue has more general ramifications for how the new jury will be instructed on sentencing options.

### a.   *Arguments of the parties*

Johnson argues that *the jury* should only be offered a choice between death and life without parole, because the sentencing scheme in § 848 only gives *the court*, not *the jury*, the discretion to impose a sentence less than life without parole.[8]  Therefore, she argues, it is clear that the jury's decision is between death and life without parole, and introduction of a third option of a lesser sentence could persuade jurors to shift from life to death to eliminate any chance of a lesser sentence by the judge.  Thus, Johnson's advocacy for the jury to be allowed to choose only between the two harshest sentencing options, death or life without parole, which may seem surprising at first, is explained by her concern to prevent sentencing options that might make the death option more attractive to a jury.

On the other hand, the prosecution—the party that might be expected to argue that only the two harshest sentencing options should be considered—argues that a sentence less than life without parole is possible, and that Johnson makes a hopelessly "convoluted" argument that the roles of the court and the jury in capital sentencing preclude a lesser sentence.  The prosecution argues that the jury in this case will have two options:  sentencing Johnson to death, or not doing so.  The prosecution argues that, if the jury chooses not to sentence Johnson to death, the court will be responsible for sentencing her.  The prosecution also points out that the applicable statute does not

---

[8] This argument stands in stark contrast to Johnson's contention, rejected above, that the "prior jury unanimously rejected the death penalty for **[Count 6]**."  Johnson's Opening Brief at 6.

30

mandate a life sentence, so that Johnson may be sentenced to less than life without parole.

In reply, Johnson reiterates her argument that no sentencing option less than life without parole should be offered to the new jury. She points out that the prosecution did not ask that the original jury's options be limited to death or not death, but agreed that the jury's choices were between death and life without parole. She argues that the prosecution's present argument is simply an attempt to widen the scope of "bad conduct" evidence that will be admissible in the "penalty retrial," particularly as to "future dangerousness."

### b.      The statutory sentencing scheme

I note that former § 848(k) provides, as follows, in the part pertinent here:

> Based upon this consideration [of aggravating and mitigating factors found to exist], the jury by unanimous vote, or if there is no jury, the court, *shall recommend that a sentence of death shall be imposed rather than a sentence of life imprisonment without possibility of release or some other lesser sentence.* The jury or the court, regardless of its findings with respect to aggravating and mitigating factors, is never required to impose a death sentence and the jury shall be so instructed.

Former 21 U.S.C. § 848(k) (emphasis added). Former § 848(*l*) provides, in pertinent part,

> Upon the recommendation that the sentence of death be imposed, the court shall sentence the defendant to death. *Otherwise the court shall impose a sentence, other than death, authorized by law.*

Former 21 U.S.C. § 848(*l*) (emphasis added). As to what sentences are "authorized by law" for a conviction of a § 848(e) offense, I note that former § 848(e)(1)(A) provides as follows:

31

> [A]ny person engaging in or working in furtherance of a
> continuing criminal enterprise, or any person engaging in an
> offense punishable under section 841(b)(1)(A) of this title or
> section 960(b)(1) of this title who intentionally kills or
> counsels, commands, induces, procures, or causes the
> intentional killing of an individual and such killing results,
> *shall be sentenced to any term of imprisonment, which shall
> not be less than 20 years, and which may be up to life
> imprisonment, or may be sentenced to death.*

Former 21 U.S.C. § 848(e)(1)(A) (emphasis added). Finally, for present purposes, former § 848(p) provides as follows:

> If a person is convicted for an offense under subsection (e)
> of this section and the court does not impose the penalty of
> death, *the court may impose a sentence of life imprisonment
> without the possibility of parole.*

Former 21 U.S.C. § 848(p) (emphasis added).

### c.     *Analysis*

#### i.     *Johnson's authority*

In support of her contention that the jury should only be allowed to consider death or life without parole, Johnson relies on *United States v. Chandler*, 996 F.2d 1073 (11th Cir. 1993). In that decision, the Eleventh Circuit Court of Appeals reached the following conclusion about the jury's power under § 848 to *impose* a sentence other than death, based on the portions of § 848(k), (*l*), and (p) quoted above:

> [T]he statute grants the district court the discretion to
> sentence a defendant to life without parole if a death
> sentence is not recommended. These sections preclude an
> interpretation of Section 848(k) that gives the jury the
> authority to impose a non-death sentence. Correspondingly,
> the responsibility for sentencing has historically resided with
> the trial court. In the absence of clear language in a statute
> to lodge the sentencing responsibility with the jury, we are
> reluctant to interpret the statute in a strained manner to reach

32

> that result. Hence, we find that Section 848 grants the
> district court the power to sentence the defendant where the
> jury does not recommend death.

*Chandler*, 996 F.2d at 1084.

I do not read *Chandler* to stand for the proposition, for which Johnson cites it, that the jury may not *consider* or *recommend* a sentence less than life without parole. The court in *Chandler* concluded only that the court, not the jury, ultimately has the discretion to *impose* a sentence less than death, including a sentence less than life without parole. *Id.* Specifically, the court in *Chandler* read former § 848(*l*) to provide for the *imposition of sentence* only by the district court. *Id.* The court read § 848(*l*) to state that the jury's recommendation only binds the district court if the jury recommends a death sentence, because that provision states, "'Otherwise the court shall impose a sentence, other than death, authorized by law.'" *Id.* (quoting § 848(*l*)). Thus, in *Chandler*, the Eleventh Circuit Court of Appeals read these provisions to leave the court—and only the court—with the authority to *impose* a sentence less than death, that is, life without parole or some other lesser sentence. The court did not hold that the jury cannot *consider* or *recommend* any sentence less than death or less than life without parole.

### ii. *The jury's ability to consider lesser penalties*

Unlike Johnson, I do not read either *Chandler* or the sentencing provisions of § 848 to preclude a jury from *considering* some other sentence less than death or life without parole. To the contrary, I read § 848(k) as plainly and expressly authorizing the jury to *consider* other lesser sentences, because the statute states that the jury must "consider" whether aggravating factors outweigh any mitigating factors sufficiently to "justify" a death sentence, then, if they unanimously so find, "recommend" a death sentence "*rather than* a sentence of life imprisonment without possibility of release *or some other lesser sentence*." Former 21 U.S.C. § 848(k) (emphasis added); *see also*

33

*United States v. Ron Pair Enters.*, 489 U.S. 235, 242 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'") (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)). The intent that is plain from this statutory language, including the "rather than" and "some other lesser sentence" language, is to allow the jury to *consider* whether a death sentence is justified *in comparison* to a sentence of life without parole or some other lesser sentence. Again, the decision of the Eleventh Circuit Court of Appeals in *Chandler* is not to the contrary, because it says nothing whatsoever about what possible sentences the jury is to *consider*, when deciding whether or not the aggravating factors outweigh any mitigating factors sufficiently to "justify" a death sentence and whether the jury should then "recommend" a death sentence, only whether the jury or the court has the power to *impose* a sentence other than death. *See* 996 F.2d at 1084.

Yet, even though the statute, on its face, permits the jury to *consider* lesser penalties than death, including a penalty less than life without parole, there is some doubt as to whether or not the jury should be *permitted* to do so *in a particular case*. For example, the Fifth Circuit Court of Appeals opined, some time ago, that district courts should not "allow the government to freely hammer away on the theme that the defendant could some day get out of prison if that eventuality is legally possible but actually improbable." *United States v. Flores*, 63 F.3d 1342, 1368 (5th Cir. 1995). This remark was made in the context of whether or not evidence of "future dangerousness" should include evidence that the defendant might pose a danger *outside of prison*. *Id.* Nevertheless, it is also instructive, more generally, in the context of possible penalties upon conviction of a capital offense.

34

In this case, in my ruling on Johnson's § 2255 Motion, I rejected one of her many claims of error in the "penalty phase," for the following reason:

> [Johnson] also has not shown that, even though I might have disagreed with the imposition of the death penalty on the facts of this case as they were proved at trial, *see Johnson*, 403 F. Supp. 2d at 896–97, I would have imposed any sentence less than life imprisonment without parole, if the ultimate sentencing decision had been left to me—*indeed, I would not have imposed any lesser sentence, even had I been aware of all of the evidence that Johnson contends her trial counsel should have presented*. *See* 21 U.S.C. § 848(p) (2005) (providing that, in a capital case pursuant to § 848(e) in which the death penalty is not sought or imposed, "the court may impose a sentence of life imprisonment without possibility of parole").

*Johnson*, 860 F. Supp. 2d at 908-09 (emphasis added); *see also Johnson*, 403 F. Supp. 2d at 886 (noting that Johnson had waived before trial her post-trial argument that the jury should simply have been required to reject the death sentence and leave to the court the question of the sentence less than death to be imposed if the jury's verdict for death was non-unanimous, because she specifically requested that the alternatives submitted to the jury be either a "death sentence," upon an unanimous verdict, or "life imprisonment without possibility of parole," if any one or more jurors so found). Thus, in this case, a sentence less than life without parole is "improbable."

Also, as Johnson asserts, there is some authority for the proposition that, in a capital case, it may be inappropriate to allow the jury to consider any sentences other than death or life without parole. She cites a comment to 1-9A MODERN FEDERAL JURY INSTRUCTIONS—CRIMINAL P 9A.03, which states, "A juror presented with the possibility of a lesser authorized sentence could be 'persuaded to switch from life to death to ward off . . . any chance of a lesser sentence by the judge.'" (quoting *Jones v. United States*, 527 U.S. 373, 416 (1999) (Ginsburg, J. dissenting, joined by Stevens,

35

Souter, and Breyer, JJ.)). On the other hand, there is also some authority for the proposition that fairness, integrity, and repute of the capital sentencing process would be called into question, if a court were to consider the possibility of a lesser sentence than the one the jury was told would be required if it voted to spare a defendant from the death penalty. *See United States v. Moussaoui*, 591 F.3d 263, 305 (4th Cir. 2010) (citing *United States v. Quinones*, 511 F.3d 289, 322 (2d Cir. 2007)). This latter concern is greatly lessened in this case, precisely because I have already indicated that I would not have imposed any lesser sentence, even had I been aware of all of the evidence that Johnson contends her trial counsel should have presented. *Johnson*, 860 F. Supp. 2d at 908. In other words, because a lesser sentence is "improbable," *see Flores*, 63 F.3d at 1368, there is no real risk that the fairness, integrity, and repute of the capital sentencing process will be called into question by the court imposing a sentence less than life without parole, if the only sentences that the new jury is allowed to consider are death or life without parole.

Because there is a potential for prejudice to Johnson if the jury is allowed to consider sentences less than death or life without parole, and any lesser sentence is improbable in this case, the only possible sentences that I will allow the new jury to consider are death and life without parole in making their determination of whether or not a death sentence is justified and whether or not to recommend the death penalty in the "penalty retrial."

### iii.    *The jury's ability to recommend a lesser penalty*

Even if I were persuaded that the jury could *consider* a lesser penalty than death or life without parole *in this case*, I do not believe that the jury has the authority to *recommend* any sentence less than death. My conclusion, informed by my recent reexamination of the statute, is that the plain language of the sentencing provisions of § 848 limits what penalty the jury can *recommend*. Former § 848(k) provides that, if

36

the aggravating factors found to exist outweigh any mitigating factors found to exist, the jury shall "by unanimous vote . . . *recommend* that a sentence of death shall be imposed *rather than* a sentence of life imprisonment without possibility of release or some other lesser sentence." Former 21 U.S.C. § 848(k) (emphasis added). Thus, former § 848(k) specifically authorizes the jury to "recommend," unanimously and specifically, only one penalty, a death penalty. To put it another way, even though a jury may consider a sentence less than death, or even less than life without parole, in deciding whether or not to recommend the death penalty, the sentencing provisions of § 848 do not permit the jury to make a unanimous recommendation of any penalty *other than* death. *Cf. Johnson*, 495 F.3d at 977–78 (concluding that the jury instructions in Johnson's original trial correctly stated that unanimity was required for a death sentence, but that the court would impose a life sentence if even one juror found that death was not justified). Moreover, § 848(k) and (*l*) do not *require* the jury to recommend a sentence other than death, based upon a non-unanimous verdict for death. *Johnson*, 403 F. Supp. 2d at 886.

### iv. The jury's ability to impose a lesser penalty

Of course, it follows from my conclusion that the jury cannot *recommend* any penalty less than death that the jury also cannot *impose* a lesser sentence. More specifically, my view, informed by my recent reexamination of the statute, is that the court in *Chandler* is correct that only the *court*, not the *jury*, ultimately has the authority to *impose* a sentence less than death, including a sentence less than life without parole. 996 F.2d at 1084.

Former § 848(*l*) expressly and plainly makes the jury's recommendation *binding* only if the jury recommends a death sentence, but states, "'Otherwise *the court* shall impose a sentence, other than death, authorized by law.'" *Id.* (quoting § 848(*l*)) (emphasis added). Again, the penalties "authorized by law" for CCE murder in

37

Appellate Case: 13-1739   Page: 136   Date Filed: 04/03/2013 Entry ID: 4021355

violation of § 848(e) include "*any term of imprisonment, which shall not be less than 20 years*, and which may be up to life imprisonment, or may be sentenced to death." Former 21 U.S.C. § 848(e)(1)(A) (emphasis added). Former § 848(p) reiterates, "If a person is convicted for an offense under subsection (e) of this section and the court does not impose the penalty of death, *the court may impose a sentence of life imprisonment without the possibility of parole*." Former 21 U.S.C. § 848(p) (emphasis added). This last provision unambiguously makes a jury's penalty recommendation *binding* only if that recommendation is for a death penalty, but even supposing that the jury had the power to *recommend* a sentence less than life without parole, the court would still have the discretion to *impose* a sentence of life without parole. *See also Flores*, 63 F.3d at 1367 ("Under § 848(e), if the jury had not recommended a death sentence, the district court could have sentenced Garza to 'any term of imprisonment, which shall not be less than 20 years, and which may be up to life imprisonment.'").[9]

Thus, the court *must* impose a death sentence, if the jury recommends that penalty, but if the jury does not recommend a death sentence, the court *may* impose any other sentence authorized by law, including a penalty less than life without parole. To put it another way, the jury does not *impose* any penalty less than death, but only

---

[9] *Cf. United States v. Montgomery*, 635 F.3d 1074, 1099 (8th Cir. 2011) (reading comparable language in the FDPA "to mean that 'once a jury makes a final, unanimous determination that a sentence of death is justified, then the FDPA requires its imposition'" (quoting *United States v. Allen*, 247 F.3d 741, 780 (8th Cir. 2001), *vacated on other grounds*, 536 U.S. 953 (2002)). As noted above, in footnote 6, among other things, the FDPA sentencing scheme differs from the sentencing scheme under § 848 in that the jury's recommendation of life imprisonment without possibility of release is *also* binding on the court, because the FDPA requires that the jury unanimously select the penalty, not just unanimously recommend a death penalty or fail to make such a unanimous recommendation, as § 848(k) provides.

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 38 of 123   April 23 2013 p 137
Appellate Case: 13-1739   Page: 137   Date Filed: 04/03/2013 Entry ID: 4021355

*imposes* a death sentence, if it makes a unanimous recommendation, binding on the court, for that penalty.

I believe that this reading is correct, notwithstanding passing references, in the appellate decisions in Honken's and Johnson's cases, to their juries "imposing" sentences of life without parole. *See, e.g., United States v. Honken*, 541 F.3d 1146, 1149 (8th Cir. 2008) ("The jury voted to impose the death penalty for the children's murders and life imprisonment for the adults' murders."); *Johnson*, 495 F.3d at 958 ("The jury voted to impose the death penalty for four of these murders and voted to impose a sentence of life in prison for the fifth murder, resulting in a total of eight death sentences and two life sentences."). Indeed, in the "Penalty Phase" Instructions and Verdict Forms in both Johnson's and Honken's cases, I had framed the jury's options to be to "impose" a death sentence or a sentence of life without parole, although I had instructed the jury that the verdict to impose a death sentence had to be unanimous, but if even one juror found that death was not justified, I would impose a sentence of life without imprisonment. As I now read § 848, however, the jury in a § 848 capital case may not "recommend" or "impose" any penalty other than death— although the jury must decline to recommend the death penalty if the vote for death is not unanimous, and the jury is never required to recommend the death penalty. *See* former 21 U.S.C. § 848(k) ("The jury or the court, regardless of its findings with respect to aggravating and mitigating factors, is never required to impose a death sentence and the jury shall be so instructed.").

It follows from this conclusion that, on the "penalty retrial" in this case, the only *verdict* to be obtained from the new jury, on each Count, is whether the jurors unanimously agree that the sentence should be death—a "yes or no" question. That question must be accompanied by instructions (1) that, *in this case*, the court will impose a sentence of life without parole if even one juror finds that death is not

39

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 39 of 123   April 23 2013 p 138
Appellate Case: 13-1739   Page: 138   Date Filed: 04/03/2013 Entry ID: 4021355

justified, and (2) that, regardless of the jury's findings with respect to aggravating and mitigating factors, the jury is never required to impose a death sentence. This framing of the possible verdicts admittedly differs from the way that I framed the possible verdicts in Johnson's original "penalty phase." However, this "redo" of Johnson's "penalty phase" has afforded me, as well as the parties, an opportunity to learn from hindsight and a reexamination of applicable statutory language and other authorities. On this "redo," I conclude that the jury does not *impose* any penalty less than death, but only *imposes* a death sentence, if it makes a unanimous recommendation, binding on the court, for that penalty.

### d.    Summary

On the "contextual" question of what sentences are possible on each of the CCE murder Counts in the "penalty retrial," I hold that the *possible* sentences are death, life without parole, and imprisonment for not less than twenty years. Nevertheless, *in this case*, the only penalties that the new jury will be allowed to *consider* on each Count are death and life without parole. Furthermore, the appropriate *verdict* to be obtained from the new jury, on each Count, is whether the jurors unanimously agree that the sentence should be death—a "yes or no" question.

### D.    Necessity Of A Preliminary Evidentiary Showing

In what is actually the last argument in her Opening Brief in support of her Challenges To Third Notice Of Intent, Johnson argues that no aggravating factor should be allowed to go to the jury in the absence of judicial screening of the evidence supporting the factor. Thus, she requests that I order a pretrial proffer from the prosecution or a preliminary hearing to test the evidence, to ensure the reliability required by the Eighth Amendment to the United States Constitution. The prosecution disagrees.

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 40 of 123   April 2013 p 139
Appellate Case: 13-1739      Page: 139      Date Filed: 04/03/2013 Entry ID: 4021355

### 1.	*Arguments of the parties*

Johnson argues that I should require a fairly detailed proffer of evidence in aggravation from the prosecution prior to the "penalty retrial," so that I can discharge my "gatekeeper" role with regard to sentencing evidence under the applicable statute and the Constitution. In her original Motion To Dismiss Or Strike Certain Aggravating Factors (docket no. 865), which she reiterates by reference in her Challenges To Third Notice Of Intent, Johnson argues that I should direct the prosecution to provide further information regarding the factual basis, and/or require a hearing, to test the relevance, reliability, and admissibility of the evidence of aggravating factors.

In its Resistance, the prosecution argues that I should not hold any evidentiary hearing to assess the evidence in support of aggravating factors, because the proper place for factual development of aggravating factors is at the "penalty retrial." The prosecution also argues that its Third Notice Of Intent and the extensive discovery already provided to Johnson give her sufficient information about the evidence of aggravating factors that the prosecution will present at the "penalty retrial." The prosecution argues that Johnson is not entitled to any further advance proffer from the prosecution, either about what evidence it will offer or how it will use or present that evidence.

In her Reply, Johnson simply reiterates that, in light of her challenges to various aggravating factors, I should require the prosecution to come forward with an offer of proof as to the factual basis for certain of its aggravating factors and, in certain instances, conduct a hearing to determine the admissibility of evidence of aggravating factors.

### 2.	*Analysis*

Johnson cites authority for the propositions that the court performs a "gatekeeper" role in controlling the information presented in a capital sentencing

41

proceeding; that the prosecution must identify aggravating factors with sufficient specificity to put the defendant on notice of the nature of the aggravating factors to allow her to prepare for the "penalty retrial"; and that the court can compel the prosecution to reveal the specific evidence on which its aggravating factors are based or hold a pretrial hearing to review the prosecution's evidence in support of aggravating factors. Nevertheless, I am persuaded by well-reasoned authority to decline to hold a pretrial hearing on or to require any pretrial proffer regarding the evidence supporting aggravating factors, at least in the absence of a showing that Johnson has not received constitutionally sufficient notice of what the prosecution intends to prove at the "penalty retrial."

For example, United States District Court Judge Terrence F. McVerry of the Western District of Pennsylvania rejected arguments much like Johnson's for a "preview" of the evidence supporting the prosecution's aggravating factors in *United States v. Solomon*, 513 F. Supp. 2d 520 (W.D. Pa. 2007). He began by noting,

> The Court of Appeals for the Fourth Circuit has observed:
>
> The FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor, . . . , *not notice of the specific evidence that will be used to support it*. *See* 18 U.S.C.A. § 3593(a) (requiring only that the government's notice "set [ ] forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death"); *United States v. Battle*, 173 F.3d 1343, 1347 (11th Cir. 1999) (observing that notice given to a defendant of the applicable aggravating factors in a death penalty case *is not the same as notice of the specific evidence that the government intends to present at a sentencing hearing*), *cert. denied*, 529 U.S. 1022, 120 S.Ct. 1428, 146 L.Ed.2d 318 (2000); *cf. Gray v.*

42

> *Netherland*, 518 U.S. 152, 167-68, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996) (*noting that there is no constitutional right to advance notice of the government's evidence in aggravation at a capital sentencing hearing*).
>
> *United States v. Higgs*, 353 F.3d 281, 325 (4th Cir. 2003) (emphasis added), *cert. denied*, 543 U.S. 1004, 125 S.Ct. 608, 160 L.Ed.2d 465 (2004). The United States Supreme Court has also observed that "it has always been the Court's view that the notice component of due process refers to the Court's view that the notice component of due process refers to the charge rather than the evidentiary support for the charge." *United States v. Agurs*, 427 U.S. 97 n. 20, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). *See also [United States v.] Minerd*, 176 F.Supp.2d [424,] 448 [(W.D. Pa. 2001)] (noting authority for requiring more specificity regarding the notice, but observing the notice and indictment together "sufficiently advise[d] the defendant of the charges he must be prepared to defend").

*Solomon*, 513 F. Supp. 2d at 538.

In *Solomon*, after rejecting the defendant's arguments that the notice of intent to seek the death penalty was insufficient to provide notice of aggravating factors and that the defendant was entitled to a bill of particulars concerning aggravating factors, Judge McVerry also rejected the defendant's request for a pretrial evidentiary hearing to rule on the sufficiency of the evidence to support all of the non-statutory aggravating factors. *Id*. at 539. Judge McVerry explained,

> While the Court recognizes that it has the authority to conduct such a hearing, *see United States v. Llera Plaza*, 179 F.Supp.2d 464, 469-70 (E.D. Pa. 2001), the Court finds that such a hearing is "unnecessary." *United States v. Frank*, 8 F.Supp.2d 253, 278-79 (S.D.N.Y. 1998).
>
> Under the FDPA, the Court has the gatekeeping role to exclude any evidence from the consideration of the jury

that is more unfairly prejudicial than probative. *Id.* Additionally, the penalty phase is an adversarial proceeding, wherein the defendant is "permitted to rebut any information received at the hearing," and may "present argument as to the adequacy of the information to establish the existence of any aggravating factor". *Id.* at 278 (quoting 18 U.S.C. § 3593(c)).

Furthermore, with respect to the case at bar, the Court recognizes that, if a penalty phase does take place, the period of time between the guilt phase and the penalty phase may be brief. However, it appears that much of the evidence the government intends to introduce during the penalty phase will be introduced during the merits phase as well. The Court will be in a better position to evaluate the relevance and probative value of this evidence after the merits phase. Defendant may renew his evidentiary objections at the conclusion of the merits phase, and the Court will at that time reconsider the need for an evidentiary hearing. At this time, however, Defendant's request for a pretrial hearing will be denied.

*Solomon*, 513 F. Supp. 2d at 539-40; *see also, e.g., United States v. Regan*, 228 F. Supp. 2d 742, 754 (E.D. Va. 2002) (also rejecting the defendant's argument that he was entitled to a pretrial evidentiary hearing on the sufficiency of the aggravating factors or the admissibility of evidence supporting those factors, because the defendant's right to notice does not extend to the evidence on which the prosecution intends to rely).

Senior United States District Court Judge Louis H. Pollak of the Eastern District of Pennsylvania reached a similar conclusion in *United States v. Llera Plaza*, 179 F. Supp. 2d 464 (E.D. Pa. 2001). He acknowledged that 18 U.S.C. § 3593(c) imposes a gatekeeping role on the court to assure the relevance of penalty phase evidence and that the probative value of such evidence outweighed its potential negative effects. *Llera Plaza*, 179 F. Supp. 2d at 468-69. He also recognized that some district courts had

44

conducted pretrial reviews of the relevance of sentencing phase evidence or had otherwise required the prosecution to proffer the evidentiary basis for aggravating factors. *Id*. at 469 (citing *United States v. Davis*, 912 F. Supp. 938 (E.D. La. 1996), *United States v. Beckford*, 964 F. Supp. 993 (E.D. Va. 1997), *United States v. Friend*, 92 F. Supp. 2d 534 (E.D. Va. 2000), and *United States v. Gilbert*, 120 F. Supp. 2d 147 (D. Mass. 2000)). Judge Pollack then stated,

> The foregoing cases indicate that this court has the authority to conduct a hearing to examine the reliability of evidence the government intends to introduce at the sentencing phase. However, when divorced from the issue of whether the defendants and the court have been adequately notified of what the government intends to prove at the sentencing phase—the issue considered in the next section—*the cases do not support the proposition that such a hearing must be conducted before the guilt phase of the trial begins. See United States v. Edelin*, 134 F.Supp.2d 59, 75 (D.D.C. 2001) (denying defendant's request for "pretrial adjudication as to the sufficiency of [sentencing] evidence" in an ADAA case); *United States v. Frank*, 8 F.Supp.2d 253, 278–79 (S.D.N.Y. 1998) (finding such a hearing "unnecessary"). With respect to the case at bar, the court recognizes that, if a sentencing phase does take place, the period of time between the guilt phase and the sentencing phase may be brief. However, it appears that much of the evidence the government intends to introduce during the sentencing phase will be introduced during the guilt phase as well. The court will be in a better position to evaluate the relevance and probative value of this evidence after the guilt phase.

> To the extent that the government plans to introduce evidence during the sentencing phase that has not already been introduced during the guilt phase, the court believes that the orders accompanying this opinion—orders which will require the government to explain in greater detail the evidence it intends to introduce during sentencing—will put

45

Appellate Case: 13-1739    Page: 144    Date Filed: 04/03/2013 Entry ID: 4021355

the parties and the court in a better position to assess the need for a hearing to evaluate that evidence. The defendants may renew their evidentiary objections in light of the government's submissions, and the court will at that time reconsider the need for an evidentiary hearing. *See United States v. Bin Laden*, 126 F.Supp.2d 290, 304 (S.D.N.Y. 2001) (proposing a pre-sentencing hearing to evaluate the validity of motions concerning sentencing phase evidence). At this time, however, the defendants' Motion for Pretrial Hearing will be denied.

*Llera Plaza*, 179 F. Supp. 2d at 469-70.

Here, it is clear that, like provisions of the FDPA, former § 848(j) also imposes a "gatekeeping" role on the district court concerning the information that will be presented in the "penalty phase." It states, in pertinent part,

Information presented [at the sentencing hearing] may include the trial transcript and exhibits if the hearing is held before a jury or judge not present during the trial, or at the trial judge's discretion. Any other information relevant to such mitigating or aggravating factors may be presented by either the Government or the defendant, regardless of its admissibility under the rules governing admission of evidence at criminal trials, except that information may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Any other information relevant to such mitigating or aggravating factors may be presented by either the Government or the defendant, regardless of its admissibility under the rules governing admission of evidence at criminal trials, except that information may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Former 21 U.S.C. § 848(j); *cf. Solomon*, 513 F. Supp. 2d at 539-40 (finding a "gatekeeper" role for the court in a comparable provision of the FDPA); *Llera Plaza*, 179 F. Supp. 2d at 469 (same). I also believe that I have the authority under this

46

provision to conduct a pretrial review of evidence (or information) that the prosecution intends to offer in support of its aggravating factors.  *See Llera Plaza*, 179 F. Supp. 2d at 469.

Nevertheless, the notice to which Johnson is entitled, at least at this point in the proceedings, is notice of the aggravating factors on which the prosecution intends to rely, not notice of the *evidence* on which the prosecution intends to rely to prove those aggravating factors.  *Solomon*, 513 F. Supp. 2d at 538.  It is also clear that the evidence supporting the "statutory aggravating factors" on which the prosecution will be permitted to rely is drawn from the "merits phase" of the trial, as that was the only source for such evidence in Johnson's original "eligibility phase."  *Cf. Solomon*, 513 F. Supp. 2d at 540 ("[I]t appears that much of the evidence the government intends to introduce during the penalty phase will be introduced during the merits phase as well."); *Llera Plaza*, 179 F. Supp. 2d at 470 ("[I]t appears that much of the evidence the government intends to introduce during the sentencing phase will be introduced during the guilt phase as well.").  Although the "eligibility phase" will not be revisited in the "penalty retrial," I have already indicated, above at page 21, that original "merits phase" transcripts and exhibits or "live" testimony supporting "statutory aggravating factors" will be admissible in the "penalty retrial."  Johnson's "new" defense team not only has access to the original trial transcripts and exhibits, but also to the discovery file amassed before and after Johnson's original trial.  Under these circumstances, Johnson must make a much more pointed and specific showing of insufficient notice to warrant any review of any evidence supporting any aggravating factor on which the prosecution intends to rely, in order to obtain some form of pretrial review by the court of information supporting such aggravating factors or any additional disclosure by the prosecution before the "penalty retrial."

47

Moreover, as is the case under the FDPA, the "penalty phase" under § 848 is an adversarial proceeding, wherein the defendant is "permitted to rebut any information received at the hearing and shall be given fair opportunity to present argument as to the adequacy of the information to establish the existence of any of the aggravating . . . factors and as to appropriateness in [her] case of imposing a sentence of death." *See* former 21 U.S.C. § 848(j); *cf. Solomon*, 513 F. Supp. 2d at 540 (noting that the "penalty phase" under the FDPA is an "adversarial proceeding"). There is no reason that, where the parties can offer evidence and objections, I cannot perform my "gatekeeper" role of determining the admissibility of information during the "penalty retrial," just as I have done in a great many criminal trials, including the original trials in Honken's and Johnson's capital cases. As a general matter, pretrial preview of the evidence supporting aggravating factors is ordinarily unnecessary, *Solomon*, 513 F. Supp. 2d at 539; *United States v. Frank*, 8 F. Supp. 2d 253, 278-79 (S.D.N.Y. 1998), and it is unnecessary in this case.

Johnson's request for further disclosure of or a hearing on evidence supporting aggravating factors, prior to the "penalty retrial," is denied, at least for now.

### III.   *CHALLENGES TO STATUTORY AGGRAVATING FACTORS*

With "contextual" matters resolved, I turn to Johnson's specific challenges to specific aggravating factors. I will begin with her challenges to those "statutory aggravating factors" upon which I have ruled that the prosecution may rely.

Johnson offers no challenge to the prosecution's continued reliance on the former § 848(n)(1)(C) "intent" or "gateway" "statutory aggravating factor" as to all five CCE murder Counts, or to the prosecution's reliance on the "vulnerable victim" "statutory aggravating factor" (former § 848(n)(9)) as to the CCE murders of the two children

(**Counts 8** and **9**). She challenges only the "heinous, cruel, or depraved manner" "statutory aggravating factor" (former § 848(n)(12)), which is asserted as to the CCE murders of the three adults (**Counts 6**, **7**, and **10**), and the "substantial planning and premeditation" "statutory aggravating factor" (former § 848(n)(8)), which I held, above, beginning at page 18, may be asserted *only* as to the CCE murder of Terry DeGeus (**Count 10**), but *not* as to the CCE murders of Nicholson or the three Duncans (**Counts 6** through **9**).

However, as I explained above, on page 22, Johnson's challenges to those "statutory aggravating factors" are foreclosed for two reasons. First, I believe that Johnson is now attempting to amend an oversight by asserting arguments of error—particularly legal error—in the "eligibility phase" that she should have asserted in her § 2255 Motion, but did not. Second, I believe that Johnson's belated challenges to these "statutory aggravating factors" amount to an impermissible "second or successive" § 2255 Motion for which Johnson has not received authorization from the Circuit Court of Appeals, so that I need not consider those arguments. I now add that, having reviewed her belated challenges to these "statutory aggravating factors," I find them to be without merit, because they are contrary to controlling or persuasive authorities, are based on misreadings or misrepresentations of cited authorities, or assert factual contentions that are untenable in light of the evidence presented in her original trial.

Therefore, Johnson's challenges to the "statutory aggravating factors" are denied.

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 49 of 123   April 23 2013 p 148
Appellate Case: 13-1739    Page: 148    Date Filed: 04/03/2013 Entry ID: 4021355

## IV. CHALLENGES TO THE NON-STATUTORY AGGRAVATING FACTORS

Johnson also asserts challenges to various "non-statutory aggravating factors" identified by the prosecution in its Third Notice Of Intent. The prosecution asserts that all such "non-statutory aggravating factors" are properly asserted and adequately supported. I will consider these challenges in turn.

### A. "Multiple Killings" And "Passage Of Time"

#### 1. Allegations of the factors

The first two "non-statutory aggravating factors" identified in the Third Notice Of Intent are the following:

> 1. <u>Multiple killings in a single episode</u>:
>
> Defendant aided and abetted the killing[s] of Greg Nicholson, Lori Duncan, Kandi Duncan, and Amber Duncan [as charged in **Counts 6** through **9**] during a single episode on July 25, 1993.
>
> 2. <u>Killing of [a] person after a passage of time since killing others</u>:
>
> Defendant aided and abetted the killing of Terry DeGeus [as charged in **Count 10**] in November 1993, several months after killing the four victims on July 25, 1993, and after having time to reflect upon her conduct in the murders of July 25, 1993.

Third Notice Of Intent, § C.1-2.

#### 2. Arguments of the parties

Johnson argues that each of these factors is duplicative of the crimes charged and of each other. She argues that federal law strictly prohibits duplication of aggravating factors in death penalty cases, because it impermissibly skews the weighing process. She contends that, because these factors are duplicative of the charged crimes and each other, the prosecution should not be permitted to spin them off as separate free-standing

50

"non-statutory aggravating factors." She argues that, here, the prosecution is impermissibly ratcheting up the number of aggravating factors by positing aggravators that duplicate the offenses charged and each other.

The prosecution argues that Johnson has not articulated in what way these factors duplicate either the charged offenses or each other. It points out that the heart of these factors is not murder or murder with the prescribed intent, but multiple murders in a single episode, as one aggravating factor, and a murder separated in time from prior murders, as another aggravating factor. The prosecution also argues that killing multiple people in a single episode makes one more deserving of death, because of the bloodthirsty nature of someone who can participate in gunning down multiple people at one time, and that killing again, after having killed once and having had the time to contemplate prior murders, also makes one more deserving of death, but for the different reason that it focuses on the serial nature of the defendant's conduct.

In reply, Johnson argues that, in essence, both of these "non-statutory aggravating factors" were weighed in the "eligibility phase" and, consequently, there is an unconstitutional opportunity for aggravators that duplicate the crimes charged to skew the result. However, she does not explain how or why these factors were weighed in the "eligibility phase."

### 3. Standards for "duplicativeness"

As I read Eighth Circuit precedent, whether or not aggravating factors are duplicative of either the underlying offenses or each other depends upon the extent to which the factors or offenses have overlapping or discrete elements and the nature of the overlapping elements. Thus, the same evidence may support both the underlying offense and a specific aggravating factor or two separate aggravating factors, without unconstitutional or otherwise impermissible "duplicativeness."

51

As the Eighth Circuit Court of Appeals explained in *United States v. Bolden*, 545 F.3d 609 (8th Cir. 2008),

> Bolden argues that [the "other criminal activity"] non-statutory factor allowed the government to submit the same evidence to support multiple aggravating factors, creating the risk that the jury would give too much weight to the aggravating factors, thereby skewing its weighing of the aggravating and mitigating factors in deciding whether to impose the death penalty. Though the concern is legitimate, *see Stringer v. Black*, 503 U.S. 222, 232-33, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992), the Supreme Court has never held "that aggravating factors could be duplicative so as to render them constitutionally invalid." *[United States v.] Purkey*, 428 F.3d [738,] 762 [(8th Cir. 2005)], quoting *Jones v. United States*, 527 U.S. 373, 398, 119 S. Ct. 2090, 144 L. Ed. 2d 370 (1999) (plurality opinion). The government based the pecuniary gain statutory factor on Bolden's desire to rob the bank. It based the obstruction of justice non-statutory factor on his motive to kill Ley to eliminate a witness. And it based the "other criminal activity" non-statutory factor in part on his possession of a firearm while conspiring to rob the bank. "[T]he same facts can support different inferences that form different aggravators." *Purkey*, 428 F.3d at 762. The district court properly instructed the jurors that in weighing the aggravating and mitigating factors, they were not simply to count each factor and reach a decision based on which number is greater; rather, they should individually consider the weight and value of each factor before deciding whether a sentence of death is justified. There was no unconstitutional duplication.

*Bolden*, 545 F.3d at 625. Thus, in *Bolden*, the court not only noted that the various aggravating factors that the defendant challenged as duplicative each had at least one distinct element, but also recognized that the same evidence may support inferences

52

supporting different aggravating factors without those factors necessarily being duplicative.

In *Bolden*, the court also distinguished *United States v. McCullah*, 76 F.3d 1087, 1111-12 (10th Cir. 1996), *cert. denied*, 520 U.S. 1213 (1997), on which Johnson also relies, as follows:

> *McCullah* is distinguishable because it turned on the submission of duplicative aggravating factors that included mental state components under 21 U.S.C. § 848(n), a different federal death penalty statute. The Tenth Circuit has more recently held that duplication "between the gateway [intent] factors and aggravating factors does not undermine the constitutional validity" of a death sentence under the FDPA. *[United States v.] Chanthadara*, 230 F.3d [1237,] 1261 [(10th Cir. 2000)].

*Bolden*, 545 F.3d at 630 n.14. While Johnson's case *is* under the ADAA, § 848, *McCullah* is also distinguishable here, because, to the extent that there is any overlap between the "intent" element of aiding and abetting CCE murder and any "intent" element of the "non-statutory aggravating factors" at issue here, that duplication is not of constitutional proportions, where the factors also involve differing conduct elements. *Id.*[10]

Similarly, in *United States v. Paul*, 217 F.3d 989 (8th Cir. 2000), the Eighth Circuit Court of Appeals also rejected a defendant's contention that the "heinous, cruel,

---

[10] The decision of the Eighth Circuit Court of Appeals in *United States v. Purkey*, 428 F.3d 738 (8th Cir. 2005), may suggest that not even overlap of *conduct* necessarily makes aggravating factors constitutionally infirm, so long as the jury is properly instructed to determine the weight of the aggravating factors, not merely to employ a mechanical process of counting up aggravating and mitigating factors. *See* 426 F.3d at 762-73.

53

and depraved" factor[11] and the "vulnerability of the victim" factor were duplicative of one another, because they allowed a jury to find two separate factors from identical facts. *Paul*, 217 F.3d at 1001. The court explained,

> Each of these factors is directed to entirely distinct aspects or components of the offense, i.e. one factor addresses the quality of Paul's violence while the other factor speaks to the frailty of the victim, and therefore, we find the factors are not duplicative. We find that the evidence of the beating, which includes the fact that Paul and Ingle followed Williams as he set off into the park for a walk, and then beat him severely enough to almost knock his eye out of its socket, is sufficiently heinous, cruel and depraved, whatever the age of the victim. Because Williams was eighty-two years old and less physically able to resist his attackers, the jury could additionally find the vulnerability of the victim to be an aggravating factor separate from the heinous, cruel and depraved nature of the crime. Accordingly, we find no error.

*Paul*, 217 F.3d at 1001-02. Thus, aggravating factors are not duplicative, even if they arise from the same factual circumstances, as long as each factor "is directed to entirely distinct aspects or components of the offense." *Id.* Furthermore, they are not duplicative, if they involve inferences about the defendant, on the one hand, and about the victim, on the other. *Id.*

As to duplication of the underlying capital offense, in *Williams v. Norris*, 576 F.3d 850 (8th Cir. 2009), the Eighth Circuit Court of Appeals rejected a defendant's

---

[11] In *Paul*, the court repeatedly referred to this factor as the "heinous, cruel, *and* depraved" factor, *see* 217 F.3d at 1001 (emphasis added) (describing the factor in consecutive sentences as "'heinous, cruel or depraved'" and "'heinous, cruel and depraved,'" and thereafter stating it repeatedly as "'heinous, cruel and depraved'"), but the statute actually defines it as "heinous, cruel, *or* depraved manner of committing [the] offense." 18 U.S.C. § 3592(c)(6) (emphasis added). Former § 848(n)(12) also defines this "statutory aggravating factor" as "heinous, cruel, or depraved manner."

54

contention that a "pecuniary gain" "statutory aggravating factor" "merely duplicate[d] an element of the underlying crime of felony murder during the course of a robbery." 576 F.3d at 870. The court pointed out that the felony underlying the charge of capital murder was "kidnapping, not robbery," that the jury was instructed consistent with the statutory definition of "kidnapping," and only after convicting the defendant of capital murder did the jury find that he committed the murder for pecuniary gain, consistent with the statutory definition of that aggravator. *Id*. Based on these differences in the factual elements or components of the factors and the offense, the court concluded that "[t]here was no duplication, of constitutional dimension or otherwise." *Id.*; *see also Cox v. Norris*, 133 F.3d 565, 571 (8th Cir. 1997) (observing, "Duplication of an element of a capital offense by one or more aggravating circumstances does not render the Arkansas death penalty scheme unconstitutional," as long as the aggravating factors serve their proper purpose, in the case of "statutory aggravating factors," sufficiently narrowing the death eligible class).

### 4. Analysis

Here, Johnson has not specifically identified, and I have not found, any respect in which the "non-statutory aggravating factors" of "multiple killings in a single episode" and "killing of [a] person after a passage of time since killing others" would unconstitutionally duplicate the elements of the underlying CCE murder offenses. Specifically, no charge of CCE murder requires proof that there were *other* CCE murders, either in the same episode or in a subsequent episode, as required by the "multiple killings" and "killing another after a passage of time" "non-statutory aggravating factors," respectively. Thus, each of these "non-statutory aggravating factors" involves a factual component not required to prove the underlying offenses, considered only after a determination of guilt has been made on the underlying offenses. *Williams*, 576 F.3d at 870 (determining that differences in the factual

55

elements or components of the factors and the offense meant that there was no duplication of constitutional dimensions or otherwise). It is also reasonable to conclude that—at the very least—the fact that the defendant aided and abetted multiple killings in a single episode and aided and abetted another killing separated in time from an earlier killing or killings would perform the appropriate function of "non-statutory aggravating factors" by allowing for the individualized determination of whether a death sentence is justified, that is, helping to inform the selection decision. *See Cox*, 133 F.3d at 571 (considering whether the aggravating factor performed its required function in the penalty process); *see also Johnson*, ___ F. Supp. 2d at ___, 2012 WL 5275491 at *6, *13-*14 (explaining the function of "non-statutory aggravating factors").[12]

Similarly, these "non-statutory aggravating factors" do not unconstitutionally duplicate each other. First, it apparently escaped Johnson's notice that the "multiple

---

[12] To the extent that any basis can be discerned for Johnson's contention that these "non-statutory aggravating factors" were weighed in the "eligibility phase" and that, consequently, there is an unconstitutional opportunity for aggravators that duplicate the crimes charged to skew the result of the penalty determination, it might be that the "eligibility" determination was based on the entirety of Johnson's criminal conduct, which included multiple murders in a single episode and another murder in a subsequent episode. However, the "eligibility" determination was made count-by-count, not on the basis of the entirety of the criminal conduct charged against Johnson. This is true, notwithstanding that Johnson can only be executed once, even if she was given multiple death sentences.

Furthermore, "statutory aggravating factors" are not "weighed" in the "eligibility phase." Rather, if, as to a particular count, the jury finds the necessary "statutory aggravating factors" in the "eligibility phase"—that is, an "intent" factor identified in § 848(n)(1) and at least one other factor identified in § 848(n)(2) through (12)—then the "eligibility" determination is essentially automatic. *See* former 21 U.S.C. § 848(k). The "statutory aggravating factors" are only "weighed" in the "penalty phase," with the "non-statutory aggravating factors," if any, and the "mitigating factors," if any, found to exist, to determine whether a death sentence is justified. *See id.*

56

killings" and "killing another after a passage of time" factors do not go to the same underlying CCE murder offenses. The first factor goes only to the killings of Nicholson and the Duncans in **Counts 6** through **9**, while the second factor goes only to the killing of DeGeus in **Count 10**. *Compare* Third Notice Of Intent, § C.1. ("Defendant aided and abetted *the killing of Greg Nicholson, Lori Duncan, Kandi Duncan, and Ambert Duncan* during a single episode on July 25, 1993." (emphasis added)), *with id.*, § C.2. ("Defendant aided and abetted *the killing of Terry DeGeus* in November 1993, several months after killing the four victims on July 25, 2993, and after having time to reflect upon her conduct in the murders of July 25, 1993." (emphasis added)). Since the jury must determine the appropriate penalty on each count *separately*, different "non-statutory aggravating factors" asserted as to different counts cannot be "duplicative" in any sense.[13]

Even supposing that the circumstances had actually been such that these "non-statutory aggravating factors" could be and had been asserted as to the *same* killing or killings—for example, because the killings of Nicholson and the Duncans in one episode had *followed* the killing of DeGeus in a separate episode, so that the prosecution could have alleged both "multiple killings in a single episode" and "killing another after a passage of time" as to each count involving the killings of Nicholson

---

[13] Indeed, this fact alone means that this "duplicativeness" argument trespasses well into, if it does not cross over, the grey area between zealous advocacy and frivolousness. Similarly, the fact that Johnson can ultimately be executed only once, even if she is given the death penalty on more than one count, does not mean that any "non-statutory aggravating factors" asserted as to *any* of the killings could be "duplicative" of any "non-statutory aggravating factors" asserted as to any other killings. The statute requires the determination of the appropriate penalty as to each *count* of CCE murder, notwithstanding that, in making the determination of the penalty for a particular count, the jury's individualized determination of whether a death sentence is justified may look beyond the circumstances of the particular offense to other characteristics or conduct of the defendant.

57

and the Duncans—there would be no unconstitutional duplication. The "multiple killings in a single episode" factor is based on the killings of Nicholson and the Duncans in one episode, without regard to the killing of DeGeus, and the "killing of another after a passage of time" factor is based on a time interval between the two episodes irrelevant to the "multiple killings" factor. Thus, even to the extent that these "non-statutory aggravating factors" are based on the same facts, that is, the sequence and timing of the killings, these facts support different inferences that form the different aggravators. *Bolden*, 545 F.3d at 625.

Finally, because there are factual components of each of these "non-statutory aggravating factors" that distinguish them from each other and from the underlying killings, there is no "skewing" of the weighing of the aggravating and mitigating factors in deciding whether to impose the death penalty. *Id.* Even supposing that the jury might otherwise give too much weight to multiple "non-statutory aggravating factors," the new jury for Johnson's "penalty retrial" will be properly instructed that, in weighing the aggravating and mitigating factors, they must not simply count each factor and reach a decision based on which number is greater, but should individually consider the weight and value of each factor before deciding whether a sentence of death is justified on a particular count. *Id.*

These "non-statutory aggravating factors" are not "duplicative" in an unconstitutional sense or in any other sense that would make them impermissible.

### B. *"Lack of remorse"*

#### 1. *Allegation of the factor*

The next "non-statutory aggravating factor" that Johnson challenges is alleged in the Third Notice Of Intent as follows:

58

### 4. Lack of Remorse

Defendant has demonstrated a lack of remorse for aiding and abetting the murders of the five victims. Defendant has demonstrated this lack of remorse by her repeated affirmative denial of her role in the murders. Defendant has further demonstrated lack of remorse in her demeanor, facial expressions, and tone of voice when discussing the murders. Defendant has further demonstrated lack of remorse in statements she has made about victims, in particular oral statements about Lori Duncan not being fit to be a mother anyway, and written statements about how Terry DeGeus was buried on his knees.

Third Notice Of Intent, § C.4.

### 2. *Arguments of the parties*

Johnson contends, in her assertion that the Third Notice Of Intent is vindictive, that the prosecution has improperly alleged "lack of remorse" as a free-standing "non-statutory aggravating factor," not as a subpart of the "future dangerousness" factor, as was done in Honken's case. She contends that caselaw prohibits consideration of "lack of remorse" as a free-standing aggravator.

In her specific challenge to this "non-statutory aggravating factor," Johnson also contends that this factor violates her Fifth and Sixth Amendment rights and permits unreliable jury findings. She argues that such a factor presents great danger to the fairness of the proceedings, because it is predicated upon one person's interpretation of a statement, demeanor, facial expression, and tone of voice, which does not meet the "heightened reliability" required for aggravating factors. She argues that such evidence has little probative value and any probative value that it has is outweighed by its potential for prejudice—indeed, she asserts that a finding of "lack of remorse" would be a profoundly prejudicial finding, resting on a very slender reed. She also argues that such a "non-statutory aggravating factor" violates her Fifth Amendment right to remain

59

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 59 of 123

April 23 2013 p 158
Appellate Case: 13-1739     Page: 158     Date Filed: 04/03/2013 Entry ID: 4021355

silent and her Sixth Amendment right to a fair trial, because it potentially imposes a penalty for exercising her rights and has a disproportionate impact on innocent defendants. She also argues that it violates the Eighth Amendment, because it poses an unacceptable risk that the death sentence will be obtained on the basis of unreliable evidence.

The prosecution responds that, while Johnson has identified some non-binding district court decisions holding that "lack of remorse" cannot be asserted as a free-standing aggravator, there is copious authority that it can be. The prosecution also argues that, as a matter of fact and logic, the factor is properly considered separately, because a defendant could lack remorse, while posing no future danger, and vice versa. The prosecution also rebuts Johnson's Fifth, Sixth, and Eighth Amendment arguments by pointing out that the Supreme Court and other courts have endorsed "lack of remorse" as an appropriate factor for the jury to consider during the "penalty phase" of sentencing. The prosecution also argues that it is not premising this factor solely on Johnson's "silence," but on her conduct and statements indicating "lack of remorse."

In reply, Johnson attempts to distinguish the authority on which the prosecution relies for asserting "lack of remorse" as a free-standing aggravator.

### 3. Authority regarding "lack of remorse" as a separate factor

Although I decline to be drawn into an expansive discussion of the issue, there are undoubtedly constitutional concerns, including concerns with the reliability of evidence, surrounding consideration of evidence of "lack of remorse" as an aggravating circumstance in a capital case. *See, e.g., United States v. Caro*, 597 F.3d 608, 627-31 (4th Cir. 2010). Courts have also recognized that "lack of remorse" evidence may properly support a "future dangerousness" aggravating factor. *See, e.g., United States v. Ortiz*, 315 F.3d 873, 901-02 (8th Cir. 2002) (finding that "lack of remorse" evidence properly supported a "non-statutory aggravating factor" of "future dangerousness").

60

Nevertheless, contrary to Johnson's contentions, I do not find any controlling or persuasive authority that "lack of remorse" can *never* be asserted as a separate aggravating factor, and I do find persuasive authority suggesting that it is or can be a separate aggravating factor. *See, e.g., Zant v. Stephens*, 462 U.S. 862, 885-86 & n.22 (1983) (observing that Georgia had not attached the "aggravating" label to factors that are constitutionally impermissible or totally irrelevant to the capital sentencing process, noting that Georgia law provided, "'Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes is admissible in aggravation, subject to the notice provisions of the statute.'" (quoting *Fair v. State*, 245 Ga. 868, 873, 268 S.E.2d 316 (1980))); *United States v. Mikos*, 539 F.3d 706, 718-19 (7th Cir. 2008) (noting, "It is common, and acceptable, to give lower sentences to persons who confess and show remorse than to persons who do not; the Sentencing Guidelines institutionalize this with a two-level or three-level reduction for acceptance of responsibility," and that, although such a reduction was not "automatic" in a capital case, it was equally appropriate to consider remorse or lack of remorse as a separate "non-statutory aggravating factor" in a capital case; also holding that, even if "lack of remorse" was not a valid "non-statutory aggravating factor," the defendant's death sentence in that case could be upheld on the basis of other proper "non-statutory aggravating factors").

The primary authority on which Johnson relies in support of her contention that "lack of remorse" cannot be asserted as a free-standing or stand-alone "non-statutory aggravating factor," but only in support of a "future dangerousness" aggravating factor, is *United States v. Davis*, 912 F. Supp. 938 (E.D. La. 1996). That decision does not go that far, however. Rather, the court's consideration of "lack of remorse" as an aggravating factor consisted of the following:

61

The government's third proposed nonstatutory aggravating factor is DAVIS' alleged lack of remorse for the offense. Lack of remorse is a subjective state of mind, difficult to gage objectively since behavior and words don't necessarily correlate with internal feelings. In a criminal context, it is particularly ambiguous since guilty persons have a constitutional right to be silent, to rest on a presumption of innocence and to require the government to prove their guilt beyond a reasonable doubt. To allow the government to highlight an offender's "lack of remorse" undermines those safeguards. *Without passing on whether lack of remorse is* per se *an inappropriate independent factor to consider, the court finds it inappropriate in this case*. The only information proposed to sustain the factor is DAVIS' alleged jubilation in learning that Kim Groves had been killed. The government does not propose to introduce evidence of continuing glee, or boastfulness, or other affirmative words or conduct that would indicate a pervading and continuing lack of remorse. Furthermore, as already noted, the allegation of lack of remorse encroaches dangerously on an offender's constitutional right to put the government to its proof.

While the government may not assert "lack of remorse" as an independent nonstatutory aggravating factor, it may argue DAVIS' alleged exultation as information probative of DAVIS' future dangerousness, the second nonstatutory factor. This information will most certainly be introduced in the guilt phase and is therefore admissible for consideration in the penalty phase as well. The government is cautioned however to be careful in its argument since this issue does tread so closely to constitutional protections.

*Davis*, 912 F. Supp. at 946 (emphasis added). As the highlighted language plainly shows, the court in *Davis* expressly *did not hold* that "lack of remorse" is never a permissible free-standing "non-statutory aggravating factor," but only that it was not a proper free-standing "non-statutory aggravating factor" *in that case*.

62

Nevertheless, subsequent district court decisions have read or have appeared to read *Davis* as standing for such a *per se* prohibition. *See, e.g., United States v. Diaz*, 2007 WL 656831, *25-*26 (N.D. Cal. Feb. 28, 2007) (unpubl. op.) ("The court in *Davis* did not allow 'lack of remorse' to be alleged as a stand-alone aggravating factor. It nevertheless permitted the government to present evidence of the defendant's alleged exultation as probative of 'future dangerousness.'"); *United States v. O'Driscoll*, 203 F. Supp. 2d 334, 345 (M.D. Pa. 2002) (stating, "In *Davis*, although the government attempted to use 'lack of remorse' as a separate aggravating factor, the district court did not permit the government to do so. However, the court did not foreclose the use of 'lack of remorse' as probative of 'future dangerousness,'" and, in the case before it, refusing to strike the "non-statutory aggravating factor" of "future dangerousness" and the supporting allegations of "low rehabilitative potential" and "lack of remorse" from the government's notice of intent to pursue the death penalty). As explained above, in light of the plain language used in *Davis*, I believe that such a reading of *Davis* is incorrect.[14]

In *United States v. Walker*, 910 F. Supp. 837 (N.D.N.Y. 1995), a decision handed down just prior to *Davis*, the district court also gave explicit reasons, in keeping

---

[14] I recognize that the prosecution in capital cases has sometimes limited its purpose in offering evidence of "lack of remorse" to supporting a "future dangerousness" "non-statutory aggravating factor." *See, e.g., United States v. O'Reilly*, 545 F. Supp. 2d 630, 637 (E.D. Mich. 2008) ("The Government concedes it will not argue O'Reilly's 'lack of remorse' as a separate non-statutory aggravating factor . . . [b]ut, the Government says it may present such evidence to support the 'future dangerousness' non-statutory aggravating factor."); *United States v. Concepcion Sablan*, 555 F. Supp. 2d 1177, 1187 (D. Colo. 2006) ("The Government indicated in response to the motion that it does not seek to introduce threats of violence, lack of remorse or low rehabilitative potential as separate nonstatutory aggravating factors but in support of future dangerousness."). However, I find nothing that compels the prosecution to do so in every (or any) case.

63

with the pertinent constitutional and evidentiary concerns, for not allowing "lack of remorse" to be asserted or considered as a separate "non-statutory aggravating factor" *in that case*:

> In paragraph C.4.g of its Notice of Intent, the government alleges that "Tyrone Walker has displayed a total lack of remorse for the killing of Michael Monsour, in that, while incarcerated in the Federal Correctional Institution in Otisville, New York, Tyrone Walker stated, in substance, that he and Walter killed the "motherf* * *er." *In light of the obvious prejudice entailed by singling out and presenting this epithet to the jury as a non-statutory aggravating factor, and in light of the numerous competing inferences which can be drawn from the use of such vulgarisms, and overall, in light of the sheer triviality of this allegation as compared to the portentous purposes for which it is alleged, the Court can conceive of no purpose for which presentation of this information as a discrete non-statutory aggravating factor could be viewed as more probative than unfairly prejudicial.*

*Walker*, 910 F. Supp. at 855 (emphasis added).

In *United States v. Cooper*, 91 F. Supp. 2d 90 (D.D.C. 2000), the court considered *Davis* in light of other authorities. In *Cooper*, the court read *Davis* as not allowing certain evidence of "lack of remorse"—the defendant's alleged jubilation when he learned that his victim had been killed—as an independent "non-statutory aggravating factor," but as permitting the lack of remorse evidence to be used as probative of "future dangerousness." 91 F. Supp. 2d at 112. The court recognized, however, that "[t]here does not appear to be a constitutional ban on the use of lack of remorse evidence as an aggravating factor." *Id.* at 112-13 (citing *Zant v. Stephens*, 462 U.S. 862, 885-86 n.22 (1983), and *United States v. Nguyen*, 928 F. Supp. 1525, 1541 (D. Kan. 1996)). The court noted that such evidence is "subject to scrutiny to ensure that it is relevant, reliable, and its probative value outweighs any danger of unfair

64

prejudice, confusion, or misle[ading the] jury," and does not "encroach[ ] on the defendant's constitutional right to remain silent," such as the defendant's alleged unwillingness to acknowledge in his post-arrest statements that he is blameworthy for the crimes to which he admitted." *Id.* Ultimately, the court concluded, "As to other lack of remorse evidence that does not encroach on the defendant's right to remain silent, such evidence, as it pertains to Cooper's future dangerousness while in prison, will be allowed if the Court determines at trial that the evidence is reliable and is not outweighed by the risk of unfair prejudice to the defendant, or the risk that it would confuse or mislead the jury." *Id.* at 113.

More recently, in *United States v. Caro*, 597 F.3d 608 (4th Cir. 2010), the Fourth Circuit Court of Appeals identified important questions going to the admissibility of "lack of remorse" as an aggravating factor, in light of constitutional and evidentiary concerns, as the following: (1) whether "lack of remorse" is supported by evidence merely of the defendant's silence or by evidence of "affirmative conduct displaying lack of remorse [that] was significant and telling," and (2) whether the jury was adequately instructed that silence can never be considered regarding the "non-statutory aggravating factor" of "lack of remorse," because courts presume a jury acts in a manner consistent with proper instructions. 597 F.3d at 630-31.

### 4. *Analysis*

Again, I have found no controlling or persuasive authority that "lack of remorse" can *never* be a free-standing "non-statutory aggravating factor," and, to the contrary, I have found authority that it can be a free-standing "non-statutory aggravating factor." *See, e.g., Zant*, 462 U.S. at 885-86 & n.22; *Mikos*, 539 F.3d at 718-19; *Cooper*, 91 F. Supp. 2d at 112-13. The question is whether constitutional and evidentiary requirements for such a free-standing "non-statutory aggravating factor"

65

can be met in a particular case. *See, e.g., Caro*, 597 F.3d at 627-31; *Walker*, 910 F. Supp. at 855.

I conclude that the prosecution in this case has identified evidence of "affirmative conduct displaying lack of remorse [that] [i]s significant and telling," not merely evidence of Johnson's silence. *Caro*, 597 F.3d at 630-31. The Third Notice Of Intent identifies such evidence as "repeated affirmative denial of her role in the murders"; "her demeanor, facial expressions, and tone of voice when discussing the murders"; and "statements she has made about victims, in particular oral statements about Lori Duncan not being fit to be a mother anyway, and written statements about how Terry DeGeus was buried on his knees." Third Notice Of Intent, § C.4. The prosecution has also identified, in its briefing of this "non-statutory aggravating factor," evidence that Johnson intended to profit from her crime with Bobby McNeese, by suing the government for false arrest, and evidence that Johnson put on a puppet show with another inmate and laughed during the part of the play dealing with slaying a "do-gooder."

I acknowledge that "lack of remorse" is a "subjective state of mind" that may be "difficult to gage objectively." *Davis*, 912 F. Supp. at 946. Nevertheless, the evidence cited by the prosecution here is akin to the evidence of "continuing glee," "boastfulness," and other affirmative conduct indicative of "a pervading and continuing lack of remorse," that even the court in *Davis* seemed to acknowledge might justify consideration of "lack of remorse" as a separate "non-statutory aggravating factor." *Id.* While I cannot say that the *only* inference that can be drawn from evidence of any one of the cited incidents is that Johnson lacked remorse for her involvement in the five murders, I can say that it is reasonably likely that the inference from each of them, and from the entirety of them, that a trier of fact might draw is a lack of remorse. *Cf. Walker*, 910 F. Supp. 2d at 855 (noting "the numerous competing inferences which can

66

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 66 of 123   April 23 2013 p 165
Appellate Case: 13-1739   Page: 165   Date Filed: 04/03/2013 Entry ID: 4021355

be drawn from the use of . . . vulgarisms," among other factors, made the evidence the defendant's use of single epithet more prejudicial than probative).  Nor can I conclude that any of the incidents are so "trivial" in comparison to the "portentous purposes for which [they are] alleged" that their potential for prejudice outweighs their probative value.  *Id.*  Finally, I will instruct the jurors that, in determining whether or not any of the "non-statutory aggravating factors" existed, they cannot consider Johnson's mere silence.  *Caro*, 597 F.3d at 631.  We must presume that the jurors will follow that direction.  *Id.*

Johnson's challenge to the "lack of remorse" "non-statutory aggravating factor" is denied.

### C.     *"Uncharged Criminal Conduct"*

### 1.     *Allegations of the factors*

In the Third Notice Of Intent, the prosecution identifies ten uncharged incidents of criminal conduct as separate "non-statutory aggravating factors."[15]     Johnson

---

[15] The specific "non-statutory aggravating factors" are alleged as follows:

> 5.     <u>Prior Violent Criminal Conduct</u>:
>
> Defendant committed physical assault and battery of Mason City Police Officer, Dave Tyler, on September 11, 1989.
>
> 6.     <u>Uncharged Criminal Conduct</u>:
>
> Defendant committed perjury before the grand jury: October 27, 1993; March 5, 1996; July 23, 1996; and April 11, 2000.
>
> 7.     <u>Uncharged Criminal Conduct</u>:

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 67 of 123   April 23 2013 p 166
Appellate Case: 13-1739     Page: 166     Date Filed: 04/03/2013 Entry ID: 4021355

On multiple occasions between 1995 and 1996, defendant threatened to harm Kathy Rick, Dustin Honken's former girlfriend.

8.      Uncharged Criminal Conduct:

In 1997, defendant threatened Daniel Cobeen, a person she then knew to be a witness cooperating with the United States Government, by making a hand gesture as if she was shooting him with a handgun.

9.      Uncharged Criminal Conduct:

Defendant aided and abetted the solicitation of crimes of violence.  In particular, defendant assisted Dustin Honken in 1996 in attempting to obtain the release of Dennis Putzier from the Woodbury County Jail for the purposes of killing witnesses and law enforcement officers.

10.     Uncharged Criminal Conduct:

Defendant conspired with Dustin Honken to aid his escape from the Woodbury County jail in 1996.

11.     Uncharged Criminal Conduct:

During the sentencing hearing of Dustin Honken in February 1998, defendant threatened to harm the judge, prosecutor, and law enforcement agents.

12.     Uncharged Criminal Conduct:

Defendant distributed controlled substances, specifically methamphetamine, after 1997.

13.     Uncharged Criminal Conduct:

In 1998, defendant threatened to kill or injure Doug Book, Chief of Police of Forest City, Iowa, and plotted to kill or injure Doug Book's dogs by use of poison.

14.     Uncharged Criminal Conduct:

68

challenges all of these "uncharged criminal conduct" factors on three grounds: (1) evidence of most types of uncharged criminal conduct is inadmissible; (2) the specific incidents of uncharged criminal conduct at issue in this case are insufficient to constitute separate "non-statutory aggravating factors"; and (3) the "uncharged criminal conduct" factors are duplicative of the "future dangerousness" factor. I find that it is appropriate to begin my analysis with her "duplicativeness" challenge.

### 2. *Duplicativeness*

Johnson's "duplicativeness" argument hinges on her reading of the language of the "future dangerousness" "non-statutory aggravating factor" as including the ten "uncharged criminal conduct" factors. *See, infra*, p. 108 (quoting the "future dangerousness" factor). Johnson argues that the "out of prison" aspect of "future dangerousness" is premised on all violent conduct that she has allegedly committed in and out of prison, *i.e.*, including any "uncharged criminal conduct" factors. She also argues that, to the extent that the "in prison" aspect of "future dangerousness" is stated as "including, but not limited to" incidents of allegedly violent conduct in prison, it also includes the alleged incidents of violence out of prison, including the "uncharged criminal conduct" factors. She argues that, because the ten "uncharged criminal conduct" factors are duplicative of the "future dangerousness" factor, either the "uncharged criminal conduct" factors or the "future dangerousness" factor should be stricken.

---

Defendant solicited a crime of violence. In particular, between about March 24, 1998 and October 6, 1998, defendant attempted to hire an undercover agent and a confidential informant for the purpose of harming and/or kidnapping a drug dealer, J.R., who owed her drug proceeds.

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 69 April 23 2013 p 168
Appellate Case: 13-1739   Page: 168   Date Filed: 04/03/2013 Entry ID: 4021355

The prosecution responds that neither the Supreme Court nor the Eighth Circuit Court of Appeals has adopted a rule barring the use of evidence to support more than one aggravating factor. The prosecution also argues that the "uncharged criminal conduct" and "future dangerousness" factors are not "logically duplicative." The prosecution explains that a jury might find that Johnson's commission of other criminal conduct was aggravating, but not find that it shows her "future dangerousness." The prosecution explains that, similarly, a jury could find that Johnson committed other criminal conduct, but not find that such conduct was aggravating, yet still find that her involvement in the murders and/or the prison assaults alleged in support of the "future dangerousness" factor show her "future dangerousness."

I set out the standards for determining "duplicativeness" of aggravating factors above, in Section IV.A.3., beginning on page 51. I find no "duplicativeness" problem as to the "uncharged criminal conduct" factors and "future dangerousness" factor. For reasons stated below, in Section IV.D.3., beginning on page 108, the "future dangerousness" factor in this case will be limited to "future dangerousness in prison." The prosecution has alleged five assaults by Johnson on other inmates while she was incarcerated, either in a county jail or in a federal prison, as the basis for the "future dangerousness in prison" factor. Contrary to Johnson's contentions, the incidents on which the "future dangerousness in prison" factor could rely do not include any of the ten "uncharged criminal conduct" factors, even though the "future dangerousness in prison" factor uses "including, but not limited to" language. This is so, because the full statement is, "Evidence that defendant will pose a danger to others in a prison setting *includes assault[s] of other inmates*, including but not limited to [five specified assaults]." Third Notice Of Intent, § C.15 (emphasis added). Thus, other incidents not specifically identified would have to be assaults of other inmates, and none of the "uncharged criminal conduct" factors involve such assaults. Therefore, in the

70

circumstances of this case, the "uncharged criminal conduct" factors and the "future dangerousness" factor are based on factually distinct incidents. *Cf. Bolden*, 545 F.3d at 625 (considering whether allegedly duplicative aggravating factors had distinct factual components).

Johnson's "duplicativeness" argument as to the "uncharged criminal conduct" factors and the "future dangerousness" factor fails.

### 3. Inadmissibility in general

Johnson's argument that "uncharged criminal conduct" is generally inadmissible in capital sentencing proceedings has several prongs. I will consider each prong of that attack in turn.

#### a. Statutory and other limitations

##### i. Arguments of the parties

Johnson argues that evidence of most types of "uncharged criminal conduct" is barred by the controlling statute. Johnson contends that former § 848(n) states five "statutory aggravating factors" that refer to prior convictions, those in former § 848(n)(2), (3), (4), (10), and (11). She argues that the plain language of the statute contemplates that only criminal conduct that has resulted in a conviction for the crimes listed in these subdivisions of former § 848(n) may constitute aggravating factors and that, by listing such types of convictions, Congress necessarily meant to preclude the government from using as aggravating factors other convictions not specified. She also argues that the "catch-all" language of former § 848(j) cannot be read to "nullify" the meaning of former § 848(n). She argues that any ambiguity in the statute must be construed in her favor.

The prosecution argues that Johnson has mixed the roles of "statutory aggravating factors," which make a defendant "eligible" for the death penalty, with the role of "non-statutory aggravating factors," which focus on the defendant's character,

71

conduct, and circumstances for the purpose of individualized determination of whether a death sentence is justified. The prosecution points out that the decision on which Johnson relies for her statutory prohibition argument has been rejected by other courts and that the Eighth Circuit Court of Appeals has recognized that "uncharged criminal conduct" is routinely permitted as a "non-statutory aggravating factor."

In reply, Johnson does not reiterate her statutory prohibition argument, but asserts that courts have not allowed unfettered or "routine" use of *uncharged* criminal conduct as an independent aggravator in capital cases.

### ii. *The purported statutory bar*

Johnson's argument that the plain language of § 848(n) limits criminal conduct that can be considered as an aggravating factor to the specific *convictions* listed in § 848(n)(2), (3), (4), (10, and (11), is unconvincing. As the prosecution suggests, this argument fails to recognize the difference between "statutory aggravating factors," which make a defendant "eligible" for the death penalty, and "non-statutory aggravating factors," which focus on the defendant's character, conduct, and circumstances for the purpose of an individualized determination of whether a death sentence is justified. *See, supra*, Section II.B.1, beginning on page 14. Once the threshold of "eligibility" has been crossed, former § 848(j) expressly allows the prosecution to assert, and the jurors to consider, "any other aggravating factor for which notice has been provided under subsection (h)(1)(B) of this section." Former 21 U.S.C. § 848(j); *see also United States v. Chong*, 98 F. Supp. 2d 1110, 1128 n.10 (D. Hawaii 1999) (rejecting *United States v. Peoples*, 74 F. Supp. 2d 930 (W.D. Mo. 1999), on which Johnson relies for her statutory limitation argument, as "resting on the erroneous factual premise that jurors cannot discern that statutory aggravating factors are more important than nonstatutory aggravating factors"). This language permitting consideration of "any other aggravating factor" as including uncharged criminal

72

conduct does not "nullify" the limitations on criminal *convictions* relevant to the "eligibility" determination in § 848(n); rather, reading § 848(n) to preclude "non-statutory aggravating factors" based on prior criminal conduct, whether charged or uncharged, adjudicated or unadjudicated, would "nullify" § 848(j), at least to the extent that § 848(j) otherwise places no limitation on "non-statutory aggravating factors."

Indeed, the Eighth Circuit Court of Appeals rejected a similar statutory construction argument under the FDPA by defendant Holder in *United States v. Allen*, 247 F.3d 741 (8th Cir. 2001), *cert. granted and judgment vacated on other grounds*, 536 U.S. 953 (2002):

> We turn next to Holder's challenges to the "other criminal acts" nonstatutory aggravating factor. Holder first contends that because six of the sixteen statutory aggravating factors listed in § 3592(c) of the FDPA are based on prior criminal acts, the FDPA precludes using prior criminal acts as a nonstatutory aggravating factor. We disagree. As noted previously, the FDPA specifically allows "any other aggravating factor for which notice has been given." 18 U.S.C. § 3592(c).

*Allen*, 247 F.3d at 789; *see also United States v. Corley*, 519 F.3d 716, 723 (7th Cir. 2008) ("It is a stretch, however, and one not supported in law, to contend that the FDPA's recognition that prior convictions are relevant factors in aggravation should be read as precluding the consideration of other actions by the defendant that did not result in a trial or conviction. In fact, the FDPA specifically provides that the jury 'may consider whether any other aggravating factor' supports a death sentence, 18 U.S.C. § 3592(c), and states that at the sentencing hearing 'information may be presented as to any matter relevant to the sentence. . . .' 18 U.S.C. § 3593(c)."); *United States v. Higgs*, 353 F.3d 281, 322-23 (4th Cir. 2003) (rejecting a similar statutory limitation argument).

73

### iii. Admissibility of unadjudicated conduct in capital cases

It also appears that every federal appellate court to consider the question, including the Eighth Circuit Court of Appeals, has concluded that introduction of evidence of unadjudicated criminal acts in a capital penalty phase is not barred by the Constitution. *See United States v. Lujan*, 603 F.3d 850 (10th Cir. 2010) (allowing introduction of unadjudicated homicides during the penalty phase); *United States v. Basham*, 561 F.3d 302, 331–32 (4th Cir. 2009) (unadjudicated sexual misconduct); *United States v. Corley*, 519 F.3d 716, 723–25 (7th Cir. 2008) (unadjudicated homicide); *Cummings v. Polk*, 475 F.3d 230, 238 (4th Cir. 2007) (noting that there is authority in the Fourth Circuit and the Supreme Court that evidence of unadjudicated crimes may be utilized in a capital sentencing trial); *Brown v. Dretke*, 419 F.3d 365, 376-77 (5th Cir. 2005) (noting that "admission of unadjudicated offenses in the sentencing phase of a capital trial does not violate the eighth and fourteenth amendments," nor does the Constitution require "that unadjudicated extraneous offenses be proved beyond a reasonable doubt"); *United States v. Lee*, 274 F.3d 485, 494 (8th Cir. 2001) (unadjudicated assaults, burglary, and arson).

In *Lee*, the Eighth Circuit Court of Appeals noted that the FDPA "erects very low barriers to the admission of evidence at capital sentencing hearings," and specifically authorizes evidence "as to any matter relevant to the sentence," and that the limitation of evidence at sentencing under the FDPA is the balance of probative value against the danger of prejudice, confusing the issues, or misleading the jury. 274 F.3d at 494. The court then concluded,

> The [district] court permitted the government to elicit a number of unadjudicated past bad acts by Lee, including instances in which Lee physically abused a girlfriend, assaulted his sister, committed burglary and arson offenses, assaulted inmates and patients at various facilities, and

74

> treated blacks more poorly than whites. These acts were probative of Lee's future dangerousness, but they were also relevant to the credibility of Dr. Cunningham. Dr. Cunningham's mitigation testimony selectively presented facts about Lee's past and his upbringing to cast him in a sympathetic light. The government's cross examination permissibly tested whether Dr. Cunningham's presentation produced a distorted account.

*Lee*, 274 F.3d at 494. Thus, the court concluded that these unadjudicated crimes were properly admitted, at least in support of a "future dangerousness" factor, as well as to attack the credibility of a defense expert. *Id.*

There seems to be little doubt that unadjudicated criminal conduct can be considered *in support of* another aggravating factor, such as "continuing threat" or "future dangerousness." *See, e.g., id.* (unadjudicated conduct was probative of "future dangerousness"); *see also, e.g., Welch v. Workman*, 639 F.3d 980, 1007 (10th Cir. 2011) (unadjudicated criminal conduct was probative of whether the defendant was a "continuing threat"); *Lujan*, 603 F.3d at 859-60 (an unadjudicated homicide was admissible to prove "future dangerousness," although the trial court had doubted that it could be admitted as an independent aggravating factor). Indeed, in that context, courts have held that the Constitution does not even require proof of the unadjudicated criminal conduct beyond a reasonable doubt. *See, e.g., Corley*, 519 F.3d at 726; *Brown*, 419 F.3d at 376-77.

### iv. Admissibility of unadjudicated criminal conduct as an independent aggravating factor

The question here, however, is whether unadjudicated criminal conduct can be considered *as an independent aggravating factor*. Courts, including the Eighth Circuit Court of Appeals, have also allowed this. For example, in *Allen*, the court rejected defendant Holder's challenge to an "other criminal acts" "non-statutory aggravating factor," in part, as follows:

[T]he use of criminal history in sentencing has long been an accepted practice, even in the death penalty context. *See, e.g., Tuilaepa*, 512 U.S. at 976, 114 S.Ct. 2630 (upholding use of prior criminal activity sentencing factor); *Zant*, 462 U.S. at 888, 103 S.Ct. 2733 (stating that "[n]othing in the United States Constitution prohibits a trial judge from instructing a jury that it would be appropriate to take account of a defendant's prior criminal record in making its sentencing determination"). "Both a backward-looking and a forward-looking inquiry are a permissible part of the sentencing process ...." *Tuilaepa*, 512 U.S. at 977, 114 S.Ct. 2630. Furthermore, Holder points to no authoritative federal precedent in support of his assertion that use of this factor violates the Constitution. In fact, the Supreme Court has noted that sentencing courts have "considered a defendant's past criminal behavior, even if no conviction resulted from that behavior." *Nichols v. United States*, 511 U.S. 738, 747, 114 S.Ct. 1921, 128 L.Ed.2d 745 (1994) (stating that the Court has upheld the constitutionality of considering unadjudicated criminal behavior in *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949)). *See also Hatch v. Oklahoma*, 58 F.3d 1447, 1465 (10th Cir.1995) (noting that although the Court has subsequently called into doubt some of the logic of *Williams*, the Court has not called into doubt the essence of its holding that unadjudicated crimes may constitutionally be considered in imposing a death sentence), *cert. denied*, 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996); *Devier v. Zant*, 3 F.3d 1445, 1464–65 (11th Cir.1993), *cert. denied*, 513 U.S. 1161, 115 S.Ct. 1125, 130 L.Ed.2d 1087 (1995); *Williams v. Lynaugh*, 814 F.2d 205, 207–08 (5th Cir.), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 270 (1987).

*Allen*, 247 F.3d at 789. More recently, in *United States v. Bolden*, 545 F.3d 609 (8th Cir. 2008), the Eighth Circuit Court of Appeals also rejected challenges to independent "non-statutory aggravating factors" of "obstruction of justice" and "other criminal

76

conduct," which were based, at least in part, on unadjudicated conduct. 545 F.3d at 624-25.

Similarly, in *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003), the Fourth Circuit Court of Appeals upheld submission of an unadjudicated "obstruction of justice" offense as an independent "non-statutory aggravating factor," over the defendant's Fifth, Sixth, and Eighth Amendment objections that the evidence lacked the requisite indicia of reliability necessary to impose a sentence of death and because the jury would be unable to evaluate the evidence fairly. 353 F.3d at 322-23. The court upheld the independent aggravating factor, because "[t]he jury was carefully instructed that the government was required to 'prove beyond a reasonable doubt that the defendant tampered and attempted to tamper with evidence and witnesses for the purpose of obstructing the investigation of the kidnappings and murders' of the three women." *Id.* at 323.

In *Devier v. Zant*, 3 F.3d 1445 (11th Cir. 1993) *cert. denied*, 513 U.S. 1161 (1995), the Eleventh Circuit Court of Appeals upheld consideration of an unadjudicated criminal offense of rape six months prior to the charged murder as an independent "non-statutory aggravating factor." 3 F.3d at 1464. The court rejected the defendant's argument that evidence of an unadjudicated crime was inherently unreliable, and thus violated the Eighth Amendment, because the relevant inquiry in the penalty phase is the defendant's previous criminal activity, even uncharged crimes, and the rape victim's testimony provided sufficiently reliable evidence of the crime. *Id.* at 1464-65. The court also rejected the defendant's argument that the jury had not been instructed as to the burden of proof for the offense, because the defendant had not raised it until his state post-conviction relief proceedings, and even in the absence of an instruction requiring proof beyond a reasonable doubt, the rape victim's testimony was sufficiently reliable. *Id.* at 1465-66; *see also Pitsonbarger v. Gramley*, 141 F.3d 728, 735-36 (7th

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 77 of 123   April 23 2013 p 176
Appellate Case: 13-1739   Page: 176   Date Filed: 04/03/2013 Entry ID: 4021355

Cir. 1998) (the due process clause did not require proof beyond a reasonable doubt of uncharged offenses of "window peeping" and "public indecency" before they could be considered as aggravating factors for capital sentencing).

Here, whether or not due process would require that an unadjudicated criminal offense must be proved beyond a reasonable doubt before it can be asserted as an independent "non-statutory aggravating factor," *see id.*; *Pitsonbarger*, 141 F.3d at 735-36, the applicable statute, former § 848 expressly *does* require proof of any aggravating factor—statutory or non-statutory—unanimously and beyond a reasonable doubt. *See* former 21 U.S.C. § 848(j) ("The burden of establishing the existence of any aggravating factor is on the Government, and is not satisfied unless established beyond a reasonable doubt."); former 21 U.S.C. § 848(k) ("A finding with respect to any aggravating factor must be unanimous."); *see also Corley*, 519 F.3d at 724 (requiring consideration of the burden of proof for determining reliability and for a jury to determine whether the conduct may be considered); *Higgs*, 353 F.3d at 322-23 (the reliability requirement for an unadjudicated criminal offense to serve as an independent aggravating factor was met where the jury was required to find such a factor beyond a reasonable doubt).

### *v.* *Summary*

Thus, as a general matter, a jury may consider an uncharged or unadjudicated criminal offense as an independent non-statutory aggravating factor, if it finds that offense has been proved beyond a reasonable doubt. However, questions regarding the prejudicial and probative impact of the evidence of "uncharged criminal conduct" must wait until I turn to consideration of specific "uncharged criminal conduct" factors—and may have to wait until the "penalty retrial."

78

### b.     Biased sentencing

Johnson's next "general" attack on incidents of "uncharged criminal conduct" as independent "non-statutory aggravating factors" is that consideration of such factors will result in a biased and unreliable sentencing decision in violation of the Fifth, Sixth, and Eighth Amendments. She contends that a criminal *conviction* meets the exacting standards for reliability, because it has been proved beyond a reasonable doubt to an unbiased jury, but uncharged and unadjudicated criminal conduct has not. She argues that, even where a sentencing jury in a capital case is required to find unadjudicated criminal conduct beyond a reasonable doubt, as is required by the applicable statute,[16] the admission of unadjudicated acts evidence in the "penalty phase" violates a defendant's right to a fair and impartial sentencing determination. This is so, she argues, because a jury cannot be expected to evaluate objectively allegations of unadjudicated criminal behavior in the "penalty phase" after the defendant has already been convicted of a capital offense. She also argues that use of "uncharged criminal conduct" violates the presumption that she is innocent of such conduct. The prosecution's terse response to this argument is that it is foreclosed by circuit precedent.

I agree with the prosecution that *Bolden*, 545 F.3d at 624, and *Allen*, 247 F.3d at 789-90, foreclose an argument that "uncharged criminal conduct" is necessarily too unreliable to be used as an independent "non-statutory aggravating factor." As I explained above, I believe that Johnson's "reliability" objection fails, where the jury will be required to find the "uncharged criminal conduct" beyond a reasonable doubt.

---

[16] Johnson erroneously identifies the applicable statute—not for the first or last time—as 18 U.S.C. § 3593(c), a provision of the FDPA, but the applicable statute in her "penalty retrial" is former § 848(j), a provision of the ADAA. The ADAA provision, however, also requires proof of aggravating factors beyond a reasonable doubt.

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 79 of 123   April 23 2013 p 178
Appellate Case: 13-1739     Page: 178     Date Filed: 04/03/2013 Entry ID: 4021355

On the other hand, it is not clear to me that *Bolden* and *Allen* foreclose an argument that allowing "uncharged criminal conduct" as independent "non-statutory aggravating factors" in the penalty phase of a capital sentencing proceeding presents a bias problem, based on the contention that jurors in that situation may not be able to make a fair and impartial determination or weighing of such conduct by a defendant who has been convicted of a capital offense. Certainly, those decisions do not specifically or expressly address bias or impartiality arguments.

Nevertheless, courts that have specifically considered such arguments have concluded that this concern—like the "unreliability" concern—does not reach constitutional proportions where the jury is properly instructed that it must find such conduct unanimously and beyond a reasonable doubt. *See Higgs*, 353 F.3d at 322-23 (rejecting the defendant's Fifth, Sixth, and Eighth Amendment objections that a capital sentencing jury would be unable to evaluate fairly evidence of uncharged criminal conduct where "[t]he jury was carefully instructed that the government was required to 'prove beyond a reasonable doubt that the defendant tampered and attempted to tamper with evidence and witnesses for the purpose of obstructing the investigation of the kidnappings and murders' of the three women"); *United States v. Umana*, 707 F. Supp. 2d 621, 631 (W.D.N.C. 2010); *United States v. Gilbert*, 120 F. Supp. 2d 147, 151-52 (D. Mass. 2000). I am unwilling to assume that a jury that is properly instructed on the burden of proof and the purposes for which it is to consider "uncharged criminal conduct" aggravating factors cannot fairly and impartially do so, even in the context of determining the appropriate penalty for a defendant already convicted of a capital offense. Even if it might be more difficult for a jury that has found a defendant guilty of a capital offense to consider whether the defendant has committed other criminal conduct, the jury for Johnson's "penalty retrial" is not the same jury that found her guilty of the CCE murders.

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 80 of 123   April 23 2013 p 179
Appellate Case: 13-1739     Page: 179     Date Filed: 04/03/2013 Entry ID: 4021355

Johnson's bias and unreliability objection to the "uncharged criminal conduct" "non-statutory aggravating factors" also fails.

### c.     *More prejudicial than probative*

Next, Johnson argues that unadjudicated crimes evidence should be excluded because its probative value is necessarily far outweighed by the danger of unfair prejudice and confusing the jury. She admits, however, that this argument relies on her previous argument that evidence of unadjudicated criminal acts is unfairly prejudicial because it is unreliable. The prosecution asserts, again, that this argument is foreclosed by Eighth Circuit precedent. In reply, Johnson tries to explain her argument to be that, because the same "uncharged criminal conduct" is offered in support of both independent aggravating factors and as demonstrating "future dangerousness," the jury will be confused about which standard of proof to apply to those allegations. This is so, she argues, because only consideration of such conduct as an independent aggravating factor requires proof of the conduct beyond a reasonable doubt. She also argues that jurors will be confused and misled, to her prejudice, where the jurors must assess the reliability of decades-old misconduct that was not contemporaneously adjudicated. She also argues that this evidence of remote misconduct provides little probative insight into her current character.

Johnson's first "juror confusion" argument is unavailing here. Again, for the reasons stated below, in Section IV.D.3., beginning on page 108, the "future dangerousness" factor *in this case* will be limited to "future dangerousness in prison." Also, for the reasons stated above, in Section IV.C.2., and specifically beginning on page 70, the incidents on which the "future dangerousness in prison" factor could rely do not include any of the ten "uncharged criminal conduct" factors. I believe that Johnson's other "juror confusion" and "presumption of innocence" arguments are defeated, once again, by the requirement that the jurors must find the "uncharged

81

criminal conduct" beyond a reasonable doubt. Her final argument that evidence of remote misconduct provides little insight into her current character is simply a "weight of the evidence" argument that should be made to the jury, but does not warrant exclusion of the "uncharged criminal conduct" evidence *per se*.

### d. Relevance and heightened reliability

Johnson's last "general" argument to exclude the "uncharged criminal conduct" "non-statutory aggravating factors" is that there are relevance and heightened reliability requirements for "non-statutory aggravating factors" that are not met here. Her argument—although stated at much greater length—appears to be that the "uncharged criminal conduct" factors alleged here are not sufficiently serious, in the scale of societal values, to be weighed in the selection of who is to live or die, and that they do not have sufficient logical and legal "probity" in a life or death determination to produce a reliable penalty determination. The prosecution disputes what it takes to be Johnson's contention that there is a higher degree of reliability required for prior criminal conduct or "non-statutory aggravating factors" than for other aggravating evidence. Again, this argument by Johnson is one that is more properly considered as to *particular* "uncharged criminal conduct" factors than as to "uncharged criminal conduct" factors generally, and I will consider it in that context, below.

### 4. Challenges to specific "uncharged criminal conduct" factors

#### a. Standards for sufficiency of "non-statutory aggravating factors"

In *Corley*, the Seventh Circuit Court of Appeals provided guidance on whether uncharged or unadjudicated criminal conduct should be admitted in the penalty phase *in support of another aggravating factor*, "future dangerousness." 519 F.3d at 724. Although the concern here is whether uncharged or unadjudicated criminal conduct

82

should be admitted *as an independent aggravating factor*, I find that *Corley* identifies considerations pertinent to that situation, as well. In *Corley*, the court observed,

> [The admissibility of unadjudicated criminal conduct generally] does not mean that such conduct may be considered in all cases. As Corley and the government recognize, the district court in determining whether such information may be considered must consider a number of factors, including the reliability of the evidence, the prejudicial and probative impact of the evidence, and the burden of proof both for determining reliability and for a jury to determine whether the conduct may be considered.

*Corley*, 519 F.3d at 724. Similarly, in *Bolden*, the Eighth Circuit Court of Appeals suggested that "uncharged criminal conduct," in that case, "obstruction of justice," must have "sufficient relevance" to be considered as an independent "non-statutory aggravating factor":

> Bolden argues his post-offense conduct lacked sufficient relevance to whether he should be sentenced to death. We disagree. Other courts have approved use of an obstruction of justice non-statutory aggravating factor based upon post-offense conduct. *See, e.g., United States v. Higgs*, 353 F.3d 281, 322-23 (4th Cir. 2003) (disposing of murder weapon, destroying physical evidence, and directing witnesses to lie); *United States v. Edelin*, 134 F.Supp.2d 59, 76-77 (D.D.C. 2001) (threatening witnesses). This is consistent with the treatment of obstruction under the Sentencing Guidelines. U.S.S.G. § 3C1.1. The district court did not err in submitting this non-statutory factor based in part on Bolden's post-offense conduct.

*Bolden*, 545 F.3d at 624. Thus, the court acknowledged the "sufficient relevance" standard, but held that it was met by the recognition that the specific uncharged offense, obstruction of justice, had been recognized as relevant to the penalty determination.

It appears that the federal district courts, rather than the federal appellate courts, have been the most concerned to develop more specific standards for the "sufficiency"

83

of "non-statutory aggravating factors" that can be considered in the penalty phase of a capital trial, however.  For example, in *United States v. Gilbert*, 120 F. Supp. 2d 147, 150 (D. Mass. 2000), one of the seminal decisions on this issue, United States District Court Judge Michael Ponsor observed,

> Through interpretation of the Federal Death Penalty Act and the rulings of the U.S. Supreme Court, the federal courts have arrived at a three-part test to guide their discretion in evaluating nonstatutory aggravating factors. *See United States v. Davis*, 912 F.Supp. 938, 943 (E.D. La. 1996).  First, the information must be "relevant." *Id.*  The provision on nonstatutory aggravating factors allows the introduction only of "relevant information" (of which the Government has given notice) that may tend to make the death penalty more appropriate.  18 U.S.C. § 3593(a)(2).  Second, the information must meet the "heightened standard of reliability" the Supreme Court has required in death penalty cases. *Ford v. Wainwright*, 477 U.S. 399, 410–11, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986); *see also Spaziano v. Florida*, 468 U.S. 447, 456, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).  Finally, even if relevant and reliable, proposed aggravating factors may be excluded if their probative value is outweighed by the danger of unfair prejudice to the defendant, confusion of the issues, or a likelihood that the jury will be misled. *See* 18 U.S.C. § 3593(c).

*Gilbert*, 120 F. Supp. 2d at 150.  Judge Ponsor then addressed more specifically each of the three key factors that he had identified.

As to "relevance," Judge Ponsor explained,

> For a nonstatutory aggravating factor to be "relevant" within the meaning of the statute, it must be "sufficiently relevant to the consideration of who should live and who should die." *Davis*, 912 F.Supp. at 943; *see also United States v. Friend*, 92 F.Supp.2d 534, 541 (E.D. Va. 2000); *United States v. Peoples*, 74 F.Supp.2d 930, 932 (W.D. Mo. 1999).  Congress could not have intended the word "relevant" to mean anything less, given the strong

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 84 of 123   April 23 2013 p 183
Appellate Case: 13-1739     Page: 183     Date Filed: 04/03/2013 Entry ID: 4021355

> Constitutional policy favoring guided and measurable jury determinations on capital punishment. *See generally Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). As the Supreme Court has held, aggravating factors in death penalty cases must be "particularly relevant to the sentencing decision," not merely relevant, in some generalized sense, to whether defendant might be considered a bad person. *Gregg*, 428 U.S. at 192, 96 S.Ct. 2909 (emphasis added).

*Gilbert*, 120 F. Supp. 2d at 150-51. As to "reliability," he explained,

> The second factor a court must consider is the reliability of the information. The Supreme Court has emphasized that heightened reliability is crucial in capital sentencing hearings because of the uniquely grave consequences of a death verdict. *See Ford v. Wainwrigh*t, 477 U.S. 399, 410–11, 106 S.Ct. 2595, 91 L.Ed.2d 335 (1986); *Woodson v. North Carolina*, 428 U.S. 280, 305, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976) (plurality opinion). Indeed, some information that might be admitted in a normal sentencing hearing will be insufficiently reliable for the jury to use in considering whether a defendant should be put to death. *See Davis*, 912 F.Supp. at 943.

*Gilbert*, 120 F. Supp. 2d at 151. Finally, as to "probative value versus prejudice," Judge Ponsor explained,

> Finally, even if the proffered information is relevant and sufficiently reliable, it may still be excluded if its probative value "is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. § 3593(c). The balance of probative value and unfair prejudice must be weighed more carefully in a death penalty case than in normal cases. Under the statute, probative value need not be "substantially" outweighed by prejudice, as Fed.R.Evid. 403 generally requires. *See id.*

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 85 of 123   April 23 2013 p 184
Appellate Case: 13-1739   Page: 184   Date Filed: 04/03/2013 Entry ID: 4021355

*Gilbert*, 120 F. Supp. 2d at 151. Numerous district courts have articulated similar standards for determining the "sufficiency" of "non-statutory aggravating factors," often specifically citing *Gilbert*.[17]

I note that the "probative value versus prejudice" standard under the ADAA, at issue in this case, is somewhat different than it is under the FDPA, at issue in *Gilbert*.

---

[17] *See, e.g., United States v. Basciano*, 763 F. Supp. 2d 303, 358 (E.D.N.Y. 2011) ("While the court need not decide the issue, the court is concerned with the number of alleged acts of uncharged crimes that the Government is considering introducing and with the limited evidence that appears to support some of these alleged crimes. The penalty phase, if one is reached, should be focused on those acts relevant to the jury's decision and will not be permitted to become a forum to try dozens of alleged, past, uncharged crimes. The court further notes that to be relevant, the government must have proof that this uncharged conduct rose to the level of a sufficiently serious crime to be considered by a death penalty jury." (footnote omitted) (citing *Gilbert*, 120 F. Supp. 2d at 150)); *United States v. Solomon*, 513 F. Supp. 2d 520, 534 (W.D. Pa. 2007) ("[T]he Court is cognizant that the FDPA requires that any information proffered at the penalty phase 'may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury,' 18 U.S.C. § 3593(c), and makes clear that any such factors must be 'sufficiently relevant to the consideration of who should live and who should die.' *United States v. Davis*, 912 F. Supp. 938, 943 (E.D. La. 1996). Furthermore, the 'heightened reliability doctrine' applicable to capital sentencing also governs 'the admissibility of non-statutory aggravating factors.' *Bradley*, 880 F.Supp. at 285."); *United States v. Henderson*, 485 F. Supp. 2d 831, 868 (S.D. Ohio 2007) ("[T]his Court is aware that the FDPA requires that any information proffered at the penalty phase 'may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury,' 18 U.S.C. § 3593(c) (2004), and makes clear that any such factors must be 'sufficiently relevant to the consideration of who should live and who should die.' *Davis*, 912 F. Supp. at 943. Furthermore, the "heightened reliability doctrine" applicable to capital sentencing also governs 'the admissibility of nonstatutory aggravating factors.' *Bradley*, 880 F. Supp. at 285."); *United States v. Fell*, 372 F. Supp. 2d 753, 763-65 (D. Ver. 2005) ("Non-statutory aggravating factors must satisfy a variety of requirements," including that they be "sufficiently relevant to consideration of who should live and who should die," display "heightened reliability"; not be "overbroad"; "not be duplicative" (citing, *inter alia*, *Gilbert*, 120 F. Supp. 2d at 153).

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 86 of 123   April 2013 p 185
Appellate Case: 13-1739   Page: 185   Date Filed: 04/03/2013 Entry ID: 4021355

*Compare* former 21 U.S.C. § 848(*l*) ("Any other information relevant to such mitigating or aggravating factors may be presented by either the Government or the defendant, regardless of its admissibility under the rules governing admission of evidence at criminal trials, except that information may be excluded if its probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury." (emphasis added)); *with* 18 U.S.C. § 3593(c) ("Information is admissible regardless of its admissibility under the rules governing admission of evidence at criminal trials except that information may be excluded if its probative value *is outweighed* by the danger of creating unfair prejudice, confusing the issues, or misleading the jury."). Nevertheless, I also believe that Judge Ponsor has identified appropriate factors in *Gilbert* for the determination of whether alleged "non-statutory aggravating factors" are appropriate in this ADAA case.

I am less convinced by Judge Ponsor's conclusion that, in considering the "relevance" factor, "the court is guided by the statutory aggravating factors Congress has listed in [the applicable statute], which provide 'a ready framework for determining Congressional intent' on this matter." *Gilbert*, 120 F. Supp. 2d at 152 (quoting *Davis*, 912 F. Supp. at 944). More specifically, Judge Ponsor reasoned,

> The statutory aggravating factors list only very serious or repetitive felony offenses, such as child molestation, previous conviction of a capital crime, or prior conviction of a felony involving a firearm. *See* 18 U.S.C. § 3592(c). From these factors, it is clear that to be a relevant aggravating factor in favor of the death penalty, prior misconduct must at least be a crime, and a grave one at that. *See United States v. Friend*, 92 F.Supp.2d 534, 544 (E.D. Va. 2000). Consideration of relatively minor misbehavior, however disturbing, would undermine the seriousness of the death penalty decision. Rather than helping the jury's decision, the previous misconduct would be a "pernicious distraction[ ] … in considering whether a

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 87 April 23 2013 p 186
Appellate Case: 13-1739   Page: 186   Date Filed: 04/03/2013 Entry ID: 4021355

> defendant shall live or die." *United States v. Peoples*, 74
> F.Supp.2d 930, 932 (W.D. Mo. 1999).

*Gilbert*, 120 F. Supp. 2d at 152-53. My problem with this reasoning is much the same as my problem with the argument that specification of certain *convictions* as "statutory aggravating factors" in the ADAA or the FDPA indicates a congressional intent to exclude unadjudicated criminal conduct from consideration as "non-statutory aggravating factors," which I explained above, in Section IV.C.3.a.ii., and more specifically, beginning at page 72, and which I note is an argument that Judge Ponsor had also rejected. *See Gilbert*, 120 F. Supp. 2d at 152.

First, as noted above, former § 848(j) expressly allows the prosecution to assert, and the jurors to consider, "any other aggravating factor for which notice has been provided," without limitation or specification of severity. Former 21 U.S.C. § 848(j). Reading former § 848(n), which defines "statutory aggravating factors," to impose a standard of "severity" or "gravity" on "non-statutory aggravating factors" would "nullify," in large part, the breadth of the "non-statutory aggravating factors" permitted by the plain language of former § 848(j).

Furthermore, neither the ADAA nor the FDPA provides a "general" or "generic" statutory definition of "aggravating factor"; they only provide definitions of certain kinds of conduct as what we call "statutory aggravating factors" that are sufficient to make a defendant "eligible" for the death penalty. Thus, "aggravating factor" must be understood in its ordinary sense. *See, e.g., United States v. Hansl*, 439 F.3d 850, 853-54 (8th Cir. 2006) (reiterating that, in the absence of an express definition for a term used in a criminal statute, the court must "interpret the words as having their ordinary, common meaning" (citing *United States v. Fountain*, 83 F.3d 946, 952 (8th Cir. 1996)). While the ordinary meaning of the word "aggravate" is "to make worse, more serious, or more severe," or to "intensify unpleasantly," it does not

88

suggest any high level of seriousness or severity or even any specific level of intensification. *See, e.g.,* MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed., 1993), 22. Indeed, it also means "to rouse to displeasure or anger by usu. persistent *and often petty* goading." *Id.* (emphasis added).

Finally, the significant difference in the functions of "statutory aggravating factors" and "non-statutory aggravating factors" counsels against reading the statute to require some kind of "proportionality" between such factors in terms of severity, gravity, or seriousness. *See, supra*, Section II.B.1.; *see also Chong*, 98 F. Supp. 2d 1128 n.10 (rejecting any supposed statutory limitation on "non-statutory aggravating factors" based on the definition of "statutory aggravating factors" as "resting on the erroneous factual premise that jurors cannot discern that statutory aggravating factors are more important than nonstatutory aggravating factors"). While there must certainly be significant gravity to any "statutory aggravating factor" that makes a defendant "eligible" for the death penalty, former § 848(k) expressly grants the jurors the power to determine the weight of the "non-statutory aggravating factors" by requiring them to consider all of the aggravating factors and mitigating factors found to exist to determine whether the aggravating factors sufficiently outweigh the mitigating factors to justify a death sentence. *See* former 21 U.S.C. § 848(k); *see also Bolden*, 545 F.3d at 617 n.6 ("As the evidence relevant to the Michigan drug convictions was admissible in any event and the jury could have given this evidence aggravating weight under the non-statutory aggravating factor 'other criminal conduct,' any error in submitting this statutory factor was harmless beyond a reasonable doubt."); *Higgs*, 353 F.3d at 320 ("[W]e reject the contention that the FDPA is unconstitutional merely because it allows the sentencing jury to weigh nonstatutory aggravating factors when deciding whether to impose the sentence of death upon a defendant convicted of a death-eligible offense."). Thus, whatever the merits, in a vacuum, of a "proportionality" requirement for the

gravity, severity, or seriousness of "non-statutory aggravating factors" as compared to "statutory aggravating factors," the *statute* does not support such a requirement.

This is not to say that "trivial" matters must be accepted as "non-statutory aggravating factors." The exclusion of "trivial" matters, however, comes from the requirement that a "non-statutory aggravating factor" must have sufficient relevance to whether the defendant should be sentenced to death, and not merely to whether the defendant could be considered a bad person. *See Bolden*, 545 F.3d at 624; *Gilbert*, 120 F. Supp. 2d at 150. It also comes from the statutory requirement "that information may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Former 21 U.S.C. § 848(j); *Corley*, 519 F.3d at 724; *Gilbert*, 120 F. Supp. 2d at 151. This is so, because a trivial matter would have slight probative value to the determination of the appropriate penalty, in light of its potential for prejudice, confusion of the issues, or misleading the jury.

With these standards in mind, I turn to consideration of Johnson's challenges to specific "uncharged criminal conduct" factors.

### b. The "assault" on Officer Tyler

The fifth "non-statutory aggravating factor" alleged in the Third Notice Of Intent is that "[Johnson] committed physical assault and battery of Mason City Police Officer, Dave Tyler, on September 11, 1989." Johnson asserts that, far from being a violent altercation between her and a police officer, the incident involved her pushing the officer after he had arrested Terry DeGeus for disorderly conduct or public intoxication and DeGeus had resisted arrest. She contends that this incident is properly characterized as interference with an officer, an infraction at best, not as an "assault and battery." Thus, she asserts that this incident simply lacks the same sort of seriousness or severity as the "statutory aggravating factors" and should not be weighed

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 90 of 123   April 23 2013 p 189
Appellate Case: 13-1739   Page: 189   Date Filed: 04/03/2013 Entry ID: 4021355

with those factors to determine whether or not the death penalty is justified—a "proportionality" argument that I rejected just above. The prosecution does not concede that Johnson accurately describes the factual circumstances underlying any of the "uncharged criminal conduct" factors, including this one.[18] Moreover, the prosecution asserts that this incident, like the others alleged, is sufficiently relevant, and that relevance is not substantially outweighed by any potential prejudice, because this factor demonstrates Johnson's commission of violent acts beyond those involved in the CCE murders.

Again, as a general premise, "uncharged criminal conduct," and particularly such conduct demonstrating violence or obstruction of justice, is admissible as a "non-statutory aggravating factor" in a capital sentencing. *Bolden*, 545 F.3d at 624-25; *Allen*, 247 F.3d at 789. Thus, an incident of alleged violence, particularly against a police officer, as is alleged here, is sufficiently relevant to whether the defendant should be sentenced to death. *See Bolden*, 545 F.3d at 624; *Gilbert*, 120 F. Supp. 2d at 150. Evidence in the form of first-hand testimony about the incident from officers present at the scene is also sufficient to meet the "reliability' requirement set out in *Gilbert*, 120 F. Supp. 2d at 150-51. *See, e.g., Zant*, 3 F.3d at 1464-65 (concluding that a rape victim's testimony was sufficient to meet the "reliability" requirement). Ultimately, of course, the prosecution must prove the incident beyond a reasonable doubt. *See* former 21 U.S.C. § 848(j) ("The burden of establishing the existence of any aggravating factor is on the Government, and is not satisfied unless established beyond a reasonable doubt."); *see also Corley*, 519 F.3d at 724 (requiring consideration of the burden of proof for determining reliability and for a jury to

---

[18] *Compare* Prosecution's Resistance (docket no. 919) at 26 n.2 ("The government does not concede defendant has accurately described the facts."); *with* Defendant's Reply (docket no. 929) at 19 ("[W]ith one exception, the government does not contest the accuracy of the facts outlined by Ms. Johnson in her motion.").

91

determine whether the conduct may be considered); *Higgs*, 353 F.3d at 322-23 (the reliability requirement for an unadjudicated criminal offense to serve as an independent aggravating factor was met where the jury was required to find such a factor beyond a reasonable doubt). Furthermore, the new jury for Johnson's "penalty retrial" will be properly instructed that, in weighing the aggravating and mitigating factors, they must not simply count each factor and reach a decision based on which number is greater, but should individually consider the weight and value of each factor before deciding whether a sentence of death is justified on a particular count. *Cf. Bolden*, 545 F.3d at 625 (considering such a factor as mitigating any "duplicativeness").

It is possible that, when I have heard the evidence relating to this factor in the context of the "penalty retrial," I will be convinced that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Former 21 U.S.C. § 848(j); *Corley*, 519 F.3d at 724; *Gilbert*, 120 F. Supp. 2d at 151. However, I am reluctant, at least at this point in the proceedings, to take from the jury the opportunity to determine whether or not the incident can be proved beyond a reasonable doubt and to determine what weight, if any, it deserves in the determination of the appropriate penalty. For now, it is sufficient to conclude that the prosecution has shown that the incident is relevant to the determination of the penalty, and that it may satisfy the other requirements for a "non-statutory aggravating factor," so that it will not be stricken from the Third Notice Of Intent at this time.

### c. The "perjury" factor

The sixth "non-statutory aggravating factor" alleges that Johnson "committed perjury before the grand jury: October 27, 1993; March 5, 1996; July 23, 1996; and April 11, 2000." Johnson argues that such perjury offenses are neither sufficiently grave to be relevant to capital sentencing nor sufficiently reliable to be considered as part of the decision on whether a capital defendant should be executed. More

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 92 of 123   April 3 2013 p 191
Appellate Case: 13-1739     Page: 191     Date Filed: 04/03/2013 Entry ID: 4021355

specifically, she argues that none of the statutory factors listed in the ADAA relates to perjury, and this aggravating factor fails both prongs of the relevance/heightened reliability test. The prosecution makes no specific defense of the sufficiency of this "non-statutory aggravating factor."

While these alleged incidents of perjury might have involved obstruction of justice, they did not involve the sort of obstruction of justice by violent means at issue in *Bolden*, 545 F.3d at 625, involving a motive to kill a person to eliminate a witness, or the tampering with witnesses, including plans to eliminate a witness and tampering with evidence, at issue in the "obstruction of justice" factor in *Higgs*, 353 F.3d at 322-23. Indeed, I have difficulty seeing how these incidents of alleged perjury, even if they are proved beyond a reasonable doubt, are sufficiently relevant to whether the defendant should be sentenced to death. *See Bolden*, 545 F.3d at 624; *Gilbert*, 120 F. Supp. 2d at 150. That being so, the danger of unfair prejudice, confusion of the issues, or misleading the jury that these incidents pose substantially outweighs their probative value. Former 21 U.S.C. § 848(j); *Corley*, 519 F.3d at 724; *Gilbert*, 120 F. Supp. 2d at 151.

Therefore, the "uncharged criminal conduct" factor based on alleged "perjury" will be stricken.

### d. The "threats and bravado" incidents

Johnson contends that the following "uncharged criminal conduct" factors should also be stricken as involving nothing more than "threatening words and warped bravado": number seven, alleging that "[o]n multiple occasions between 1995 and 1996, defendant threatened to harm Kathy Rick, Dustin Honken's former girlfriend"; number eight, alleging that "[i]n 1997, defendant threatened Daniel Cobeen, a person she then knew to be a witness cooperating with the United States Government, by making a hand gesture as if she was shooting him with a handgun"; number eleven,

93

alleging that "[d]uring the sentencing hearing of Dustin Honken in February 1998, defendant threatened to harm the judge, prosecutor, and law enforcement agents"; and number thirteen, alleging that "[i]n 1998, defendant threatened to kill or injure Doug Book, Chief of Police of Forest City, Iowa, and plotted to kill or injure Doug Book's dogs by use of poison," at least to the extent that the threats only related to the dogs.

### i. Arguments of the parties

Johnson contends that threatening words and warped bravado, without affirmative acts, are simply not sufficient to justify a death sentence; that some of these incidents are too attenuated to have any probative value; and that any probative value that they may have is outweighed by the potential for prejudice and confusion. The prosecution argues that these "uncharged criminal conduct" factors are not just threatening words and warped bravado, because, in other circumstances, Johnson has acted on her words to commit violent acts. More specifically, the prosecution argues that Johnson threatened to harm Dan Cobeen, a government witness, after she had, in fact, helped to kill a government witness, Greg Nicholson, and that she threatened to harm other inmates, and in fact, assaulted them. Thus, the prosecution argues, this is not simply a defendant who makes empty threats, but a defendant who carries them out. The prosecution also argues that the jury should determine whether this conduct constitutes empty threats or aggravating circumstances. Johnson responds that none of these incidents actually involved violent acts, so that she did not carry out these threats.

### ii. Analysis

Johnson is correct that, in *United States v. Davis*, 912 F. Supp. 938 (E.D. La. 1996), the district court rejected aggravating factors based solely on "threatening rhetoric," as follows:

> Threatening words and warped bravado, without affirmative acts, are simply too slippery to weigh as indicators of character; too attenuated to be relevant in deciding life or

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 94 of 123   April 23 2013 p 193
Appellate Case: 13-1739   Page: 193   Date Filed: 04/03/2013 Entry ID: 4021355

> death; and whatever probative value they might have is far outweighed by the danger of unfair prejudice and confusion of the issues.

*Davis*, 912 F. Supp. 2d at 945. In my view, this analysis overlooks circumstances in which threats can, indeed, constitute criminal offenses and aggravating circumstances. Moreover, in my view, this analysis overlooks the fact that the question of whether a statement constitutes mere "threatening words" or "warped bravado," rather than a true threat, is for the jury to decide, and any danger of unfair prejudice is mitigated, because the jury must find a true threat beyond a reasonable doubt.

For example, the Supreme Court has noted, in a number of decisions, that various states identify a conviction of a felony involving the use or *threat* of violence as an aggravating factor. *See, e.g., Porter v. McCollum*, 558 U.S. 30, ___ n.2, 130 S. Ct. 447, 449 n.2 (2009) (Florida law); *House v. Bell*, 547 U.S. 518, 532 (2006) (Tennessee law); *Rompilla v. Beard*, 545 U.S. 374, 399 (2005) (Pennsylvania law). Indeed, former § 848(n)(5) identifies a "statutory aggravating factor" involving a "grave risk" of death to others, during the commission of the capital offense or while escaping apprehension for such an offense, and one district court has concluded that if the government could prove that the defendant threatened bystanders at gunpoint, the jury could consider the aggravating factor of grave risk to others. *See United States v. Walker*, 910 F. Supp. 837, 849-50 (N.D.N.Y. 1995), cited in *United States v. Barnette*, 211 F.3d 803, 819 (4th Cir. 2000). The fact that a "non-statutory aggravating factor" *does* have a statutory analogue does reasonably suggest that the "non-statutory aggravating factor" is sufficiently relevant to the determination of whether a death sentence is justified. I also note that, under Iowa criminal law, "assault" is defined, *inter alia*, as "[a]ny act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act." IOWA CODE § 708.1(2). Thus,

95

no physical act of violence is actually required to constitute an "assault" under Iowa law, a threat is sufficient, if the defendant has the apparent ability to execute the threat.

In light of these authorities, I am satisfied that, to the extent that the prosecution can prove at the "penalty retrial," beyond a reasonable doubt, that any of these "uncharged criminal conduct" incidents would have constituted an "assault" or other *crime* under Iowa or federal law, then the fact that they are based on a *threat* of violence, but no other violent "act," does not mean that they are insufficient to be "non-statutory aggravating factors."

I am also satisfied that, if the prerequisite identified above is met, then these incidents are sufficiently relevant to whether the defendant should be sentenced to death. *See Bolden*, 545 F.3d at 624; *Gilbert*, 120 F. Supp. 2d at 150. This is so, because they indicate Johnson's character by showing that, in other circumstances besides those involved in the CCE murders, she resorted to threats of violence. Moreover, I will be better able to determine, when the evidence is presented in the context of the "penalty retrial," whether any danger of unfair prejudice, confusion of the issues, or misleading the jury that these incidents might pose substantially outweighs their probative value. Former 21 U.S.C. § 848(j); *Corley*, 519 F.3d at 724; *Gilbert*, 120 F. Supp. 2d at 151. Furthermore, the new jury for Johnson's "penalty retrial" will be properly instructed that, in weighing the aggravating and mitigating factors, they must not simply count each factor and reach a decision based on which number is greater, but should individually consider the weight and value of each factor before deciding whether a sentence of death is justified on a particular count. *Cf. Bolden*, 545 F.3d at 625 (considering such a factor as mitigating any "duplicativeness").

Johnson's challenges to these "uncharged criminal conduct" factors are denied for the present.

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 96 of 123   April 2013 p 195
Appellate Case: 13-1739     Page: 195     Date Filed: 04/03/2013 Entry ID: 4021355

### e.  Assisting in the release of Putzier

Johnson also challenges the ninth "non-statutory aggravating factor," which alleges the following:

> Defendant aided and abetted the solicitation of crimes of violence.  In particular, defendant assisted Dustin Honken in 1996 in attempting to obtain the release of Dennis Putzier from the Woodbury County Jail for the purposes of killing witnesses and law enforcement officers.

I will consider this factor, at least for the present, to be limited to the attempt to obtain the release of Dennis Putzier.

### i.  Arguments of the parties

Johnson argues that Putzier omitted this incident in some testimony, and changed his testimony about it from one proceeding to another, which casts doubt on the reliability of the evidence supporting this factor.  Johnson also argues that this incident does not satisfy the requirements of an factor, because there was no hope that Putzier was ever going to escape from the jail in the manner indicated in his and other testimony in various proceedings.  Johnson also argues that, apart from Honken's statements to Putzier, there is no evidence that she even knew about Honken's plan for Putzier's escape, much less that she did any act to assist or encourage the escape.  The prosecution asserts that Johnson's rendition of the facts is demonstrably unreliable.  The prosecution also argues that this factor is based on evidence of Johnson's own conduct and other evidence, beside Putzier's testimony, although the prosecution argues that this is not the time or place to discuss the evidence.

### ii.  Analysis

I am not convinced that the likelihood of success of a plan to help a felon to escape from custody so that he could harm witnesses against the defendant and others has anything to do with its relevance to the determination of the proper penalty in a

97

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 97 of 123   April 23 2013 p 196
Appellate Case: 13-1739   Page: 196   Date Filed: 04/03/2013 Entry ID: 4021355

capital case. Rather, however unlikely success might have been, evidence that the defendant and her cohorts took steps to put such a plan into action is, in my view, sufficiently relevant to whether the defendant should be sentenced to death. *See Bolden*, 545 F.3d at 624; *Gilbert*, 120 F. Supp. 2d at 150. This is so, because that evidence indicates Johnson's character by showing that she was willing to resort to extreme measures to attempt to eliminate witnesses or to retaliate against them and to harm others involved in the investigation of her crimes or the administration of justice. Furthermore, the new jury for Johnson's "penalty retrial" will be properly instructed that, in weighing the aggravating and mitigating factors, they must not simply count each factor and reach a decision based on which number is greater, but should individually consider the weight and value of each factor before deciding whether a sentence of death is justified on a particular count. *Cf. Bolden*, 545 F.3d at 625 (considering such a factor as mitigating any "duplicativeness"). Finally, when the evidence is presented in the context of the "penalty retrial," I will be better able to determine whether any danger of unfair prejudice, confusion of the issues, or misleading the jury that this incident might pose substantially outweighs its probative value. Former 21 U.S.C. § 848(j); *Corley*, 519 F.3d at 724; *Gilbert*, 120 F. Supp. 2d at 151.

Johnson's challenge to this "non-statutory aggravating factor" is denied, at least for now.

### f. Conspiring to help Honken escape

Johnson also challenges "non-statutory aggravating factor" number ten, which alleges that she "conspired with Dustin Honken to aid his escape from the Woodbury County jail in 1996." Again, Johnson argues that this factor does not resemble any "statutory aggravating factor" and that the witness who provides most of the evidence for this "non-statutory aggravating factor," and who would also supposedly obtain a

98

rocket launcher to break inmates out of the jail, is unreliable and did not have access to a rocket launcher. She also contends that the plan, as explained by that witness, was actually for Honken to remain in jail until the charges against him were dropped, because the escapees had killed the witnesses against him. Johnson also contends that there is no credible evidence linking her to this plot, or "scam," as she prefers to call it, or that she even knew about it.

Although the prosecution offers no specific defense of this "non-statutory aggravating factor," to the extent that the prosecution can ultimately prove the scheme and Johnson's involvement in it beyond a reasonable doubt, it is, in my view, sufficiently relevant to whether the defendant should be sentenced to death. *See Bolden*, 545 F.3d at 624; *Gilbert*, 120 F. Supp. 2d at 150. This is so, because, again, this incident indicates Johnson's character by showing that she was willing to resort to extreme measures to attempt to obtain Honken's release or the release of persons who would help eliminate witnesses. Furthermore, the new jury for Johnson's "penalty retrial" will be properly instructed that, in weighing the aggravating and mitigating factors, they must not simply count each factor and reach a decision based on which number is greater, but should individually consider the weight and value of each factor before deciding whether a sentence of death is justified on a particular count. *Cf. Bolden*, 545 F.3d at 625 (considering such a factor as mitigating any "duplicativeness"). Finally, I will be better able to determine, when the evidence is presented in the context of the "penalty retrial," whether any danger of unfair prejudice, confusion of the issues, or misleading the jury that this incident might pose substantially outweighs its probative value. Former 21 U.S.C. § 848(j); *Corley*, 519 F.3d at 724; *Gilbert*, 120 F. Supp. 2d at 151.

Johnson's challenge to this "non-statutory aggravating factor" is denied, at least for now.

### g. Uncharged distribution of methamphetamine after 1997

### i. Arguments of the parties

Next, Johnson challenges "non-statutory aggravating factor" number twelve, which alleges that she "distributed controlled substances, specifically methamphetamine, after 1997." Although she admits that this "non-statutory aggravating factor" has a corollary among the "statutory aggravating factors," in former § 848(n)(4), she argues that it should be excluded, because it does not involve "death-worthy" conduct. She argues that, if the prosecution is permitted to submit this "non-statutory aggravating factor" to the jury, unadjudicated conduct would be submitted to the jury, but the jury would not be informed that the convictions identified in the statute are more significant than uncharged conduct. Thus, she contends, in deliberations, jurors could weigh a single instance of unadjudicated conduct just as heavily as a conviction identified in the statute as making a defendant worthy of death. The prosecution makes no specific defense of this "non-statutory aggravating factor."

### ii. Analysis

Notwithstanding the lack of any specific defense of this "non-statutory aggravating factor" by the prosecution, I have already rejected Johnson's "statutory prohibition" and "proportionality" arguments. Moreover, the situation here, as Johnson acknowledges, is that there is, in fact, a "corollary" "statutory aggravating factor," former § 848(n)(4), which is defined as follows:

> The defendant has previously been convicted of *two or more* State or Federal offenses punishable by a term of imprisonment of more than one year, *committed on different occasions*, involving the *distribution of a controlled substance*.

Former 21 U.S.C. § 848(n)(4) (emphasis added). Both the former § 848(n)(4) factor and the "non-statutory aggravating factor" alleged here involve distribution of a

100

April 23 2013 p 199
Appellate Case: 13-1739   Page: 199   Date Filed: 04/03/2013 Entry ID: 4021355

controlled substance. They differ in that the former § 848(n)(4) factor requires *convictions*, but the "non-statutory aggravating factor" involves an "uncharged" offense. That difference is undermined, however, by the requirement that, to stand as a "non-statutory aggravating factor," the *uncharged* offense, like a prior conviction, would have to be proved beyond a reasonable doubt. The only salient difference, then, is that the former § 848(n)(4) factor requires "two or more" offenses, but the "non-statutory aggravating factor" appears to allege only *one* distribution of methamphetamine after 1997. While identification of certain convictions as "statutory aggravating factors" certainly does not preclude identification of uncharged offenses as "non-statutory aggravating factors," I have already acknowledged that the fact that a "non-statutory aggravating factor" *does* have a statutory analogue does reasonably suggest that the "non-statutory aggravating factor" is sufficiently relevant to the determination of whether a death sentence is justified.

Nevertheless, there are three reasons why I find this "non-statutory aggravating factor" too troubling to be allowed in this case. First, I believe that it is "duplicative" of the underlying CCE murders. This is so, because, in order to convict Johnson of aiding and abetting the CCE murders, the prosecution was required to prove, and the jury was required to find, beyond a reasonable doubt, the existence of the CCE, including a "series of three or more violations." *See* Preliminary Instructions (docket no. 520), No. 7 — Requirements For Proof: Counts 6 Through 10: CCE Murder, and No. 8 — Requirements For Proof: "Continuing Criminal Enterprise" Defined; ["Merits"] Verdict Form (docket no. 527), Counts 6 Through 10, Step 2. The original jurors found, unanimously and beyond a reasonable doubt, that the "series of violations" included "[d]istribution of a methamphetamine mixture from about 1992 to and including 1998," and that such violations occurred both before and after the killings. The original jury also found that Johnson was a member of the CCE who

101

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 101 of 123 April 23 2013 p 200
Appellate Case: 13-1739    Page: 200    Date Filed: 04/03/2013 Entry ID: 4021355

acted "in concert" with Honken both before and after the killings. ["Merits"] Verdict Form (docket no. 527), Counts 6 Through 10, Step 2. Thus, Johnson's "distribut[ion of] controlled substances, specifically methamphetamine, after 1997," would necessarily have been included in the "[d]istribution of a methamphetamine mixture from about 1992 to and including 1998" included in the "series of violations" establishing the existence of the CCE. It does not appear to me that this "non-statutory aggravating factor" involves, in any respect, factual elements or components that differ from the underlying offense; instead, this factor merely duplicates an element of the underlying capital offense, to the extent that the underlying offense required proof of violations pursuant to a CCE. *Williams*, 576 F.3d at 870.

Second, defining a single *uncharged* incident of distribution of a controlled substance as a "non-statutory aggravating factor," where two or more *convictions* are required to establish the "statutory aggravating factor," seems to me to be something of an "end run" around the statute. The difference here between this "uncharged methamphetamine distribution" "non-statutory aggravating factor" and other "uncharged criminal conduct" "non-statutory aggravating factors" that I concluded were not barred by former § 848(n), in light of former § 848(j), is that this one provides a "second bite at the apple." That is, if the prosecution has failed to allege or prove a "statutory aggravating factor" based on two or more convictions of methamphetamine distribution, to establish the defendant's "eligibility" for the death penalty, I do not believe that, in light of the sequential process for determining the penalty under former § 848, the prosecution should be allowed to try to assert a single incident of methamphetamine distribution, whether adjudicated or unadjudicated, charged or uncharged, as a "non-statutory aggravating factor." *See, supra*, p. 19 (discussing the effect of the sequential penalty process on "second bites").

102

April 23 2013 p 201
Appellate Case: 13-1739    Page: 201    Date Filed: 04/03/2013 Entry ID: 4021355

Third, notwithstanding identification of at least two comparable *convictions* as a "statutory aggravating factor," I have difficulty seeing how a single incident of drug dealing (if it is not, in fact, duplicative of the underlying offense), even if it is proved beyond a reasonable doubt, is sufficiently relevant to whether the defendant should be sentenced to death. *See Bolden*, 545 F.3d at 624; *Gilbert*, 120 F. Supp. 2d at 150. That being so, the danger of unfair prejudice, confusion of the issues, or misleading the jury that proof of this "non-statutory aggravating factor" would pose substantially outweighs its probative value. Former 21 U.S.C. § 848(j); *Corley*, 519 F.3d at 724; *Gilbert*, 120 F. Supp. 2d at 151.

Therefore, the "uncharged criminal conduct" factor based on "uncharged distribution of methamphetamine after 1997" will be stricken.

### h. Soliciting a crime of violence

Finally, Johnson challenges "non-statutory aggravating factor" number fourteen, which alleges the following:

> Defendant solicited a crime of violence. In particular, between about March 24, 1998 and October 6, 1998, defendant attempted to hire an undercover agent and a confidential informant for the purpose of harming and/or kidnapping a drug dealer, J.R., who owed her drug proceeds.

Third Notice Of Intent, § C.14.

### i. Arguments of the parties

Johnson argues that there is no evidence that any acts to further the objectives alleged in this factor were done or that any harm came to the alleged target. She contends that this is simply another incident of "threatening words and warped bravado," unaccompanied by any affirmative acts, that should not be considered a "non-statutory aggravating factor." Again, the prosecution makes no specific defense

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 103 of 123 April 23 2013 p 202
Appellate Case: 13-1739   Page: 202   Date Filed: 04/03/2013 Entry ID: 4021355

of this "non-statutory aggravating factor," but argues generally that this and other incidents of threatened violence are sufficiently serious to constitute "non-statutory aggravating factors," because they demonstrate Johnson's commission of or intent to commit violent acts beyond those involved in the CCE murders.

### ii. Analysis

Johnson's argument fails, because, to the extent that the prosecution can prove beyond a reasonable doubt that Johnson attempted to hire an undercover agent and a confidential informant for the purpose indicated, it will have proved more than just "threatening words" or "warped bravado," but will, instead, have proved *an act*, the alleged "solicitation," to attempt to cause violence and harm to the drug dealer. Again, I do not believe that success of the plan is relevant to the penalty determination. Rather, to the extent that the prosecution can prove that soliciting someone to attempt to harm or kidnap another is a crime, then such conduct is sufficiently relevant to whether the defendant should be sentenced to death. *See Bolden*, 545 F.3d at 624; *Gilbert*, 120 F. Supp. 2d at 150. This is so, because the incident indicates Johnson's character by showing that, in other circumstances besides those involved in the CCE murders, she resorted to threats of violence, an attempt at violence, or solicitation of violence. Furthermore, the new jury for Johnson's "penalty retrial" will be properly instructed that, in weighing the aggravating and mitigating factors, they must not simply count each factor and reach a decision based on which number is greater, but should individually consider the weight and value of each factor before deciding whether a sentence of death is justified on a particular count. *Cf. Bolden*, 545 F.3d at 625 (considering such a factor as mitigating any "duplicativeness"). Finally, I will be better able to determine, when the evidence is presented in the context of the "penalty retrial," whether any danger of unfair prejudice, confusion of the issues, or misleading

104

the jury that this incident might pose substantially outweighs its probative value. Former 21 U.S.C. § 848(j); *Corley*, 519 F.3d at 724; *Gilbert*, 120 F. Supp. 2d at 151.

Johnson's challenge to this "non-statutory aggravating factor" is denied, at least for now.

### D. Future Dangerousness

### 1. Allegation of the factor

The Third Notice Of Intent also identifies "future dangerousness" as a "non-statutory aggravating factor," as follows:

15. Future Dangerousness:

Defendant will pose a future danger to others both in prison, if sentenced to a life sentence, or out of prison if sentenced to less than life in prison without the possibility of parole. Evidence that defendant will pose a danger to others in a prison setting includes assault of other inmates, including but not limited to:

A. Assault of Amy Rawhouser on December 28, 2001, in the Linn County Jail;

B. Assault of Destiny Jefferson on January 28, 2004, in the Linn County Jail;

C. Assault of Cathy Hewing on September 28, 2005, in the Linn County Jail;

D. Assault of Ethel Mitchell on November 20, 2005, in the Linn County Jail;

E. Assault of Deidra Pickler on August 29, 2007, in FMC Carswell.

Evidence defendant will pose a future danger to others outside of a prison setting, if sentenced to less than life in prison without the possibility of parole, includes all the

105

Case 3:01-cr-03046-MWB Document 951 Filed 01/16/13 Page 105 April 23 2013 p 204
Appellate Case: 13-1739 Page: 204 Date Filed: 04/03/2013 Entry ID: 4021355

> violent conduct defendant has committed both in and out of a prison setting.

Third Notice Of Intent, § C.15. I agree with the parties that this factor has two aspects: "future dangerousness in prison," including the five alleged incidents of assaults on other inmates, and "future dangerousness out of prison," which "includes all the violent conduct defendant has committed both in and out of a prison setting." *Id.*

Johnson makes the following challenges to this "non-statutory aggravating factor": (1) it is barred by collateral estoppel/double jeopardy; (2) it should be limited to "future dangerousness in prison," because imprisonment for less than life without parole is not a sentencing option in the case; (3) it fails to provide constitutionally sufficient notice, because it is stated as "including, but not limited to" certain specified conduct; and (4) the five alleged incidents of assaults on other inmates are not the stuff of which death sentences should be made. I will consider these challenges in turn.

### 2. *Collateral estoppel/double jeopardy*

Johnson argues that this factor should be excluded on the grounds of collateral estoppel/double jeopardy, because not a single original juror found the prosecution's "non-statutory aggravating factor" that she would be a danger in the future to the lives and safety of other persons. She contends that this issue has, therefore, necessarily been decided against the prosecution, that decision amounts to an "acquittal" of that factor, and the prosecution should not be allowed a second chance to prove it. The prosecution contends that there is no such collateral estoppel/double jeopardy bar to the "future dangerousness" factor, because controlling authority demonstrates that a capital defendant is not "acquitted" of a certain aggravating factor, even if a jury does not find it in prior trials, because such aggravating factors are "standards" to guide the jury's decision, not separate sentences.

106

I reject Johnson's "collateral estoppel/double jeopardy" argument for the same reasons that I concluded, above, that an argument that Johnson had been "acquitted" of the "substantial planning and premeditation" "statutory aggravating factor" as to all of the CCE murders except that of Terry DeGeus, was unavailing, *see, supra,* beginning on p. 20, and the reasons that I also rejected Johnson's argument that seeking the death penalty for the CCE murder of Greg Nicholson violated double jeopardy, *see, supra*, beginning on p. 26. *See, e.g., Sattazahn v. Pennsylvania*, 537 U.S. 101, 109 (2003) ("[T]he touchstone of double-jeopardy protection in capital-sentencing proceedings is whether there has been an 'acquittal.'"). Somewhat more specifically, under the ADAA, a *finding* of an "aggravating factor," either "statutory" or "non-statutory," had to be unanimous, but a *rejection* of any "aggravating factor" did not have to be unanimous. *See* former 21 U.S.C. § 848(k) ("A finding with respect to any aggravating factor must be unanimous," but "[a] finding with respect to a mitigating factor may be made by one or more of the members of the jury."). The statute does not require unanimity as to the *non-existence* of any "aggravating factor," and the original jury was not instructed that unanimity was required to reject an "aggravating factor." Thus, Johnson's assertion that not a single original juror found the "future dangerousness" factor is wrong; all that is apparent from the prior "penalty phase" verdict is that the original jurors did not *unanimously* agree that the factor had been proved beyond a reasonable doubt. *Rejection* of this "non-statutory aggravating factor" has only the non-preclusive effect of a "deadlocked" or "hung" jury. *Sattazahn*, 537 U.S. at 109-10.

Moreover, as the prosecution points out, in *Storey v. Roper*, 603 F.3d 507 (8th Cir. 2010), the Eighth Circuit Court of Appeals concluded that submission of a "pecuniary gain" aggravating circumstance in the defendant's third trial on capital charges under Missouri law, even after the sentencing juries had failed to find that

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 107 of 123   April 23 2013 p 206
Appellate Case: 13-1739   Page: 206   Date Filed: 04/03/2013 Entry ID: 4021355

aggravating circumstance in two prior trials, did not violate double jeopardy. 603 F.3d at 521. Citing *Poland v. Arizona*, 476 U.S. 147, 155-56 (1986), the Eighth Circuit Court of Appeals concluded that the defendant had never been "acquitted" of the death sentence, and that aggravating circumstances are not separate penalties or offenses, but are standards to guide the making of the choice between the alternative verdicts of death and life imprisonment. *Storey*, 603 F.2d at 521-22.

This challenge to the "non-statutory aggravating factor" of "future dangerousness" is denied.

### 3. *Limitation to "future dangerousness in prison"*

Next, Johnson argues that any "future dangerousness" "non-statutory aggravating factor" must be limited to "future dangerousness in prison." She reiterates her arguments that this is so, because a sentence of less than life in prison is simply not an option in this case, where she has already been sentenced to life imprisonment without possibility of release on **Count 6**, charging the CCE murder of Greg Nicholson; because the capital sentencing provisions of former § 848 grant only the court, not the jury, the authority to impose a sentence less than death or life without parole; and because the prosecution should not be allowed to hammer away at a defendant's future dangerousness, if she is ever released, when such release is actually improbable; and because allowing the jury to consider a sentence less than life without parole might tempt jurors to vote for death to preclude from sentencing her to any term less than life without parole. The prosecution, likewise, reiterates its arguments that a sentence less than life without parole is possible in this case, not only on **Count 6**, but on the other charges.

I will not reiterate all of my reasons for concluding that *all* of the penalties for CCE murder in this case were vacated by my ruling on Johnsons § 2255 Motion, including the life sentence for the CCE murder of Greg Nicholson in **Count 6**; that,

108

consequently, Johnson is *not* currently serving a sentence of life without parole for the CCE murder of Nicholson; and that, *in this case*, I will instruct the jury that I will impose a sentence of life without parole if even one juror finds that death is not justified, so that, *in this case*, the jury will never be permitted to consider any penalty less than life without parole in its determination of whether or not Johnson should be sentenced to death, as those reasons are set out in Section II.C.2., above. I simply clarify that the effect of that analysis here is that only Johnson's "future dangerousness in prison" is properly at issue in this case.

Some further analysis of the question is appropriate here, however, in light of precedents that have considered it. For example, the Eighth Circuit Court of Appeals has held that due process does not require an express limitation on "future dangerousness" evidence, where the jury is informed of the defendant's ineligibility for parole. *See Allen*, 247 F.3d at 788-89 (stating, "A defendant in prison for life is still a risk to prison officials and to other inmates, and even though a life sentence without the possibility of parole greatly reduces the future danger to society from that particular defendant, there is still a chance that the defendant might escape from prison or receive a pardon or commutation of sentence," and holding that a "non-statutory aggravating factor" of "future dangerousness" was properly submitted, even without a limitation to future dangerousness in prison); *accord United States v. Fields*, 516 F.3d 923, 942-43 (10th Cir. 2008) (agreeing with *Allen* that due process did not require limitation of the evidence of "future dangerousness" to "future dangerousness in prison," where the jury was informed of the defendant's ineligibility for parole); *see also Richmond v. Polk*, 375 F.3d 309, 331-32 (4th Cir. 2004) (concluding, conversely, that, where the prosecution limits its argument about "future dangerousness" to "future dangerousness in prison," the jury need not be informed of the defendant's ineligibility for parole, citing *Simmons v. South Carolina*, 512 U.S. 154, 175-78 (O'Connor, J., concurring),

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 109 of 123 April 23 2013 p 208
Appellate Case: 13-1739     Page: 208     Date Filed: 04/03/2013 Entry ID: 4021355

but finding that the prosecution had not so limited its argument). Nevertheless, in this case, my conclusion that the "future dangerousness" factor should be limited to "future dangerousness in prison" rests, in large part, on my conclusion that there is a potential for prejudice to Johnson if the jury is allowed to consider a sentence less than death or life without parole, when any lesser sentence is improbable in this case. *See, e.g., Flores*, 63 F.3d at 1368; *see also Jones v. United States*, 527 U.S. 373, 416 (1999) (Ginsburg, J. dissenting, joined by Stevens, Souter, and Breyer, JJ.) (concluding that a juror presented with the possibility of a lesser authorized sentence could be "persuaded to switch from life to death to ward off . . . any chance of a lesser sentence by the judge").

Moreover, it bears reiterating that the limitation of the "future dangerousness" factor to "future dangerousness in prison" in this case means that the incidents on which the "future dangerousness in prison" factor can rely are limited to the five specific assaults on inmates listed in the Third Notice Of Intent and any other assaults on inmates, notwithstanding that the factor uses "including, but not limited to" language. This is so, because the full statement is, "Evidence that defendant will pose a danger to others in a prison setting *includes assault[s] of other inmates*, including but not limited to [five specified assaults]." Third Notice Of Intent, § C.15. (emphasis added). Thus, other incidents not specifically identified would have to be assaults of other inmates, and none of the "uncharged criminal conduct" factors involve such assaults.

The "future dangerousness" factor will be limited to "future dangerousness in prison," and in support of that factor, the prosecution may rely only on incidents of assaults by Johnson on other inmates.

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 110 of 123 April 23 2013 p 209
Appellate Case: 13-1739    Page: 209    Date Filed: 04/03/2013 Entry ID: 4021355

### 4.    *Insufficient notice*

Next, Johnson contends that the allegation of the "future dangerousness" factor fails to provide constitutionally sufficient notice, because of the open ended qualifier "including but not limited to," particularly where the prosecution has indicated its intention to assert an additional but as yet undisclosed incident in support of "future dangerousness in prison." The prosecution asserts that Johnson has failed to consider contrary authority. Indeed, the prosecution asserts that it has provided more notice than is required by listing instances of conduct showing a future danger. The prosecution also asserts that "future danger" has a common meaning that jurors can understand, so that the "including but not limited to" language is not unconstitutionally vague. In reply, Johnson attempts to show that the cases relied on by the prosecution are inapposite.

The Eighth Circuit Court of Appeals has recognized that, "'[a]s long as an aggravating factor has a core meaning . . . capable of understanding, it will pass constitutional muster'" over an allegation of vagueness. *Moore v. Kinney*, 320 F.3d 767, 774 (8th Cir. 2003) (quoting *Jones v. United States*, 527 U.S. 373, 400 (1999) (Thomas, J., for a plurality); *Allen*, 247 F.3d at 786 (concluding that there was "no constitutional vagueness problem" where an aggravating factor was adequately defined, "such that the jury was capable of understanding the commonsense core meaning of the statutory aggravating factor" (citing *Tuilaepa v. California*, 512 U.S. 967, 973 (1994)). More specifically, the prosecution is correct that "including, but not limited to" language in the statement of an aggravating factor does not necessarily render the factor unconstitutionally vague or provide insufficient notice of the factor. As the district court explained in *United States v. Cisneros*, 363 F. Supp. 2d 827 (E.D. Va. 2005):

> The Court rejects Defendant's argument that the "but not limited to" language renders non-statutory aggravating factor (2) unconstitutionally vague because the Court finds

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 111 of 232   April 23 2013 p 210
Appellate Case: 13-1739    Page: 210    Date Filed: 04/03/2013 Entry ID: 4021355

that the full text of the factor properly limits the scope of the factor, and it provides the defendant with adequate notice as required by the death penalty statute. The government is not required to spell out the evidence it intends to use during sentencing. *See Higgs*, 353 F.3d at 325 ("The FDPA and the Constitution require that the defendant receive adequate notice of the aggravating factor…not notice of the specific evidence that will be used to support it"); 18 U.S.C. § 3593(a) (requiring notice of non-statutory aggravating factors, not evidence supporting those factors). Because the words "pattern of criminal activity" have a common sense core of meaning as required by the Constitution—unlawful conduct over the age of eighteen—the Court holds that this non-statutory aggravating factor is not vague despite its use of the words "including, but not limited to." *See United States v. O'Driscoll*, 203 F.Supp.2d 334, 339 (M.D. Pa. 2002) (permitting this language in a non-statutory aggravating factor regarding victim impact). In other words, the Court will allow the government to introduce evidence concerning Mr. Cisneros's prior criminal activity so long as it is relevant to the determination of a pattern of criminal activity as an adult justifying the death penalty and its probative value outweighs the danger of creating unfair prejudice, confusing the issues or misleading the jury. *See* 18 U.S.C. § 3593(c); *see also Zant*, 462 U.S. at 888, 103 S.Ct. 2733.

*Cisneros*, 363 F. Supp. 2d at 837.

Here, as I reiterated just above, the "future dangerousness in prison" "non-statutory aggravating factor" is expressly limited to the five specific assaults on inmates listed and any other assaults *on inmates*, notwithstanding that the factor uses "including, but not limited to" language. Thus, here, as in *Cisneros*, "the full text of the factor properly limits the scope of the factor, and it provides the defendant with adequate notice as required by the death penalty statute." 363 F. Supp. 2d at 837. Moreover, "assault[s] of other inmates" has a "common sense core of meaning as required by the

112

Constitution," such that it "is not vague despite [this factor's] use of the words 'including, but not limited to.'" *Id.*; *accord Moore*, 320 F.3d at 774; *Allen*, 247 F.3d at 786. This is true, even though the prosecution has represented that it has learned of another assault on an inmate by Johnson, which it will add to the Third Notice Of Intent, if it obtains sufficient details to warrant doing so.

Johnson's challenge to this factor as providing insufficient notice, thus, fails.

### 5. *Sufficiency of the inmate assaults alleged*

As her last challenge to this factor, Johnson contends that the five alleged incidents of assaults on other inmates are not the stuff of which death sentences should be made. I find it unnecessary to discuss each of the five listed incidents separately. Suffice it to say that, in each incident, Johnson was found guilty of "fighting" in disciplinary proceedings in the jail or prison, despite her contention that, in some of the incidents, she acted in self-defense. These incidents and, more specifically, the "future dangerousness in prison" factor that they support are sufficiently relevant to whether the defendant should be sentenced to death. *See Bolden*, 545 F.3d at 624; *Gilbert*, 120 F. Supp. 2d at 150. This is so, because they indicate Johnson's character by showing that, even while incarcerated, she has resorted to violence against other inmates. Furthermore, the new jury for Johnson's "penalty retrial" will be properly instructed that, in weighing the aggravating and mitigating factors, they must not simply count each factor and reach a decision based on which number is greater, but should individually consider the weight and value of each factor before deciding whether a sentence of death is justified on a particular count. *Cf. Bolden*, 545 F.3d at 625 (considering such a factor as mitigating any "duplicativeness"). Finally, I will be better able to determine, when the evidence is presented in the context of the "penalty retrial," whether any danger of unfair prejudice, confusion of the issues, or misleading

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 113 of 123   April 23 2013 p 212
Appellate Case: 13-1739    Page: 212    Date Filed: 04/03/2013 Entry ID: 4021355

the jury that these incidents might pose substantially outweighs their probative value. Former 21 U.S.C. § 848(j); *Corley*, 519 F.3d at 724; *Gilbert*, 120 F. Supp. 2d at 151.

Johnson's challenge to the sufficiency of the incidents supporting this "non-statutory aggravating factor," as limited to "future dangerousness in prison," is denied.

### E. Victim Impact

### 1. Allegations of the factors

The last two "non-statutory aggravating factors" alleged in the Third Notice Of Intent are the following:

> 16. Victim Impact:
>
> The victim's personal characteristics; each of the victims had unique characteristics as individual human beings.
>
> * * *
>
> 17. Victims' Family Member Impact:
>
> Impact on the victims' surviving family members; the family victims have suffered psychological and emotional harm, suffering, and loss as a result of the murders of the victims. The family members of each of the victims suffered mental and emotional injury, harm, and suffering as a result of the victims' murders. The victims' surviving family members['] pain and suffering was exacerbated by the years during which the victims' fates were unknown, their bodies undiscovered, and their remains deprived of a proper Christian burial.
>
> * * *

Third Notice Of Intent, § C.16-17. Each factor then alleges specific facts relating to each victim's "unique characteristics" and relating to each victim's family members' loss or suffering because of the victim's death, respectively.

114

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 114 of 123   April 23 2013 p 213
Appellate Case: 13-1739   Page: 213   Date Filed: 04/03/2013 Entry ID: 4021355

## 2. *Arguments of the parties*

Johnson contends that the prosecution has improperly severed into two separate "non-statutory aggravating factors" "victim impact" and "victims' family member impact," which really constitute only a single aggravator. She contends that the Supreme Court has authorized consideration of both "victim impact" and "victims' family member impact" as a *single* factor, and that severing the two aspects allows improper "double counting" of duplicative aggravating factors under the weighing scheme under the ADAA. In addition, Johnson asks me to exercise my inherent authority to impose reasonable limits on the "victim impact" evidence at the "penalty retrial," noting that I have remarked on the powerfulness of that evidence in her case and in Honken's case.

The prosecution responds that there is authority from the Eighth Circuit Court of Appeals that these factors may be asserted separately and that the two factors are not logically "duplicative," where they involve impact on the victims, on the one hand, and on the victims' family members, on the other. The prosecution also points out that Johnson has not articulated what sort of "limits" she believes that I should put on this evidence.

In reply, Johnson argues that the Supreme Court's ruling that evidence about the victim and the impact of the victim's murder on the victim's family is relevant to the decision of whether or not the death penalty should be imposed is authority that such information constitutes only a single class of aggravating evidence. She contends that the lack of objection to consideration of "victim impact" and "impact on victims' family members" in Eighth Circuit cases, where there was no objection to treating them separately, provides no authority for separate consideration of these duplicative factors.

115

### 3. Analysis

I believe that Johnson reads far too much into the Supreme Court's decision in *Payne v. Tennessee*, 501 U.S. 808 (1991), when she reads it as authority only for the *combined* consideration of "victim impact" and "impact on victims' family members" as a single aggravating factor. In *Payne*, the Court explained,

> We granted certiorari . . . to reconsider our holdings in *Booth [v. Maryland*, 482 U.S. 496 (1987)], and [*South Carolina v.] Gathers*[, 490 U.S. 805 (1989),] that the Eighth Amendment prohibits a capital sentencing jury from considering "victim impact" evidence relating to the personal characteristics of the victim and the emotional impact of the crimes on the victim's family.

*Payne*, 501 U.S. at 817. The Court ultimately held, as follows:

> We thus hold that if the State chooses to permit the admission of victim impact evidence and prosecutorial argument on that subject, the Eighth Amendment erects no per se bar. A State may legitimately conclude that evidence about the victim and about the impact of the murder on the victim's family is relevant to the jury's decision as to whether or not the death penalty should be imposed. There is no reason to treat such evidence differently than other relevant evidence is treated.

*Payne*, 501 U.S. at 827.

Johnson's error is the obverse of the one with which she charges the prosecution: The Court in *Payne* was never asked to consider whether "victim impact" and "victims' family member impact" constituted but a single aggravating factor, and she has pointed to nothing in *Payne* that suggests, for example, that the Court considered only the combination of the two sufficient to constitute an aggravating factor. I believe that the proper question, not directly posed or answered in *Payne*, is whether "victim impact"

116

and "victims' family member impact" are "duplicative," if they are asserted as separate "non-statutory aggravating factors."

As I have elsewhere explained in more detail, the "duplicativeness" analysis as to two aggravating factors considers whether or not the two purportedly separate factors are based on the same facts, but those facts support different inferences, and whether the factors involve at least one distinct element, such that they form different aggravators, on the one hand, instead of skewing the jury's weighing of the aggravating and mitigating factors in deciding whether to impose the death penalty by placing too much weight on aggravators. *Bolden*, 545 F.3d at 625; *Paul*, 217 F.3d at 1001-02 (concluding that aggravating factors are not duplicative, even if they arise from the same factual circumstances, as long as each factor "is directed to entirely distinct aspects or components of the offense," and that a "heinous, cruel, or depraved" factor, directed at the violence of the attack by the defendant, and the "vulnerable victim," directed at the victim's age and physical inability to resist his attackers, were not "duplicative"). While the decision in *Payne* did not consider "duplicativeness," I find that it is nevertheless instructive.

This is so, because, in *Payne*, the Court described both the victim's personal characteristics, *see id*. at 817, and the victim's uniqueness as an individual human being, *see id*. at 823, as aspects of "victim impact." When the Court described "victims' family member impact," however—albeit as a kind of "victim impact"—the Court referred specifically to the effect or emotional impact of the crimes on the victim's family. *Id*. at 817, 821. While the same facts may be the basis for both "victim impact" and "victims' family member impact," those facts would support different inferences: inferences concerning *the victim's* character or uniqueness and what he or she lost, on the one hand, and inferences concerning the effect or emotional impact on *the victim's family members*, on the other. *Bolden*, 545 F.3d at 625. This is

117

comparable to the distinction between inferences about *the defendant's conduct* and inferences about *the victim* in *Paul* arising from the same evidence about the nature, circumstances, and effect of the attack on the victim. 217 F.3d at 1001-02. To put it another way, the effect or emotional impact of the victim's murder on the victim's family is a distinct aspect from the victim's personal characteristics and uniqueness as an individual human being, whether or not it is based, in part, on the victim's personal characteristics and uniqueness. Moreover, "impact on victim's family members" might focus exclusively on such "impersonal" facts as the loss of financial support ensuing from the victim's death, rather than on the victim's personal characteristics or uniqueness as an individual human being.

Johnson's challenge to the "victim impact" factor and the "victims' family member impact" factor as duplicative is denied.

## V.    VINDICTIVENESS

I turn, finally, to Johnson's contention that the Third Notice Of Intent is "vindictive." Johnson contends that inferences of "vindictiveness" arise from the following circumstances: (1) expansion of the list of "non-statutory aggravating factors," some of which are new and some of which are based on incidents that were all well known to the prosecution long before the Second Notice Of Intent was filed in 2002; (2) the timing of the new allegations, which she contends is intended to punish her for successfully pursuing § 2255 relief; (3) the novel ways (Johnson alleges that there are five ways) in which the prosecution has artificially expanded the number of aggravating factors; and (4) "fairness" problems, as a matter of due process or scheduling, arising from assertion only now of very old incidents as separate aggravating factors and asserting them only after the Court had set a firm trial date. The prosecution counters that, if Johnson is asserting "vindictive prosecution," she has

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 118 of 123 April 23 2013 p 217
Appellate Case: 13-1739     Page: 217     Date Filed: 04/03/2013 Entry ID: 4021355

not met the heavy burden she must carry to present "objective evidence" of vindictiveness, in light of the discretion afforded prosecutors in performing their duties. The prosecution also argues that it has properly and fairly taken advantage of the opportunity for a "redo" of the "penalty phase," just as Johnson has done, by reexamining and reformulating its case in light of hindsight and a fresh look at the available evidence and applicable law. The prosecution also asserts that any inference of "vindictiveness" dissipates completely, because it has properly asserted the various aggravating factors that Johnson challenges. In reply, Johnson asserts that prosecutors not only have an obligation to be "zealous," but an obligation to be fair and just to the defendant, but the prosecution's Third Notice Of Intent in this case strays well outside of the prosecution's obligation to serve justice.

At the very least, the standards applicable to claims of "vindictive prosecution" provide some guidance for the analysis of Johnson's present "vindictive death notice" claim. As the Eighth Circuit Court of Appeals has explained,

> In *North Carolina v. Pearce*, the Supreme Court explained that "[d]ue process of law … requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989).

*United States v. Graham*, 323 F.3d 603, 606 (8th Cir. 2003). Similarly, I believe that due process requires that vindictiveness play no part in the manner in which the prosecution attempts to obtain the death penalty against a defendant on a "penalty retrial" in a capital case after the defendant has successfully attacked the penalties imposed in the original "penalty phase" after her conviction.

As the Eighth Circuit Court of Appeals has also explained,

119

> We have stated that "[a] defendant may demonstrate prosecutorial vindictiveness in two ways." *United States v. Beede*, 974 F.2d 948, 951 (8th Cir. 1992). "First, a defendant may prove through objective evidence that the prosecutor's decision was intended to punish him or her for the exercise of a legal right." *Id.* (citing [*United States v.*] *Goodwin*, 457 U.S. [368,] 384 n.19, 102 S.Ct. 2485 [(1982)]). "Second, a defendant may in certain circumstances rely on a presumption of vindictiveness." *Id.*

*Graham*, 323 F.3d at 607. Any presumption of vindictiveness, in turn, may be overcome, for example, by the prosecution presenting objective evidence justifying the prosecutor's actions. *Id.* at 608.

Without attempting to ascertain who bears what burden or what presumptions might obtain for a claim of a "vindictive death notice," I am satisfied that the record does not present the inferences of vindictiveness of the Third Notice Of Intent that Johnson asserts. Where the detailed analysis, above, of Johnson's challenges to the Third Notice Of Intent indicates that, in almost every instance, the prosecution has properly asserted the challenged aggravating factors, I believe that there is "objective evidence" defeating any inference that the form and content of the Third Notice Of Intent are the result of vindictiveness. *Id.* Moreover, I cannot conclude that, even where my conclusions differed from the prosecution's positions, that the prosecution's positions were not reasonably justified. *Id.* at 608 (considering whether objective evidence justified the prosecution's actions). Indeed, at least in my view, it was more often the case that Johnson, rather than the prosecution, was mistaken about the permissible scope of the "penalty retrial," the preclusive effect of any determinations by the original jury, the manner in which specific aggravating factors could be asserted, and the sufficiency of specific aggravating factors as alleged. Nothing precluded the prosecution from taking a new approach to the case when I authorized a "penalty retrial," any more than Johnson was precluded from doing so, and no inference of

120

"vindictiveness" can properly be drawn from the prosecution's efforts to take best advantage of the "redo" that I have afforded in this case, just as Johnson has attempted to do.

Moreover, I have little doubt that Johnson's current defense team also will frame the mitigating factors for the "penalty retrial" in such a way that there are not only many more of them than in the original "penalty phase," but in such a way that specific incidents or specific facts will be cast as separate mitigating factors. I think that this is very likely, because, in Johnson's § 2255 Motion, Johnson attempted to assert, as a belated amendment, a claim that her trial attorneys provided ineffective assistance by using multifaceted, overly-complicated yet incomplete mitigating factors for the jury to weigh, rather than simple, straightforward facts that encompassed all of the mitigation. *See Johnson*, 860 F. Supp. 2d at 873. Similarly, in my ruling on Johnson's § 2255 Motion, I acknowledged my mistake in failing to act on my misgivings that Johnson's original defense team had proposed multifaceted, complex, convoluted, and confusing mitigating factors that did not adequately guide the jurors in their death penalty determination, and I observed that, had Johnson timely asserted a claim that her trial attorneys provided ineffective assistance in drafting mitigating factors, I would likely have granted relief on such a claim. *See id.* at 875-76. In the Third Notice Of Intent, the prosecution appears to have taken to heart the same lesson by reformulating certain "non-statutory aggravating factors," such as the "uncharged criminal conduct" factors, as separate factors, rather than as a single, multifaceted factor. What Johnson perceives as "vindictiveness," appears to me, in most cases, to be "equal opportunity" refinement of the prosecution's "penalty phase" case, particularly where I have rejected her arguments that various "non-statutory aggravating factors" are "duplicative."

This final challenge to the Third Notice Of Intent is also denied.

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 121 April 23 2013 p 220
Appellate Case: 13-1739   Page: 220   Date Filed: 04/03/2013 Entry ID: 4021355

## VI. CONCLUSION

Although the motion before me specifically challenged certain aggravating factors in the Third Notice Of Intent, the parties' arguments raised a number of issues that were relevant to the greater context of the "penalty retrial." I urge the parties to take careful note of my resolution of those "contextual" issues, even though they are not reflected in the summary disposition, below, of Johnson's November 1, 2012, Motion To Dismiss Certain Statutory And Non-Statutory Aggravating Factors From The Government's Third Amended Notice Of Intent To Seek The Death Penalty (Challenge To Third Notice Of Intent) (docket no. 906).

UPON THE FOREGOING, Johnson's November 1, 2012, Motion To Dismiss Certain Statutory And Non-Statutory Aggravating Factors From The Government's Third Amended Notice Of Intent To Seek The Death Penalty (Challenge To Third Notice Of Intent) (docket no. 906) is **granted in part, and denied in part**, as follows:

1. The part of the Challenge To Third Notice Of Intent asking that I strike the sixth "non-statutory aggravating factor" in the Third Notice Of Intent (docket no. 879), alleging that Johnson "committed perjury before the grand jury: October 27, 1993; March 5, 1996; July 23, 1996; and April 11, 2000," is **granted**, and that "non-statutory aggravating factor" is **stricken**;

2. The part of the Challenge To Third Notice Of Intent asking that I strike the twelfth "non-statutory aggravating factor" in the Third Notice Of Intent (docket no. 879), alleging that Johnson "distributed controlled substances, specifically methamphetamine, after 1997," is granted, and that "non-statutory aggravating factor" is **stricken.**

Case 3:01-cr-03046-MWB   Document 951   Filed 01/16/13   Page 122 of 123   April 23 2013 p 221
Appellate Case: 13-1739      Page: 221      Date Filed: 04/03/2013 Entry ID: 4021355

3. The Challenge To Third Notice Of Intent is **otherwise denied**.

**IT IS SO ORDERED**.

**DATED** this 16th day of January, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

123

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANGELA JOHNSON,

Defendant.

No. CR 01-3046-MWB

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO RECONSIDER PORTIONS OF THE JANUARY 16, 2013, MEMORANDUM OPINION AND ORDER**

_____

This capital case, which is set for a "penalty retrial" beginning on June 3, 2013, is before me on the prosecution's February 15, 2013, Motion To Reconsider Portions Of The Court's Order Dated January 16, 2013 (docket no. 966). The challenged decision is my Memorandum Opinion And Order Regarding Defendant's Motion To Dismiss Certain Statutory And Nonstatutory Aggravating Factors From The Government's Third Amended Notice Of Intent To Seek The Death Penalty (docket no. 951), *published at United States v. Johnson*, ___ F.3d ___, 2013 WL 163463 (N.D. Iowa Jan. 16, 2013). The challenged portions of that decision are the following rulings: (1) that the new jury will not redetermine the defendant's eligibility for the death sentence; (2) that I will instruct the new jury that the defendant's only possible sentences are death or life without parole; and (3) that evidence of the defendant's future dangerousness outside of prison will be excluded. I reviewed the parties' positions and stated my own regarding this motion during a status conference on March 4, 2013, which was primarily devoted to matters relating to jury selection, and indicated that this written ruling would follow.

As to the first issue that the prosecution asks me to reconsider, the prosecution has not convinced me that the applicable sentencing statute, former 21 U.S.C. § 848(g)-(r), prohibits a retrial of only the "penalty phase" of the trial, but not the "eligibility phase," or that case law permitting the "bifurcation" of the sentencing hearing into "eligibility" and "penalty" phases is unpersuasive or wrong. Thus, I reiterate my conclusion that the "penalty retrial" here is properly limited to a retrial of the "penalty phase," involving the determination of the existence of "non-statutory aggravating factors" and "mitigating factors" by the new jury and the new jury's weighing of the "statutory aggravating factors" found by the original jury with the "non-statutory aggravating factors" found by the new jury against any "mitigating factors" found by the new jury. The new jury will not redetermine whether or not the defendant is "eligible" for the death penalty on any counts.

In the alternative, the prosecution asked me to clarify what evidence will be admissible in the "penalty retrial," because the prosecution argues that the practical effect of my ruling limiting the scope of the "penalty retrial" is to preclude the prosecution from presenting certain evidence of substantial planning and premeditation of the July 1993 murders, as well as precluding the jury from considering a statutory aggravating factor of substantial planning and premeditation as to those murders. As I explained in the challenged ruling,

> In this case, the obvious exception to use of evidence from the original trial or live testimony is that any evidence of "substantial planning and premeditation" relating to any of the CCE murders other than the murder of Terry DeGeus in **Count 10** will not be admissible *for the purpose of reopening the consideration of that "statutory aggravating factor" as to those other murders*. Admitting trial evidence, or any other evidence, of "substantial planning and premeditation" *for that purpose* would be unfairly prejudicial, where that "statutory aggravating factor" is not properly at issue as to those Counts in light of the standing "eligibility phase" verdicts.

2

Case 3:01-cr-03046-MWB   Document 973   Filed 03/05/13   Page 2 of 4   April 2 2013 p 224
Appellate Case: 13-1739   Page: 224   Date Filed: 04/03/2013 Entry ID: 4021355

January 16, 2013, Memorandum Opinion And Order (docket no. 951) at 21-22, *Johnson*, ___ F.3d at ___, 2013 WL 163463 at *10 (emphasis added). At the status conference, I observed that I was unable to recall any evidence of "substantial planning and premeditation" relating to the July 1993 murders that would not have been admissible for some other proper purpose in the "penalty retrial," including demonstrating the defendant's culpability, and the defendant was unable to identify any such evidence. Thus, I would be surprised if there is any such evidence. Saying so does not preclude the defendant from filing a pretrial motion in limine, however, if she identifies *specific evidence* that she believes is relevant *only* to "substantial planning and premeditation" of the July 1993 murders or that she believes is substantially more prejudicial than probative on an issue properly before the jury in the "penalty retrial." *See* Former 21 U.S.C. § 848(j).

As to the second and third issues raised by the prosecution in its Motion To Reconsider, I stand firm on my prior conclusions that I will instruct the jury that the defendant's only possible sentences are death or life without parole and that evidence of the defendant's future dangerousness outside of prison will be excluded. The prosecution has not convinced me that my original reasons for these conclusions are suspect or wrong. Moreover, the defendant has now indicated that she will stipulate that the available sentences are death or life without parole and that she will not seek any lesser sentence, essentially mooting the prosecution's grounds for seeking to reopen these issues.

For her part, in her February 28, 2013, Resistance To Government's Motion To Reconsider Portions Of The Court's Order Dated January 16, 2013 (docket no. 969), Johnson argues that, to the extent that I reconsider any portion of the pertinent ruling, I should also reconsider my ruling allowing the government to subdivide its single unadjudicated misconduct aggravator into multiple aggravators. *See* January 16, 2013, Memorandum Opinion And Order (docket no. 951) at 121, *Johnson*, ___ F.3d at ___, 2013 WL 163463 at *63. Although I do not retreat from my conclusion that the

3

Appellate Case: 13-1739   Page: 225   Date Filed: 04/03/2013 Entry ID: 4021355

defendant has not raised an inference of "vindictiveness" in the prosecution's formulation of "non-statutory aggravating factors," I now question whether "mitigating factors" and "non-statutory aggravating factors" are necessarily subject to "symmetrical" standards, in light of authorities that Johnson has cited. *Compare, e.g., McCleskey v. Kemp*, 481 U.S. 279, 305-06 (1987) (mitigating circumstances include *any relevant circumstances*) *with, e.g., Stringer v. Black*, 503 U.S. 222 (1992) (there is an Eighth Amendment prohibition on artificially inflating the number of aggravating factors). Consequently, if the defendant can demonstrate that specific separate "non-statutory aggravating factors" are so closely-related factually or that they are probative of essentially the same issue such that treating them as separate factors improperly inflates the number of "aggravating factors," I will likely require the prosecution to reformulate those factors into a single "umbrella" factor. For example, separate incidents of uncharged criminal conduct may more properly be reformulated as a single "uncharged criminal conduct" "non-statutory aggravating factor." On the other hand, I will likely allow the defendant more leeway in formulating related incidents or factors as separate "mitigating factors."

THEREFORE, the prosecution's February 15, 2013, Motion To Reconsider Portions Of The Court's Order Dated January 16, 2013 (docket no. 966) is **denied** in its entirety.

**IT IS SO ORDERED**.

**DATED** this 5th day of March, 2013.

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )        No. CR 01-3046-MWB
)
vs. )
)
ANGELA JOHNSON, )
)
Defendant. )

## NOTICE OF APPEAL

Plaintiff United States of America, pursuant to 18 U.S.C. § 3731, appeals to the United States Court of Appeals for the Eighth Circuit from the district court's Memorandum Opinion and Order Regarding Defendant's Motion to Dismiss Certain Statutory and Non-Statutory Aggravating Factors From the Government's Third Amended Notice of Intent to Seek the Death Penalty, filed January 16, 2013 (docket no. 951), and the district court's Memorandum Opinion and Order Regarding Plaintiff's Motion to Reconsider Portions of the January 16, 2013, Memorandum Opinion and Order, filed March 5, 2013 (docket no. 973).

Respectfully submitted,

SEAN R. BERRY
Acting United States Attorney

By: s/ C.J. WILLIAMS

C.J. WILLIAMS
Assistant United States Attorney
111 7TH Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333
(319) 363-1990 - fax
CJ.Williams@usdoj.gov

By, s/ JAMIE D. BOWERS

JAMIE D. BOWERS
Assistant United States Attorney
600 4th Street, Suite 670
Sioux City, IA 51101
712-255-6011; 712-252-2034 (fax)
Jamie.bowers@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on April 2, 2013.

UNITED STATES ATTORNEY

BY:   s/ S. Van Weelden

COPIES TO: Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. CR 01-3046-MWB |
| vs. | ) ) | |
| ANGELA JOHNSON, | ) ) | |
| Defendant. | ) ) | |

## CERTIFICATION OF UNITED STATES ATTORNEY UNDER 18 U.S.C. § 3731

Pursuant to Title 18, United States Code, Section 3731, pertaining to appeals taken by the United States, Acting United States Attorney Sean R. Berry submits the following:

1.    On January 16, 2013, the district court in the above case issued a Memorandum Opinion and Order which, *inter alia*, held 1) that the sentencing rehearing in this capital case would consist only of the so-called "selection" or "penalty" phase of the hearing, such that the government would not be permitted to submit evidence of, and the jury would not be permitted to consider and weigh as an aggravating factor, defendant's substantial planning and premeditation of the July 1993 murders; and 2) that the Court will sentence defendant to a mandatory life sentence for any count for which the jury does not return a verdict of death, though the statute unambiguously provides only for a mandatory minimum sentence of twenty years, and, as a consequence, the government would not be permitted to present any evidence of future dangerousness except for in a prison setting.  (Docket no. 951).

2.    On February 15, 2013, the Government sought reconsideration of that

portion of the district court's order on the two issues identified above. (Docket No. 966). In a ruling issued on March 5, 2013, the district court "denied in its entirety" the government's reconsideration motion. (Docket no. 973). In its order, the district court noted defendant's professed willingness to stipulate to a life sentence should the jury reject a death sentence, which the court determined may render the second issue moot. Defendant has, however, failed to so stipulate at this time.

3. The order on the reconsideration motion was issued prior to the defendant having been put in jeopardy and before any verdict has been entered in the newly ordered sentencing rehearing. The case has not yet been tried, and no jury has been selected.

4. The evidence that has been suppressed is "substantial proof of a fact material in the proceeding," 18 U.S.C. § 3731.

Accordingly, the Acting United States Attorney hereby certifies, pursuant to Title 18, United States Code, Section 3731, that the appeal by the United States of the district court's ruling in this case is not taken for the purpose of delay and that the evidence that has been suppressed is a substantial proof of a fact material in the proceeding.

.CERTIFICATE OF SERVICE

I certify that I electronically served a copy of the foregoing document to which this certificate is attached to the parties or attorneys of record, shown below, on April 2, 2013.

UNITED STATES ATTORNEY

BY:   s/  S. Van Weelden

COPIES TO: Counsel of Record

Respectfully submitted,

By: _Sean Berry_

SEAN R. BERRY
Acting United States Attorney
111 7TH Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333
(319) 363-1990 - fax
Sean.Berry@usdoj.gov

2

# U. S. COURT OF APPEALS - EIGHTH CIRCUIT
## NOA SUPPLEMENT
## NORTHERN DISTRICT OF IOWA - SIOUX CITY, IA

**CAPTION:**

USA V JOHNSON

**APPELLANT:**

UNITED STATES OF AMERICA

**CASE NO:**

CR01-3046-MWB-1

**APPELLANT ADDRESS or ATTORNEY'S ADDRESS:**

Charles J. Williams, AUSA
111 7th Avenue SE
Box 1
Cedar Rapids, IA 52401
319-363-6333

Jamie D. Bowers, AUSA
600 4th Street
Suite 670
Sioux City, IA 51101
712-255-6011

**APPELLEE:**

ANGELA JANE JOHNSON

**APPELLEE ATTORNEY ADDRESS:**

Marcia A. Morrissey
2115 Main Street
Santa Monica, CA 90405-2215
310-399-3259

Michael Burt
1000 Brannan Street
Suite 400
San Francisco, CA 94103
415-522-1508

Nancy S. Pemberton
Pemberton & Associates
PO Box 40370
San Francisco, CA 94103
510-381-6800

**COURT REPORTER(S):**

Shelly Semmler 712-233-3846

**PROCEEDING:**

Status Conference 3/4/13

**LENGTH OF TRIAL: None**   **FEE PAID? N**

**CRIMINAL ATTORNEY: Marcia Morrissey, Michael Burt, and Nancy Pemberton**

**LOCAL INTEREST? N**

**IFP FILED? N**   **IFP PENDING? N**

**PENDING MOTIONS: N**

**SIMULTANEOUS RELEASE? N**

<u>**CRIMINAL CASES/PRISONER PRO SE CASES ONLY**</u>:
Is Defendant incarcerated? **Yes**   If yes, where:

In Transit

Please list all other defendants in this case if there were multiple defendants:

*Please return files and documents to:*

**U.S. District Clerk - Northern District of Iowa**
**320 Sixth Street, Suite 301**
**Sioux City, IA 51101**

*Contact Person:*

*Donaline Schmith*
*712-233-3843*

**Special Comments**: