No. 13-1739

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHT CIRCUIT

UNITED STATES OF AMERICA,

Appellant,

vs.

ANGELA JOHNSON,

Appellee.

Appeal from the United States District Court
for the Northern District of Iowa
Honorable Mark W. Bennett, Judge

Appellee's Addendum

Michael Burt
1000 Brannan Street, Suite 400
San Francisco, California 94103
Telephone: 415-522-1508
Facsimile: 415-522-1506
mb@michaelburtlaw.com

Marcia A. Morrissey
2115 Main Street
Santa Monica, California 90405
Telephone: 310-399-3259
Facsimile: 310-399-1173
MorrisseyMA@aol.com

Subj:     RE: US v. Johnson proposed juror questionnaire
Date:     3/26/2013 3:33:26 P.M. Pacific Daylight Time
From:     Mark Bennett █████████████
To:       CJ.Williams████████
CC:       Jamie.Bowers████████v, Jennifer Gill████████████mb@████████████,
          morrisseyMA████████, nspemberton████████████

**Dear Mr. Williams,**

I hope you enjoyed your well deserved vacation. I am respectfully declining your invitation to rule on the motion in limine. First, given the government's "likely" intention to appeal it renders a motion in limine ruling advisory, and in violation of Article III, because if the government wins the appeal on the statutory aggravating factor any ruling would be moot. Secondly, I no longer have the time to rule on the motion before April 4th. I am now scheduling other cases for the summer and working on them. Third, by the time an appeal is resolved in this case it will likely be re-assigned another judge so I want to leave further rulings for that judge. Also, if the government is not successful in this appeal I want to make sure they have another opportunity to appeal any motion in limine rulings.  Best



*Mark W. Bennett*
Mark W. Bennett
U.S. District Court Judge
Northern District of Iowa
U.S. Courthouse
320 6th St. Sioux City, Iowa 51101
712-233-3909 (fax) 712-233-3913
www.iand.uscourts.gov

"Do not be daunted by the enormity of the world's grief. Do justly, now. Love mercy, now. Walk humbly, now. You are not obligated to complete the work, but neither are you free to abandon it." - The Talmud

"The arc of the moral universe is long but it bends towards justice." - MLK, Jr.

From:     "Williams, CJ (USAIAN)" <CJ.Williams████████
To:       "Mark_Bennett@████████████Mark_Bennett@████████████
Cc:       "Bowers, Jamie (USAIAN)" ████████████████v>, "Jennifer_Gill@l████████████ <Jennifer_Gill@l████████████, "Michael Burt" ████████████, Marcia Morrissey ████████████████"nspemberto████████████████
Date:     03/26/2013 04:07 PM
Subject:  RE: US v. Johnson proposed juror questionnaire

---

Judge --

Sorry for the delay in responding to this email. It's taken me a day to dig out after being gone on vacation.

With regard to your indication that you intend to stop all work on this case, I understand, but it is my belief that a ruling on the motion in limine would still be helpful. A ruling would help clarify the impact of the Court's prior order and thereby provide important information for the government to consider as it makes its decision on whether and what to appeal.

ADDENDUM
Page 1

Tuesday, March 26, 2013 AOL: MorrisseyMA

Appellate Case: 13-1739     Page: 2     Date Filed: 08/07/2013 Entry ID: 4062831

Accordingly, we would respectfully request that you rule on the motion in limine that is pending.

Thank you,

C.J.

**From:** Mark_Bennett ▓▓▓▓▓▓▓▓▓▓▓▓ mailto:Mark_Bennett@▓▓▓▓▓▓▓▓▓
**Sent:** Friday, March 22, 2013 12:17 PM
**To:** Williams, CJ (USAIAN)
**Cc:** Bowers, Jamie (USAIAN); Jennifer_Gill▓▓▓▓▓▓▓▓▓▓▓▓; Michael Burt; Marcia Morrissey;
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

**Subject:** Re: US v. Johnson proposed juror questionnaire

Dear Counsel,

I have re-thought my continued work on this case. In light of the government's "likely" appeal I have decided to stop all work on this case. I will process the CJA vouchers but don't plan on doing anything more than that till after the appeal is resolved. That includes the motion in limine, jury questionnaire, etc. Best



*Mark W. Bennett*
**Mark W. Bennett**
U.S. District Court Judge
Northern District of Iowa
U.S. Courthouse
320 6th St. Sioux City, Iowa 51101
712-233-3909 (fax) 712-233-3913
www.iand.uscourts.gov

"Do not be daunted by the enormity of the world's grief. Do justly, now. Love mercy, now. Walk humbly, now. You are not obligated to complete the work, but neither are you free to abandon it."
- The Talmud

"The arc of the moral universe is long but it bends towards justice."
- MLK, Jr.

**From:** "Williams, CJ (USAIAN)" <CJ.William▓▓▓▓▓▓▓▓>
**To:** "Mark_Bennett▓▓▓▓▓▓▓▓ <Mark_Bennett@▓▓▓▓▓▓▓▓
**Cc:** Michael Burt ▓▓▓@▓▓▓▓▓▓▓▓>, "Bowers, Jamie (USAIAN)" ▓▓▓▓▓▓▓▓▓▓▓▓ "Jennifer_Gill@▓▓▓▓▓▓▓▓
<Jennifer_Gill@▓▓▓▓▓▓▓▓>, Marcia Morrissey▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓
**Date:** 03/21/2013 06:47 PM
**Subject:** Re: US v. Johnson proposed juror questionnaire

With all due respect to mr Burt, he has no basis to spectate as to the position of the USA or why the decision was made by the AG to continue to seek the dp in this case. In any event, he should know that only the AG has the authority to make a decision re whether to seek. The AG has made the decision. Mediation with our office is irrelevant.

ADDENDUM
Page 2

Tuesday, March 26, 2013 AOL: MorrisseyMA

Appellate Case: 13-1739     Page: 3     Date Filed: 08/07/2013 Entry ID: 4062831

Sent from my iPhone

On Mar 21, 2013, at 6:40 PM, "Mark Bennett███████████████████
<Mark_Bennett███████████████> wrote:

>
> I doubt Judge O'Neill had the authority to do what he did but then again I
> am not in the 9th Circuit3
>
> Mark W. Bennett
> U.S. District Court Judge
> Northern District of Iowa
> Sioux City, Iowa
> Sent from my iPad
>
> On Mar 21, 2013, at 6:36 PM, "Michael Burt" ███████████████████ wrote:
>
>> See attached. Not exactly on point, but close enough.
>>
>> -----Original Message-----
>> From: Mark_Bennett████████████████
> [mailto:Mark_Bennett████████████████]
>> Sent: Thursday, March 21, 2013 4:25 PM
>> To: Michael Burt
>> Cc: Williams, CJ (USAIAN); Bowers, Jamie (USAIAN);
> Jennifer Gill@████████████████; Marcia Morrissey;
> nspemberton████████████████
>> Subject: Re: US v. Johnson proposed juror questionnaire
>>
>>
>> Not unless the a government agreed to it. I do not believe I have the
> authority to compel Mr. Williams or the acting U.S. Attorney to a
> settlement conference. Good try, however.
>>
>> Mark W. Bennett
>> U.S. District Court Judge
>> Northern District of Iowa
>> Sioux City, Iowa
>> Sent from my iPad
>>
>> On Mar 21, 2013, at 6:16 PM, "Michael Burt"████████████████
> wrote:
>>
>>> Dear Judge Bennett
>>>     In light of Mr. Williams' statement that an "appeal looks likely"
>> would the Court consider referring this case to a settlement judge for
> discussion of settlement possibilities. Mr. Williams would probably respond
> that there is nothing to discuss because the decision is made by the
> Attorney General, not by the local US Attorney. But the defense strongly
> suspects that the only reason that the AG is pursing the death penalty at
> this point is because the local US Attorney has recommended it. We feel
> that if we could bring the local US Attorney around on this point, the AG
> would change his mind. Anyway, there is very little harm in at least
> exploring the issue with a skilled mediator.
>>>
>>> -----Original Message-----
>>> From: Mark_Bennett████████████████
>> [mailto:Mark_Bennett████████████████]
>>> Sent: Thursday, March 21, 2013 3:03 PM

ADDENDUM
Page 3

>>> To: Williams, CJ (USAIAN)
>>> Cc: mb█████████████████m; Bowers, Jamie (USAIAN);
>> Jennifer Gill██████████████; Marcia Morrissey;
> nspemberto█████████████
>>> Subject: Re: US v. Johnson proposed juror questionnaire
>>>
>>>
>>> Will wait to find out. While I am waiting for a reply brief I intend
>>> to
>> rule on the motion in limine prior to the 4th. I doubt that much of the
> evidence, if any, will be excluded.
>>>
>>> Mark W. Bennett
>>> U.S. District Court Judge
>>> Northern District of Iowa
>>> Sioux City, Iowa
>>> Sent from my iPad
>>>
>>> On Mar 21, 2013, at 4:53 PM, "Williams, CJ (USAIAN)"
>>> <CJ.William████████████> wrote:
>>>
>>>> The deadline for us to file a notice of appeal is April 4, I believe.
>>> Appeal looks likely.
>>>>
>>>> Sent from my iPhone
>>>>
>>>> On Mar 21, 2013, at 4:13 PM, "Mark Bennett█████████████████
>>> <Mark Bennett████████████████> wrote:
>>>>
>>>>> Before our court goes to the considerable expense of sending out
>>>>> the
>>> questionnaire I would like to know if the gov plans on appealing any
>> prior rulings. If so there is no need to send them out. If they don't
> know yet can u tell me when u will know. I may hold off sending the
> questionnaires till after the deadline for appeal ..that will of course
> reduce counsels time for review them. Best
>>>>> [cid: 2_09F93C7809FA597C007485CC86257B35]
>>>>>
>>>>>
>>>>>
>>>>> From:        "Michael Burt" ██████████████████████
>>>>> To:          <Mark Bennett██████████████████,
>>> <nspemberton███████████████
>>>>> Cc:          "'CJ Williams'" <CJ.Williams█████████ "'Jamie
> Bowers'"
>>> <Jamie.Bowers███████, <Jennifer Gill███████████████, "'Marcia
>> Morrissey'" ███████████████
>>>>> Date:        03/20/2013 08:54 PM
>>>>> Subject:     RE: US v. Johnson proposed juror questionnaire
>>>>> _____
>>>>>
>>>>>
>>>>>
>>>>> Dear Judge
>>>>>         Although I am still researching this issue, the
>>>>> attached
>>> case from North Carolina contains a good summary of the law on this
>> point.
>>>>>
>>>>> Michael Burt

Appellate Case: 13-1739    Page: 5    Date Filed: 08/07/2013 Entry ID: 4062831

>>>>> Law Office of Michael Burt
>>>>> 1000 Brannan Street, Suite 400
>>>>> San Francisco, California 94103-4888
>>>>> 415-522-1508 phone
>>>>> 415-522-1506 fax
>>>>> mb▓▓▓▓▓▓▓▓▓▓▓▓
>>>>>
>>>>> From: Mark Bennet▓▓▓▓▓▓▓▓▓▓▓▓▓
>>> [mailto:Mark Bennett▓▓▓▓▓▓▓▓▓▓▓▓
>>>>> Sent: Wednesday, March 20, 2013 10:43 AM
>>>>> To: nspemberton▓▓▓▓▓▓▓▓▓
>>>>> Cc: CJ Williams; Jamie Bowers; Jennifer Gill▓▓▓▓▓▓▓▓▓▓▓▓▓▓
>>> 'Michael Burt'; Marcia Morrissey
>>>>> Subject: Re: US v. Johnson proposed juror questionnaire
>>>>>
>>>>> Dear Counsel,
>>>>>
>>>>> I am ruling in favor of the defense on the two disputed issues in
>>>>> the
>>> questionnaire. I am wonder if either party has any authority for what
>> happens if a juror in jury selection or after being  selected indicates
> they know about the prior death sentence. I assume that is insufficient by
> itself to justify a challenge for cause  or remove of the seated juror. I
> would think that a potential juror or seated juror can only be excused for
> cause if that fact would interfere with their ability to be fair and
> impartial. I do intend to try and rehabilitate jurors on this issue should
> it arise deviating from my standard practice. Also, where is the shorter
> questionnaire on ability to serve for the length of trial? Thanks
>>>>>
>>>>>
>>>>> [cid: 2 09FAB95C09FAB2DC007485CC86257B35]
>>>>>
>>>>>
>>>>>
>>>>> From:       "Nancy Pemberton"
>>> ▓▓▓▓▓▓▓▓▓▓▓▓t<mailto:nspemberton▓▓▓▓▓▓▓>>
>>>>> To:
>>> <Mark_Bennet▓▓▓▓▓▓▓▓▓▓gov<mailto:Mark Bennet▓▓▓▓▓▓▓▓▓
>>>>
>>>>> Cc:
> <Jennifer Gill▓▓▓▓▓▓▓.gov<mailto:Jennifer Gill@iand.▓▓▓▓▓
>>> "Jamie Bowers"
>>> <Jamie.Bower▓▓▓▓▓▓▓mailto:Jamie.Bower▓▓▓▓▓▓
>> "CJ Williams" <▓▓▓▓▓▓▓▓▓.gov<mailt▓▓▓▓▓▓▓▓▓▓,
>> "'Michael Burt'" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
>> "Marcia Morrissey" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
>>>>> Date:       03/19/2013 04:30 PM
>>>>> Subject:    US v. Johnson proposed juror questionnaire
>>>>>
>>>>>
>>>>> _____
>>>>>
>>>>>
>>>>>
>>>>> Dear Judge Bennett:
>>>>>
>>>>> Attached is the juror questionnaire, revised to reflect the
>>>>> decisions
>>> made at the March 4th hearing.  The parties subsequently agreed to

Tuesday, March 26, 2013 AOL: MorrisseyMA

Appellate Case: 13-1739    Page: 6    Date Filed: 08/07/2013 Entry ID: 4062831

>>> delete
>> question 63, which asked whether prospective jurors knew any of the
> witnesses to be called in this case.  We thought that question could be
> asked when jurors were summoned for voir dire.  If the Court prefers to ask
> it now, we will send an agreed-upon list of witnesses in the next few days.
>>>>>
>>>>> Three items are still outstanding:
>>>>>
>>>>> (1)      Your admonition regarding publicity in the introduction at
>> page
>>> 2.
>>>>>
>>>>> (2)      The highlighted sentence at page 15, which the government
>> would
>>> like stricken and the defense would like to keep.  The government's
>> position is that the sentence is surplusage.  The defendant's position is
> that this is a unusual concept in American jurisprudence, and thus deserves
> reiteration.  Numerous district courts have instructed federal sentencing
> juries, in the main charge, that non-unanimity would result in a life
> sentence. In many of these cases, the court has also given jurors the
> explicit option of a not-unanimous verdict on the verdict form. See, e.g.,
> United States v. Sampson, 335 F. Supp. 2d 166 (D. Mass. 2004) (court
> informed jury of consequences of nonunanimity because this emphasized
> individual responsibility of each juror and ensured each was fully informed
> of consequences of its actions).
>>>>>
>>>>> (3)      The highlighted factor (x) at page 21 , which the government
>>> would like stricken and the defense would like to keep.  The
>>> government's
>> position is that the factor is an inappropriate basis for any jury to
> reject the death penalty and they don't want a question that suggests it is
> appropriate for the jury to consider.  The defense agrees that the factor
> is an inappropriate basis for jurors to consider.  Based on the research of
> the Capital Jury Project, however, it is evident that many jurors find that
> to be a basis to impose (not reject) the death penalty, and that the
> defendant is entitled to know whether jurors might find this inappropriate
> factor to be important.  We disagree that the jurors will be misled into
> believing whether any of these factors are appropriate or inappropriate to
> consider.  This question was asked in United States v. McCluskey, No.
>>> 10-02734 (D.N.M.) (Exhibit 5 to Declaration of Matthew Rubenstein [Doc.
>>> 967-1], Q 85(f) at p. 24).
>>>>>
>>>>> Please let us know if you have any questions.  Thank you.
>>>>>
>>>>> Sincerely,
>>>>>
>>>>> Nancy Pemberton
>>>>>
>>>>>
>>>>> [cid: 2_09F8F81009FAD404007485CC86257B35]
>>>>> [attachment "2013-03-07 jury questionnaire after court hearing
>>> post-revisions to go to court.docx" deleted by Mark
>> Bennett/IAND/08/USCOURTS]
>>>>> <ATT00001.jpg>
>>>>> <ATT00002.jpg>
>>>>> <ATT00003.jpg>
>>>>> <Simpson Cause Challenge.pdf>
>>>> <ATT00001.jpg>
>>>> <ATT00002.jpg>
>>>> <ATT00003.jpg>

Tuesday, March 26, 2013 AOL: MorrisseyMA

Appellate Case: 13-1739    Page: 7    Date Filed: 08/07/2013 Entry ID: 4062831

>> <McPeters Settlement Order 130129.pdf>

Appellate Case: 13-1739     Page: 8     Date Filed: 08/07/2013 Entry ID: 4062831

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                        NO. 04-17

JOHN JOHNSON                                  SECTION "C"

ORDER AND REASONS

This capital matter comes before the Court on motion for new trial and supplemental motion for new trial filed by the defendant, John Johnson ("Johnson"). Oral argument was held on March 23, 2010. Having considered the record, the memoranda and argument of counsel and the law, the Court affirms the convictions but grants a new penalty phase hearing for the reasons set forth below.

In May 2009, the defendant was convicted of three counts of a Second Superseding Indictment pertaining to his role in a 2004 attempted bank robbery and death of a bank security officer, Orleans Parish Criminal Deputy Sheriff Sidney Zaffuto. The jury imposed the death penalty on the two capital counts, Count Two and Count Three, making the same eligibility phase findings as to each count, and also making the same selection phase findings as to non-statutory aggravating factors and mitigating factors.

Trial errors and the resulting fairness of the trial are evaluated "against the record as a whole" on a motion for new trial. *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004). Johnson's guilt as to all three counts was essentially conceded, although issues concerning his intent were disputed by the defense. His willingness to plead guilty to a life sentence from the inception of the prosecution was also stipulated. The entire attempted robbery and murder were captured on surveillance film introduced into evidence. During the aborted robbery, defendant Johnson and co-defendant Joseph Smith ("Smith") were shot by another bank security guard,

1

ADDENDUM
Page 8

Appellate Case: 13-1739     Page: 9     Date Filed: 08/07/2013 Entry ID: 4062831

The Court is mindful that the expenditure of taxpayer and government resources to this date in this matter have been substantial. All involved have been aware of the gravity of the stakes in this matter at every step in the process. That appreciation alone, however, failed justice during the selection phase of trial.

Accordingly,

IT IS ORDERED that the motion for new trial filed by John Johnson is DENIED as to the guilt-phase and eligibility phase verdicts and GRANTED as to the selection phase verdicts. (Rec. Doc. 1337).

IT IS FURTHER ORDERED that the supplemental motion for new trial filed by the defendant, John Johnson is DENIED. (Rec. Doc. 1448).

New Orleans, Louisiana, this 18th day of May, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

69

Appellate Case: 13-1739   Page: 10   Date Filed: 08/07/2013 Entry ID: 4062831