No. 13-1739

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHT CIRCUIT

———————————————

UNITED STATES OF AMERICA,

Appellant,

vs.

ANGELA JOHNSON,

Appellee.

———————————————

Appeal from the United States District Court
for the Northern District of Iowa
Honorable Mark W. Bennett, Judge

———————————————

Corrected Appellee's Brief

———————————————

Michael N. Burt
1000 Brannan Street, Suite 400
San Francisco, California 94103
Telephone: 415-522-1508
Facsimile: 415-522-1506
mb@michaelburtlaw.com

Marcia A. Morrissey
2115 Main Street
Santa Monica, California 90405
Telephone: 310-399-3259
Facsimile: 310-399-1173
MorrisseyMA@aol.com

Appellate Case: 13-1739    Page: 1    Date Filed: 08/15/2013 Entry ID: 4065259

# TABLE OF CONTENTS

Page No.

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Summary of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Summary of Ms. Johnson's Argument . . . . . . . . . . . . . . . . . . . . . . . 3

The Government's Appeal Is Not Authorized
by 18 U.S.C. § 3731 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

The Collateral Order Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Writ of Mandamus . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

The Government's Claim Is Not Ripe for
Resolution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

The District Court Did Not Err in Ruling
That the New Sentencing Hearing Will Be
Limited to the Selection Phase . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

A.    Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

B.    Bifurcation (or Trifurcation) of
      Capital Trials is Permissible . . . . . . . . . . . . . . . . . . . . . . . . . 19

C.    The Alleged "Deprivation" of the
      Jury's Ability to Decide Statutory
      Aggravating Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

D.    The Court Has Discretion to Order
      a Retrial Limited to the Penalty
      Selection Phase . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

i

Appellate Case: 13-1739    Page: 2    Date Filed: 08/15/2013 Entry ID: 4065259

E.    The Court's Order Does Not Create
Multiple Sentencing Hearings  ......................... 29

F.    The Alleged "Striking" of the
Statutory  Aggravating Factor  ......................... 32

Conclusion  ........................................... 34

Certificate of Compliance  ............................... 35

Certificate of Filing and Service ........................... 36

Appellate Case: 13-1739    Page: 3    Date Filed: 08/15/2013 Entry ID: 4065259

<u>TABLE OF AUTHORITIES</u>

<u>Page No.</u>

CASES

*Abbott Laboratories v. Gardner*
        387 U.S. 136 (1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ayyoubi v. Holder*
        712 F. 3d 387 (8th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Bauman v. United States*
        557 F. 2d 650 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Brown v. Saunders*
        546 U.S. 212 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Califano v. Sanders*
        430 U.S. 99 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Carton v. General Motors Acceptance Corp.*
        611 F. 3d 451 (8th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Central Microfilm Service Corp., v. Basic Four Corp.*
        688 F. 2d 1206 (8th Cir. 1982) . . . . . . . . . . . . . . . . . . 12, 13, 15

*Cheney v. United States Dist. Court*
        542 U.S. 367 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Children's Broadcasting Corp. V. Walt Disney Co.*
        245 F. 3d 1008 (8th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . 26

*Cohen v. Beneficial Indus. Loan Corp.*
        337 U.S. 541 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Coopers & Lybrand v. Livesay*
        437 U.S. 463 (1978 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Appellate Case: 13-1739    Page: 4    Date Filed: 08/15/2013 Entry ID: 4065259

*Doe v. Young*
    664 F. 3d 727 (8th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . .  26

*Ex Parte Fahey*
    332 U.S. 258 (1947) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Gross v. FBL Financial Services, Inc.*
    588 F. 3d 614 (8th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . .  25

*In re Bieter Co.*
    16 F. 3d 929 (8th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . .  13, 15

*In re Cessna Distributorship Antitrust Litigation*
*v. Skyways, Inc.*
    532 F. 2d 64 (8th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*In re MidAmerican Energy Co.*
    286 F. 3d 483 (8th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . .  12

*Julian v. Bartley*
    495 F. 3d 487 (7th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . .  28

*Mohawk Indus., Inc. v. Carpenter*
    558 U.S. 100 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9, 15

*Morgan v. Illinois*
    504 U.S. 719 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  28

*Polland v. Arizona*
    536 U.S. 584 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33

*Ring v. Arizona*
    536 U.S. 584 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33

*Sattazahn v. Pennsylvania*
    537 U.S. 101 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33

Appellate Case: 13-1739    Page: 5    Date Filed: 08/15/2013 Entry ID: 4065259

*Storey v. Roper*
603 F. 3d 507 (8th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

*United States v. Acosta-Martinez*
252 F. 3d 13 (1st Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Basciano*
763 F. Supp. 2d 303 (E.D.N.Y. 2011) . . . . . . . . . . . . . . . . 21, 31

*United States v. Bodkins*
2005 WL 1118158 (W.D. Va. 2005) . . . . . . . . . . . . . . . . . 14, 21

*United States v. Bolden*
545 F. 3d 609 (8th Cir. 2008) . . . . . . . . . . . . . . . . 14, 20, 25, 31

*United States v. Davis*
912 F. Supp. 938 (E.D. La. 1996) . . . . . . . . . . . . . . . . . . 14, 21

*United States v. Duardi*
514 F. 2d 13 (8th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Fast*
709 F. 3d 712 (8th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . 10, 12

*United States v. Fell*
360 F. 3d 135 (2nd Cir. 2004) . . . . . . . . . . 8, 14, 17, 20,27, 31, 32

*United States v. Fields*
483 F. 3d 313 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 20

*United States v. Green*
407 F. 3d 434 (1st Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 27

*United States v. Hager*
___ F. 3d ___ 2013 WL 3069725 (C.A. 4) . . . . . . . . . . . . . . . . 20

Appellate Case: 13-1739    Page: 6    Date Filed: 08/15/2013 Entry ID: 4065259

*United States v. Henderson*
    485 F. Supp. 2d 831 (S.D. Ohio 2007) . . . . . . . . . . . . . . . . . . . 21

*United States v. Gooch*
    2006 WL 3780781 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . 21

*United States v. Johnson*
    362 F. Supp. 2d 1043 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . 1, 25

*United States v. Johnson*
    378 F. Supp. 2d 1023 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*United States v. Johnson*
    860 F. Supp. 2d 663 (N.D. Ia. 2012) . . . . . . . . . . . . . . . . . . . . 29

*United States v. Jordan*
    357 F. Supp. 2d 9033 (E.D. Va. 2005) . . . . . . . . . . . . . . . . 14, 22

*United States v. Lanier*
    520 U.S. 259 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*United States v. Lecco*
    2007 WL 894567 (S.D. W. Va. 2007) . . . . . . . . . . . . . . . . . 14, 21

*United States v. Mayhew*
    380 F. Supp. 2d 936 (S.D. Ohio 2005) . . . . . . . . . . . . . . . . . . . 21

*United States v. Morrison*
    449 U.S. 361 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

*United States v. Moussaoui*
    382 F. 3d 453 (4th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Natson*
    444 F. Supp. 2d 1296 (N.D. Ga. 2006) . . . . . . . . . . . . . . . . . . 14

Appellate Case: 13-1739    Page: 7    Date Filed: 08/15/2013 Entry ID: 4065259

*United States v. Quinones*
313 F. 3d 49 (2nd Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . 8, 16, 17

*United States v. Webber*
255 F. 3d 523 (8th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Wilson*
420 U.S. 332 (1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 7

*United States v. Williams*
400 F. 3d 277 (5th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Williams*
2013 WL 3466840 (C.A. 8) . . . . . . . . . . . . . . . . . . . . . . . . . 19

*United States v. Woolard*
981 F. 2d 756 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Young*
424 F. 3d 499 (6th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . 11,12

*Will v. Hallock*
546 U.S. 345 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 15

*Witherspoon v. Illinois*
391 U.S. 510 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

## DOCKETED CASE

*United States v. John Johnson*
2:04-cr-00017-HG-SS (E.D. La. 2010) . . . . . . . . . . . . . . . . 15, 34

Appellate Case: 13-1739    Page: 8    Date Filed: 08/15/2013 Entry ID: 4065259

## STATUES

18 U.S.C. § 242  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  26

18 U.S.C. § 3593  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

18 U.S.C. § 3731  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 4, 6, 7

21 U.S.C. § 848  . . . . . . . . . . . . . . . . . . . . . . . . . .  1, 2, 4, 8, 11, 23, 30

28 U.S.C. § 1291  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

28 U.S.C. § 2255  . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2, 15, 28, 29

## OTHER AUTHORITIES

9 J. Moore, *Federal Practice*
P 110.10 (2d ed. 1975)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

Appellate Case: 13-1739     Page: 9     Date Filed: 08/15/2013 Entry ID: 4065259

## Summary of the Case

Ms. Johnson's capital trial was "trifurcated" into three phases. Phase I determined the "merits," guilt or innocence; in Phase II the jury considered death-eligibility factors, the gateway mental state (21 U.S.C. § 848(n)(1)) and one or more statutory aggravating factors (§848(n)(2)-(12)); Phase III was the "penalty" phase, the selection of punishment. *See United States v. Johnson*, 362 F. Supp. 2d 1043, 1110-11 (2005).

Ms. Johnson was found guilty. The eligibility phase of the trial consisted only of argument, based on evidence from the merits phase. (Tr. 2453-54). The jury's eligibility phase findings were, as to all counts, that Ms. Johnson intentionally engaged in conduct intending that the victim be killed or that lethal force be employed against the victim resulting in death (21 U.S.C. § 848(n)(1)(C)). The heinous cruel or depraved statutory aggravating factor (21 U.S.C. § 848(n)(12)) was found as to the July 1993 deaths of Gregory Nicholson, Lori Duncan and Terry DeGeus. The vulnerable victim aggravating factor (21 U.S.C. § 848(n)(9)) was found regarding the deaths of Kandi Duncan and Amber Duncan. The substantial planning and premeditation aggravating factor (21 U.S.C. § 848(n)(8)) was found for the killing of Terry DeGeus

1

in November 1993. (DCcrD 545, at 2-3).[1] After hearing evidence at the penalty selection phase, the jury returned verdicts of death for the homicides of Lori Duncan, her children and Terry DeGues.  For the killing of Gregory Nicholson, the jury returned a verdict of life in prison without possibility of release.  (DCcrD 593, at 9).

In 28 U.S.C. § 2255 proceedings in the district court, Ms. Johnson sought relief from her convictions and sentence of death; she did not raise any error as to the eligibility phase of her trial.  The district court found that trial counsels' representation at penalty phase was ineffective and prejudiced Ms. Johnson. (DCcvD 377, at 259, 356, 389, 359).

Subsequently, the district court ordered that Ms. Johnson's retrial would be limited to the penalty phase. (DCcrD 951, at 21-22; 973, at 2). The government's interlocutory appeal challenges this order.

---

[1] Ms. Johnson will adopt the record citation forms used by the government in Appellant's Brief ("Brief"). "DCcrD" refers to the district court criminal docket in case number 01-CR-3046.  "DCcvD" refers to the district court civil docket in case number 09-CV-3064. "Tr." refers to the transcript of the 2005 trial in case number 01-CR-3046.

## Summary of Ms. Johnson's Argument

This Court does not have jurisdiction over this appeal under 18 U.S. C. § 3731, because the challenged ruling did not "suppress[ ] or exclud[e] evidence" or "dismiss[] an indictment" or any part thereof. The government's invocation of the collateral order doctrine as a basis for jurisdiction fails because the district court's order involves considerations that are enmeshed in the factual and legal issues of this capital prosecution, does not involve a novel and important legal issue that is likely to recur, and does not need immediate resolution. Mandamus review is not available because this case does not present exceptional circumstances amounting to judicial usurpation of power that justify invocation of this extraordinary remedy.

The issue raised by the government's appeal is not ripe for adjudication and should be dismissed as premature. The district court's order does not exclude evidence, and any injury to the government is merely speculative and may never occur.

The government fares no better on the merits of its appeal. It was within the discretion of the district court to order "trifurcation" of Ms. Johnson's trial. Because the court granted relief only with respect to

3

Appellate Case: 13-1739    Page: 12    Date Filed: 08/15/2013 Entry ID: 4065259

the penalty selection phase of the trial, it properly limited retrial to that phase. The district court's order of a penalty retrial commensurate with its grant of relief was not an abuse of discretion.

## The Government's Appeal Is Not Authorized by 18 U.S.C. § 3731

The government asserts that the Court has jurisdiction to entertain this appeal under 18 U.S.C. § 3731, which permits an interlocutory appeal "from a decision or order of a district court suppressing or excluding evidence . . . ." (Brief, at 1-5). However, even given the congressional mandate that § 3731 be liberally construed, *United States v. Wilson*, 420 U.S. 332, 337 (1975), this argument must be rejected. The court did not exclude or suppress evidence. Rather, it ruled that "the new jury will not redetermine whether or not the defendant is 'eligible' for the death penalty on any counts." (DCcrD 973, at 2).

At the eligibility phase, the government relied on the guilt phase evidence to prove the statutory aggravating factors. (Tr. 2453-54). The district court has ruled that the government will be permitted to introduce all its guilt phase evidence at the penalty retrial. DCcrD 951, at 21 ("I believe that I have the discretion under [former § 848(j)] to

4

Appellate Case: 13-1739    Page: 13    Date Filed: 08/15/2013 Entry ID: 4065259

allow the prosecution to present evidence supporting the 'statutory aggravating factors' properly before the new jury in form of live testimony and exhibits, and I will do so in this case"). Thus, no evidence pertaining to substantial planning and premeditation of the July 1993 homicides has been excluded, unless and until the court rules on Ms. Johnson's pending motion in limine.[2]

The government acknowledges that the district court has said it "doubt[ed] that much of the evidence, if any, will be excluded,"[3] but complains that the evidence will not be admissible to re-litigate the

---

[2] The government sought to have the defense identify evidence of substantial planning and premeditation as to the July 1993 homicides that it believed would not be admissible at the penalty phase retrial. (Email of March 6, 2013, Appellant Addendum, at pp.2-3). The court ordered the filing of an in limine motion (DCcrD 927), in which Ms. Johnson detailed the evidence she believes is not admissible at the penalty retrial (DCcrD 987-1). The government resisted (DCcrD 991), and Ms. Johnson replied (DCcrD 1013). However, on March 22, 2013, as a result of the government's representation there would likely be an interlocutory appeal, the court declined to rule on the motion in limine until the appeal is resolved. (Email of March 22, 2013, Appellant Addendum, at p. 6). The government asked the court to reconsider, because "a ruling on the motion in limine would still be helpful (email of March 26, 2013, Appellee Addendum, at pp. 1-2), but the court refused to issue an advisory ruling in violation of Article III (*id.,* at p.1).

[3] Brief, at 3; email of March 21, 2013, Appellant Addendum, at p. 7.

Appellate Case: 13-1739    Page: 14    Date Filed: 08/15/2013 Entry ID: 4065259

substantial planning and premeditation of the July 1993 homicides. (Brief, at 3). The Supreme Court's decision in *Brown v. Saunders,* 546 U.S. 212 (2006), addresses this grievance, albeit in a different context. There, two of four aggravating factors submitted to the jury were declared invalid. The Court found that as long as the jury could properly give aggravating weight to the facts and circumstances underlying the two invalid eligibility factors, there was no unconstitutional skewing in their submission. "As we have explained, such skewing will occur, and give rise to constitutional error, only where the jury could not have given aggravating weight to the same facts and circumstances under the rubric of some other, valid sentencing factor." *Id.,* at 221. In this case, the jury will be allowed to give aggravating weight to the facts and circumstances underlying the substantial planning and premeditation statutory aggravating factor.

The government alternatively argues that jurisdiction lies in this Court because the order "dismiss[ed] an indictment . . . or any part thereof . . . ." 18 U.S.C. § 3731. The problem is that the court did not dismiss part of the indictment. The substantial planning and premeditation aggravating factor, and the prior jury's unanimous

6

finding that it was true as to the November 1993 homicide, will be before the jury. What will not be relitigated is the existence of that statutory aggravator as to the July 1993 homicides. No manner of "liberal construction" of § 3731, *United States v. Wilson,* 420 U.S. at 337, can convert the order limiting the scope of the retrial to the scope of relief into a dismissal of part of the indictment. Construction of §3731 must be constrained by the plain language of the statute, *Carton v. General Motors Acceptance Corp.,* 611 F. 3d 451, 458 (8th Cir. 2010), which limits appeals to orders dismissing an indictment or part of an indictment.

The cases cited by the government as supporting its argument that the court dismissed part of the indictment are distinguishable. In *United States Moussaoui*, 382 F. 3d 453, 463 (4th Cir. 2004), the court dismissed a death notice and excluded evidence as a sanction for the government's refusal to produce enemy combatant witnesses for depositions. The Fourth Circuit found both components of the sanction appealable under § 3731, "the latter under the text of the statute itself, and the former by liberal construction of the term "dismissing." *Id.,* at 463. The distinction between an order dismissing a notice of intent to

Appellate Case: 13-1739   Page: 16   Date Filed: 08/15/2013 Entry ID: 4065259

seek the death penalty and the present order is clear: striking a death notice dismissed part of an indictment, i.e., the alleged statutory "gateway" mental state factors and the statutory aggravating factor(s) required for death-eligibility. This is what occurred in *United States v. Fell*, 360 F. 3d 135, 139 (2nd Cir. 2004), *United States v. Acosta-Martinez*, 252 F. 3d 13, 16-17 (1st Cir. 2001), and *United States v. Quinones*, 313 F. 3d 49, 56-57 (2d Cir. 2002). For example, in *Acosta-Martinez* the court noted that the order finding the Federal Death Penalty Act (FDPA) not "locally applicable"to Puerto Rico"removed a discrete basis of criminal liability.'" 252 F. 3d at 17 (quoting *United States v. Woolard*, 981 F. 2d 756 (5th Cir. 1993)). In contrast, the death notice and eligibility allegations in the indictment remain in this case. The additional concern cited in *Acosta-Martinez* and other cases approving an interlocutory appeal of an order dismissing the death notice – that the order "materially altered the conduct of the trial" – is not present here. There will be a death qualified jury and sentencing will be by the jury, after a hearing governed by the relaxed evidentiary standard of former 18 U.S.C. § 848(j).

8

## The Collateral Order Doctrine

The general rule is that only a final decision of a district court is appealable. 28 U.S.C. § 1291; *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978). However, "the collateral order doctrine accommodates a small class of rulings, not concluding the litigation, but conclusively resolving claims of right separable from, and collateral to, rights asserted in the action." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (internal quotation marks omitted). The "small class of rulings" cognizable under this doctrine are "'too important' to be denied immediate review." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103 (2009) (quoting *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949)). The "modest scope" of the collateral order doctrine, *Will v. Hallock*, 546 U.S. at 350, "reflects a healthy respect for the virtues of the final judgment rule." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. at 106. "Permitting piecemeal, prejudgment appeals . . . undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Ibid.* (internal quotation marks omitted).

Appellate Case: 13-1739     Page: 18     Date Filed: 08/15/2013 Entry ID: 4065259

For the Court to exercise collateral order review,"(1) the order must be a final determination of a claim of right 'separable from, and collateral to,' rights asserted in the action; (2) it must be 'too important to be denied review,' in that it 'presents a serious and unsettled question'; and (3) its review cannot, in the nature of the question that it presents, await final judgment because 'when that time comes, it will be too late effectively to review the . . . order and rights conferred . . . will have been lost, probably irreparably." *In re Cessna Distributorship Antitrust Litigation v. Skyways, Inc.*, 532 F. 2d 64, 67 (8th Cir. 1976) (quoting 9 J. Moore, *Federal Practice P.* 110.10, at 133 (2d ed. 1975)).

The government's invocation of the collateral order doctrine fails the first and second prongs of this test, because the court's procedural order limiting trial to the selection phase does not resolve an important issue completely separate from the merits of the action. *See United States v. Fast*, 709 F. 3d 712, 718 (8th Cir. 2013) (victim lacks standing to appeal a district court's restitution order under the collateral order doctrine because "the issue of restitution is part and parcel of the criminal sentence") (quoting *Alcatel-Lucent France, SA,* 688 F. 3d 1301, 1305 n. 1 (11th Cir. 2012) (per curiam). The appeal does not present a

10

serious and unsettled question that is too important to be denied review. This is still a capital case, and the rules unique to capital cases – a death qualified jury, the relaxed evidentiary standard of former § 848(j), sentencing by the jury, not the judge – still apply. There will be no irreparable loss of rights to the government if the order is not reviewed, because it may still proceed with a capital prosecution. In this respect, the cases upon which the government relies are distinguishable. *United States v. Williams*, 400 F. 3d 277, 280-81 (5th Cir. 2005), approved an appeal of an order granting a motion to empanel a non-death qualified jury to determine guilt or innocence because the order "conclusively resolved" that the defendant's guilt would be decided by a non-death qualified jury and construed a key provision of the FDPA. *Id.*, at 280. *United States v. Young*, 424 F. 3d 499, 504 (6th Cir. 2005), also concerned an order that a non-death qualified jury would decide guilt and a second death-qualified jury would be empaneled only if the defendant was convicted of a capital offense. The Sixth Circuit approved an interlocutory appeal because the legal issue of whether the FDPA permits a dual-jury procedure was separate from the merits of the case and likely to recur. *Id.*, at 405.

11

Writ of Mandamus

The writ of mandamus is a "'drastic and extraordinary' remedy 'reserved for really extraordinary cases.'" *Cheney v. United States Dist. Court,* 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)). *See also United States v. Fast*, 709 F. 3d 712, 719 (8th Cir. 2013) ("'The issuance of a writ of mandamus is an extraordinary remedy reserved for extraordinary situations.'") (quoting *In re MidAmerican Energy Co.*, 286 F. 3d 483, 486 (8th Cir. 2002) (per curiam)). It is a remedy that "should be invoked only when there are exceptional circumstances amounting to a judicial usurpation of power." *United States v. Duardi*, 514 F. 2d 545, 548 (8th Cir. 1975) (internal quotation marks omitted). The district court's action "generally must be 'blatantly wrong' to justify mandamus relief; arguable error within the scope of trial court discretion is not a proper basis for mandamus." *Central Microfilm Service Corp., v. Basic/Four Corp.*, 688 F. 2d 1206, 1210 (8th Cir. 1982). Moreover, "[m]andamus should be especially sparingly used in criminal cases." *Ibid.*

This Court has identified guidelines to assist in determining whether mandamus is appropriate. "'The party seeking the writ must

12

have no other adequate means . . . to obtain relief;'" "'[t]he petitioner will be damaged or prejudiced in a way not correctable on appeal;'" "'[t]he district court's order is clearly erroneous as a matter of law;'" "'[t]he district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules;'" and "'[t]he district court's order raises new and important problems, or issues of law of first impression.'" *In re Bieter Co.*, 16 F. 3d 929, 932 (8th Cir. 1994) (quoting *Bauman v. United States Dist. Court*, 557 F. 2d 650, 654-55 (9th Cir. 1997). Another factor relevant to the appropriateness of mandamus review is "the fundamental concern" of "avoidance of piecemeal litigation and disturbance of the orderly administration of the court's key policies underlying the final judgment rule." *Central Microfilm Service Corp. v. Basic/Four Corp.*, 688 F. 2d 1206, 1212 (8th Cir. 1982).

Mandamus review is not appropriate in this case. The order limiting trial to the penalty selection phase was not clearly erroneous as a matter of law. Significantly, the government did not provide a single controlling case, much less any authority directly on point, establishing clear error as a matter of law. *See Bauman*, 557 F. 2d at 660 ("In the absence of Supreme Court and Ninth Circuit decisions and

13

a split of authority in other jurisdictions, we simply cannot conclude that the district court's order is clearly erroneous as a matter of law as that term is used in mandamus analysis."). The court's order was not an abuse of discretion. *See United States v. Bolden*, 545 F. 3d 609, 618 (8th Cir. 2008)(approving as "a sound reading of the statute" the conclusion of *United States v. Fell*, 531 F. 3d 197, 240 n. 28 (2d Cir. 2008), that the FDPA contemplates but does not require a single penalty phase proceeding). *See also United States v. Jordan*, 357 F. Supp. 2d 889, 903-04 (E.D. Va. 2005) (dividing proceedings into guilt, eligibility and selection phases); *United States v. Bodkins*, 2005 WL 1118158 (W.D. Va. 2005) (unpublished)(same); *United States v. Lecco*, 2007 WL 894567 (S.D. W. Va. 2007)(unpublished) (same); *United States v. Natson*, 444 F. Supp. 2d 1296, 1309 (N.D. Ga. 2006) (same); *United States v. Davis*, 912 F. Supp. 938, 949 (E.D. La. 1996) (same). Because the court granted relief only as to the penalty selection phase of the case, the order limiting retrial to that phase was within its sound discretion.

The order is not an "oft-repeated error," nor does it "manifest[] a persistent disregard for federal rules." *In re Bieter*, 16 F. 3d at 932.

14

There is no need for the Court to "provide guidelines for the resolution of novel and important questions," *Central Microfilm Service Corp. v. Basic/Four Corp.*, 888 F. 2d at 1212. What happened in this case will recur only if there is (1) an order bifurcating or trifurcating a capital case; (2) an eligibility phase verdict that did not find all the government's alleged non-statutory aggravators to be true; (3) a ruling on a § 2255 motion that grants relief as to only the penalty selection phase of the trial; (4) a decision by the government to re-try the penalty phase.[4]

Finally, there is no imperilment of an important governmental interest if the Court denies review. *See Mohawk*, 546 U.S. at 605 (quoting *Will*, 546 U.S. at 352-53)(effectively unreviewable decision is one that "'would imperil a substantial public interest' or 'some particular value of a high order'"). To the extent the government's

---

[4]     The government states that "there are no reported cases where a court has altered the capital sentencing procedures as the district court has done in this case." (Brief, at 6). There is, however, an unreported case, *United States v. John Johnson*, No. 2:04-cr-00017-HG-SS (E.D. La. 2010) (unpublished), in which the court denied a new trial on the guilt and eligibility phase verdicts but, based on selection phase errors, granted a new trial limited to that phase. (Appellee Addendum, at pp. 8-9).

Appellate Case: 13-1739     Page: 24     Date Filed: 08/15/2013 Entry ID: 4065259

appeal is based on its desire to re-litigate Ms. Johnson's eligibility for the death penalty, it will suffer no harm, because she remains death-eligible. And no evidence the government seeks to present at Ms. Johnson's retrial has been suppressed.

### The Government's Claim Is Not Ripe for Resolution

Ripeness is a constitutional prerequisite to the exercise of the Court's jurisdiction. The ripeness doctrine protects against "judicial interference until a [ ] . . . decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148-49 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Determining whether an issue is ripe for adjudication requires an evaluation of "both the fitness of the issues for judicial decision and the hardship on the parties of withholding court consideration." *Id.*, at 149.

*United States v. Quinones*, 313 F. 3d 49 (2nd Cir. 2002), held that a constitutional challenge to the FPD was ripe for adjudication because "the issue was purely legal and, therefore, fit for judicial review" and "resolution of the constitutional issue at this point . . . was necessary to prevent the defendants for suffering hardship," based on enumerated

16

procedural differences between capital and non-capital cases. *Id.*, at 58-59. *See also United States v. Fell*, 360 F. 3d 135, 141 (2nd Cir 2004) (facial challenge to the constitutionality of relaxed penalty phase evidentiary standard in the FPDA was ripe for consideration).

This case differs from both *Quinones* and *Fell.* The appeal does not raise a facial challenge to a statute. The government will not suffer hardship if the issue is not resolved by this Court; it has not been precluded from seeking the death penalty and all the evidence from the guilt/merits phase of the trial will be admissible at the penalty retrial. Indeed, the government's ability to persuade the jury to impose a death sentence at the retrial are significantly enhanced: the Third Amended Notice of Intent to Seek the Death Penalty includes eleven (11) non-statutory aggravating factors (DCcrD 879, at 4-10) not alleged in its first and second death notices (DC cr D49, 141),which the government will be allowed to prove at the penalty retrial (DCcrD 951, at 50-118).

The harm of which the government complains in this case is akin to that in *Ayyoubi v. Holder*, 712 F. 3d 387 (8th Cir. 2013), where this Court found that "Ayyoubi's uncertainty about the reasons for his approval and his objective fears about future applications or

17

eventualities are insufficient to establish a continuing controversy." Here, the government raises similar inchoate concerns about evidence that at this juncture has not been excluded.

### The District Court Did Not Err in Ruling That the New Sentencing Hearing Will Be Limited to the Selection Phase

Ms. Johnson did not raise substantive claims regarding the eligibility phase of her trial or allege ineffective assistance of counsel at that phase. *See* DCcvD 377, at 433-446. The district court's grant of relief is based solely on ineffective assistance of counsel at the penalty selection phase. *Id.*, at 436-446. It follows that, just as the jury's merits phase verdicts stand, the jury's findings at the eligibility phase of the trial also remain intact. Ms. Johnson should be re-tried only on the penalty selection phase, based on the findings of guilt and death-eligibility returned by the first jury.

18

Appellate Case: 13-1739    Page: 27    Date Filed: 08/15/2013 Entry ID: 4065259

## A. Standard of Review

The government states that this appeal raises a question of statutory interpretation, which is reviewed de novo (Brief, at 37). Ms. Johnson disagrees.

The district court has broad "'discretion to conduct the trial in an orderly and efficient manner.'" *United States v. Williams*, __ F. 3d. __ (2013 WL 3466840, at *11 (C.A. 8 (Neb.))(quoting *United States v. Weber*, 255 F. 3d 523, 526 (8th Cir. 2011)). The order appealed from is one of trial management, which is reviewed for an abuse of discretion. *United States v. Williams,* 2013 WL 3466840, at *10.

## B. Bifurcation (or Trifurcation) of Capital Trials is Permissible

The government contends that the district court's order limiting Ms. Johnson's retrial to the penalty selection phase is "contrary to the statutory procedures Congress established that provide for a single hearing where a jury makes all of the decisions necessary to determine whether someone should live or die." (Brief, at 38; *see also id.*, at 38-42). This argument must be rejected.

19

Appellate Case: 13-1739   Page: 28   Date Filed: 08/15/2013 Entry ID: 4065259

*United States v. Bolden*, 545 F. 3d 609, 618 (8th Cir. 2008), held that the denial of a motion to trifurcate was not an abuse of discretion. However, the Court stated that:

> The only circuit to address this issue under the FDPA concluded that the statute contemplates *but does not require* a single penalty phase proceeding and encouraged district courts ruling on motions to trifurcate "to consider carefully the ramifications of presenting . . . evidence that would otherwise be inadmissible in the guilt phase . . . to a jury that has not yet made findings concerning death eligibility." *United States v. Fell*, 531 F. 3d 197, 240 n. 28 (2d Cir. 2008). *We agree that is a sound reasoning of the statute.*

(Emphasis added).

Bifurcation or trifurcation[5] is not uncommon in federal death penalty cases. *See United States v. Hager*, __ F. 3d __, 2013 WL 3069725, at * 2 (C.A. 4 (Va.))(noting the division of trial into guilt-innocence, eligibility and sentencing phases); *United States v. Fields*, 483 F. 3d 313, 324 n. 4 (5th Cir. 2007) ("separate hearings on death eligibility and selection" have been held by some courts in "'trifurcated'

---

[5] Bifurcation refers to an order that the penalty phase will consist of two parts, an eligibility phase and a penalty selection phase. A trifurcation order divides the trial into three stages, the merits, or guilt or innocence phase, the eligibility phase, and the penalty selection phase.

20

Appellate Case: 13-1739     Page: 29     Date Filed: 08/15/2013 Entry ID: 4065259

capital trials"); *see also United States v. Basciano*, 763 F. Supp. 2d 303, 340-41 (E.D.N.Y. 2011) (penalty phase bifurcated into eligibility and penalty selection phases); *United States v. Henderson,* 485 F. Supp. 2d 831, 871-72 (S.D. Ohio 2007) (sentencing hearing to be bifurcated if defendant is convicted of a capital offense); *United States v. Gooch*, 2006 WL 3780781, at * 21 (D.D.C. 2006) (unpublished) (ordering a trifurcated proceeding); *United States v. Mayhew*, 380 F. Supp. 2d 936, 955-57 (S.D.Ohio 2005) (sentencing bifurcated into eligibility and penalty selection phases); *United States v. Bodkins*, 2005 WL 1118158, at *7 (W.D. Va. 2005) (unpublished) (bifurcating into eligibility and penalty selection phases); *United States v. Davis,* 912 F. Supp 938, 949 (E.D. La. 1996) (bifurcating into eligibility and selection phases).

In some death penalty cases, the government has supported trifurcation. *See, e.g., United States v. Lecco*, 2007 WL 894567, at *1 (S.D.W.Va.2007) (unpublished) ("it is ORDERED that the joint motion to trifurcate be, and hereby is, granted to the extent that if this matter proceeds to the penalty phase, the proceedings will be bifurcated as to death eligibility and selection"); *United States v. Natson*, 444 F.Supp. 2d 1296, 1309 (M.D.Ga. 2006) ("Although the Government initially

21

Appellate Case: 13-1739     Page: 30     Date Filed: 08/15/2013 Entry ID: 4065259

opposed this motion, it informed the Court at the hearing on the motion that it no longer opposed trifurcation."); *United States v. Jordan,* 357 F. Supp. 2d 889, 903-04 (E.D.Va. 2005) ("the Government urges the Court to bifurcate the sentencing stage to enable the use of [hearsay evidence] during the selection stage of the proceedings * * * if this case reaches the penalty phase stage the proceedings will be divided between the eligibility and selection phases").

## C. The Alleged "Deprivation" of the Jury's Ability to Decide Statutory Aggravating Factors

The government complains that "the district court's order saddles the new jury with the findings, and the lack of findings, made by the prior jury regarding the[] aggravating factors [required for Ms. Johnson to be eligible for the death penalty]," "burdens the new jury with the responsibility to weigh aggravating factors it never found in the first instance" and "deprives the jury of the ability to determine if the evidence supports the statutory aggravating factor of substantial planning and premeditation of the July 1993 murders." (Brief, at 37-38).

22

Appellate Case: 13-1739    Page: 31    Date Filed: 08/15/2013 Entry ID: 4065259

First, in any penalty phase retrial, the second jury is necessarily "saddle[d] with the findings made by the jury at the guilt phase," "burden[ed]" with the responsibility to weigh facts supporting the guilt verdicts that "it never found in the first instance" and "deprive[d]" of the ability to determine if the evidence supports the original jury's guilt phase findings. At its logical extreme, the government's argument would require full retrial of merits, eligibility and penalty phases so as not the burden the second jury with the original jury's findings or deprive it of the ability to find facts in the first instance.

Second, former § 848(j) contemplates the possibility of a different jury making a sentencing redetermination, providing that "[i]nformation presented [at the retrial] may include the trial transcript and the exhibits if the hearing is held before a jury or judge not present during the trial . . . ." In this case, all the "information about the 'statutory aggravating factors,' *. . . came from the 'merits phase' of the trial . . .* and that information is admissible in the 'penalty retrial'" "in the form of live testimony and exhibits." (DCcrD 951, at 21 (emphasis original)). The evidence supporting the first jury's verdicts will be fully presented to the new jury.

23

The government's challenge to the ruling that death eligibility cannot be re-litigated – and complaints about the original trifurcation decision, despite acknowledging that it was in the discretion of the district court – is, at its core, motivated by its dissatisfaction with the first jury's not having found the substantial planning and premeditation aggravating factor as to the July 1993 homicides and desire to re-litigate that aggravator in hopes of obtaining a different result. *See* Brief, at 45. Its complaints about the jury being saddled with the prior death eligibility finding must therefore be viewed with some skepticism. Other prosecutors with cases in the present posture who perceive evidentiary problems with statutory aggravators found by the jury would likely object to the rule proposed the government, which would require re-litigation of eligibility findings whenever there is a death sentence reversal based on penalty selection phase error.

The district court's order tailoring the scope of the retrial to the scope of its grant of relief is proper. This Court has approved as "a sound reasoning of the [death penalty] statute" the Second Circuit's directive that courts should "consider carefully the ramifications of presenting . . . evidence that would otherwise be inadmissible in the

24

guilt phase . . . to a jury that has not yet made findings concerning death eligibility." *Bolden*, 545 F.3d at 618.  This is what happened in this case,[6] and the trial court was within its discretion to order a retrial limited to the relief granted.

The limitation of a retrial to the error occurring in the original trial is well accepted in civil cases.  For example, in *Gross v. FBL Financial Services, Inc.,* 588 F. 3d 614, 621 (8th Cir. 2009), this Court held that a new trial was properly limited to the issues of liability and damages for lost compensation, stating as follows:

> Whether to limit a new trial to certain issues depends on whether injustice would result from the limitation . . . . [W]hen issues in the trial are sufficiently distinct and separate to infer independent decisions by the jury, the verdict on issues that are not challenged on appeal may be treated as the law of the case in a new trial.

---

[6]     *See United States v. Johnson*, 362 F. Supp. 2d at 1108 ("the danger of unfair prejudice arising from hearing 'victim impact' evidence or evidence of other 'non-statutory' aggravating factors before the jury makes its determination on the defendant's 'eligibility' for the death penalty, on the basis of the 'gateway' and 'statutory' aggravating factors, substantially outweighs any probative value of such evidence to the determination of the defendant's 'eligibility' for a death sentence").

25

*Id.*, at 421 (citations omitted).[7]  In this case, one does not have to infer independent decisions by the jury: there were separate verdicts for the eligibility phase (DCcrD 545) and the penalty phase (DCcrD 593). There is no injustice to the government from the limitation of the retrial to the penalty phase, because it will be permitted to introduce all its guilt phase evidence "in the form of live testimony and exhibits" (DCcrD 951, at 21) and to allege eleven new aggravators not considered by the first jury (DCcrD 951, at 50-118).

The cases cited by the government in support of its argument that "[a] court cannot rewrite the federal death penalty statutes to create two separate sentencing hearings when Congress ordered only one" (Brief, at 42-43) are inapposite.  *United States v. Lanier*, 520 U.S. 259, 267 n.6 (1997), did not concern the FDPA or ADAA, but rather the correct standard to be applied in determining whether the "fair warning requirement" was satisfied in an 18 U.S.C. § 242 prosecution. *United*

---

[7]  *See also Doe v. Young*, 664 F. 3d 727, 737 (8th Cir. 2011) (limiting new trial limited to punitive damages because improperly excluded evidence did not have a substantial effect on jury's compensatory damage award); *Children's Broadcasting Corp. v. Walt Disney Co.,* 245 F. 3d 1008, 1022 (8th Cir. 2001) (remand for new trial limited to damages).

*States v. Fell*, 217 F. Supp. 2d 469, 491 (D. Vt. 2002), where the court struck a death notice after finding the FDPA's relaxed penalty phase evidentiary standard unconstitutional, is cited by the government for the proposition that courts cannot rewrite an unambiguous Congressional directive regarding procedure in capital cases. (Brief, at 43). However, that case was reversed by *United States v. Fell*, 360 F. 3d 135, 146 (2nd Cir. 2004). *United States v. Green*, 407 F. 3rd 434, 443 (1st Cir. 2005), considered an order that two juries would be empaneled in an FDPA prosecution, one for guilt and a second death-qualified jury for penalty phase. It held that the language of 18 U.S.C. § 3593(b)(2)(C)allowing impanelment of a second penalty jury if "the jury that determined the defendant's guilt was discharged for good cause" refers exclusively to a jury that has returned a guilty verdict. *Id.*

## D. The Court Has Discretion to Order a Retrial Limited to the Penalty Selection Phase

The district court did not find constitutional error at the merits or eligibility phases of Ms Johnson's trial. It granted relief based on ineffective assistance of counsel at the penalty selection phase, and its January 16, 2013 order limiting retrial to that phase is "tailored to the

27

Appellate Case: 13-1739     Page: 36     Date Filed: 08/15/2013 Entry ID: 4065259

injury suffered from the constitutional violation," as required by *United States v. Morrison*, 449 U.S. 361, 364 (1981). *See also Witherspoon v. Illinois*, 391 U.S. 510, 523 n. 21 (1968) (cause exclusion of jurors who voiced general objections to death penalty or conscientious or religious scruples against its infliction invalidates only death sentence); *Morgan v. Illinois*, 504 U.S. 719, 739 n. 11(1992) (reversing death sentence for inadequate voir dire but noting that "[o]ur decision today has no bearing on the validity of petitioner's conviction").

Although the government references *Morrison's* directive that a § 2255 remedy "should not unnecessarily infringe on competing interests," including "the necessity for preserving society's interest in the administration of criminal justice" (Brief, at 48), it fails to articulate how the court's order infringes on any competing interest or negatively impacts the administration of criminal justice (*ibid*). In the same vein, the government asserts that because it had no part in the denial of effective assistance of counsel, the remedy for the constitutional violations found by the court "ought not no hamper the government's case." (Brief, at 48, citing *Julian v. Bartley*, 495 F. 3d 487, 500 (7th Cir. 2007). The government's failure to explain how the court's ruling

28

Appellate Case: 13-1739     Page: 37     Date Filed: 08/15/2013 Entry ID: 4065259

hampers its case is telling: the fact is that the government has suffered no harm to its penalty phase case, nor does the court's order infringe on any governmental interest.

Contrary to the government's argument (Brief, at 49-50), there is no inconsistency between the court's ruling on Ms. Johnson's § 2255 motion and its subsequent order limiting the retrial to the penalty selection phase. The district court ruled that her murder convictions "shall stand," and that "the Amended Judgment . . . imposing a sentence of life imprisonment on Count 6 and sentences of death on Counts 7, 8, 9 and 10 . . . is vacated . . . ." *United States v. Johnson*, 860 F.Supp. 2d 663, 919 (N.D. Ia. 2012). The court's January 16, 2013 ruling (DCcrD 906) did not alter its ruling on the § 2255 motion, but clarified the scope of the retrial to be held pursuant to the order vacating the sentences on Counts 6 to 10.

## E. The Court's Order Does Not Create Multiple Sentencing Hearings

The prosecution urges that the district court's discretion to bifurcate or trifurcate a capital trial does not authorize the creation of multiple sentencing hearings. (Brief, at 51). However, the order at

29

issue does not create multiple sentencing hearings; there will be a single hearing to determine the penalty for the crimes of which Ms. Johnson was convicted and found to be death-eligible. It is the government that seeks multiple sentencing hearings, because it asks for a retrial of both the undisturbed eligibility phase findings and the death verdict that was reversed by the court.

The government contends that the district court was "incorrect" in finding that "because sequential presentation and determination is required, and may occur in separate 'phases,' in a case where the defendant did not seek and the court did not grant relief from the original jury's findings as to the existence of 'statutory aggravating factors' in the 'eligibility phase,' nothing requires that the original jury's findings as to the existence of 'statutory aggravating factors' in the 'eligibility phase' be reopened in a resentencing hearing before a new jury pursuant to § 848 (i)." (Brief, at 51; DCcrD 951, at 13). The government is incorrect, not the district court. The order trifurcating the proceedings was a determination that, based on the facts of this case, sequential presentation and determination of death-eligibility and penalty selection was required. *United States v. Johnson*, 378 F. Supp.

30

Appellate Case: 13-1739     Page: 39     Date Filed: 08/15/2013 Entry ID: 4065259

2d at 1056. Having trifurcated the proceedings and granted relief only as to the penalty phase, the court properly ordered Ms. Johnson's retrial limited to the phase of the trial at which constitutional error occurred. The government cites a number of cases in which district courts have ordered that sentencing be in two phases, death-eligibility and penalty selection, which it describes as "a practical remedy for [ ] perceived evidentiary issues." (Brief, at 52-54). It also cites cases, including this Court's opinion in *United States v. Bolden*, 545 F. 3d at 618, holding that there is no requirement that a federal capital sentencing hearing be bifurcated. (Brief, at 54-56). It then concludes that the court's discretion to bifurcate the presentation of evidence at a capital sentencing hearing "does not . . .change the statutory language which provides for a single sentencing hearing consisting of a determination by the same jury of defendant's eligibility for the death penalty, followed upon an affirmative verdict with a determination of whether to impose the death penalty." (*Id.*, at 56). However, the only authority cited for this proposition is language from *United States v. Fell*, 531 F. 3d at 240, n. 28, quoted by the district court in *United States v. Basciano*, 763 F. Supp. 2d at 341, that the "separate

31

sentencing hearing" referenced in the FDPA means "that the sentencing decision should be separated form the guilt phase – not that the sentencing hearing must necessarily take place in one uniterrupted hearing." *Fell*, 531 F. 3d at 341, n. 28. This language, rather than supporting the government's argument that a retrial is required on eligibility, is consistent with the court's ordering a retrial commensurate with the relief granted.

## F.  The Alleged "Striking" of the Statutory  Aggravating Factor

The government argues that neither double jeopardy nor issue preclusion bars the jury from deciding whether Ms. Johnson substantially planned and premeditated the 1993 homicides (Brief, at 58-60); that the "effect of the district court's order is the equivalent of finding defendant was acquitted of the statutory aggravating factor of substantial planning and premeditation of the July 1993 murders (*id.*, at 60); and that the court "effectively str[uck]" the substantial planning and premeditation aggravator (*id.*, at 61).

These arguments lack merit. The district's court decision is not predicated on "'double jeopardy,' that is, on the basis that the original jury 'acquitted' Johnson of the 'substantial planning and premeditation'

32

aggravating factor as to all of the CCE murders except Terry DeGeus's in the original 'eligibility phase.'" (DCcrD 951, at 19-20). *See also id.*, at 20 ("*rejection* of a "statutory aggravating factor' would have only the non-preclusive effect of a 'deadlocked' or 'hung' jury." *Sattazahn [v. Pennsylvania]*, 537 U.S. [101,] 109-19 [(2003)]) (emphasis in original).[8] Nor did the court did not proceed from an "erroneous belief" that it "could rewrite the statutory procedures applicable at the sentencing hearing in any manner that it thought appropriate" (Brief, at 61); its carefully reasoned opinion properly limits the scope of the retrial to the relief granted. Finally, the court's ruling is consistent with that in the only other federal capital case in which proceedings have been trifurcated and relief has been granted as to the penalty selection phase. *See* Appellee Addendum, at pp. 8-9 (partial order in *United*

---

[8] Although the government cites *Poland v. Arizona*, 476 U.S. 147, 155 (1986), which held that a sentencer's failure to find an aggravating factor does not constitute "'an acquittal' of that circumstance for double jeopardy purposes" (Brief, at 58), *Poland* may no longer be good law in light of *Ring v. Arizona*, 536 U.S. 584, 609 (2002). *See Storey v. Roper*, 603 F. 3d 507, 522 n. 10,11 (8th Cir. 2010)(noting that Poland's trials occurred long before the Supreme Court's decision in *Ring* that the Sixth Amendment requires death penalty aggravators be found by a jury, and cannot be the basis for clearly established Supreme Court precedent).

Appellate Case: 13-1739    Page: 42    Date Filed: 08/15/2013 Entry ID: 4065259

*States v. John Johnson*, No. 2:04-cr-00017-HG-SS (E.D. La. 2010) denying a new trial on the guilt and eligibility phase verdicts and granting a new trial on the penalty phase verdict based on errors during the that phase).

## Conclusion

Angela Johnson, by her counsel, respectfully requests that the Court affirm the district court's orders of January 16, 2013, and March 5, 2013, that her penalty retrial be commensurate with the relief granted by that court and limited to the penalty selection phase.

Dated: August 14, 2013

Respectfully submitted,

By: /s/ Michael Burt
Michael Burt
1000 Brannan Street, Suite 400
San Francisco, California 94103
Telephone: 415- 522-1508
Facsimile: 415- 522-1506
mb@michaelburtlaw.com

By: /s/ Marcia Morrissey
Marcia Morrissey
2115 Main Street
Santa Monica, California 90405
Telephone: 310-399-3259
Facsimile: 310-399-1173
MorrisseyMA@aol.com

34

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

I certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). The reply brief uses a proportional-spaced typeface, 14-point Century font. Based on a count under Corel WordPerfect X6 for Windows, the brief contains 6,921 words, excluding the table of contents, table of authorities, statements with respect to oral argument, any addendum, and certificates of counsel.

Dated:   August 14, 2013      /s/ Marcia A. Morrissey
Marcia A. Morrissey

35

## CERTIFICATE OF FILING AND SERVICE

I certify that on August 14, 2013, I, Marcia A. Morrissey, Attorney for Appellee, Angela Johnson filed the foregoing document electronically with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit through the CM/ECF system, which caused all counsel of record to be served by electronic means.

/s/ Marcia A. Morrissey
Marcia A. Morrissey

36