No. 13-1739

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

UNITED STATES OF AMERICA,

Appellant,

vs.

ANGELA JOHNSON,

Appellee.

_____

*Appeal from the United States District Court
for the Northern District of Iowa
Honorable Mark W. Bennett, Judge*

_____

*REPLY BRIEF OF APPELLANT*

_____

C.J. WILLIAMS
Assistant United States Attorney
Northern District of Iowa
111 Seventh Avenue SE, Box 1
Cedar Rapids, IA  52401
(319) 363-6333
(319) 363-1990 (fax)
CJ.Williams@usdoj.gov

i

Appellate Case: 13-1739     Page: 1     Date Filed: 08/20/2013 Entry ID: 4066632

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

The District Court Erred in Ruling That the New Sentencing Rehearing Will be Limited to the "Selection Phase," so That the Newly-Impaneled Jury Will Not Make Any Determination Regarding Defendant's Eligibility for the Death Penalty, Including on the "Substantial Planning and Premeditation" Aggravating Factor as to Which the Original Jury Failed to Return a Unanimous Verdict With Regard to the July 1993 Murders.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . 6

B.    The Court's Decision Deprives the Jury of the Ability to Decide Aggravating Factors it is Required to Weigh in Deciding Whether to Execute a Person. . . . . . . . . . . . 8

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF FILING AND SERVICE. . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS. . . . . . . . . . . . . . . . . . . . . . 16

ii

Appellate Case: 13-1739    Page: 2    Date Filed: 08/20/2013 Entry ID: 4066632

# TABLE OF AUTHORITIES

**CASES**                                                                      Page

*Brown v. Saunders*, 546 U.S. 212 (2006). . . . . . . . . . . . . . . . . . . .  2

*Clemons v. Mississippi*, 494 U.S. 738 (1990). . . . . . . . . . . . . . .  12

*Gross v. FBL Financial Services, Inc.*, 588 F.3d 614
   (8th Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . .  10, 11

*Stringer v. Black*, 503 U.S. 222 (1992). . . . . . . . . . . . . . . . . . .  12

*United States v. Allen*, 247 F.3d 741 (8th Cir. 2001). . . . . . . . . . . .  6

*United States v. Delatorre*, 157 F.3d at 1207-1208. . . . . . . . . . .  1, 2

*United States v. Fast*, 709 F.3d 712 (8th Cir. 2013). . . . . . . . . . . .  4

*United States v. Rodriguez*, 581 F.3d 775 (8th Cir. 2009). . . . . . . . .  6

*United States v. Tebeau*, 713 F.3d 955 (8th Cir. 2013). . . . . . . . . .  6

*United States v. Weber*, 255 F.3d 523 (8th Cir. 2011). . . . . . . . . . .  7

*United States v. Williams*, ---, F.3d -- 2013 WL 3466840 (8th Cir.
July 11, 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

**FEDERAL STATUTES**

18 U.S.C. § 3731. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

Appellate Case: 13-1739     Page: 3     Date Filed: 08/20/2013 Entry ID: 4066632

# JURISDICTION

Defendant claims this Court lacks jurisdiction to hear this appeal. (DB[1] 4-18). Defendant first claims the appeal is not authorized by 18 U.S.C. § 3731. (DB 4-8). In support of her argument, defendant asserts no evidence has been excluded "unless and until the court rules on Ms. Johnson's pending motion in limine." (DB 5). Defendant does not deny that the district court has barred any evidence for the purpose of establishing substantial planning and premeditation of the July 1993 murders. And conspicuous by its absence is any reference to the government's reliance on *United States v. Delatorre*. (GB 3-5). *Delatorre* is directly on point, finding jurisdiction under 18 U.S.C. § 3731 in a capital

---

[1] Each of the following references is followed by the applicable page numbers:
"DB" refers to the defendant's opening brief;
"GB" refers to the government's opening brief;
"DCcrD" refers to the district court criminal docket in case number 01-CR-3046; and
"DCcvD" refers to the district court civil docket in case number 09-CV-3064.
"Tr." refers to the 2005 trial transcript in case number 01-CR-3046.

1

Appellate Case: 13-1739    Page: 4    Date Filed: 08/20/2013 Entry ID: 4066632

case where a district court excluded evidence for one purpose, even though the same evidence may have been admissible for other purposes. *Delatorre*, 157 F.3d at 1207-1208.

Defendant does cite *Brown v. Saunders*, 546 U.S. 212 (2006). (DB 6). That case, though, does not support her argument that this Court lacks jurisdiction to hear this appeal. *Saunders* does not address jurisdiction under Section 3731. Rather, *Saunders* addressed whether the court could apply harmless error analysis where one of the eligibility aggravating factors was declared invalid. The Supreme Court found that where a jury considered an invalid aggravating factor in determining whether to execute a defendant, there is no constitutional error if the evidence was admissible and could be considered by the jury under the rubric of some other valid aggravating factor. 546 U.S. at 221.

Defendant fails to explain how the *Saunders* holding means this Court lacks jurisdiction to hear this appeal. Regardless, *Saunders* is distinguishable. There, the problem arose when a jury considered an invalid aggravating factor, and the question was

2

Appellate Case: 13-1739     Page: 5     Date Filed: 08/20/2013 Entry ID: 4066632

whether harmless error applies when the evidence was admissible for some other purpose.  *Saunders* does not stand for the proposition that a district court can bar the jury from considering a valid aggravating factor so long as the evidence is admissible for some other purpose.  *Saunders* most certainly does not stand for the proposition that this Court cannot consider an appeal of such an order.

Defendant further argues this Court lacks jurisdiction because the district court's order did not dismiss part of the indictment.  (DB 6-8).  Defendant attempts to distinguish the authority cited by the government, arguing that "[i]n contrast, the death notice and eligibility allegations in the indictment remain in this case."  (DB 8).  Not so.  The death notice and eligibility allegations in the indictment included an allegation that defendant substantially planned and premeditated the July 1993 murders. The district court's order strips this allegation from the death notice and eligibility allegations in the indictment.

Appellate Case: 13-1739    Page: 6    Date Filed: 08/20/2013 Entry ID: 4066632

Defendant also argues this Court does not have jurisdiction under the collateral order doctrine. (DB 9-12). Defendant sets out an older version of the standard this Court uses to determine whether to exercise collateral review (DB 10). To the extent, however, that she argues this case does not meet the standard because "[t]here will be no irreparable loss of rights to the government," she arbitrarily and without authority attempts to amend the standard. For this Court to exercise jurisdiction under the collateral order doctrine, it need not find irreparable loss of rights to the government. *See United States v. Fast*, 709 F.3d 712, 718 (8th Cir. 2013) (setting forth the standard for exercising appellate jurisdiction under the collateral order doctrine).

Finally, regarding defendant's claim that this matter is not ripe for appellate review, she argues that "all the evidence from the guilt/merits phase of the trial will be admissible at the penalty retrial." (DB 17). This is unfounded. After all, defendant herself filed a motion with the district court in which she argued that much of the government's evidence should be inadmissible given the

4

district court's order.  Although it remains unclear how the district court will act on that motion, there is no reason to think the motion will give the court occasion to reconsider its unequivocal decision barring any evidence for the purpose of establishing substantial planning and premeditation of the July 1993 murders. In other words, whether the evidence is admissible in support of other aggravating factors does not resolve the issue that is ripe for this Court's appellate review – that is, whether the district court may bar the government from asserting, and the jury from considering evidence to support, a valid statutory aggravating factor alleged in the indictment.

## ARGUMENT

***The District Court Erred in Ruling That the New Sentencing Rehearing Will be Limited to the "Selection Phase," so That the Newly-Impaneled Jury Will Not Make Any Determination Regarding Defendant's Eligibility for the Death Penalty, Including on the "Substantial Planning and Premeditation" Aggravating Factor as to Which the Original Jury Failed to Return a Unanimous Verdict With Regard to the July 1993 Murders.***

Defendant argues the district court did not abuse its discretion when it ruled the new sentencing hearing will be limited

5

to the selection phase. (DB 18-34). Defendant incorrectly states the standard of review. Further, defendant misapprehends the difference between a capital sentencing jury being bound by a prior guilt verdict and being bound by aggravating factor findings made by a prior jury during one part of a capital sentencing hearing. The statute contemplates and provides for the former, but not the latter. That is because a sentencing jury does not weigh a defendant's guilt in determining the sentence, whereas it weighs aggravating factors.

## A. Standard of Review

The United States asserts the district court erred in interpreting the statute to create two sentencing hearings. This Court reviews de novo questions of statutory interpretation. *United States v. Tebeau*, 713 F.3d 955, 959 (8th Cir. 2013); *United States v. Rodriguez*, 581 F.3d 775, 796 (8th Cir. 2009); *United States v. Allen*, 247 F.3d 741, 757 (8th Cir. 2001).

Defendant, on the other hand, asserts this Court should review the district court's order for abuse of discretion, arguing that

6

Appellate Case: 13-1739   Page: 9   Date Filed: 08/20/2013 Entry ID: 4066632

it is a trial management order, citing *United States v. Williams*, --- F.3d ---, 2013 WL 3466840, at *11 (8th Cir. July 11, 2013) and *United States v. Weber*, 255 F.3d 523, 526 (8th Cir. 2011). (DB 19). The district court's order in this case is nothing like a trial management order, and nothing like what occurred in *Williams* and *Weber*. *Williams* involved a trial judge instructing a pro se defendant to "move on" during questioning and *Weber* involved a trial judge's ruling regarding whether to compel the government to play a complete recording during its case in chief. That is nothing like what the court has done here. It was a matter of trial management at the original trial when the district court ordered that sentencing evidence would be presented in two phases to avoid unfairly prejudicing defendant by exposing the jury to evidence relevant to nonstatutory aggravating factors but irrelevant to eligibility factors. In contrast, it is a matter of misinterpreting the statute where, as here, the district court concluded it can convene a partial sentencing hearing and bind the new jury to the eligibility findings made by the prior jury.

7

**B. The Court's Decision Deprives the Jury of the Ability to Decide Aggravating Factors it is Required to Weigh in Deciding Whether to Execute a Person**

Defendant argues that there is nothing wrong with saddling the new jury with the eligibility findings of the prior jury. (DB 22-27). Defendant asserts that in any capital resentencing hearing "the second jury is necessarily saddled with the findings made by the jury at the guilt phase [and] burdened with the responsibility to <u>weigh</u> facts supporting the guilt verdict that it never found in the first instance . . .." (DB 23 (internal quotations omitted, emphasis added)). Defendant reasons that "[a]t its logical extreme, the government's argument would require a full retrial of merits, eligibility and penalty phases so as not to burden the second jury with the original jury's findings or deprive it of the ability to find facts in the first instance." (DB 23). Defendant is wrong.

Defendant fundamentally misunderstands the distinction between a sentencing jury being bound by a prior guilty verdict and a sentencing jury being bound by sentencing factors found or not found by a prior jury. That misunderstanding turns on the duty of

8

the sentencing jury to weigh aggravating factors in determining whether to impose a death sentence. A sentencing jury does not weigh a defendant's guilt as an aggravating factor. Thus, that a prior jury has found a defendant guilty does not impinge on the sentencing jury's heavy responsibility to find and weigh the aggravating factors against mitigating factors to determine whether the defendant should be executed. In stark contrast, a sentencing jury must find and weigh aggravating factors. Thus, if a new sentencing jury is bound by a prior jury's finding, or failure to unanimously find aggravating factors, then the Court's order has invaded the sentencing jury's duty and responsibility to find and weigh factors necessary to arrive at the appropriate sentence.

Congress authorized sentencing rehearings without requiring the issue of guilt be revisited for the very reason that a sentencing jury does not weigh the guilt verdict in determining the appropriate sentence. Title 21, United States Code, Section 848(j) provides for a sentencing rehearing where a prior jury has determined the defendant's guilt. Contrary to defendant's assertion (DB 23),

9

Appellate Case: 13-1739    Page: 12    Date Filed: 08/20/2013 Entry ID: 4066632

nothing about Section 848(j) reflects that Congress contemplated that a jury in a sentencing rehearing would be bound by findings regarding eligibility aggravating factors made by a prior jury. Rather, Section 848(j) sets forth the procedures for a sentencing hearing that includes the jury making both the determination of whether the defendant is eligible for the death penalty and whether the defendant should receive the death penalty.

Defendant argues by analogy to civil cases that district courts may limit the scope of a retrial "to the error occurring in the original trial." (DB 25). In support of this argument, defendant cites *Gross v. FBL Financial Services, Inc.*, 588 F.3d 614 (8th Cir. 2009). (*Id.*). First, a retrial to determine damages in a civil case is not at all analogous to a sentencing rehearing in a capital case where Congress has provided specific procedures for the conduct of such hearings.

Second, defendant's reliance on *Gross* does not help her. In *Gross*, this Court held that "when issues in the trial are sufficiently distinct and separate to infer independent decisions by the jury, the

10

Appellate Case: 13-1739    Page: 13    Date Filed: 08/20/2013 Entry ID: 4066632

verdict on issues that are not challenged on appeal may be treated as law of the case in a new trial." *Gross,* 588 F.3d at 621. In this case, the issues decided by the prior jury regarding aggravating factors are not distinct and separate from the issues to be decided by the new jury. Quite the contrary. Under the district court's order, the new jury will be required to incorporate into its weighing process aggravating factors found by the prior jury. Likewise, it will be barred from considering the aggravating factor of substantial planning and premeditation of the July 1993 murders because the prior jury's finding was not unanimous as to that factor. The new jury's ability to make the ultimate decision between life and death will therefore be influenced and constrained by decisions made by the prior jury.

Defendant claims the government has failed to explain how the court's ruling hampers its case. (DB 28-29). The government has explained this. To reiterate, the government is hampered when the new jury will be barred from considering evidence to support, and make a finding that, defendant substantially planned and

11

Appellate Case: 13-1739     Page: 14     Date Filed: 08/20/2013 Entry ID: 4066632

premeditated the murders of four people, including two children. (GB 44-47). As the government argued in its opening brief, it believes the evidence supports that aggravating factor. (*Id.*) Even if the jury is permitted to hear the same evidence in support of other aggravating factors, it will be prohibited from considering that evidence in support of the aggravating factor of substantial planning and premeditation. In weighing the aggravating factors against the mitigating factors to determine whether to impose the death penalty, the jury will be prohibited from weighing substantial planning and premeditation as an aggravating factor.

The number and nature of aggravating factors a jury may consider in determining whether someone should be executed is material to a capital jury's weighing process. *See Stringer v. Black*, 503 U.S. 222, 232 (1992) (recognizing that the question is not the admissibility of evidence, but, rather, the importance jurors place on the evidence in finding and weighing aggravating factors in determining the appropriate sentence); *Clemons v. Mississippi*, 494 U.S. 738, 753, 755 (1990) (noting that the emphasis a capital jury

12

Appellate Case: 13-1739     Page: 15     Date Filed: 08/20/2013 Entry ID: 4066632

places on evidence in finding and then weighing aggravating factors influences its verdict). Therefore, if the new jury is barred from finding and weighing the aggravating factor of substantial planning and premeditation of the July 1993 murders, it will necessarily influence their weighing process and their ultimate decision whether to impose the death penalty.

The district court's order deprives the jury from determining whether the government has proved statutory aggravating factors that would make defendant eligible for the death penalty – factors the jury is responsible for weighing in determining whether to impose the death penalty. Rather, the district court's order saddles the new jury with the findings, and the lack of findings, made by the prior jury regarding these aggravating factors. This burdens the new jury with the responsibility to weigh aggravating factors it never found in the first instance, and deprives the jury of the ability to determine if the evidence supports the statutory aggravating factor of substantial planning and premeditation of the July 1993 murders. This is contrary to the statutory procedures Congress

13

established that provide for a single hearing where a jury makes all of the decisions necessary to determine whether someone should live or die.

**CONCLUSION**

The Court should reverse the district court's orders of January 16, 2013 and March 5, 2013, and hold that the new sentencing hearing will consist of a determination of both defendant's eligibility for the death penalty and, if found eligible, a determination of whether to impose the death penalty.

Respectfully submitted,

SEAN R. BERRY
United States Attorney

By: s/ C.J. WILLIAMS

C.J. WILLIAMS
Assistant United States Attorney
111 Seventh Avenue SE, Box 1
Cedar Rapids, Iowa 52401
(319) 363-6333
(319) 363-1990 (Fax)
CJ.Williams@usdoj.gov

14

# CERTIFICATE OF FILING AND SERVICE

I certify that on August 19, 2013, I, Sali Van Weelden, Legal Assistant for the Attorney for Plaintiff-Appellant, the United States of America, electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system.  The electronic brief and the addendum attached to the brief, if any, have been scanned for viruses using Trend Micro OfficeScan and the scan showed no virus.

I further certify that on _____, 2013, I submitted 10 paper copies of the brief to the Clerk of Court and 1 paper copy to each party separately represented or proceeding pro se.

SEAN R. BERRY  
United States Attorney

BY:  _/s/ Sali Van Weelden_____

Copies to:  
Mr. Michael Burt  
1000 Brannan Street, Suite 400  
San Francisco, California 94103

15

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

I certify that the foregoing brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B).  The brief uses a proportional-spaced typeface, 14-point Bookman Old Style font.  Based on a count under Corel Word Perfect Version X3 for Windows, the brief contains 2,781 words, excluding the table of contents, table of authorities, statement with respect to oral argument, any addendum, and certificates of counsel.

SEAN R. BERRY
United States Attorney

By: /s/ C.J. WILLIAMS

_____
C.J. WILLIAMS
Assistant United States Attorney

16

Appellate Case: 13-1739    Page: 19    Date Filed: 08/20/2013 Entry ID: 4066632